IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| JENNIFER and SLADE PIGGOTT, | ) |
| Plaintiffs, | ) ) ) |
| v. | ) Case No.: 2:06-CV-1158-F ) |
| GRAY CONSTRUCTION, INC., | ) ) |
| Defendants. | ) ) |

## ANSWER OF GRAY CONSTRUCTION, INC.

Comes now defendant Gray Construction, Inc. (hereinafter referred to as "Gray Construction") and in answer to the Complaint served in the above styled action states as follows:

### Response to Factual Allegations

1. Upon information and belief, the allegations of this paragraph are admitted.

2. The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 2 and therefore denies the same and demands strict proof thereof.

3. The defendant denies the allegations of this paragraph. Gray Construction is a Kentucky corporation with its principal place of business in Lexington, Kentucky.

4. Paragraphs 4 through 11 are not directed against this defendant, and no response is therefore required. To the extent any of these paragraphs are intended to apply to this defendant, then it denies the same and demands strict proof thereof.

12. Upon information and belief, the allegations of paragraph 12 are admitted.

13. The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 13 and therefore denies the same and demands strict proof thereof.

14. The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 14 and therefore denies the same and demands strict proof thereof.

15. The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 15 and therefore denies the same and demands strict proof thereof.

16. The defendant contends that its duties and obligations are defined by its contract with Hwashin America Corporation but otherwise denies all allegations of this paragraph and demand strict proof thereof.

17. The defendant contends that its duties and obligations are defined by its contract with Hwashin America Corporation but otherwise denies all allegations of this paragraph and demand strict proof thereof.

18. The defendant contends that its duties and obligations are defined by its contract with Hwashin America Corporation but otherwise denies all allegations of this paragraph and demand strict proof thereof.

## COUNT ONE

19. The defendant adopts and incorporates by reference its previous responses as fully stated herein.

20. The defendant denies the allegations of this paragraph and demands strict proof thereof.

21. The defendant denies the allegations of this paragraph and demands strict proof thereof.

**COUNT TWO**

22. The defendant adopts and incorporates by reference its previous responses as fully stated herein.

23. The defendant contends that its duties and obligations are defined by its contract with Hwashin America Corporation but otherwise denies all allegations of this paragraph and demand strict proof thereof.

24. The defendant denies the allegations of this paragraph and demands strict proof thereof.

25. The defendant denies the allegations of this paragraph and demands strict proof thereof.

26. The defendant denies the allegations of this paragraph and demands strict proof thereof.

27. The defendant denies the allegations of this paragraph and demands strict proof thereof.

**COUNT THREE**

28. The defendant adopts and incorporates by reference its previous responses as fully stated herein.

29. The defendant contends that its duties and obligations are defined by its contract with Hwashin America Corporation but otherwise denies all allegations of this paragraph and demand strict proof thereof.

30. The defendant contends that its duties and obligations are defined by its contract with Hwashin America Corporation but otherwise denies all allegations of this paragraph and demand strict proof thereof.

31. The defendant denies the allegations of this paragraph and demands strict proof thereof.

32. The defendant denies the allegations of this paragraph and demands strict proof thereof.

33. The defendant denies the allegations of this paragraph and demands strict proof thereof.

## COUNT FOUR

34. The defendant adopts and incorporates by reference its previous responses as fully stated herein.

35. The defendant contends that its duties and obligations are defined by its contract with Hwashin America Corporation but otherwise denies all allegations of this paragraph and demand strict proof thereof.

36. The defendant denies the allegations of this paragraph and demands strict proof thereof.

37. The defendant denies the allegations of this paragraph and demands strict proof thereof.

38. The defendant denies the allegations of this paragraph and demands strict proof thereof.

## COUNT FIVE

39. The defendant adopts and incorporates by reference its previous responses as fully stated herein.

40. The defendant denies the allegations of this paragraph and demands strict proof thereof.

41. The defendant denies the allegations of this paragraph and demands strict proof thereof.

## COUNT SIX

42. The defendant adopts and incorporates by reference its previous responses as fully stated herein.

43. The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 43 and therefore denies the same and demands strict proof thereof.

44. The defendant denies the allegations of this paragraph and demands strict proof thereof.

45. The defendant denies the allegations of this paragraph and demands strict proof thereof.

The defendant denies all material allegations not specifically herein admitted, pleads the general issue, and demands strict proof thereof.

**Affirmative Defenses**

FIRST DEFENSE

The defendant contends that the complaint fails to state a claim against this defendant upon which relief can be granted.

SECOND DEFENSE

This defendant denies each and every material allegation of the complaint not specifically herein admitted, pleads the general issue, and demands strict proof thereof.

THIRD DEFENSE

The defendant pleads that it fully performed its contract with Hwashin America Corporation and that it owed no duty to the plaintiffs.

FOURTH DEFENSE

The defendant pleads that the owner, Hwashin America Corporation, was in control of the premises at the time of the incident giving rise to this lawsuit and that this defendant owed no legal duty to the plaintiffs.

FIFTH DEFENSE

As a matter of law, the defendant did not owe a legal duty to the plaintiffs and is not liable for the plaintiffs' injuries or damages.

SIXTH DEFENSE

The defendant pleads the benefits of the statute of limitations and rule of repose provided in Alabama Code § 6-5-221.

## SEVENTH DEFENSE

This defendant is not in privity of contract with the plaintiffs and owes plaintiffs no legal duty.

## EIGHTH DEFENSE

The defendant pleads that there is no causal connection between any act or omission of this defendant and the plaintiffs' injuries or damages.

## NINTH DEFENSE

This defendant pleads that the alleged injuries and damages of the plaintiff were caused by an efficient intervening cause or causes which would insulate this defendant from liability.

## TENTH DEFENSE

This defendant did not breach any alleged duty owed to Plaintiffs.

## ELEVENTH DEFENSE

This defendant did not negligently design and/or construct the roof and/or building of the Hwashin plant.

## TWELFTH DEFENSE

This defendant acted in conformity with all applicable standards of care.

## THIRTEENTH DEFENSE

This defendant's design met and/or exceeded all applicable building codes and/or regulations.

## FOURTEENTH DEFENSE

This defendant did not have a duty to enforce safety policies.

## FIFTEENTH DEFENSE

Plaintiff's damages were proximately caused by an act of God.

## SIXTEENTH DEFENSE

This defendant was not wanton.

## SEVENTEENTH DEFENSE

This defendant did not act or fail to act with reckless indifference.

## EIGHTEENTH DEFENSE

This defendant pleads that it is entitled to the benefits of and protection of Sections 6-11-20 through 6-11-30, Code of Alabama 1975 as amended.

## NINETEENTH DEFENSE

Plaintiff's claim of punitive damages violates the Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments of the Constitution of the United States, and Article I, Section 6 of the Constitution of Alabama on the following grounds:

1.      It is a violation of the due process and equal protection clauses of the Fourteenth Amendment of the United States Constitution to impose punitive damages, which are penal in nature, against a civil defendant upon the plaintiffs satisfying a burden of proof which is less than the "beyond a reasonable doubt" burden of proof required in criminal cases.

2.      The procedures pursuant to which punitive damages are awarded fail to provide a reasonable limit on the amount of the award against a defendant, which thereby

violates the due process clause of the Fourteenth Amendment of the United States Constitution.

     3.    The procedures pursuant to which punitive damages are awarded fail to provide specific standards for the amount of the award of punitive damages which thereby violates the due process clause of the Fourteenth Amendment of the United States Constitution.

     4.    The procedures pursuant to which punitive damages are awarded permit the imposition of excessive fines in violation of the Eighth Amendment of the United States Constitution.

### TWENTIETH DEFENSE

This defendant pleads that the law of the State of Alabama, by allowing the jury to assess punitive damages without establishing guidelines and/or standards for the exercise of the jury's discretion, allows the jury to exercise a policy-making function which is reserved exclusively for the legislative branch of our government and, therefore, violates the constitutional principle of separation of powers with respect to the Constitution of the United States of America and the Constitution of the State of Alabama, Article III, Sections 42 and 43.

### TWENTY-FIRST DEFENSE

This defendant pleads that any award of punitive damages to the plaintiff in this case will be violative of the procedural safeguards provided to defendants under the Sixth Amendment to the Constitution of the United States in that punitive damages are penal in

nature and, consequently, the defendant is entitled to the same procedural safeguards afforded in criminal cases.

### TWENTY-SECOND DEFENSE

The claims for punitive damages violates Article I, Section 35 of the Alabama Constitution which grants the legislature the power to determine the extent of punishment applicable to a particular wrong or class of wrong.

### TWENTY-THIRD DEFENSE

The procedures pursuant to which punitive damages are awarded permit the imposition of an excessive fine in violation of Article I, Section 15 of the Constitution of Alabama.

### TWENTY-FOURTH DEFENSE

This defendant pleads that any award of punitive damages to the plaintiff in this cause will be violative of the Eighth Amendment to the Constitution of the United States in that the damages would be an excessive fine in violation of the Excessive Fines Clause of the Eighth Amendment to the United States Constitution.

### TWENTY-FIFTH DEFENSE

The process by which Alabama courts allow juries to award punitive damages violates the elementary notions of fairness dictated by United States Constitutional law in that it does not provide fair notice of what conduct will subject a defendant to punishment nor the severity of the penalty that the state may impose; therefore, defendants are deprived of their property without due process of law in contravention of the rights

secured to these defendants by the Fourteenth Amendment to the Constitution of the United States of America.

## TWENTY-SIXTH DEFENSE

The procedure by which punitive damages are awarded in the State of Alabama deprives defendants of property without due process of law in contravention of the rights secured to this defendant by the Fourteenth Amendment to the Constitution of the United States of America in that the procedure does not insure that the punitive damages awarded are reasonably related to the degree of reprehensibility of a defendant's conduct.

## TWENTY-SEVENTH DEFENSE

The procedure by which the courts of Alabama award punitive damages against defendants violates the due process rights afforded to this defendant by the Fourteenth Amendment to the Constitution of the United States of America in that such procedure allows a significant award of punitive damages when only a modest degree of culpability may be present.

## TWENTY-EIGHTH DEFENSE

The procedure by which punitive damages are awarded in the State of Alabama violates the due process rights secured to this defendant by the Fourteenth Amendment to the Constitution of the United States of America in that it does not accord substantial deference to legislative judgments concerning appropriate sanctions for the conduct at issue.

## TWENTY-NINTH DEFENSE

The procedure by which punitive damages are awarded in the State of Alabama violates the due process rights secured to this defendant by the Fourteenth Amendment to the Constitution of the United States of America in that it does not take into consideration the ratio between the punitive damages awarded and the compensatory damages awarded.

## THIRTIETH DEFENSE

The procedures by which damages for mental anguish are awarded to a plaintiff in Alabama violate the due process rights secured to the defendant by the United States Constitution and the Constitution of the State of Alabama in that these procedures deprive the defendant of its property without due process of law by failing to provide the jury with adequate standards or guidelines by which to render such an award.

## THIRTY-FIRST DEFENSE

The procedures by which damages for mental anguish are awarded to a plaintiff in Alabama violate the due process rights secured to the defendant by the United States Constitution and the Constitution of the State of Alabama in that these procedures deprive the defendant of its property without due process of law by allowing the jury unbridled discretion to determine the amount of the award and thereby rendering such an award in an arbitrary and capricious manner.

## THIRTY-SECOND DEFENSE

The procedures by which damages for mental anguish are awarded by juries in the State of Alabama violate constitutional rights secured to the defendant under the United States Constitution and the Constitution of the State of Alabama by depriving the

defendant of its property without due process of law because no reasonable standard or guideline is given to the jury to insure that the award is reasonable and further there is no meaningful standard for judicial review or judicial review of the award post verdict to insure that the award does not exceed constitutional limitations.

### THIRTY-THIRD DEFENSE

The procedures by which damages for mental anguish are awarded by juries in Alabama violate constitutional rights secured to the defendant by the United States Constitution and the Constitution of the State of Alabama by depriving the defendant of its property without due process of law in that no reasonable criteria, guideline, or standard is provided to the jury in order that the jury may determine from the evidence what quality or quantity of evidence is necessary to justify an award of damages for mental anguish.

### THIRTY-FOURTH DEFENSE

The procedure by which damages for mental anguish are awarded by Alabama juries deprives this defendant of constitutional rights secured to it by the Constitution of the United States of America and the State of Alabama in that the same deprives this defendant of its property without due process of law by not providing an objective standard by which the jury may measure an award or an objective standard by which the judge may review the jury's award to determine if it is reasonable, just, and proper.

### THIRTY-FIFTH DEFENSE

The procedure by which damages for mental anguish are awarded by Alabama juries deprives this defendant of constitutional rights secured to it by the Constitution of

the United States of America and the State of Alabama in that the same deprives this defendant of its property without due process of law by allowing juries to return awards of compensatory damages for mental anguish which are speculative, based on conjecture, and without substantial evidence to support the same.

        Respectfully submitted,

        s/Andrew W. Christman
        Andrew W. Christman (CHR024)
        Steven K. Herndon (HER028)
        Attorneys for Defendant Gray Construction

OF COUNSEL:
Gidiere, Hinton, Herndon & Christman
P.O. Box 4190
Montgomery, AL 36103-4190
Telephone: (334) 834-9950
Facsimile: (334) 834-1054
drew@ghhclaw.com
steve@ghhclaw.com

        s/Mickey B. Wright
        E. Britton Monroe (MON032)
        Mickey B. Wright (WRI048)
        Attorneys for Defendant Gray Construction, Inc.

OF COUNSEL:
LLOYD, GRAY & WHITEHEAD, P.C.
2501 20th Place South
Suite 300
Birmingham, Alabama 35223
Telephone: (205) 967-8822
Facsimile: (205) 967-2380

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing was served on the following by placing a copy of the same in the United States mail, postage prepaid and properly addressed, this 3rd day of January, 2007.

| **Attorney for Plaintiff:** | **Attorneys for Intervener:** |
|---|---|
| Ms. Julia A. Beasley | Mr. W. Christopher Waller, Jr. |
| Beasley, Allen, Crow, Methvin | Mr. James A. Rives |
|   Portis & Miles, PC | Ball, Ball, Matthews & Novak, PA |
| P.O. Box 4160 | P.O. Box 2148 |
| Montgomery, AL 36103-4160 | Montgomery, AL 36102-2148 |

s/Andrew W. Christman
Counsel