IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

JENNIFER and SLADE PIGGOTT,       )
                                  )
        Plaintiffs,               )
                                  )
v.                                )   Case No.:  2:06-CV-1158-MEF
                                  )
GRAY CONSTRUCTION, INC.,          )
et al.,                           )
                                  )
        Defendants.               )

## NOTICE OF REMOVAL

Comes now the defendant Gray Construction, Inc. (hereinafter referred to as

"Gray Construction"), and pursuant to 28 U.S.C. §§ 1332, 1441 & 1446,  hereby gives

notice that this civil action is removed from the Circuit Court of Butler County, Alabama

to the United States District Court for the Middle District of Alabama, Northern Division,

and in support thereof, states as follows:

**I.      The Lawsuit**

1.      On November 17, 2006, plaintiffs Jennifer and Slade Piggott (hereinafter

referred to as "Piggott") filed suit in the Circuit Court of Butler County, Alabama,

seeking recovery from Gray Construction for negligently and/or wantonly designing and

constructing the roof of the Hwashin America Corporation building in Greenville,

Alabama, in a manner that caused or allowed the roof to collapse on top of Ms. Piggott,

causing her serious and significant injuries. (See Complaint contained within the Butler

County Circuit court file marked as Exhibit A). The plaintiffs allege, among other things,

that Gray Construction negligently and wantonly failed to design and/or construct the roof in such a manner to ensure its structural integrity and stability so that it would withstand heavy rain and/or wind. (Complaint, ¶ 20). The plaintiffs further allege that Gray Construction had a duty to enforce safety policies and/or to require compliance with all state and federal standards and regulations regarding construction, including the roof and walls of the Hwashin building and that Gray Construction failed to inspect the roof and walls of the building during and/or at the completion of construction to determine whether its structural integrity was capable of withstanding the elements. (Complaint, ¶ 23-24).

2.      A civil case filed in state court may be removed by the defendant to federal court if the case could have been brought originally in federal court. 28 U.S.C. § 1441(a). Federal courts have diversity jurisdiction over all civil actions where the amount in controversy exceeds $75,000 exclusive of interest and costs and the action is between citizens of different states. 28 U.S.C. § 1332. Diversity jurisdiction requires complete diversity; every plaintiff must be diverse from every defendant. *Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284, 1287 (11th Cir. 1998).

## II.    The Parties Are Completely Diverse

3.      Where such jurisdiction is based on diversity of citizenship under 28 U.S.C. § 1332, the action is removable, pursuant to 28 U.S.C. § 1441(b), only if none of the parties in interest and served as defendants is a citizen of the state in which the action is brought. To invoke removal jurisdiction based on diversity, the notice of removal must distinctly and affirmatively allege each party's citizenship. *McGovern v. American*

*Airlines, Inc.*, 511 F.2d 653, 654 (5th Cir. 1975) (per curiam). 28 U.S.C. § 1441(a) permits the removal of cases where diversity of citizenship exists between all named parties, disregarding the citizenship of fictitious party defendants.

4.    There is complete diversity between the parties in this case. The plaintiffs were Alabama residents and citizens at the time this action was filed and on the date this action was removed. The plaintiffs seek recovery from sole defendant Gray Construction. (See Complaint). Gray Construction is a Kentucky corporation with its principal place of business in Lexington, Kentucky. Therefore, the plaintiffs and the defendant are completely diverse.

**III.    The Amount In Controversy Is Satisfied**

5.    The amount in controversy is satisfied in this case. Where, as have, the plaintiff make an unspecified claim for damages, the defendant may prove by a preponderance of the evidence that the amount in controversy exceeds $75,000, exclusive of interest and costs. *Leslie Miedema v. Maytag Corporation*, 450 F.3d 1322, 1330 (11th Cir. 2006); *Davis v. Franklin Life Insurance Company*, 71 F.Supp.2d 1197 (M.D. Ala. 1999). The relevant inquiry is whether the plaintiffs' recovery will more likely than not exceed the jurisdictional amount should they prevail in this case. *See, Davis v. Franklin Life Ins. Co.*, 71 F. Supp. 2d, 1197, 1200 (M.D. Ala. 1999). The appropriate measure is the litigation value of the case assuming that the allegations of the complaint are true and assuming a jury returns a verdict for the plaintiff on all claims made in the complaint. *Jackson v. American Bankers Insurance Company of Florida*, 976 F. Supp 1450, 1454 (S.D. Ala. 1997). The court first examines whether this standard is met by examining

3

whether "it is facially apparent from the complaint that the amount in controversy exceeds the jurisdictional requirement." *Leslie Miedema*, 450 F.3d at 1330. If the jurisdictional amount is not apparent from the face of the complaint, the court can review the notice of removal and require evidence relevant to the amount in controversy to determine whether the jurisdictional requirement is met. *Leslie Miedema*, 450 F.3d at 1330.

6.    It is facially apparent from the complaint that the amount in controversy is satisfied in this case. Assuming that the allegations in the case are true and assuming that the jury returns a verdict for the plaintiffs on all counts (as the jurisdictional rules require), then a recovery more likely than not would exceed this Court's jurisdictional threshold. The Piggotts allege that this defendant negligently and/or wantonly designed and constructed the roof of the Hwashin America Corporation building in Greenville, Alabama, in a manner that caused or allowed the roof to collapse on top of Ms. Piggott while she was at work. Jennifer Piggott seeks recovery for compensatory and punitive damages, and her husband, Slade Piggott, seeks recovery for compensatory damages for loss of consortium. The plaintiffs allege that Ms. Piggot sustained serious and permanent injuries specifically alleging in the complaint as follows:

> **21.    As a proximate consequence of Defendant Gray Construction's negligence and the negligence of all Fictitious Defendants, Plaintiff Jennifer Piggott was injured and damaged as follows:   she sustained serious and permanent injuries, including a crushed vertebrae at L4-5 which caused fluid to leak out of her spinal cord, caused numbness in her legs and toes and which required emergency surgery; she sustained injuries to  her right knee, her back suffered lacerations and pieces of glass were embedded in her back, she suffered physical pain and will continue to suffer paid[sic] in the future; she was required to be**

4

**hospitalized; she is required to wear a back brace; she suffered a broken rib; she suffered mental anguish and will continue to suffer mental anguish in the future; she will be required to miss work and lose income as a result of her injuries; she will continue to lose income in the future; she will continue to have physical problems in the future as a result of the crushed vertebrae in her back; and she has otherwise been injured and damaged.**

(Complaint, ¶ 21).

7.     Furthermore, plaintiff Slade Piggott alleges that he has lost and will continue to lose the love, affection, and services of his wife as well as the income and the ability to obtain jobs because of the necessity of taking care of his wife after she was injured. (Complaint, ¶ 45).   Assuming that the allegations in the case are true and assuming that the jury returns a verdict for the plaintiffs on all counts (as the jurisdictional rules require), the jurisdictional amount in controversy is satisfied.

8.     As evidenced by the letter attached hereto as Exhibit B, the plaintiffs view this case to involve an amount in controversy in excess of the federal court jurisdictional threshold, and should this Court deem a formal stipulation necessary, then Gray Construction requests permission to allow the parties to supplement this notice with a formal stipulation as to the plaintiffs' assessment of their damages in this case.  (See Exhibit B).

**IV.    The Statutory Requirements and Local Rules Have Been Satisfied**

9.     The notice of removal is being timely filed within thirty days of service of the petition or process upon this defendant pursuant to 28 U.S.C. § 1446(b), calculated in accordance with Rule 6(a) of the Federal Rules of Civil Procedure.

10.     The requisites for removal under 28 U.S.C. Section 1441 have been met.

5

11.     The removing defendant is filing a copy of the Notice of Removal with the Butler County Clerk's office and providing the plaintiff's attorney with written notice of the filing of the Notice of Removal as required by 28 U.S.C. § 1446(d).

12.     Pursuant to 28 U.S.C. § 1446(a) and Local Rule 81.1, a true and correct copy of all process, pleadings, and orders served on this defendant is attached hereto through the certified copy of the court file from the Butler County Clerk's office which is marked as Exhibit A.

13.     The removing defendant requests and reserves the right to amend and supplement this notice of removal should the Court deem additional information necessary regarding the jurisdictional issue.

Respectfully submitted,

Andrew W. Christman (CHR024)
Attorney for Defendant Gray Construction

Steven K. Herndon (HER028)
Attorney for Defendant Gray Construction

OF COUNSEL:
Gidiere, Hinton, Herndon & Christman
P.O. Box 4190
Montgomery, AL 36103-4190
Telephone:  (334) 834-9950
Facsimile:  (334) 834-1054
drew@ghhclaw.com
steve@ghhclaw.com

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing was served on the following by placing a copy of the same in the United States mail, postage prepaid and properly addressed, this 29th day of December, 2006.

Ms. Julia A. Beasley
Beasley, Allen, Crow, Methvin
 Portis & Miles, PC
P.O. Box 4160
Montgomery, AL 36103-4160

Mr. W. Christopher Waller, Jr.
Mr. James A. Rives
Ball, Ball, Matthews & Novak, PA
P.O. Box 2148
Montgomery, AL 36102-2148

Counsel

7

Exhibit A

```
AVSO351                                                    CV 2006 000176.00

                                              JUDGE: H. EDWARD MCFERRIN
----------------------------------------------------------------------------
                        ALABAMA JUDICIAL DATA CENTER
                          CASE ACTION SUMMARY
                             CIRCUIT CIVIL
----------------------------------------------------------------------------
   IN THE CIRCUIT  COURT OF    BUTLER      COUNTY

   JENNIFER & SLADE PIGGOTT  VS  GRAY CONSTRUCTION, INC. ET AL
FILED:  11/17/2006 TYPE: NEGLIGENCE-GENERAL   TYPE TRIAL: JURY      TRACK:

****************************************************************************
DATE1:            CA:                      CA DATE:
DATE2:  02/08/2007 AMT:         $.00  PAYMENT:
DATE3:
****************************************************************************
PLAINTIFF  001: PIGGOTT JENNIFER
                                      ATTORNEY: BEASLEY JERE
                                      BEA020    BEASLEY ALLEN CROW
                   AL  00000-0000               P O BOX 4160
                 PHONE: (334)000-0000           MONTGOMERY, AL  36103
ENTERED:  11/17/2006 ISSUED:          TYPE:            (334)269-2343
SERVED:              ANSWERED:              JUDGEMENT:

                                                BEASLEY JULIA ANN
                                                BEASLEY, ALLEN CROW
                                                P. O. BOX 4160
                                                MONTGOMERY, AL  36103
                                                      (334)269-2343
----------------------------------------------------------------------------
PLAINTIFF  002: PIGGOTT SLADE
                                      ATTORNEY: BEASLEY JERE
                                      BEA020    BEASLEY ALLEN CROW
                   AL  00000-0000               P O BOX 4160
                 PHONE: (334)000-0000           MONTGOMERY, AL  36103
ENTERED:  11/17/2006 ISSUED:          TYPE:            (334)269-2343
SERVED:              ANSWERED:              JUDGEMENT:

                                                BEASLEY JULIA ANN
                                                BEASLEY, ALLEN CROW
                                                P. O. BOX 4160
                                                MONTGOMERY, AL  36103
                                                      (334)269-2343
----------------------------------------------------------------------------
DEFENDANT  001: GRAY CONSTRUCTION INC
                C/O GEORGE GRAY            ATTORNEY:
                2204 1ST AVE S SUITE 101
                BIRMINGHAM, AL  35233-0000
                PHONE: (334)000-0000
ENTERED:  11/17/2006 ISSUED:  11/30/2006 TYPE:  CERTIFIED
SERVED:              ANSWERED:              JUDGEMENT:
----------------------------------------------------------------------------

-------|------------------------------------------------------------------
-------|------------------------------------------------------------------
-------|------------------------------------------------------------------
-------|------------------------------------------------------------------
-------|--------------------------I hereby certify that this is true and
-------|--------------------------correct copy of the ___file___
-------|--------------------------rendered in the above styled cause
-------|--------------------------This 28 day of Dec 2006
-------|--------------------------    Allen W. Stephenson
-------|--------------------------        Circuit Clerk
-------|------------------------------------------------------------------
DEH   11/30/2006                                          CV 2006 000176.00
```

```
-------------------------------------------------------------------
| AVSO351                                         CV 2006 000176.00 |
|                                                                   |
|                                      JUDGE: H. EDWARD MCFERRIN    |
| ----------------------------------------------------------------- |
|                    ALABAMA JUDICIAL DATA CENTER                   |
|                      CASE ACTION SUMMARY                          |
|                        CIRCUIT CIVIL                              |
| ----------------------------------------------------------------- |
|  IN THE CIRCUIT  COURT OF  BUTLER     COUNTY                      |
|   JENNIFER & SLADE PIGGOTT  VS  GRAY CONSTRUCTION, INC, ET AL     |
|  FILED: 11/17/2006 TYPE: NEGLIGENCE-GENERAL   TYPE TRIAL: JURY    TRACK: |
| ***************************************************************** |
| DATE1:              CA:                 CA DATE:                  |
| DATE2:  02/08/2007  AMT:        $.00  PAYMENT:                    |
| DATE3:                                                            |
| ***************************************************************** |
| PLAINTIFF  001: PIGGOTT JENNIFER                                  |
|                                    ATTORNEY: BEASLEY JERE         |
|                                    BEA020    BEASLEY ALLEN CROW   |
|                  AL  00000-0000              P O BOX 4160         |
|                PHONE: (334)000-0000          MONTGOMERY, AL  36103|
| ENTERED:  11/17/2006 ISSUED:       TYPE:            (334)269-2343 |
| SERVED:             ANSWERED:          JUDGEMENT:                 |
|                                                                   |
|                                    BEASLEY JULIA ANN              |
|                                    BEASLEY, ALLEN CROW            |
|                                    P. O. BOX 4160                 |
|                                    MONTGOMERY, AL  36103          |
|                                            (334)269-2343         |
| ----------------------------------------------------------------- |
| PLAINTIFF  002: PIGGOTT SLADE                                     |
|                                    ATTORNEY: BEASLEY JERE         |
|                                    BEA020    BEASLEY ALLEN CROW   |
|                  AL  00000-0000              P O BOX 4160         |
|                PHONE: (334)000-0000          MONTGOMERY, AL  36103|
| ENTERED:  11/17/2006 ISSUED:       TYPE:            (334)269-2343 |
| SERVED:             ANSWERED:          JUDGEMENT:                 |
|                                                                   |
|                                    BEASLEY JULIA ANN              |
|                                    BEASLEY, ALLEN CROW            |
|                                    P. O. BOX 4160                 |
|                                    MONTGOMERY, AL  36103          |
|                                            (334)269-2343         |
| ----------------------------------------------------------------- |
| DEFENDANT  001: GRAY CONSTRUCTION INC                            |
|                C/O GEORGE GRAY           ATTORNEY:                |
|                2204 1ST AVE,S-SUITE 101                           |
|                BIRMINGHAM, AL  35233-0000                         |
|                PHONE: (334)000-0000                              |
| ENTERED:  11/17/2006 ISSUED:  11/30/2006 TYPE:   CERTIFIED       |
| SERVED:             ANSWERED:          JUDGEMENT:                 |
| ----------------------------------------------------------------- |
| THIRD PRTY 001: HWASHIN AMERICA CORPORATION BY AND THROUGH       |
|                ALABAMA SELF-INSURED WCF  ATTORNEY: RIVES JAMES ARCHIBALD |
|                                    RIV005    2000 INTERSTATE PK DR.|
|                BIRMINGHAM, AL  00000-0000    SUITE 204           |
|                PHONE: (334)000-0000          MONTGOMERY, AL  36109|
| ENTERED:  12/07/2006 ISSUED:       TYPE:            (334)387-7680 |
| SERVED:             ANSWERED:          JUDGEMENT:                 |
| ----------------------------------------------------------------- |
|                                                                   |
|   11/17/2006   SUMMONS AND COMPLAINT                              |
|                                                                   |
|   11/17/2006   C001/2 FIRST INTERROGATORIES AND REQUEST FOR       |
|                                                                   |
|   11/17/2006     PRODUCTION OF DOCUMENTS TO D001                  |
|                                                                   |
|   11/17/2006   C001/2 MOTION TO INSPECT AND PHOTOGRAPH PREMISES   |
| ----------------------------------------------------------------- |
REJ   12/29/2006                              CV 2006 000176.00
```

```
----------------------------------------------------------------------
| AVSO351                                    CV 2006 000176.00        |
|                                                                     |
|                                  JUDGE: H. EDWARD MCFERRIN          |
| -------------------------------------------------------------------|
|                    ALABAMA JUDICIAL DATA CENTER                     |
|                       CASE ACTION SUMMARY                           |
|                          CIRCUIT CIVIL                              |
| -------------------------------------------------------------------|
|  IN THE CIRCUIT  COURT OF   BUTLER     COUNTY                       |
|   JENNIFER & SLADE PIGGOTT  VS  GRAY CONSTRUCTION, INC, ET AL       |
|  FILED: 11/17/2006 TYPE: NEGLIGENCE-GENERAL   TYPE TRIAL: JURY      TRACK:  |
| ******************************************************************* |
| DATE1:              CA:              CA DATE:                       |
| DATE2:  02/08/2007  AMT:        $.00 PAYMENT:                       |
| DATE3:                                                              |
| ******************************************************************* |
|   11/17/2006     OF HWASHIN AMERICA CORP                            |
|   11/30/2006    FILED THIS DATE: 11/17/2006           (AV01)        |
|   11/30/2006    ORIGIN: INITIAL FILING                (AV01)        |
|   11/30/2006    ASSIGNED TO JUDGE: H. EDWARD MCFERRIN (AV01)        |
|   11/30/2006    JURY TRIAL REQUESTED                  (AV01)        |
|   11/30/2006    CASE ASSIGNED STATUS OF: ACTIVE       (AV01)        |
|   11/30/2006    PIGGOTT JENNIFER ADDED AS C001        (AV02)        |
|   11/30/2006    LISTED AS ATTORNEY FOR C001: BEASLEY JULIA ANN      |
|   11/30/2006    LISTED AS ATTORNEY FOR C001: BEASLEY JERE  (AV02)   |
|   11/30/2006    PIGGOTT SLADE ADDED AS C002           (AV02)        |
|   11/30/2006    LISTED AS ATTORNEY FOR C002: BEASLEY JERE  (AV02)   |
|   11/30/2006    LISTED AS ATTORNEY FOR C002: BEASLEY JULIA ANN      |
|   11/30/2006    GRAY CONSTRUCTION INC ADDED AS D001   (AV02)        |
|   11/30/2006    CERTIFIED MAI ISSUED: 11/30/2006 TO D001   (AV02)   |
|   11/30/2006    BY C001 C001/2 MOTION TO INSPECT & PHOTOGRAPH       |
|   11/30/2006    BY C001   PREMISES OF HWASHIN AMERICA CORP          |
|   11/30/2006    SET FOR: MOTION ON 02/08/2007 AT 0900A  (AV01)      |
|   11/30/2006    CASE ACTION SUMMARY PRINTED           (AV02)        |
|   12/07/2006    COMPLAINT ON INTERVENTION (HWASHIN AMERICA)         |
|   12/14/2006    HWASHIN AMERICA CORPORATION BY AND THROUGH ADDED A  |
|   12/14/2006    LISTED AS ATTORNEY FOR T001: RIVES JAMES ARCHIBAL   |
|   12/14/2006    BY T001 T001 MOTION TO INTERVENE                    |
|   12/14/2006    SET FOR: MOTION ON 01/04/2007 AT 0900A  (AV01)      |
|   12/15/2006    NOTICE SENT: 12/15/2006 BEASLEY JERE                |
|   12/15/2006    NOTICE SENT: 12/15/2006 BEASLEY JULIA ANN           |
|   12/15/2006    NOTICE SENT: 12/15/2006 BEASLEY JERE                |
|   12/15/2006    NOTICE SENT: 12/15/2006 BEASLEY JULIA ANN           |
| -------------------------------------------------------------------|
 REJ   12/29/2006                            CV 2006 000176.00
```

```
 AVSO351                                              CV 2006 000176.00
```
--------------------------------------------------------------------------
```
                                        JUDGE: H. EDWARD MCFERRIN
```
--------------------------------------------------------------------------
```
                        ALABAMA JUDICIAL DATA CENTER
                            CASE ACTION SUMMARY
                               CIRCUIT CIVIL
```
--------------------------------------------------------------------------
```
  IN THE CIRCUIT  COURT OF   BUTLER    COUNTY

  JENNIFER & SLADE PIGGOTT  VS  GRAY CONSTRUCTION, INC, ET AL
  FILED:  11/17/2006 TYPE: NEGLIGENCE-GENERAL   TYPE TRIAL: JURY     TRACK:
 *******************************************************************************
  DATE1:                 CA:              CA DATE:
  DATE2:  02/08/2007 AMT:         $.00 PAYMENT:
  DATE3:
 *******************************************************************************
  12/15/2006   NOTICE SENT: 12/15/2006 GRAY CONSTRUCTION INC

  12/15/2006   NOTICE SENT: 12/15/2006 RIVES JAMES ARCHIBALD

  12/18/2006   SET FOR: MOTION ON 02/08/2007 AT 0900A       (AV01)
```

*I hereby certify that this is true and correct copy of the Case action Summary rendered in the above styled cause. This 29 day of Dec 2006*

*Allen W. Stephenson*
*Circuit Clerk*

```
 REJ   12/29/2006                                       CV 2006 000176.00
```



UNITED STATES POSTAGE
PITNEY BOWES
$ 05.36⁰
02 1A
0004603457
MAILED FROM ZIP CODE 36104



GREENVILLE, AL 36037
DEC -1
USPS

CERTIFIED MAIL

7160 3901 9841 5331 7363
RETURN RECEIPT REQUESTED

GEORGE GRAY
GRAY CONSTRUCTION CO., INC.
2204 1ST AVENUE SOUTH, SUITE 101
BIRMINGHAM, AL 35233

Butler County, Clerk of Court
Courthouse, 700 Court Square
Greenville, AL 36037

Butler County, Clerk of Court
Courthouse, 700 Court Square
Greenville, AL 36037

I hereby certify that this is true and
correct copy of the _file_
rendered in the above styled cause.
This 28 day of Dec. 20 06.
*Allen W. Stephenson*
Circuit Clerk



Arbitration



# IN THE CIRCUIT COURT OF
## BUTLER COUNTY, ALABAMA

JENNIFER & SLADE PIGGOTT,        \*

      Plaintiffs,         \*

                          \*

vs.                       \*    CASE NUMBER: CV-06 - 176

                          \*

GRAY CONSTRUCTION, INC.;       \*
et al.,                     \*

                          \*

      Defendants.        \*

## SUMMONS

    This service by certified mail of this summons is initiated upon the written request of Plaintiffs' attorney pursuant to the Alabama Rules of Civil Procedure.

        NOTICE TO:        GEORGE GRAY
                          GRAY CONSTRUCTION CO., INC.
                          2204 1ST AVENUE SOUTH, SUITE 101
                          BIRMINGHAM, AL 35233

    The Complaint which is attached to this summons is important and you must take immediate action to protect your rights. You are required to mail or hand deliver a copy of a written Answer, either admitting or denying each allegation in the Complaint to,

                          JULIA A. BEASLEY
                          BEASLEY, ALLEN, CROW, METHVIN,
                          PORTIS & MILES, P.C.
                          P. O. Box 4160
                          Montgomery, Alabama 36103-4160

the attorney for the Plaintiffs. THIS ANSWER MUST BE MAILED OR DELIVERED WITHIN THIRTY (30) DAYS FROM THE DATE OF DELIVERY OF THIS SUMMONS AND COMPLAINT AS EVIDENCED BY THE RETURN RECEIPT, OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT. You must also file the original of your Answer with the Clerk of this Court within a reasonable time afterward.

Dated:    NOV 1 7 2006             _Allen W. Stephenson_
                                CIRCUIT CLERK

I hereby certify that this is true and correct copy of the ___File___ remaining in the above styled cause. This 28 day of Dec. 2006
_Allen W. Stephenson_
Circuit Clerk of

1

**IN THE CIRCUIT COURT FOR
BUTLER COUNTY, ALABAMA**

JENNIFER PIGGOTT and SLADE     *
PIGGOTT,                        *
                                *
        Plaintiffs,             *
                                *              **CASE NUMBER**
vs.                             *              **CV-06- 176**
                                *
GRAY CONSTRUCTION, INC.;        *
Fictitious Defendant "A", the person, *
company, corporation, or other entity *
which was responsible for the design *
of the building at Hwashin America *
Corporation, including the roof; *
Fictitious Defendant "B", the person, *
company, corporation, or other entity *
which was the general contractor *
responsible for construction of the *
building, including the roof at *
Hwashin America Corporation; *
Fictitious Defendant "C", the person, *
company, corporation, or other entity *
who or which was the engineer *
responsible for inspecting the roof *
throughout construction and upon *
completion of the roof at Hwashin *
America Corporation; Fictitious *
Defendant "D", the project manager *
who was responsible for overseeing *
the construction project involving the *
roof at Hwashin America Corporation; *
Fictitious Defendant "E", the person, *
company, corporation, or other entity *
which was the responsible for safety *
and compliance with all state and *
federal standards and regulations *
regarding construction at Hwashin *
America Corporation, including the *
roof; Fictitious Defendant "F", the *
person, company, corporation, or *
other entity which was responsible for *



1

I hereby certify that this is true and
correct copy of the____file_____
rendered in the above styled cause.
This 28 day of Dec , 2006
        Allen W. Stephenson
        Circuit Clerk

ensuring the structural integrity and *
stability of the roof upon completion *
of the construction of the roof at *
Hwashin America Corporation plant; *
Fictitious Defendants "G", "H", "I", *
"J" and "K", are those other persons, *
corporations, or other entities whose *
negligence, wantonness, or other *
wrongful conduct contributed to *
cause injuries and damages to *
Plaintiff Jennifer Piggott, whose true *
and correct names are unknown to *
Plaintiffs at this time, but will be *
substituted by amendment when *
ascertained, *
 *

**Defendants.** *

## COMPLAINT

### Statement of the Parties

1. Plaintiff Jennifer Piggott is over the age of nineteen years and resides in Butler County, Alabama.

2. Plaintiff Slade Piggott, the husband of Jennifer Piggott, is over the age of nineteen years, and resides in Butler County, Alabama.

3. Defendant Gray Construction, Inc., (hereinafter "Gray Construction") is an Alabama corporation with its principle place of business in Birmingham, Alabama, which does business by agent in Butler County, Alabama.

4. Fictitious Defendant "A" is the person, company, corporation, or other entity which was responsible for the design of the building at Hwashin America Corporation (hereinafter "Hwashin") in Greenville, Alabama, including the roof.

2

I hereby certify that this is true and correct copy of the _file_ rendered in the above styled cause. This 28 day of Dec., 2006
_Allen W. Stephenson_
Circuit Clerk

5.    Fictitious Defendant "B" is the person, company, corporation, or other entity which was the general contractor responsible for construction of the building, including the roof, at Hwashin in Greenville, Alabama.

6.    Fictitious Defendant "C" is the person, company, corporation, or other entity which was the engineer responsible for inspecting the roof throughout construction and upon completion of the roof at Hwashin in Greenville, Alabama.

7.    Fictitious Defendant "D" is the project manager who was responsible for overseeing the construction project involving the roof at Hwashin in Greenville, Alabama.

8.    Fictitious Defendant "E" is the person, company, corporation, or other entity which was the responsible for safety and compliance with all state and federal standards and regulations regarding construction at Hwashin, including the roof, in Greenville, Alabama.

9.    Fictitious Defendant "F" is the person, company, corporation, or other entity which was responsible for ensuring the structural integrity and stability of the roof upon completion of the construction of the roof at Hwashin in Greenville, Alabama.

10.    Fictitious Defendants and "G" "H", "I", "J", and "K" are those other persons, corporations, or entities, whose negligence, wantonness, or other wrongful conduct contributed to cause the injuries and damages of Plaintiff Jennifer Piggott.

11.    The true and correct names of the Fictitious Defendants are unknown to Plaintiff at this time, but will be substituted by amendment when ascertained.

### Statement of the Facts

12.    On October 17, 2006, Plaintiff Jennifer Piggott was an employee of Hwashin America Corporation in Greenville, Alabama.

3

I hereby certify that this is true and correct copy of the _file_ rendered in the above styled cause. This _28_ day of _Dec_ 20_06_

*Allen W. Stephenson*
Circuit Clerk *ap*

13.    At said time and place, Jennifer Piggott was performing her duties at her desk in the office at the Hwashin location.

14.    At said time and place, a wall collapsed and the roof of the building collapsed on Jennifer Piggott, knocking her to the floor and causing her to be severely injured.

15.    At all times material hereto, Plaintiff Slade Piggott is married to and the husband of Jennifer Piggott.

16.    Upon information and belief, it is alleged that Defendant Gray Construction was responsible for the design and construction of the building at Hwashin.

17.    At the aforesaid time and place, Defendant Gray Construction and all Fictitious Defendants had a duty to ensure that the roof and support walls were designed, constructed and completed in such a manner to prevent it from collapsing on persons, including workers such as Jennifer Piggott.

18.    At said time and place, Defendant Gray Construction and all Fictitious Defendants had a duty to properly design and construct the building, including the walls and roof, with adequate support and materials to withstand the elements of weather.

## COUNT ONE

19.    Plaintiffs reallege paragraphs 1 through 18 of the Complaint as if set out here in full.

20.    Defendant Gray Construction and all Fictitious Defendants negligently failed to design and/or construct the roof in such a manner to ensure its structural integrity and stability so that it would withstand heavy rain and/or wind.

4

I hereby certify that this is true and correct copy of the _file_ rendered in the above styled cause.
This _28_ day of _Dec._ 20_06_
_Allen W. Stephenson_
Circuit Clerk

21. As a proximate consequence of Defendant Gray Construction's negligence and the negligence of all Fictitious Defendants, Plaintiff Jennifer Piggott was injured and damaged as follows: she sustained serious and permanent injuries, including a crushed vertebrae at L4-5 which caused fluid to leak out of her spinal cord, caused numbness in her legs and toes and which required emergency surgery; she sustained injuries to her right knee, her back suffered lacerations and pieces of glass were embedded in her back, she suffered physical pain and will continue to suffer paid in the future; she was required to be hospitalized; she is required to wear a back brace; she suffered a broken rib; she incurred medical expenses and will continue to incur medical expenses in the future; she suffered mental anguish and will continue to suffer mental anguish in the future; she will be required to miss work and lose income as a result of her injuries; she will continue to lose income in the future; she will continue to have physical problems in the future as a result of the crushed vertebrae in her back; and she has otherwise been injured and damaged.

WHEREFORE, Plaintiffs demand judgment against Defendant Gray Construction and all Fictitious Defendants in such an amount of compensatory damages as a jury may deem reasonable, and the costs of this action.

## COUNT TWO

22. Plaintiffs reallege paragraphs 1 through 20 of the Complaint as if set out here in full.

23. Defendant Gray Construction and all Fictitious Defendants had a duty to enforce safety policies and/or to require compliance with all state and federal standards

I hereby certify that this is true and correct copy of the__ $\it{file}$ __ rendered in the above styled cause. This _28_ day of _Dec._ _20.06_
*Allen W. Stephenson*
Circuit Clerk

5

and regulations regarding construction, including the roof and walls of the Hwashin building.

24.    Defendant Gray Construction and all Fictitious Defendants negligently failed to inspect the roof and walls of the building during and/or at completion of construction to determine whether its structural integrity was capable of withstanding the elements, including rain and wind.

25.    Defendant Gray Construction and all Fictitious Defendants negligently failed to require the roof and walls to have structural integrity.

26.    Defendant Gray Construction and all Fictitious Defendants negligently failed to enforce safety policies and/or failed to require compliance with all state and federal standards and regulations regarding construction, including the roof and walls of the Hwashin building.

27.    As a proximate consequence of Defendant Gray's negligence and the negligence of all Fictitious Defendants, Plaintiff Jennifer Piggott was injured and damaged as alleged in paragraph number 21 above.

WHEREFORE, Plaintiffs demand judgment against Defendant Gray Construction and all Fictitious Defendants in such an amount of compensatory damages as a jury may deem reasonable, and the costs of this action.

## COUNT THREE

28.    Plaintiffs reallege paragraphs 1 through 20 of the Complaint as if set out here in full.

I hereby certify that this is true and correct copy of the _File_ rendered in the above styled cause. This 28 day of _Dec_ 20 06
_Allen W. Stephenson_
Circuit Clerk

6

29.    Defendant Gray Construction and all Fictitious Defendants had a duty to ensure that the roof and walls were designed, constructed and completed in such a manner to prevent it from collapsing.

30.    Defendant Gray Construction and all Fictitious Defendants had a duty to construct the aforesaid building, including the walls and roof, with adequate support and materials to withstand the elements of weather.

31.    Defendant Gray Construction and all Fictitious Defendants wantonly failed to properly design and/or construct the Hwashin building.

32.    Defendant Gray Construction and all Fictitious Defendants wantonly failed to properly design and/or construct the roof in such a manner to ensure its structural integrity and stability to withstand heavy rain and/or wind.

33.    As a proximate consequence of Defendant Gray Construction's wantonness and the wantonness of all Fictitious Defendants, Plaintiff Jennifer Piggott was injured and damaged as alleged in paragraph number 21 above.

WHEREFORE, Plaintiffs demand judgment against Defendant Gray Construction and all Fictitious Defendants in such an amount of punitive damages as a jury may deem reasonable, and the costs of this action.

## COUNT FOUR

34.    Plaintiffs reallege paragraphs 1 through 20 of the Complaint as if set out here in full.

35.    Defendant Gray Construction and all Fictitious Defendants had a duty to enforce safety policies and/or to require compliance with all state and federal standards

7

I hereby certify that this is true and correct copy of the _Fi le_ rendered in the above-styled cause. This 28 day of _Dec_, 2006 *Allen W. Stephenson* Circuit Clerk *al*

and regulations regarding construction, including the roof and walls of the Hwashin building.

36.    Defendant Gray Construction and all Fictitious Defendants wantonly failed to inspect the roof and walls during and/or at completion of construction to determine whether its structural integrity was capable of withstanding the elements, including rain and wind.

37.    Defendant Gray Construction and all Fictitious Defendants wantonly failed to enforce safety policies and/or failed to require compliance with all state and federal standards and regulations regarding construction, including the roof and walls at the Hwashin building.

38.    As a proximate consequence of Defendant Gray Construction's wantonness and the wantonness of all Fictitious Defendants, Plaintiff Jennifer Piggott was injured and damaged as alleged in paragraph number 21 above.

WHEREFORE, Plaintiffs demand judgment against all Defendant Gray Construction and all Fictitious Defendants in such an amount of compensatory damages as a jury may deem reasonable, and the costs of this action.

## COUNT FIVE

39.    Plaintiffs reallege paragraphs 1 through 20 of the Complaint as if set out here in full.

40.    The negligence or wantonness or other wrongful conduct of all Defendants combined and concurred to cause the aforesaid incident involving Plaintiff Jennifer Piggott.

i hereby certify that, this is true and correct copy of the File rendered in the above styled cause. This 28 day of Dec , 20 06
Allen W. Stephenson
Circuit Clerk

8

41.   As a proximate consequence of the combining and concurring negligence or wantonness or other wrongful conduct of all Defendants, Plaintiff Jennifer Piggott was injured and damaged as alleged in paragraph 21 above.

WHEREFORE, Plaintiffs demand judgment against all Defendants in such an amount of compensatory damages as a jury may award, a separate amount of punitive damages and the costs of this action.

## COUNT SIX

42.   Plaintiff Slade Piggott realleges all prior paragraphs of the Complaint as if set out here in full.

43.   Plaintiff Slade Piggott is the husband and marital partner of Plaintiff Jennifer Piggott.

44.   Plaintiff Jennifer Piggott was injured and damaged as alleged in paragraph 21 of the Complaint as a result of Defendants' negligence or wantonness.

45.   As a proximate consequence of Defendants' negligence, Plaintiff Slade Piggott has lost and will continue to lose the love, affection, and services of his wife, he also has lost income and has lost the ability to obtain jobs because of the necessity of taking care of his wife after she was injured when the roof fell on her; and he has otherwise been injured and damaged.

WHEREFORE, Plaintiff Slade Piggott demands judgment against all Defendants in such an amount of compensatory damages as a jury may award, and his costs of this action.

I hereby certify that this is true and correct copy of the ___file___ rendered in the above styled cause. This __26__ day of __Dec__, __2006__
Allen W. Stephenson
Circuit Clerk

9

JERE L. BEASLEY (BEA020)

JULIA A. BEASLEY (BEA039)
Attorneys for Plaintiff

OF COUNSEL:
BEASLEY, ALLEN, CROW,
METHVIN, PORTIS & MILES, P.C.
P. O. Box 4160
Montgomery, Alabama  36103-4160
(334) 269-2343


## JURY DEMAND

PLAINTIFFS HEREBY DEMAND TRIAL BY JURY ON ALL ISSUES OF THIS
CAUSE.

OF COUNSEL

i hereby certify that this is true and
correct copy of the  file
rendered in the above-styled cause.
This 28 day of  Dec.  2006
*Allen W. Stephenson*
Circuit Clerk

10

| State of Alabama<br>Unified Judicial System<br><br>Form ARCivP-93   Rev. 5/99 | **COVER SHEET**<br>**CIRCUIT COURT - CIVIL CASE**<br>(Not For Domestic Relations Cases) | Case Number<br>**CV**<br>Date of Filing:                    Judge Code:<br>Month    Day    Year |
|---|---|---|

## GENERAL INFORMATION

IN THE CIRCUIT COURT OF ___Butler_____, ALABAMA
*(Name of County)*

___Jennifer Piggott_____ v. ___Gray Construction, Inc.___
Plaintiff                                                              Defendant

| First Plaintiff | ☐ Business  ☒ Individual | First Defendant | ☒ Business  ☐ Individual |
|---|---|---|---|
| | ☐ Government  ☐ Other | | ☐ Government  ☐ Other |

**NATURE OF SUIT:**   Select primary cause of action, by checking box *(check only one)* that best characterizes your action:

**TORTS: PERSONAL INJURY**
- ☐ WDEA - Wrongful Death
- ☒ TONG - Negligence: General
- ☐ TOMV - Negligence: Motor Vehicle
- ☐ TOWA - Wantonness
- ☐ TOPL - Product Liability/AEMLD
- ☐ TOMM - Malpractice-Medical
- ☐ TOLM - Malpractice-Legal
- ☐ TOOM - Malpractice-Other
- ☐ TBFM - Fraud/Bad Faith/Misrepresentation
- ☐ TOXX - Other: _____

**TORTS: PROPERTY INJURY**
- ☐ TOPE - Personal Property
- ☐ TORE - Real Property

**OTHER CIVIL FILINGS**
- ☐ ABAN - Abandoned Automobile
- ☐ ACCT - Account & Nonmortgage
- ☐ APAA - Administrative Agency Appeal
- ☐ ADPA - Administrative Procedure Act
- ☐ ANPS - Adults in Need of Protective Services

**OTHER CIVIL FILINGS (cont'd)**
- ☐ MSXX - Birth/Death Certificate Modification/Bond Forfeiture Appeal/ Enforcement of Agency Subpoena/Petition to Preserve
- ☐ CVRT - Civil Rights
- ☐ COND - Condemnation/Eminent Domain/Right-of-Way
- ☐ CTMP - Contempt of Court
- ☐ CONT - Contract/Ejectment/Writ of Seizure
- ☐ TOCN - Conversion
- ☐ EQND - Equity Non-Damages Actions/Declaratory Judgment/Injunction Election Contest/Quiet Title/Sale For Division
- ☐ CVUD - Eviction Appeal/Unlawful Detainer
- ☐ FORJ - Foreign Judgment
- ☐ FORF - Fruits of Crime Forfeiture
- ☐ MSHC - Habeas Corpus/Extraordinary Writ/Mandamus/Prohibition
- ☐ PFAB - Protection From Abuse
- ☐ FELA - Railroad/Seaman (FELA)
- ☐ RPRO - Real Property
- ☐ WTEG - Will/Trust/Estate/Guardianship/Conservatorship
- ☐ COMP - Workers' Compensation
- ☐ CVXX - Miscellaneous Circuit Civil Case

**ORIGIN** *(check one):*  F ☒ INITIAL FILING   A ☐ APPEAL FROM DISTRICT COURT   ☐ OTHER: _____
R ☐ REMANDED   T ☐ TRANSFERRED FROM OTHER CIRCUIT COURT

**HAS JURY TRIAL BEEN DEMANDED?**   ☒ YES  ☐ NO   Note: Checking "Yes" does not constitute a demand for a jury trial. (See Rules 38 and 39, Ala.R.Civ.P, for procedure)

**RELIEF REQUESTED:**   ☒ MONETARY AWARD REQUESTED      ☐ NO MONETARY AWARD REQUESTED

**ATTORNEY CODE:**   ☐☐☐☐☐☐   ___11·15·06___   ___ulia___
(S E A C 3 9)   Date   Signature of Attorney/Party filing this form

**MEDIATION REQUESTED:**   ☒ YES  ☐ NO  ☐ UNDECIDED

I hereby certify that this is true and correct copy of the ___file___ rendered in the above styled cause.
This ___28___ day of ___Dec.___ , 20__06__
*Allen W. Stephenson*
Circuit Clerk

**IN THE CIRCUIT COURT OF**
**BUTLER COUNTY, ALABAMA**

JENNIFER & SLADE PIGGOTT,                      *
                                               *
    **Plaintiffs,**                             *
                                               *       **CASE NUMBER:**
**vs.**                                        *       CV-06-176
                                               *
GRAY CONSTRUCTION, INC., et al.,               *
                                               *
    **Defendants.**                             *

## PLAINTIFFS' FIRST INTERROGATORIES
## AND REQUEST FOR PRODUCTION OF DOCUMENTS
## TO GRAY CONSTRUCTION, INC.

### DEFINITIONS

1.    Incident – For the purposes of these interrogatories, the term 'incident" shall refer to the incident which injured Jennifer Piggott when the roof collapsed at the Hwashin America Plant facility on October 17, 2006, in Greenville, Alabama.

2.    This Defendant – For the purposes of these interrogatories, the term "this Defendant" shall refer to Gray Construction, Inc.

3.    Hwashin Facility – For the purposes of these interrogatories, the term "Hwashin facility" shall refer to the building in which this incident occurred.

### INTERROGATORIES

1.    Is this Defendant named correctly in the complaint?  If not, state this Defendant's correct legal name.

2.    Please state the amount of insurance coverage under each and every liability insurance policy, including excess and umbrella coverage, which insures Gray Construction, Inc., for this incident.  For each carrier, please state the following:

I hereby certify that this is true and
correct copy of the ___File___
rendered in the above-styled cause.
This _28_ day of _Dec_, 20_06_
    *Allen W. Stephenson*
    Circuit Clerk

*[Stamp:]* FILED IN OFFICE
ALLEN STEPHENSON
NOV 17 2006
CIRCUIT CLERK
BUTLER COUNTY
1

     a.        The policy limits of each such policy, including excess and umbrella coverage; and

     b.        The name of the insured of each such policy.

3.     State in detail this Defendant's involvement in the construction, including the roof, at the Hwashin facility?

4.     Please state the names and addresses of each company, corporation and/or entity which performed any work on the roof at the Hwashin facility in the area where the roof collapsed.

5.     Please state the names and addresses of each company, corporation and/or entity which performed any work in the area where the wall caved in at the Hwashin facility.

6.     Please state the name and address of each architect and/or architectural firm who participated in the design for the Hwashin facility, including the roof.

7.     Please state the name and address of each person, company, corporation and/or entity which inspected the roof at any time throughout construction and/or after the completion of the Hwashin facility.

8.     Please state the name and address of each person, company, corporation and/or entity which determined, tested, evaluated, confirmed and/or did anything to assess the strength of and/or structural integrity of the roof upon completion of construction at the Hwashin facility.

9.     Please state the name and address of the general contractor responsible for the overall construction of the Hwashin facility.

I hereby certify that this is true and correct copy of the ____File____ rendered in the above-styled cause. This _28_ day of _Dec._ 20_06_ *Allen W. Stephenson* Circuit Clerk al

2

10.    Please state the name and address of the person, company, corporation and/or other entity general contractor responsible for the roof construction of the Hwashin facility.

11.    Please state the name and address of the person, company, corporation and/or other entity which did any work as a subcontractor which was responsible for the roof construction of the Hwashin facility and list what their specific job was for the roof construction.

12.    State the type roof on the Hwashin facility where this incident occurred and list the manufacturer of each material used as the main component of the roof.

13.    Did this Defendant supervise the construction work performed on the Hwashin facility? If so, list the name and address of each person responsible for such supervision. If not, list the name of the person, company, corporation and/or entity which supervised this work.

14.    State each and every standard and/or regulation in effect during construction which sets forth requirements for construction of the roof at the Hwashin facility.

15.    Did this Defendant, or anyone acting on this Defendant's behalf, take photographs after the roof collapsed at the Hwashin facility? If so, state the name of the person who took the photographs and the current location of the photographs.

16.    State in detail why the roof on the Hwashin facility collapsed on October 17, 2006.

17.    List any other project this Defendant has been involved in where a similar incident has occurred in which a roof and/or wall collapsed.

I hereby certify that this is true and
correct copy of the _file_
rendered in the above styled cause
This _28_ day of _Dec_ _06_
_Allen W. Stephe_
Circuit Clerk _at_    3

18.    Did Hwashin, or any company affiliated with them or any of their parent companies or corporations, participate in the decision making process for the type of roof, type of material used on the roof and other construction relating to the roof and/or support for the roof.   If so, list which company and/or corporation and what involvement they had.

19.    State the name and address of the project manager and/or foreman for this Defendant during the construction of the Hwashin facility.

20.    To the extent possible, identify the names and addresses of any and all fictitious Defendants which are named in the complaint.

21.    State the names and addresses of each person with knowledge of the incident and include the specific facts known by each.

## REQUEST FOR PRODUCTION OF DOCUMENTS

1.    A copy of any and all  photographs (showing inside, outside of building and/or aerial view) of  the Hwashin  facility  after the roof collapsed on October 17, 2006.

2.    A copy of any and all  photographs (showing inside, outside of building and/or aerial view) of  the Hwashin  facility  after the wall collapsed on October 17, 2006.

3.    A copy of all liability insurance policies, including primary and excess coverage,  in effect insuring this Defendant at the time of this incident.

4.    A copy of  all contracts between this Defendant and any person, company,

I hereby certify that this is true and correct copy of the____file rendered in the above styled cause. This 28 day of Dec. 2006 Allen W. Stephenson Circuit Clerk

4

corporation and/or or other entity who performed construction  work at the Hwashin facility.

5.    A copy of all contracts between this Defendant and Hwashin, and/or any other corporation affiliated with Hwashin, including Hyundai, for any work performed at the Hwashin facility.

6.    A copy of the plans for the project dealing with construction of the Hwashin facility, including the roof.

7.    All drawings, designs, plans, blueprints and any other documents which shows the plan for the construction of the roof at the Hwashin facility.

8.    A copy of all inspection reports on the roof at the Hwashin facility.

9.    A copy of any and all engineering reports regarding the Hwashin facility, including the roof.

10.    A copy of any contracts with any other Defendants named as Fictitious Defendants in the Complaint who performed work at the Hwashin facility.

11.    All documents showing the work performed, any inspections, any daily reports, supervisors' checklist, all safety checklists and any and all other documents relating to the construction work performed in the area and around the area where the roof collapsed.

12.    A copy of any indemnity agreements which apply to this incident and/or any allegations in the Plaintiffs' complaint.

13.    A copy of any and all correspondence to and from OSHA regarding this incident.

I hereby certify that this is true and correct copy of the file rendered in the above styled cause.
This 28 day of Dec 20 06
Allen W. Stephenson
Circuit Clerk

5

14.    A copy of any and all correspondence to and from Hwashin regarding this incident.

15.    A copy of any and all correspondence to and from any other party responsible for the roof collapsing on October 17, 2006.

16.    All findings by OSHA regarding this incident.

17.    A copy of inspections or other documents which pertain to supervision by this Defendant of work done on the roof by any contractors.

18.    A copy of payments made to this Defendant regarding the Hwashin facility.

19.    All memos, reports, letters, and/or documents which reference the structural integrity of the roof.

20.    A copy of any and all documents which mention what, if anything, was done to determine, test, evaluate, confirm and/or assess the strength of an/or structural integrity of the roof upon completion of construction at the Hwashin facility.


_____

JULIA A. BEASLEY (BEA039)
Attorney for Plaintiffs


OF COUNSEL:
BEASLEY, ALLEN, CROW,
METHVIN, PORTIS & MILES, P.C.
P. O. Box 4160
Montgomery, Alabama 36103-4160
(334) 269-2343

I hereby certify that this is true and correct copy of the _File_ rendered in the above-styled cause. This _28_ day of _Dec_ 20_06_
_Allen W. Stephenson_
Circuit Clerk

## **CERTIFICATE OF SERVICE**

I hereby certify that I have filed a copy of the foregoing document with the Summons and Complaint on this the 15th day of November, 2006.

OF COUNSEL

I hereby certify that this is true and correct copy of the file rendered in the above-styled cause. This 28 day of Dec 20 06

Allen W. Stephenson
Circuit Clerk

7

**IN THE CIRCUIT COURT OF**
**BUTLER COUNTY, ALABAMA**

I hereby certify that this is true and correct copy of the ＿file＿ rendered in the above styled cause. This ＿28＿ day of ＿Dec＿, 2006
*Allen W. Stephenson*
Circuit Clerk ＿

JENNIFER & SLADE PIGGOTT,                          *
                                                   *
    **Plaintiffs,**                                  *
                                                   *
**vs.**                                            *      **CASE NUMBER: CV-06 - 176**
                                                   *
**GRAY CONSTRUCTION, INC.;**                       *
**et al.,**                                        *
                                                   *
    **Defendants.**                                 *


<u>**PLAINTIFFS' MOTION TO INSPECT AND PHOTOGRAPH THE PREMISES OF**</u>
<u>**HWASHIN AMERICA CORPORATION WHERE INCIDENT OCCURRED**</u>

    Pursuant to Rule 34 of the Alabama Rules of Civil Procedure, Plaintiffs request the Court to allow their attorneys and investigators to inspect and photograph the Hwashin America Corporation building, including the area where the roof collapsed and injured Plaintiff Jennifer Piggott, and the area where the wall collapsed in.  Plaintiffs have attached a letter from Hwashin's attorney stating that a Court Order would be required to do so.  (Exhibit "A".)  The roof and building have not been repaired.  It is important and necessary that Plaintiffs' attorneys and investigators be allowed access to the building and be permitted to inspect and photograph the building, including the roof, for purposes of preserving evidence, understanding the layout of the building, and viewing the material of the building and roof.

    WHEREFORE, Plaintiffs request this Court to allow their attorneys and investigators to inspect and photograph the Hwashin America Corporation building at a time which is mutually convenient with Hwashin's attorney.

FILED IN OFFICE
ALLEN STEPHENSON
NOV 17 2006
CIRCUIT
BUT...

*Julia A Beasley*

**JULIA A. BEASLEY (BEA039)**
Attorney for Plaintiffs

OF COUNSEL:
BEASLEY, ALLEN, CROW,
METHVIN, PORTIS & MILES, P.C.
P. O. Box 4160
Montgomery, Alabama 36103-4160
(334) 269-2343

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing document upon all counsel of record as listed below by placing a copy of same in the United States Mail, first class, postage prepaid on this the _____ day of November, 2006.

*Julia A Beasley*

OF COUNSEL

Ms. Rhonda Simmons
Hwashin America Corporation
661 Montgomery Highway
Greenville, AL 36037

Mr. Chris Allen
Executive Vice President
Gray Construction, Inc.
2204 First Avenue South, Suite 101
Birmingham, AL 35233

Mr. Turner B. Williams
BURR & FORMAN
3100 Wachovia Tower
420 N. 20th Street
Birmingham, AL 35203

I hereby certify that this is true and correct copy of the _file_ rendered in the above-styled cause. This 28 day of Dec. 2006
*Allen W. Stephenson*
Circuit Clerk

# BURR & FORMAN LLP

ATTORNEYS AND COUNSELORS

3100 WACHOVIA TOWER
420 NORTH 20TH STREET
BIRMINGHAM, ALABAMA 35203

(205) 251-3000
(205) 458-5100 (FAX)
www.burr.com

Turner B. Williams
Direct Dial: (205) 458-5205
Direct Fax: (205) 244-5739
Email: twilliam@burr.com

November 9, 2006

Julia A. Beasley, Esquire
Beasley, Allen, Crow, Methvin, Portis & Miles, P.C.
218 Commerce Street
P.O. Box 4160
Montgomery, Alabama 36103-4160

   **Re:**   *Julia Piggott*

Dear Julia:

   I am in receipt of your November 9, 2006 letter to Rhonda Simmons.  **Without a court order, I am sorry to inform you that we cannot accommodate your request.**  However, you should know that numerous photographs were taken by Hwashin America and their insurance carrier following the incident.

   Should you have questions or comments, please let me know.

   With best regards, I am

        Very truly yours,

        Turner B. Williams

TBW/rcc

I hereby certify that this is true and correct copy of the ___File___ rendered in the above styled cause. This 28 day of Dec, 20 06
*Allen W. Stephenson*
Circuit Clerk



PLAINTIFF'S
EXHIBIT

**A**

ALABAMA  •  GEORGIA  •  MISSISSIPPI

## IN THE CIRCUIT COURT FOR
## BUTLER COUNTY, ALABAMA

JENNIFER PIGGOTT and SLADE        )
PIGGOTT,                          )
                                  )
     Plaintiffs,             )
                                  )
v.                                )        CASE NO. CV-06-176
                                  )
GRAY CONSTRUCTION, INC., et al.,  )
                                  )
     Defendants.             )

### MOTION TO INTERVENE

COMES NOW Hwashin America Corporation, by and through its worker's compensation carrier, Alabama Self-Insured Worker's Compensation Fund, applicant for intervention and respectfully requests this Court to allow it to intervene in the above-styled matter pursuant to §25-5-11(a), *Code of Alabama*, (1975) (1992 REPL. Vol.). See *Millers Mutual Insurance Association v. Young*, 601 So.2d 962 (Ala. 1992). Hwashin America Corporation, by and through its worker's compensation carrier, the Alabama Self-Insured Worker's Compensation Fund, requests that it be allowed credit for worker's compensation benefits paid to or payable to Jennifer Piggott, for the amount of recovery which she has received or will receive in payment of any judgment or settlement of the above-styled cause. The intervenor respectfully moves this Court for an Order permitting it to intervene as a party in this action and permitting it to file the Complaint and Intervention attached hereto and as cause therefore would show unto this Honorable Court the following facts, to wit:

1.    The applicant for intervention was, at all times relevant to the claims of the Plaintiff, the worker's compensation carrier of Hwashin America Corporation, and is licensed to do business in the State of Alabama.

I hereby certify that this is true and correct copy of the ___File___
rendered in the above-styled cause.
This _28_ day of _Dec._ 20_06_
    *Allen W. Stephenson*
    Circuit Clerk

2.   The applicant is seeking intervention in this matter as the worker's compensation carrier for Hwashin America Corporation.

3.   Hwashin America Corporation was the Plaintiff's employer on the date and time of the injuries sustained by Plaintiff in the accident made the basis of this lawsuit.

4.   The applicant has paid worker's compensation benefits and medical benefits, and will continue to pay worker's compensation benefits and medical benefits as they accrue, to/or on behalf of the Plaintiff Jennifer Piggott.

5.   Said worker's compensation benefits have been paid by applicant as a direct result of the injuries sustained in this accident made the basis of this lawsuit.

6.   The applicant has a subrogation interest in the lawsuit currently before the Court for both worker's compensation and medical benefits it has paid to or on behalf of the Plaintiff, and any medical benefits it is called to pay in the future.

7.   The applicant has a substantial interest in the subject matter of this action.

8.   The rights and interests of the applicant will be substantially affected by the issues in this case, and applicant, to date, has had no input in this cause.

9.   The applicant's complaint and the issues currently before this Court have questions of law and fact in common.

10.   Absent intervention, applicant's interest will not be adequately represented.

11.   No party will be prejudiced as a result of the intervention by the applicant.

WHEREFORE, the applicant for intervention would respectfully move this Court for an order permitting it to intervene in this action and allowing it to file the attached Complaint.

I hereby certify that this is true and
correct copy of the ___ f i l e ___
rendered in the above styled cause.
This 28 day of ___ Dec. ___ 20 06
*Allen W. Stephenson*
Circuit Clerk ox

W. Christopher Waller, Jr. (WAL187)
James A. Rives   (RIV005)
Attorneys for Hwashin America Corporation,
by and through the Alabama Self-Insured
Worker's Compensation Fund

OF COUNSEL:

Ball, Ball, Matthews & Novak, P.A.
2000 Interstate Park Dr., Suite 204
P.O. Box 2148
Montgomery, AL 36102-2148
Telephone: (334) 387-7680

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing document has been served on all counsel of record as listed below by placing copy of said document in regular U.S. Mail, first class and postage prepaid, on this the 5th day of December 2006.

Jere L. Beasley
Julia A. Beasley
Beasley, Allen, Crow, Methvin, Portis & Miles, P.C.
P.O. Box 4160
Montgomery, Alabama 36103-4160

Gray Construction, Inc.
2204 1st Avenue South
Suite 101
Birmingham, Alabama 35233

OF COUNSEL



I hereby certify that this is true and
correct copy of the __file__
rendered in the above styled cause.
This 28 day of Dec, 20 06
Allen W. Stephenson
Circuit Clerk

FILED IN OFFICE
ALLEN STEPHENSON
DEC - 7 2006
CIRCUIT CLERK
BUTLER COUNTY

## IN THE CIRCUIT COURT FOR
## BUTLER COUNTY, ALABAMA

JENNIFER PIGGOTT and SLADE )
PIGGOTT, )
           )
      Plaintiffs, )
           )
v. )      CASE NO. CV-06-176
           )
GRAY CONSTRUCTION, INC., et al., )
           )
      Defendants. )

## COMPLAINT ON INTERVENTION

    1.    This is an action to protect the interest of Hwashin America Corporation, by and through its worker's compensation carrier, the Alabama Self-Insured Worker's Compensation Fund, for subrogation of worker's compensation benefits and medical benefits which have been paid and/or will be paid to or on behalf of Jennifer Piggott, a worker's compensation claimant. This claim is made pursuant to §25-5-11(a), *Code of Alabama*, 1975, as amended.

    2.    Jennifer Piggott was an employee of Hwashin America Corporation on or about October 17, 2006, the date of her injury.

    3.    The Alabama Self-Insured Worker's Compensation Fund is licensed to do business in the State of Alabama.

    4.    Jennifer Piggott is over the age of nineteen years.

    5.    The Alabama Self-Insured Worker's Compensation Fund has paid worker's compensation benefits and medical bills in excess of $11,000.00 at the present time to Jennifer Piggott and/or her medical care providers.

I hereby certify that this is true and
correct copy of the_____file_____
rendered in the above styled cause.
This 28 day of    Dec.    20 06
        *Allen W. Stephenson*
        Circuit Clerk



FILED IN OFFICE
ALLEN STEPHENSON
DEC - 7 2006
CIRCUIT CLERK
BUTLER COUNTY

6.      The Plaintiff Jennifer Piggott has filed this current action against alleged third-party tortfeasors.

WHEREFORE, the above premises considered, Hwashin America Corporation, by and through its worker's compensation carrier, Alabama Self-Insured Worker's Compensation Fund, demands that it be reimbursed for worker's compensation benefits (including but not limited to indemnity and medical benefits currently paid or will pay in the future) paid to or on behalf of Plaintiff Jennifer Piggott, and those benefits payable in the future to or on behalf of Jennifer Piggott from the funds recoverable or to be recovered in the underlying tort action.

Respectfully submitted on this the ___5th___ day of _____mbe__, 2006.

_____
W. Christopher Waller, Jr. (WAL187)
James A. Rives   (RIV005)
Attorneys for Hwashin America Corporation,
by and through the Alabama Self-Insured
Worker's Compensation Fund

OF COUNSEL:

Ball, Ball, Matthews & Novak, P.A.
2000 Interstate Park Dr., Suite 204
P.O. Box 2148
Montgomery, AL 36102-2148
Telephone: (334) 387-7680

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing document has been served on all counsel of record as listed below by placing copy of said document in regular U.S. Mail, first class and postage prepaid, on this the __5th__ day of _____, 2006.

Jere L. Beasley
Julia A. Beasley
Beasley, Allen, Crow, Methvin, Portis & Miles, P.C.
P.O. Box 4160
Montgomery, Alabama 36103-4160

I hereby certify that this is true and correct copy of the __File__ rendered in the above-styled cause. This __28__ day of __Dec.__ 20 06
_Allen W. Stephenson_
Circuit Clerk

Gray Construction, Inc.
2204 1st Avenue South
Suite 101
Birmingham, Alabama 35233

OF COUNSEL

I hereby certify that this is true and
correct copy of the _file_
rendered in the above styled cause.
This 28 day of Dec. 20 06
Allen W. Stephenson
Circuit Clerk

| **STATE OF ALABAMA**<br>**Unified Judicial System** | Check one(*Not for Domestic Relations, Workers' Comp., PFA, or Small Claims cases*): | ▶ File No.<br>CIVIL ACTION NO.<br>CV-2006-176 |
|---|---|---|
| BUTLER COUNTY | ☐ District Court  ☑ Circuit Court | |

| Style of case:<br>Jennifer Piggott and Slade Piggott, Plaintiffs, v. Gray Construction, Inc., et al., Defendants. | **MOTION COVER SHEET**<br>*Name of Filing Party*<br>Hwashin America Corporation |
|---|---|

| Name, Address, and Telephone No. of Attorney or Party, If Not Represented:<br>W. Christopher Waller, Jr. - Ball, Ball, Matthews & Novak, P.A.<br>P. O. Box 2148, Montgomery, Alabama 36102-2148<br>Telephone: 334/387-7680   Fax: 334/387-3222<br>Attorney Bar No.: WAL187 | To be filled out by Clerk of Court:<br>☐ Filing Fee Charged and Collected (Amt $_____)<br>☐ Filing Fee Not Required (DR, SM, Work Comp, PFA)<br>☐ Affidavit of Hardship on File |
|---|---|

## Type of Motion (Check One)

| **Motions Requiring Fee** | **Motions Not Requiring Fee** |
|---|---|
| ☐ Default Judgment ($50.00) | ☐ Add Party |
| ☑ Intervene or Appear as Third Party Plaintiff ($297.00) | ☐ Amend |
| ☐ Joinder in Other Party's Dispositive Motion (i.e. Summary Judgment, Judgment on the Pleadings, or other Dispositive Motion not pursuant to Rule 12(b)) ($50.00) | ☐ Change of Venue/Transfer |
| | ☐ Compel |
| | ☐ Consolidation |
| ☐ Judgment on the Pleadings ($50.00) | ☐ Contempt |
| ☐ Motion to Dismiss, or in the Alternative Summary Judgment($50.00) | ☐ Continue |
| | ☐ Deposition |
| ☐ Other Dispositive Motion not pursuant to Rule 12(b) ($50.00) | ☐ Designate a Mediator |
| ☐ Renewed Dispositive Motion (Summary Judgment, Judgment on the Pleadings, or other Dispositive Motion not pursuant to Rule 12(b)) ($50.00) | ☐ Judgment as a Matter of Law (during trial) |
| | ☐ Disburse Funds |
| ☐ Summary Judgment or other Dispositive Motion not pursuant to Rule 12(b) ($50.00) | ☐ Discovery |
| | ☐ Ex Parte Restraining |
| ☐ Other | ☐ Extension of Time |
| ☐ | ☐ In Limine |
| | ☐ Joinder |
| | ☐ More Definite Statement |
| | ☐ Motion to Dismiss pursuant to Rule 12(b) |
| | ☐ New Trial |
| | ☐ Objection of Exemptions Claimed |
| | ☐ Plaintiff's Motion to Dismiss or Stipulation of Dismissal |
| | ☐ Preliminary Injunction |
| | ☐ Protective Order |
| | ☐ Quash |
| | ☐ Release from Stay of Execution |
| | ☐ Sanctions |
| | ☐ Sever |
| | ☐ Show Cause |
| | ☐ Special Practice in Alabama |
| | ☐ Stay |
| | ☐ Strike |
| | ☐ Supplement to Pending Motion |
| | ☐ Temporary Restraining Order |
| | ☐ Vacate or Modify |
| | ☐ Withdraw |
| | ☐ Other: |

I hereby certify that this is true and correct copy of the _____ *file* _____ rendered in the above styled cause.
This 28 day of *Dec* 2006
*Allen W. Stephenson*
Circuit Clerk

| Check here if you have filed or are filing contemporaneously with this motion an Affidavit of Substantial Hardship ☐ | Date:<br>December 5, 2006 | Signature of Attorney or Party<br>_____<br>W. Christopher Waller, Jr. – WAL187 |
|---|---|---|

*This Cover Sheet must be completed and submitted to the Clerk of Court upon the filing of any motion. Each motion should contain a separate Cover Sheet.
** Motions titled 'Motion to Dismiss' that are not pursuant to Rule 12(b) and are in fact Motions for Summary Judgments are subject to filing fee

Exhibit B

## GIDIERE, HINTON, HERNDON & CHRISTMAN

ATTORNEYS AT LAW

60 COMMERCE STREET, SUITE 904

MONTGOMERY, ALABAMA 36104

TELEPHONE: (334) 834-9950

FACSIMILE: (334) 834-1054

JACK B. HINTON, JR.*
STEVEN K. HERNDON
ANDREW W. CHRISTMAN
MATTHEW Y. BEAM**

OF COUNSEL
PHILIP S. GIDIERE, JR.

MAILING ADDRESS:
P.O. BOX 4190
MONTGOMERY, AL 36103

*ALSO ADMITTED IN
WASHINGTON, DC

**ALSO ADMITTED IN
TENNESSEE

December 29, 2006

**Via Facsimile Transmission**

Ms. Julia A. Beasley
Beasley, Allen, Crow, Methvin
   Portis & Miles, PC
P.O. Box 4160
Montgomery, AL 36103-4160

Re:   *Piggott v. Gray Construction, Inc., et al.*
       CV-06-176, Circuit Court of Butler County, Alabama
       GHH&C:  5832

Dear Julie:

   This letter serves to follow up my inquiries regarding the amount in controversy and to confirm your indication that you have around $25,000 in medical specials so far and that you view this case to involve damages in excess of $75,000 exclusive of interest and costs.  Also, pursuant to your request, this serves to note that you desire to conduct limited discovery as to whether there are resident parties involved.

Very truly yours,

Steven K. Herndon

SKH:stp