**IN THE UNTIED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF ALABAMA**

| | | |
|---|---|---|
| **JENNIFER PIGGOTT and** | ) | |
| **SLADE PIGGOTT,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| **v.** | ) | **Case No.: 2:06-cv-01158-MEF-TFM** |
| | ) | |
| **GRAY CONSTRUCTION, INC.,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**MOTION TO QUASH SUBPOENA ISSUED BY DEFENDANT GRAY
CONSTRUCTION, INC. TO NON-PARTY COOPER STEEL FABRICATORS**

**COMES NOW**, Cooper Steel Fabricators, by and through the undersigned counsel of record and hereby moves this Honorable Court to quash the civil subpoena issued on the following grounds:

1.     That Defendant Gray Construction, Inc. issued a subpoena to non-party Cooper Steel Fabricators (hereinafter "Cooper Steel") for the purpose of producing certain documents requested in Exhibit A to the Subpoena. (Subpoena to Cooper Steel attached hereto as Exhibit A);

2.     That service of the non-party subpoena was improper under Rule 45(b)(2) of the *Federal Rules of Civil Procedure* which provides in pertinent part that

> a subpoena may be served at any place within the district of the court by which it is issued, or at any place without the district that is within 100 miles of the place of the . . . production, or inspection specified in the subpoena or at any place within the state where a state statute or rule of court permits service of a subpoena issued by a state court of general jurisdiction sitting in the place of the . . . production or inspection specified in the subpoena.

Rule 45(b)(2).;

3.     That the subpoena issued to non-party Cooper Steel was sent to 1919 Hayes Street, Nashville, TN 37203 and requested production of documents to be made at Lloyd, Gray &

Whitehead, P.C., 2501 20th Place South, Suite 300, Birmingham, AL 35223. (Exhibit A);

4.      That Cooper Steel has no office in Alabama and its principle office is located in Shelbyville, TN;

5.      That the place designated for production of documents pursuant to the subpoena at issue is more than 100 miles away from the Cooper Steel office in Nashville, TN;

6.      That the subpoena issued to Cooper Steel was improperly issued as Cooper Steel is outside of the subpoena power of this court and said subpoena was issue in violation of Rule 45(a)(2)(C) and (b)(2);

7.      That Cooper Steel is located more than 100 miles outside the district and jurisdiction of this court and is not a party to the present lawsuit;

**WHEREFORE, PREMISES CONSIDERED**, Cooper Steel Fabricators respectfully requests that this Honorable Court to quash the subpoena propounded by Defendant Gray Construction, Inc. on the aforementioned grounds.

s/A. Joe Peddy
A. Joe Peddy
SMITH, SPIRES & PEDDY, P.C.
Suite 200
2015 Second Avenue North
Birmingham, Alabama 35203
Telephone:  (205) 251-5885
Fax:  (205) 251-8642
PED002
ajp@ssp-law.com

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on May 7, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Jere L. Beasley
Julia Ann Beasley
Beasley, Allen, Crow, Methvin, Portis & Miles, P.C.
P.O. Box 4160
Montgomery, AL 36103-4160

Andrew W. Christman
Steven Keith Herndon
Gidiere, Hinton, Herndon &Christman
904 Regions Tower
60 Commerce Street
Montgomery, AL 36104

Elliot Britton Monroe
Mickey B. Wright
Lloyd, Gray & Whitehead, P.C.
2501 Twentieth Place South
Suite 300
Birmingham, AL 35223

James A. Rives
William Christopher Waller, Jr.
Ball, Ball, Matthews & Novak, PA
P.O. Box 2148
Montgomery, AL 36102-2148

                                         _s/A. Joe Peddy_____
                                         Of Counsel

AO 88 (Rev. 1/94) Subpoena in a Civil Case

# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA

| | |
|---|---|
| JENNIFER PIGGOTT and<br>SLADE PIGGOTT,<br><br>    Plaintiffs,<br><br>v.<br><br>GRAY CONSTRUCTION, INC.,<br><br>    Defendant. | )<br>)<br>)<br>)<br>)<br>)    Case No.: CV-06-1158<br>)<br>)<br>)<br>)<br>) |

**TO**    Cooper Steel Fabricators
        1919 Hayes Street
        Nashville, TN 37203

☐ YOU ARE COMMANDED TO appear in the United States District Court at the place, date & time specified below to Testify in the above case.

| Place of Testimony | Courtroom |
|---|---|
| | Date and Time |

☐ YOU ARE COMMANDED TO appear at the place, date and time specified below to testify at the taking of a deposition in the above case.

| Place of Deposition | Date and Time |
|---|---|
| | |

☒ YOU ARE COMMANDED TO produce and permit inspection and copying of the following documents or objects at the place, date and time specified below (list documents or objects): SEE ATTACHED EXHIBIT "A."

☐ YOU ARE COMMANDED TO permit inspection of the following premises at the date & time specified below.

| Premises | Date and Time |
|---|---|
| Lloyd, Gray & Whitehead, P.C., 2501 20th Place South<br>Suite 300, Birmingham, AL 35223 | By May 9, 2007 |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| Issuing Officer Signature and Title (Indicate if Attorney for Plaintiff or Defendant) | Attorney for Defendant | 4/25/07 |
|---|---|---|
| | | Date |

Issuing Officer's Name, Address and Phone Number
Brian M. McClendon, Attorney for Defendant
Lloyd, Gray & Whitehead, P.C.
2501 20th Place South, Suite 300
Birmingham, AL 35223
(205)967-8822

(See Rule 45, Federal Rules of Civil Procedure, Parts C&D)

AO 88 (Rev. 1/94) Subpoena in a Civil Case.

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|

**SERVED**

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
                    Date

Signature of Server

Address of Server
Lloyd, Gray & Whitehead, P.C.
2501 20th Place South, Suite 300
Birmingham, AL 35223
(205)967-8822

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

**(c) Protection of Persons Subject to Subpoenas.**

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

**(d) Duties in Responding to Subpoena.**

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

## EXHIBIT "A" TO SUBPOENA TO
## COOPER STEEL FABRICATORS

Please produce the following documents:

1.     A copy of any and all testing reports related to the strength of the girders and joists manufactured by you to be installed at the Hwashin facility in Greenville, Alabama.

2.     A copy of any correspondence, transmittals or other documents related to the load requirements for the girders and joists received from Hardy Corp., Freeland Harris Consulting Engineers, Allsouth Subcontractors, Quincy Joist Co., Gray or Hwashin.

3.     A copy of any invoices, pay requests, bills of lading or other documents related to the purchase of materials used in the manufacture of the girders and joists used on the Hwashin facility in Greenville, Alabama.

4.     A copy of your contract, including any exhibits, addendums and subparts, with Gray Construction for your work in connection with the construction of the Hwashin facility in Greenville, Alabama.

5.     A copy of your contract, including any exhibits, addendums and subparts, with Hwashin for your work in connection with the construction of the Hwashin facility in Greenville, Alabama.

6.     Any and all contracts or subcontracts for materials, labor or services provided in connection with the design, construction or repair of the Hwashin facility in Greenville, Alabama.

7.     Any and all drawings, blueprints or plans related to the design, construction or repair of the roof, girders, joists or roof drainage systems of the Hwashin facility in Greenville, Alabama.

8.     Any and all photographs, recordings or other depictions of the Hwashin facility in Greenville, Alabama, whether during or after construction.

9.     Any and all Requests for Information, Change orders or similar documents related to any materials labor or services provided in connection with the design, construction or repair of the of the roof, girders, joists or roof drainage systems on the Hwashin facility in Greenville, Alabama.

10.     Any and all Daily Reports, progress reports or other documents that mention, refer or relate to any materials, labor or service provided in connection with the roof, girders, joists or roof drainage systems on the Hwashin facility in Greenville, Alabama

11. Any and all minutes or notes from any meeting where the design, construction or repair of the Hwashin facility in Greenville, Alabama was discussed.

12. Any and all invoices, receipts or payment requests made or received in connection with any materials, labor or services provided in connection with the Hwashin facility in Greenville, Alabama.

13. Any and all reports, findings or other documents associated with any inspection of the roof, girders, joists or roof drainage systems on the Hwashin facility in Greenville, Alabama.

14. Any and all correspondence, emails, voicemails or other communications between you and any individual or entity mentioning, referring or relating to the roof, girders, joists or roof drainage systems on the Hwashin facility in Greenville, Alabama.

15. Any and all statements, written or verbal, made to Mr. and Mrs. Piggott, or their attorneys, employees, officers, directors or agents of Mr. and Mrs. Piggott.

16. Any and all statements, written or verbal, made to Hwashin America Corporation, or the attorneys, employees, officers, directors or agents of the Hwashin America Corporation concerning the roof, girders, joists or roof drainage systems on the Hwashin facility in Greenville, Alabama or the roof collapse.

17. Any and all insurance agreements or policies that may provide coverage or a defense to you for any claim made in connection with materials, labor or services provided to you in connection with the design, construction or repair of the Hwashin facility in Greenville, Alabama.

18. Any and all documents outlining or identifying the scope of any labor or services you provided in connection with the Hwashin facility in Greenville, Alabama.

19. A copy of your project file for the materials, labor or services you provided in connection with the construction or repair of the Hwashin facility in Greenville, Alabama.