**UNITED STATES DISTRICT COURT**

MIDDLE DISTRICT OF ALABAMA
OFFICE OF THE CLERK
POST OFFICE BOX 711
MONTGOMERY, ALABAMA 36101-0711

DEBRA P. HACKETT, CLERK                               TELEPHONE (334) 954-3600

# NOTICE OF CORRECTION

**From:**   Clerk's Office

**Case Style:**  Piggott et al v. Gray Construction, Inc.

**Case Number:**   2:06-cv-01158-MEF

**Referenced Pleading:**   Exhibit A attachment to MOTION to Quash  - Doc. 10

This Notice of Correction was filed in the referenced case this date to correct the PDF documents attached to this notice.  Please see the correct PDF documents to this notice.

AO 88 (Rev. 1/94) Subpoena in a Civil Case

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF ALABAMA

| | |
|---|---|
| JENNIFER PIGGOTT and SLADE PIGGOTT, | ) ) ) |
| Plaintiffs, | ) ) Case No.: CV-06-1158 |
| v. | ) ) |
| GRAY CONSTRUCTION, INC., | ) ) |
| Defendant. | ) |

TO   Cooper Steel Fabricators
     1919 Hayes Street
     Nashville, TN 37203

☐ YOU ARE COMMANDED TO appear in the United States District Court at the place, date & time specified below to Testify in the above case.

| Place of Testimony | Courtroom |
|---|---|
| | Date and Time |

☐ YOU ARE COMMANDED TO appear at the place, date and time specified below to testify at the taking of a deposition in the above case.

| Place of Deposition | Date and Time |
|---|---|

☒ YOU ARE COMMANDED TO produce and permit inspection and copying of the following documents or objects at the place, date and time specified below (list documents or objects): SEE ATTACHED EXHIBIT "A."

☐ YOU ARE COMMANDED TO permit inspection of the following premises at the date & time specified below.

| Premises | Date and Time |
|---|---|
| Lloyd, Gray & Whitehead, P.C., 2501 20th Place South Suite 300, Birmingham, AL 35223 | By May 9, 2007 |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

_____  Attorney for Defendant    4/25/07
Issuing Officer Signature and Title (Indicate if Attorney for Plaintiff or Defendant)    Date

Issuing Officer's Name, Address and Phone Number
Brian M. McClendon, Attorney for Defendant
Lloyd, Gray & Whitehead, P.C.
2501 20th Place South, Suite 300
Birmingham, AL 35223
(205)967-8822

(See Rule 45, Federal Rules of Civil Procedure, Parts C&D)

AO 88 (Rev. 1/94) Subpoena in a Civil Case.

## PROOF OF SERVICE

| DATE | PLACE |
|---|---|

SERVED

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

### DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
                  Date

Signature of Server

Address of Server
Lloyd, Gray & Whitehead, P.C.
2501 20th Place South, Suite 300
Birmingham, AL 35223
(205)967-8822

---

Rule 45, Federal Rules of Civil Procedure, Parts C & D:
(c) **Protection of Persons Subject to Subpoenas.**
(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.
(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.
(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.
(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it
    (i) fails to allow reasonable time for compliance;
    (ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or
    (iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena
   (i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
   (ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
   (iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) Duties in Responding to Subpoena.
(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.
(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

# EXHIBIT "A" TO SUBPOENA TO COOPER STEEL FABRICATORS

Please produce the following documents:

1. A copy of any and all testing reports related to the strength of the girders and joists manufactured by you to be installed at the Hwashin facility in Greenville, Alabama.

2. A copy of any correspondence, transmittals or other documents related to the load requirements for the girders and joists received from Hardy Corp., Freeland Harris Consulting Engineers, Allsouth Subcontractors, Quincy Joist Co., Gray or Hwashin.

3. A copy of any invoices, pay requests, bills of lading or other documents related to the purchase of materials used in the manufacture of the girders and joists used on the Hwashin facility in Greenville, Alabama.

4. A copy of your contract, including any exhibits, addendums and subparts, with Gray Construction for your work in connection with the construction of the Hwashin facility in Greenville, Alabama.

5. A copy of your contract, including any exhibits, addendums and subparts, with Hwashin for your work in connection with the construction of the Hwashin facility in Greenville, Alabama.

6. Any and all contracts or subcontracts for materials, labor or services provided in connection with the design, construction or repair of the Hwashin facility in Greenville, Alabama.

7. Any and all drawings, blueprints or plans related to the design, construction or repair of the roof, girders, joists or roof drainage systems of the Hwashin facility in Greenville, Alabama.

8. Any and all photographs, recordings or other depictions of the Hwashin facility in Greenville, Alabama, whether during or after construction.

9. Any and all Requests for Information, Change orders or similar documents related to any materials labor or services provided in connection with the design, construction or repair of the of the roof, girders, joists or roof drainage systems on the Hwashin facility in Greenville, Alabama.

10. Any and all Daily Reports, progress reports or other documents that mention, refer or relate to any materials, labor or service provided in connection with the roof, girders, joists or roof drainage systems on the Hwashin facility in Greenville, Alabama

11. Any and all minutes or notes from any meeting where the design, construction or repair of the Hwashin facility in Greenville, Alabama was discussed.

12. Any and all invoices, receipts or payment requests made or received in connection with any materials, labor or services provided in connection with the Hwashin facility in Greenville, Alabama.

13. Any and all reports, findings or other documents associated with any inspection of the roof, girders, joists or roof drainage systems on the Hwashin facility in Greenville, Alabama.

14. Any and all correspondence, emails, voicemails or other communications between you and any individual or entity mentioning, referring or relating to the roof, girders, joists or roof drainage systems on the Hwashin facility in Greenville, Alabama.

15. Any and all statements, written or verbal, made to Mr. and Mrs. Piggott, or their attorneys, employees, officers, directors or agents of Mr. and Mrs. Piggott.

16. Any and all statements, written or verbal, made to Hwashin America Corporation, or the attorneys, employees, officers, directors or agents of the Hwashin America Corporation concerning the roof, girders, joists or roof drainage systems on the Hwashin facility in Greenville, Alabama or the roof collapse.

17. Any and all insurance agreements or policies that may provide coverage or a defense to you for any claim made in connection with materials, labor or services provided to you in connection with the design, construction or repair of the Hwashin facility in Greenville, Alabama.

18. Any and all documents outlining or identifying the scope of any labor or services you provided in connection with the Hwashin facility in Greenville, Alabama.

19. A copy of your project file for the materials, labor or services you provided in connection with the construction or repair of the Hwashin facility in Greenville, Alabama.