IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA

| | |
|---|---|
| **JENNIFER PIGGOTT and** <br> **SLADE PIGGOTT,** <br><br> **Plaintiffs,** <br><br> v. <br><br> **GRAY CONSTRUCTION, INC.,** <br><br> **Defendant.** | ) <br> ) <br> ) <br> ) <br> ) Case No.: CV-06-1158 <br> ) <br> ) <br> ) <br> ) <br> ) |

**DEFENDANT GRAY CONSTRUCTION, INC.'S RESPONSES TO PLAINTIFFS' FIRST SETS OF INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS**

Pursuant to Federal Rules of Civil Procedure, Rules 26, 33 and 34, Defendant Gray Construction, Inc. ("Gray") hereby responds to Plaintiff's First Sets of Interrogatories and Requests for Production of Documents:

**GENERAL OBJECTIONS**

1. Gray reserves all objections as to the competency, relevancy, materiality and admissibility of the information or documents produced in this Response.

2. Gray objects to these Interrogatories and Requests to the extent they purport to require Gray to provide information or produce documents which are outside its possession, custody or control.

3. Gray objects to these Interrogatories and Requests to the extent they require Gray to produce information or documents that are publicly available on the grounds such information and documents are just as readily obtainable by the Plaintiff and Gray should not have the bear the burden of disclosure.

4. Gray objects to these Interrogatories and Requests to the extent they are repetitive of other interrogatories or requests or require Gray to provide the same information more than once.

5. Gray objects to these Interrogatories and Requests to the extent they, individually or cumulatively, attempt to impose on Gray duties and obligations beyond those permitted by the <u>Federal Rules of Civil Procedure</u>.

6. Gray objects to these Interrogatories and Requests to the extent they are overly broad, vague and ambiguous, unduly burdensome, seek information or documents not reasonably calculated to lead to the discovery of admissible evidence, fail to specify the information / documents sought with reasonable particularity or are otherwise outside the scope of discovery permitted by the <u>Federal Rules of Civil Procedure</u>, Rules 26, 33, 34 or 36.

7. Gray objects to these Interrogatories and Requests to the extent they seek documents that constitute or disclose proprietary, confidential, personal or business information.

8. Gray objects to these Interrogatories and Requests to the extent they require Gray to provide information or produce documents that constitutes attorney work product, are protected by the attorney-client privilege or are protected by any other applicable privilege, statute or rule of non-disclosure.

9. Any response or object to any or all of these Interrogatories and Requests does not mean necessarily that any information or documents exist or are in the possession, custody or control of Gray.

10. In each and every response, or sub-part thereof, where Gray interposes an objection, such objection shall be construed to preserve all of Gray's rights to enter similar objections as to any future supplemental responses to such request. A failure to object shall not

constitute a waiver of any objection that Gray may interpose as to any future supplemental responses.

    11.    The specific responses below are based upon information now available to Gray. Gray reserves the right at any time to revise, correct, add to or clarify the objections or responses.

### INTERROGATORIES

    1.    Is this Defendant named correctly in the Complaint? If not, state this Defendant's correct legal name.

**RESPONSE: Yes.**

    2.    Please state the amount of insurance coverage under each and every liability insurance policy, including excess and umbrella coverage, which insures Gray Construction, Inc., for this incident. For each carrier, please state the following:

    a.    The policy limits for each such policy, including excess and umbrella coverage; and

    b.    The name of the insured of each policy.

**RESPONSE: Gray has previously agreed to make a copy of its insurance policies available for inspection or copying as part of its Initial Disclosures.**

    3.    State in detail this Defendant's involvement in the construction, including the roof, at the Hwashin facility?

**RESPONSE: Gray objects to this Interrogatory on the basis the term "involvement" is vague and ambiguous. Subject to and without waiving its objections, Gray responds as follows: Gray contracted with Hwashin America Corp. to design and build a manufacturing facility in Greenville, Alabama.**

    4.    Please state the names and addresses of each company, corporation and/or entity which performed any work on the roof at the Hwashin facility in the area where the roof collapsed.

**RESPONSE:**

**Freeland Harris Consulting Engineers**  
**1990 Lakeside Parkway, Suite 120**  
**Tucker, GA 30084**

**Hardy Corporation**  
**420 12th Street North**  
**Birmingham, AL 35223**

**All-South Sub Contractors**  
**2678 Queenstown Road**  
**Birmingham, AL 35210**

**Quincy Joist Company**  
**520 South Virginia Street**  
**Quincy, FL 32351**

3

Cooper Steel Fabricators
1919 Hayes Street
Nashville, TN 37203

QC Masonry
3800 McInnis Road
Montgomery, AL 36116

Buckner Steel Erection
1011 National Guard Drive
Morrisville, NC 27560

Latta Plumbing Company
P. O. Box 1188
Gardendale, AL 35071

Ard Contracting, Inc.
120 Office Park Drive
Suite 200
Birmingham, AL 35223

Christian Testing Laboratories, Inc.
1211 Newell Parkway
Montgomery, AL 36110

SSOE, Inc.
214 Centerview Drive
Suite 300
Brentwood, TN 37027-2716

    5.    Please state the names and addresses of each company, corporation and/or entity which performed any work in the area where the wall caved in at the Hwashin facility.

**RESPONSE:**

Freeland Harris Consulting Engineers
1990 Lakeside Parkway, Suite 120
Tucker, GA 30084

All-South Sub Contractors
2678 Queenstown Road
Birmingham, AL 35210

Hardy Corporation
420 12th Street North
Birmingham, AL 35223

Quincy Joist Company
520 South Virginia Street
Quincy, FL 32351

Cooper Steel Fabricators
1919 Hayes Street
Nashville, TN 37203

QC Masonry
3800 McInnis Road
Montgomery, AL 36116

Buckner Steel Erection
1011 National Guard Drive
Morrisville, NC 27560

Latta Plumbing Company
P. O. Box 1188
Gardendale, AL 35071

Ard Contracting, Inc.
120 Office Park Drive
Suite 200
Birmingham, AL 35223

Christian Testing Laboratories, Inc.
1211 Newell Parkway
Montgomery, AL 36110

SSOE, Inc.
214 Centerview Drive
Suite 300
Brentwood, TN 37027-2716

4

452793_6.DOC

6.  Please state the name and address of each architect and/or architectural firm who participated in the design for the Hwashin facility, including the roof.

**RESPONSE: Gray objects to this Interrogatory on the basis the term "participated" is vague and ambiguous. Subject to and without waiving its objections, Gray responds as follows: GNF Architects, c/o Lloyd, Gray & Whitehead, 2501 20th Place South, Suite 300, Birmingham, Alabama 35223; and SSOE, Inc., 214 Centerview Drive, Brentwood, TN 37027-2716.**

7.  Please state the name and address of each person, company, corporation and/or entity which inspected the roof at any time throughout construction and/or after the completion of the Hwashin facility.

**RESPONSE: Gray objects to this Interrogatory on the basis the term "inspected" is vague and ambiguous and it seeks information protected by the attorney work product doctrine.**

8.  Please state the name and address of each person, company, corporation and/or entity which determined, tested, evaluated, confirmed and/or did anything to assess the strength of and/or structural integrity of the roof upon completion of construction at the Hwashin facility.

**RESPONSE: Gray objects to this Interrogatory on the basis the terms "determined, tested, evaluated, confirmed and/or did anything" are vague and ambiguous and it seeks information protected by the attorney work product doctrine.**

9.  Please state the name and address of the general contractor responsible for the overall construction of the Hwashin facility.

**RESPONSE: Gray objects to this Interrogatory on the basis the terms "responsible" and "overall construction" are vague and ambiguous. Subject to and without waiving its objections, Gray responds as follows: Gray contracted with Hwashin to design and build the Hwashin facility in Greenville, Alabama.**

10. Please state the name and address of the person, company, corporation and/or entity general contractor responsible for the roof construction of the Hwashin facility.

**RESPONSE: Gray objects to this Interrogatory on the basis the terms "responsible" and "roof construction" are vague and ambiguous. Subject to and without waiving its objections, Gray responds as follows: Gray contracted with Hwashin to design and build the Hwashin facility in Greenville, Alabama. The following entities were responsible for the roof of the Hwashin facility:**

| | |
|---|---|
| Freeland Harris Consulting Engineers | All-South Sub Contractors |
| 1990 Lakeside Parkway, Suite 120 | 2678 Queenstown Road |
| Tucker, GA 30084 | Birmingham, AL 35210 |

452793_6.DOC

**Hardy Corporation**
420 12th Street North
Birmingham, AL 35223

**Quincy Joist Company**
520 South Virginia Street
Quincy, FL 32351

**Cooper Steel Fabricators**
1919 Hayes Street
Nashville, TN 37203

**Buckner Steel Erection**
1011 National Guard Drive
Morrisville, NC 27560

**Latta Plumbing Company**
P. O. Box 1188
Gardendale, AL 35071

**SSOE, Inc.**
214 Centerview Drive
Suite 300
Brentwood, TN 37027-2716

11. Please state the name and address of the person, company, corporation and/or other entity which did any work as a subcontractor which was responsible for the roof construction of the Hwashin facility and list what their specific job was for the roof construction.

**RESPONSE:** Gray objects to this Interrogatory on the basis the terms "responsible" and "roof construction" are vague and ambiguous. Subject to and without waiving its objections, Gray responds as follows:

**Freeland Harris Consulting Engineers**
1990 Lakeside Parkway, Suite 120
Tucker, GA 30084
Freeland Harris Consulting Engineers was the structural engineer for the Hwashin project.

**All-South Sub Contractors**
2678 Queenstown Road
Birmingham, AL 35210
All-South Sub Contractors was the roofer for the Hwashin project.

**Hardy Corporation**
420 12th Street North
Birmingham, AL 35223
Hardy Corporation was the mechanical engineer for the Hwashin project.

**Quincy Joist Company**
520 South Virginia Street
Quincy, FL 32351
Quincy Joist Company was involved in the design and installation of girders and joists.

**Cooper Steel Fabricators**
1919 Hayes Street
Nashville, TN 37203
Cooper Steel Fabricators was involved in the design and installation of the girders and joists.

**Buckner Steel Erection**
1011 National Guard Drive
Morrisville, NC 27560
Buckner Steel Erection was involved in the installation of girders and joists at the Hwashin project.

**Latta Plumbing Company**
P. O. Box 1188
Gardendale, AL 35071
Latta Plumbing Company was the plumber who installed piping at the Hwashin project.

6

| | |
|---|---|
| Ard Contracting, Inc.<br>120 Office Park Drive<br>Suite 200<br>Birmingham, AL 35223<br>Ard Contracting, Inc. poured all concrete, including the columns, during the Hwashin project. | SSOE, Inc.<br>214 Centerview Drive<br>Suite 300<br>Brentwood, TN 37027-2716<br>SSOE, Inc. was an architect firm retained by Hwashin to monitor construction and review plans and drawings on its behalf. |
| Christian Testing Laboratories, Inc.<br>1211 Newell Parkway<br>Montgomery, AL 36110<br>Christian Testing Laboratories, Inc. tested both concrete and welding at the Hwashin project. | |

      12. State the type roof on the Hwashin facility where this incident occurred and list the manufacturer of each material used as the main component of the roof.

**RESPONSE: Gray objects to this Interrogatory on the basis the term "type of roof" is vague and ambiguous. Subject to and without waiving its objections, Gray responds as follows: The Hwashin office roof was a single-ply membrane roofing system. The roof was manufactured by Firestone Corporation and the roof drains were manufactured by Zurn.**

      13. Did this Defendant supervise the construction work performed on the Hwashin facility? If so, list the name and address of each person responsible for such supervision. If not, list the name of the person, company, corporation and/or entity which supervised this work.

**RESPONSE: Gray objects to this Interrogatory on the basis the terms "supervise" and "responsible" are vague and ambiguous and it calls for a legal conclusion. Subject to and without waiving its objections, Gray responds as follows: Gray contracted with Hwashin to design and build the Hwashin facility. The following entities were involved in construction of the roof on the Hwashin facility and were responsible for supervising its own employees:**

| | |
|---|---|
| Freeland Harris Consulting Engineers<br>1990 Lakeside Parkway, Suite 120<br>Tucker, GA 30084 | Hardy Corporation<br>420 12th Street North<br>Birmingham, AL 35223 |
| All-South Sub Contractors<br>2678 Queenstown Road<br>Birmingham, AL 35210 | Quincy Joist Company<br>520 South Virginia Street<br>Quincy, FL 32351 |

452793_6.DOC

Cooper Steel Fabricators
1919 Hayes Street
Nashville, TN 37203

Buckner Steel Erection
1011 National Guard Drive
Morrisville, NC 27560

Latta Plumbing Company
P. O. Box 1188
Gardendale, AL 35071

Ard Contracting, Inc.
120 Office Park Drive
Suite 200
Birmingham, AL 35223

Christian Testing Laboratories, Inc.
1211 Newell Parkway
Montgomery, AL 36110

SSOE, Inc.
214 Centerview Drive
Suite 300
Brentwood, TN 37027-2716

14.     State each and every standard and/or regulation in effect during construction which sets forth requirements for construction of the roof at the Hwashin facility.

**RESPONSE: Gray objects to this Interrogatory on the basis the terms "in effect" and "requirements" are vague and ambiguous, it requires Defendant to provide information that is publicly available and calls for a legal conclusion.**

15.     Did this Defendant, or anyone acting on this Defendant's behalf, take photographs after the roof collapsed at the Hwashin facility? If so, state the name of the person who took the photographs and the current location of the photographs.

**RESPONSE: Gray objects to this Interrogatory on the basis it seeks information protected by the attorney work product doctrine.**

16.     State in detail why the roof on the Hwashin facility collapsed on October 17, 2006.

**RESPONSE: Gray objects to this Interrogatory on the basis it is premature, calls for speculation, seeks information protected by the attorney work product doctrine and requires the disclosure of information which is protected by the attorney client privilege. Subject to and without waiving its objections, Gray responds as follows:**

**On the day in question, an unforeseeable act of God occurred in the form of torrential rains at the Hwashin facility. As a result of Hwashin's failure to maintain and clean its roof and roof drains, water ponded on the roof. The additional weight caused the roof collapse.**

17.     List any other project this Defendant has been involved in where a similar incident has occurred in which a roof and/or wall collapsed.

**RESPONSE: Gray objects to this Interrogatory on the basis the terms "involved" and "similar incident" are vague and ambiguous, and it seeks information not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving its objections, Gray responds as follows: Gray is unaware of any roof or wall collapse on a**

8

452793_6.DOC

project which it was involved in.

18. Did Hwashin, or any company affiliated with them or any of their parent companies or corporations, participate in the decision making process for the type of roof, type of material used on the roof and other construction relating to the roof and/or support for the roof. If so, list which company and/or corporation and what involvement they had.

**RESPONSE: Gray objects to this Interrogatory on the basis the terms "affiliated," "participate" and "decision making process" are vague and ambiguous. Subject to and without waiving its objections, Gray responds as follows: Hwashin and SSOE, Inc., were involved in the decision making process related to the roof on the Hwashin facility.**

19. State the name and address of the project manager and/or foreman for this Defendant during the construction of the Hwashin facility.

**RESPONSE: Brad Cvengros was project manager for the construction of the Hwashin facility.**

20. To the extent possible, identify the names and address of any and all fictitious Defendants which are named in the Complaint.

**RESPONSE: Gray objects to this Interrogatory on the basis it calls for speculation.**

21. State the names and addresses of each person with knowledge of the incident and include the specific facts known by each.

**RESPONSE: Gray previously identified people with knowledge of the roof collapse in its Initial Disclosures.**

22. Does this Defendant contend that any other person, company, corporation or entity caused or contributed to cause the roof to collapse on October 17, 2006? If so, state the legal name and address of each and explain your contention in detail.

**RESPONSE: Gray objects to this Interrogatory on the basis it is premature, seeks information protected by the attorney work product doctrine seeks information protected by the attorney client privilege and calls for a legal conclusion. Subject to and without waiving its objections, Gray responds as follows:**

**The following individuals and entities may have caused or contributed to the collapse of the roof:**

Freeland Harris Consulting Engineers
1990 Lakeside Parkway, Suite 120
Tucker, GA 30084

Hardy Corporation
420 12th Street North
Birmingham, AL 35223

All-South Sub Contractors
2678 Queenstown Road
Birmingham, AL 35210

Quincy Joist Company
520 South Virginia Street
Quincy, FL 32351

452793_6.DOC

**Cooper Steel Fabricators**
1919 Hayes Street
Nashville, TN 37203

**QC Masonry**
3800 McInnis Road
Montgomery, AL 36116

**Buckner Steel Erection**
1011 National Guard Drive
Morrisville, NC 27560

**Latta Plumbing Company**
P. O. Box 1188
Gardendale, AL 35071

**Ard Contracting, Inc.**
120 Office Park Drive, Suite 200
Birmingham, AL 35223

**Christian Testing Laboratories, Inc.**
1211 Newell Parkway
Montgomery, AL 36110

**SSOE, Inc.**
214 Centerview Drive
Suite 300
Brentwood, TN 37027-2716

**Hwashin America Corporation**
661 Montgomery Hwy
P.O. Box 1139
Greenville, AL  36037

## REQUEST FOR PRODUCTION OF DOCUMENTS

1.     A copy of any and all photographs (showing inside, outside of building and/or aerial view) of the Hwashin facility after the roof collapsed on October 17, 2006.

**RESPONSE: Gray objects to this Request on the basis it seeks documents protected by the attorney work product doctrine.**

2.     A copy of any and all photographs (showing inside, outside of building and/or aerial view) of the Hwashin facility after the wall collapsed on October 17, 2006.

**RESPONSE: Gray objects to this Request on the basis it seeks documents protected by the attorney work product doctrine.**

3.     A copy of all liability insurance policies, including primary and excess coverage, in effect insuring this Defendant at the time of this incident.

**RESPONSE: Gray has previously agreed in its Initial Disclosures to make its insurance policies available for inspection and copying.**

4.     A copy of all contracts between this Defendant and any person, company, corporation and/or other entity who performed construction work at the Hwashin facility.

10

**RESPONSE:** Gray objects to this Request on the basis the term "performed construction work" is vague and ambiguous and the Request is overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving its objections, Gray responds as follows: Gray will make its contract with Hwashin and the subcontracts with individuals or entities who performed work on the roof of the office of the Hwashin facility available for inspection and copying.

5.     A copy of any and all contracts between this Defendant and Hwashin, and/or any other corporation affiliated with Hwashin, including Hyundai, for any work performed at the Hwashin facility.

**RESPONSE:** Gray objects to this Request on the basis it is vague and ambiguous, overly broad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence and not reasonably limited in time and/or scope. Subject to and without waiving its objections, Gray responds as follows:  Gray will make available for inspection and copying its contract with Hwashin to design and build the facility.

6.     A copy of the plans for the project dealing with construction of the Hwashin facility, including the roof.

**RESPONSE:** Gray objects to this Request on the basis the terms "plans" and "project dealing with construction" are vague and ambiguous and the Request is overly broad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence and seeks confidential and proprietary business information. Subject to and without waiving its objections, Gray will make the roofing detail for the office at the Hwashin facility available for inspection and copying.

7.     All drawings, designs, plans, blueprints and any other documents which shows the plan for the construction of the roof at the Hwashin facility.

**RESPONSE:** Gray objects to this Request on the basis the term "plan for construction" is vague and ambiguous and the Request is overly broad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence and seeks confidential and proprietary business information.  Subject to and without waiving its objections, Gray responds as follows:  Gray will make documents in its possession, custody or control which are responsive to this Request available for inspection and copying.

8.     All as-built drawings, designs, plans, blueprints and any other documents which shows the plan for the construction of the roof at the Hwashin facility.

**RESPONSE:** Gray objects to this Request on the basis the term "plan for construction" is vague and ambiguous and the Request is overly broad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence and seeks confidential and proprietary business information.  Subject to and without waiving its objections, Gray responds as follows:  Gray will make documents in its possession, custody or control which are responsive to this Request available for inspection and copying.

9.  A copy of all inspection reports on the roof at the Hwashin facility.

**RESPONSE: Gray objects to this Request on the basis the term "inspection reports" is vague and ambiguous and the Request is overly broad, not reasonably calculated to lead to the discovery of admissible evidence, not reasonably limited in time and/or scope, seeks information protected by the attorney work product doctrine and requires the disclosure of information which is protected by the attorney client privilege. Subject to and without waiving its objections, Gray responds as follows: Gray will make non-privileged documents in its possession, custody or control which are responsive to this Request available for inspection and copying.**

10.  A copy of any and all engineering reports regarding the Hwashin facility including the roof.

**RESPONSE: Gray objects to this Request on the basis the term "engineering reports" is vague and ambiguous and the Request is overly broad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, seeks information protected by the attorney work product doctrine, requires the disclosure of information which is protected by the attorney client privilege and seeks confidential and proprietary business information. Subject to and without waiving its objections, Gray responds as follows: Gray will make non-privileged documents in its possession, custody or control which are responsive to this Request available for inspection and copying.**

11.  A copy of any contracts with any other Defendants named as Fictitious Defendants in the Complaint who performed work at the Hwashin facility.

**RESPONSE: Gray objects to this Request on the basis the terms "performed work" and "Fictitious Defendants" are vague and ambiguous and calls for speculation.**

12.  All documents showing the work performed, any inspections, any daily reports, supervisors' checklist, all safety checklists and any and all other documents relating to the construction work performed in the area and around the area where the roof collapsed.

**RESPONSE: Gray objects to this Request on the basis the term "work performed" is vague and ambiguous and the Request is overly broad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, seeks information protected by the attorney work product doctrine, seeks documents protected by the attorney work product doctrine and seeks documents protected by the attorney client privilege. Subject to and without waiving its objections, Gray responds as follows: Gray will make all non-privileged documents in its possession, custody or control which are responsive to this Request available for inspection and copying.**

13.  A copy of any indemnity agreements which apply to this incident and/or any allegations in the Plaintiffs' complaint.

**RESPONSE: Gray objects to this Request on the basis it is not reasonably calculated to lead to the discovery of admissible evidence.**

14. A copy of any and all correspondence to and from OSHA regarding this incident.

**RESPONSE: Gray is presently unaware of any correspondence to or from OSHA regarding the roof collapse.**

15. A copy of any and all correspondence to and from Hwashin regarding this incident.

**RESPONSE: Gray objects to this Request on the basis it is overly broad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence and seeks confidential and proprietary business information. Subject to and without waiving its objections, Gray responds as follows: Gray will make documents in its possession, custody or control which are responsive to this Request available for inspection and copying.**

16. A copy of any and all correspondence to and from any other party which this Defendant contends is in any way responsible for the roof collapsing on October 17, 2006.

**RESPONSE: Gray objects to this Request on the basis it violates the attorney work product doctrine and calls for a legal conclusion.**

17. All findings by OSHA regarding this incident.

**RESPONSE: Gray is not presently aware of any "findings by OSHA" regarding the roof collapse.**

18. A copy of inspections or other documents which pertain to supervision by this Defendant of work done on the roof by any contractors.

**RESPONSE: Gray objects to this Request on the basis it is vague and ambiguous. Subject to and without waiving its objections, Gray responds as follows: Gray will make documents in its possession, custody or control which are responsive to this Request available for inspection and copying.**

19. All memos, reports, letters, and/or documents which reference the structural integrity of the roof.

**RESPONSE: Gray objects to this Request on the basis it is overly broad, not reasonably limited in time and/or scope, seeks documents protected by the attorney work product doctrine and requires the disclosure of documents which are protected by the attorney client privilege. Subject to and without waiving its objections, Gray responds as follows: Gray will make non-privileged documents in its possession, custody or control which are responsive to this Request available for inspection and copying.**

20.     A copy of any and all documents which mention what, if anything, was done to determine, test, evaluate, confirm and/or assess the strength of an/or structural integrity of the roof upon completion of construction at the Hwashin facility.

**RESPONSE: Gray objects to this Request on the basis it is vague and ambiguous, seeks documents protected by the attorney work product doctrine and seeks documents protected by the attorney client privilege. Subject to and without waiving its objections,**

**Gray responds as follows: Gray will make non-privileged documents in its possession, custody or control which are responsive to this Request available for inspection and copying.**

21.     A copy of any and all photographs and/or video taken of Jennifer Piggott at any time.

**RESPONSE: Gray objects to this Request on the basis it seeks documents protected by the attorney work product doctrine.**

22.     Any and all documents received from National Oceanic and Atmospheric Administration (NOAA) related to rainfall amounts on the day of this incident.

**RESPONSE: Gray objects to this Request on the basis it seeks documents protected by the attorney work product doctrine and requires the disclosure of documents equally available to Plaintiffs.**

23.     Any and all documents received from Goodwyn, Mills and Cawood relating to rainfall amounts on the day of this incident.

**RESPONSE: Gray objects to this Request on the basis it seeks documents protected by the attorney work product doctrine and requires the disclosure of documents equally available to Plaintiffs.**

24.     Any and all documents received from Corley Land Services relating to rainfall amounts on the day of this incident.

**RESPONSE: Gray objects to this Request on the basis it seeks documents protected by the attorney work product doctrine and requires the disclosure of documents which are equally available to Plaintiffs.**

25. Any and all documents received from the Mac Crenshaw Memorial Airport relating to rainfall amounts on the day of this incident.

**RESPONSE: Gray objects to this Request on the basis it seeks documents protected by the attorney work product doctrine and requires the disclosure of documents which are equally available to Plaintiffs.**

Dated: May 9, 2007.

By: _____
**CHRIS ALLEN**
Executive Vice President
Gray Construction, Inc.

**STATE OF ALABAMA**       )
                           )
**COUNTY OF JEFFERSON**    )

Before me, the undersigned Notary Public in and for said County and State, personally appeared, **Chris Allen, in his capacity as Executive Vice President of Gray Construction, Inc.,** and being first duly sworn, deposes and says that he is familiar with the contents of the foregoing and that the responses set forth are true and correct to the best of his information, knowledge and belief.

On this the 9th day of May, 2007.

_____
Notary Public
My Commission Expires:

MY COMMISSION EXPIRES DECEMBER 9, 2008

15

Response to Plaintiff_s Int RFP (3).DOC

Respectfully submitted,

BY: _____
E. Britton Monroe
Mickey B. Wright
Brian M. McClendon
Attorneys for Defendant
Gray Construction, Inc.

**OF COUNSEL:**
**LLOYD, GRAY & WHITEHEAD, P.C.**
2501 20th Place South
Suite 300
Birmingham, Alabama 35223
Telephone: (205) 967-8822
Telecopier: (205) 967-2380

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing document to all attorneys of record by U.S. Mail, postage prepaid upon the following parties the __10th__ day of May, 2007.

Jere L. Beasley, Esq.
Julia Ann Beasley, Esq.
Beasley, Allen, Crow, Methvin, Portis & Miles
P.O. Box 4160
Montgomery, AL 36103-4160

Mr. W. Christopher Waller
James A. Rives, Esq.
Ball, Ball, Matthews & Novak
P.O. Box 2148
Montgomery, AL 36102-2148

Ms. Arden Pathak
Capel & Howard
P.O. Box 2069
Montgomery, AL 36102-2069

_____
OF COUNSEL

16

452793_6.DOC