**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF ALABAMA**

| | | |
|---|---|---|
| JENNIFER PIGGOTT and | ) | |
| SLADE PIGGOTT, | ) | |
| | ) | |
|     Plaintiffs, | ) | |
| | ) | **Case No.: CV-06-1158** |
| v. | ) | |
| | ) | |
| GRAY CONSTRUCTION, INC., | ) | |
| | ) | |
|     Defendant. | ) | |

---

**GRAY CONSTRUCTION, INC.'S MOTION FOR LEAVE TO FILE**
**THIRD-PARTY COMPLAINT**

---

Defendant Gray Construction, Inc. ("Gray") respectfully requests the Court grant it leave to file a Third-Party Complaint asserting claims against Hwashin America Corporation ("Hwashin"), Freeland-Harris Consulting Engineers of Kentucky, Inc. and Freeland-Harris Consulting Engineers of Georgia, Inc. ("Freeland-Harris"), Cooper's Steel Fabricators, Inc. ("Cooper's Steel"), The Hardy Corporation ("Hardy"), Latta Plumbing & Construction Co., Inc. ("Latta"), All-South Subcontractors ("All-South") and Firestone Building Products Company, LLC ("Firestone") as Third-Party Defendants. In support of this Motion, Gray states as follows:

1. On or about November 17, 2006, Plaintiffs Jennifer and Slade Piggott ("Mr. and Mrs. Piggott") filed a Complaint in the Circuit Court of Butler County, Alabama. Mr. and Mrs. Piggott's claims stem from the collapse of the roof at the Hwashin manufacturing facility in Greenville, Alabama ("Hwashin facility").

2. On December 29, 2006, Gray filed its Notice of Removal removing the case to the United States District Court for the Middle District of Alabama.

3.      On January 3, 2007, Gray filed its Answer to Plaintiffs' Complaint.

4.      On March 13, 2007, the Parties submitted their Report of Parties' Planning Meeting.  The parties agreed to allow Mr. and Mrs. Piggott until July 13, 2007 to join additional parties and amended pleadings and to allow Defendants until August 10, 2007 to join additional parties and amend pleadings.

5.      On March 20, 2007, the Court entered its Uniform Scheduling Order stating "Any motions to amend the pleadings and to add parties shall be filed on or before May 30, 2007."

6.      On May 25, 2007, Plaintiff in Intervention Hwashin filed a Motion to extend the deadline for adding additional parties.  On May 29, 2007, the Court granted Hwashin's Motion and extended the deadline to add parties until June 29, 2007.

7.      Through discussions with individuals involved in the construction of the Hwashin facility, review of documents produced by Mr. and Mrs. Piggott, review of documents produced in response to third-party subpoenas and other research, Gray has discovered eight (8) entities who are liable to Gray for the acts and omissions alleged in Mr. and Mrs. Piggott's Complaint.

8.      Hwashin is the owner of the facility where Mrs. Piggott's injury occurred. Hwashin contractually agreed to indemnify Gray for claims of injury resulting from any condition produced by Hwashin.

9.      Mrs. Piggott's alleged injuries were proximately caused by Hwashin's failure to clean the roof drains and maintain the roof drainage system, which substantially diminished the roof drainage system's ability to drain water from the roof and led to the roof collapse.

10.     Freeland-Harris contracted to provide structural engineering services related to the design and construction of the Hwashin facility.  Freeland-Harris contractually agreed to

2

indemnify Gray for any and all claims arising out of or resulting from its negligent acts or omissions.

11.    Freeland-Harris negligently failed to design and engineer the Hwashin facility, including the girders, joists and structural steel supporting the office roof, and/or negligently failed to review the design of others.  Freeland-Harris' negligence specifically includes, but is not limited to, its failure to design and engineer the office facility to accommodate the loads and uneven loads that resulted from the office roof interior drainage system.

12.    As a proximate result of Freeland-Harris' failure to properly design and engineer the Hwashin facility, the office roof of the Hwashin facility collapsed.

13.    Cooper's Steel contracted to supply and install all structural steel, including girders and joists, at the Hwashin facility.  Cooper's Steel contractually agreed to indemnify Gray for any and all claims arising out of or resulting from its negligent acts or omissions.

14.    Cooper's Steel negligently provided shop drawings, designs and specifications regarding the structural framing of the Hwashin facility.   Cooper's Steel's negligence specifically includes, but is not limited to, its failure to design the girders, joists and structural steel to comply with the drawings and specifications and national and local prevailing codes and its failure to design the office to support the loads and uneven loads caused by the office roof drainage system.

15.    As a proximate result of Cooper's Steel's  failure to properly design the girders and joists and failing to provide an office structure that complied with drawings and specifications and national and local prevailing codes, the office roof collapsed.

16.     Hardy contracted to provide mechanical engineering services related to the design and construction of the Hwashin facility.  Hardy contractually agreed to indemnify Gray for any and all claims arising out of or resulting from its negligent acts or omissions.

17.     Hardy was responsible for the design and installation of the roof drainage systems servicing the office area.  Hardy negligently failed to design and install roof drainage systems in accordance with the drawings and specifications and in accordance with national and local codes.  Hardy's negligence specifically includes, but is not limited to, its failure to design and install a proper primary and secondary drainage system to service the office roof, failure to design and install a primary and secondary drainage system capable of draining the office roof and failure to supervise and inspect the work of its subcontractors.

18.     As a proximate result of Hardy's failure to comply with the drawings, specifications and national and local codes, the office roof drainage systems allowed water to pond on the office roof which led to the roof collapse.

19.     Hardy subcontracted portions of its work to Latta.  Latta was retained to install the drainage system at the Hwashin facility.  Latta breached its contract with Hardy, to which Gray was an intended beneficiary, and breached duties owed to Gray.

20.     Latta negligently installed the drain pipes and other components of the office roof drainage system.  Latta's negligence specifically includes, but is not limited to, its failure to correctly install the drain pipes and rain leaders with the appropriate downward slope as to drain the office roof and its failure to install a properly functioning primary and secondary drainage system.

21.     As a proximate result of Latta's negligence, water ponded on the roof and caused its collapse.

4

22.    All-South contracted to install the roof of the Hwashin facility. All-South contractually agreed to indemnify Gray for any and all claims arising out of or resulting from its negligent acts or omissions.

23.    All-South negligently failed to install the office roof in accordance with the drawings and specifications, the roof manufacturer's specifications and/or national and local prevailing codes. All-South's negligent acts specifically include, but are not limited to, the improper installation of the roof membrane around office drains, which restricted the drain openings and substantially diminished the drainage system's ability to drain water from the office roof and its failure to install a secondary drainage system in accordance with the drawings and specifications.

24.    As a proximate result of All-South's defective installation of the office roof, water ponded on the roof and caused its collapse.

25.    Firestone is the manufacturer of the roof installed over the office of the Hwashin facility. Firestone negligently inspected the installation of the office roof and warranted that the roof had been properly installed, even though All-South had failed to properly cut the roof membrane around drain openings.

26.    As a proximate result of Firestone's negligent inspection of the office roof installation, Gray has been caused to suffer damages and will continue to suffer damages.

27.    Mr. and Mrs. Piggott's injuries are a result of design flaws, construction defects, or failure to maintain by which Hwashin, Freeland-Harris, Hardy, Latta, Cooper's Steel, All-South and Firestone are responsible.

WHEREFORE, Gray respectfully requests this Court give it leave to file the Third-Party Complaint attached to this Motion as Exhibit A.

5

DATED this the 7th day of June, 2007.

By: s/*Brian M. McClendon*
E. Britton Monroe (MON032)
Mickey B. Wright (WRI048)
Brian M. McClendon (MCC133)
Attorneys for Defendant Gray Construction,
Inc.

**OF COUNSEL:**
LLOYD, GRAY & WHITEHEAD, P.C.
2501 20th Place South, Suite 300
Birmingham, Alabama 35223
Telephone:  (205) 967-8822
Facsimile:  (205) 967-2380

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing was electronically filed and served upon the following on this the 7th day of June, 2007:

Jere L. Beasley, Esq.
Julia Ann Beasley, Esq.
Beasley, Allen, Crow, Methvin, Portis & Miles
P.O. Box 4160
Montgomery, AL 36103-4160

W. Christopher Waller, Jr., Esq.
James A. Rives, Esq.
Ball, Ball, Matthews & Novak
P.O. Box 2148
Montgomery, AL 36102-2148

s/*Brian M. McClendon*
OF COUNSEL

478526_5.DOC

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA

| | | |
|---|---|---|
| JENNIFER PIGGOTT and<br>SLADE PIGGOTT, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | **Case No.: CV-06-1158** |
| v. | ) | |
| | ) | |
| GRAY CONSTRUCTION, INC., | ) | |
| | ) | |
| Defendant/Third-Party Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| COOPER'S STEEL | ) | |
| FABRICATORS, INC., ALL-SOUTH | ) | |
| SUBCONTRACTORS, FREELAND- | ) | |
| HARRIS CONSULTING ENGINEERS | ) | |
| OF KENTUCKY, INC., FREELAND | ) | |
| HARRIS CONSULTING ENGINEERS | ) | |
| OF GEORGIA, INC., THE HARDY | ) | |
| CORPORATION, LATTA | ) | |
| PLUMBING & CONSTRUCTION | ) | |
| CO., INC., HWASHIN AMERICA | ) | |
| CORPORATION and FIRESTONE | ) | |
| BUILDING PRODUCTS | ) | |
| COMPANY, LLC, | ) | |
| | ) | |
| Third-Party Defendants. | ) | |

---

### GRAY CONSTRUCTION, INC.'S THIRD-PARTY COMPLAINT

---

Pursuant to Federal Rules of Civil Procedure, Rules 7 and 14, Defendant/Third-Party

Plaintiff Gray Construction, Inc. ("Gray") respectfully submits this Third-Party Complaint.

### **PARTIES**

1.    Gray is a Kentucky corporation with its principal place of business in Lexington,

Kentucky.

2.    Hwashin America Corporation ("Hwashin") is a Delaware Corporation with its principle place of business in Montgomery, Alabama. Hwashin is the owner of a manufacturing facility in Greenville, Alabama ("Hwashin facility") and at all times was responsible for maintenance of the Hwashin facility roof drains.

3.    Cooper's Steel Fabricators, Inc. ("Cooper's Steel") is a Tennessee corporation with its principal place of business in Shelbyville, Tennessee. Cooper's Steel was responsible for supplying and installing the structural steel, girders, joists, bridging, roof decking, roof frames and other steel products for the Hwashin facility.

4.    All-South Subcontractors, Inc. ("All-South") is an Alabama corporation with its principal place of business in Birmingham, Alabama. All-South was the roofing subcontractor hired Gray to install the roof at the Hwashin facility.

5.    Freeland-Harris Consulting Engineers of Kentucky, Inc. ("Freeland-Harris Kentucky") is a Kentucky corporation with its principal place of business in Lexington, Kentucky.

6.    Freeland-Harris Consulting Engineers of Georgia, Inc. ("FHCE") is a Georgia corporation with its principal place of business in Tucker Georgia.

7.    Freeland-Harris Kentucky and FHCE (collectively "Freeland-Harris") were the structural engineers retained to design and engineer the Hwashin facility.

8.    The Hardy Corporation ("Hardy") is an Alabama corporation with its principal place of business in Birmingham, Alabama. Hardy was the mechanical engineer retained to design and engineer the mechanical systems including, but not limited to, the roof drainage system, at the Hwashin facility.

9.      Latta Plumbing & Construction Co., Inc. ("Latta") is an Alabama corporation with its principal place of business in Gardendale, Alabama. Latta was hired by Hardy to install all plumbing at the Hwashin facility, including pipes incorporated into the roof drainage system, for the intended benefit of Gray.

10.      Firestone Building Products Company, LLC ("Firestone") is an Indiana corporation with its principal place of business in Indianapolis, Indiana. Firestone manufactured the office roof and was hired to inspect the installation of the office roof of the Hwashin facility and verify that the roof had been installed properly.

11.      Hwashin, Cooper's Steel, All-South, Freeland-Harris Kentucky, FHCE, Hardy, Latta and Firestone are collectively referred to as Third-Party Defendants.

### JURISDICTION AND VENUE

12.      This Court has subject matter jurisdiction over Gray's Third Party Claims pursuant to 28 U.S.C. §1367, as these claims arise from the same occurrence as Mr. and Mrs. Piggott's claims and the Court has jurisdiction over Mr. and Mrs. Piggott's claims pursuant to 28 U.S.C. § 1332.

13.      This Court is the proper venue for this Third-Party Complaint pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the third-party claims occurred in this judicial district.

14.      This Court has personal jurisdiction over the Third-Party Defendants because they conduct business in and transact business throughout the State of Alabama and it would not offend notions of fair play or substantial justice to require Third-Party Defendants to answer Gray's Third-Party Complaint in the State of Alabama.

## STATEMENT OF FACTS

15.     On September 24, 2003, Hwashin contracted with Gray to design and construct

the Hwashin facility.

16.     The Contract entered into by Hwashin and Gray contains the following indemnity

provision:

> 11.10.4.3 Owner's Indemnification Responsibilities. To the fullest extent
> permitted by law, the Owner shall defend, indemnify, and hold harmless
> Design/Builder, its Subcontractors, Suppliers, consultants, agents and
> employees, from any and all claims, liability, damages and expenses
> (including attorney fees and expense), arising out of or resulting from:
>
> (a) Any claim, suit or legal proceeding to recover damages for wrongful
> death, bodily injury, illness or disease or injury to, or destruction of
> tangible property alleged to be caused either directly or indirectly by any
> substances, condition, element, or material or any combination of the
> foregoing: (a) produced by Owner or emitted or released by Owner either
> intentionally or unintentionally, from the facilities designed and/or
> constructed by Design/Builder for the benefit of Owner, or (b) used by
> Design/Builder or incorporated by Design/Builder into the Work herein
> agreed to be performed by Design/Builder for the benefit of Owner if
> specifically required by Owner or if necessary for the planned use of the
> work and to the extent not caused by the mishandling of such substances,
> condition, element or material by Design/Builder, its Subcontractors,
> suppliers, consultants, agents, and employees:

17.     Gray divided the design and construction into parts and subcontracted parts of the

project out to licensed professionals.

18.     Freeland-Harris Kentucky and GNF Architects entered into a Design Consulting

Agreement for Freeland-Harris Kentucky to provide all structural engineering services for the

construction of the Hwashin facility.  Freeland-Harris Kentucky then subcontracted with FHCE

for FHCE to provide structural engineering services for the construction of the Hwashin facility

for the intended benefit of Gray.

19.    The Design Consulting Agreement entered into by GNF Architects and Freeland-

Harris – Kentucky contains the following indemnity provision:

> To the fullest extent permitted by law, the Consultant shall indemnify and
> hold harmless the Owner, Gray and other contractors, consultants and
> subcontractors and all of their agents and employees from and against all
> claims, damages, losses and expenses, including but not limited to
> reasonable attorney's fees, arising out of or resulting from the
> performance of the Consultant's Services provided that:
>
> (a)    Any such claim, damage, loss or expense is
> attributable to bodily injury, personal injury, sickness, disease or death, or
> to damage to or destruction of tangible property including the loss of use
> resulting therefrom, to the extent caused or alleged to be caused in whole
> or in any part by any negligent act or omission of the Consultant or any
> person directly or indirectly employed by the Consultant or anyone for
> whose acts the Consultant may be liable (including agents, employees
> subcontractors and suppliers of Consultant), regardless but not to the
> extent it is caused in part by a party indemnified hereunder in which case
> each party ultimately determined to be liable shall be responsible for the
> damages, costs, and reasonable attorney's fees in proportion to the
> percentage of liability attributable to that party.

20.    On October 1, 2003, Gray entered into a contract with Hardy for Hardy to provide

all engineering, materials, labor, equipment, services, taxes, cartage and all other items necessary

to complete the Mechanical Systems, including HVAC and plumbing work for the Hwashin

facility.

21.    Hardy subcontracted portions of the work under its subcontract to Latta for the

intended benefit of Gray.

22.    On September 19, 2003, Gray entered into a contract with Cooper's Steel.

Cooper's Steel agreed to "provide all necessary supervision, labor, materials, tools equipment,

services, insurance, taxes, cartage and all other items necessary to complete the Structural and

Miscellaneous Steel Fabrication and Erection work for the Hwashin America Corporation

project located in Greenville, Alabama."

23.    On December 2, 2003, Gray entered into a contract with All-South. All-South agreed to "provide all engineering, materials, labor, equipment, services, taxes, cartage and all other items necessary to complete the Roofing scope of work for the New Manufacturing Facility project for Hwashin America Corporation project located in Greenville, Alabama."

24.    Gray's contracts with Hardy, Cooper's Steel and All-South all contain the following indemnity provision:

> 14.1    SUBCONTRACTOR'S PERFORMANCE.  To the fullest extent permitted by law, the Subcontractor shall indemnify and hold harmless the Owner, Gray (including its affiliates, parents and subsidiaries) and other contractors and Subcontractors and all of their agents and employees from and against all claims, damages, losses and expenses, including but not limited to attorney's fees, arising out of or resulting from the performance of the Subcontractor's Work provided that:
>
> (a)    any such claim, damage, loss or expense is attributable to bodily injury, personal injury, sickness, disease or death, or to damage to or destruction of tangible property including the loss of use resulting therefrom, to the extent caused or alleged to be caused in whole or in any part by any negligent act or omission of the Subcontractor or any person directly or indirectly employed by the Subcontractor or anyone for whose acts the Subcontractor may be liable (including sub-Subcontractors and suppliers of Subcontractor), regardless of whether it is caused in part by a party indemnified hereunder.
>
> (b)    litigation on account of infringement or alleged infringement of any letters patent or patent rights by reason of the work or materials or processes used by the Subcontractor, or its subcontractors and/or suppliers.
>
> (c)    claims against or through Gray or liability for claims and liens for labor performed or materials used or furnished through or under Subcontractor on the Project.
>
> (d)    liability or claims against or through to Gray resulting from the Subcontractor's failure to comply with applicable licensing requirements or Code requirements.
>
> (e)    liability imposed upon Gray directly or indirectly by Subcontractor's failure or the failure of any of its employees to comply

with law, ordinances, rules, regulations or requirements, including Occupational Safety and Health Administration violations and any penalties, including enhancements, resulting in whole or in part from Subcontractor's acts or omissions.

(f)    such obligations shall not be construed to negate, or abridge, or otherwise reduce any other right or obligation of indemnity under this Agreement or which would otherwise exist as to any party or person described in this Section 14.

25.    Gray's contracts with Hardy, Cooper's Steel and All-South also contain the following express warranty:

The Subcontractor warrants to the Owner and Gray that materials and equipment furnished under this Subcontract will be of good quality and new unless otherwise required or permitted by the Subcontract Documents, that the Work will be performed in a good, workmanlike manner, be free from defects in materials and workmanship, and that the Work will conform with the requirements of the Subcontract Documents.

26.    After installation of the office roof of the Hwashin facility was complete, the roof was inspected by Firestone. Firestone warranted that the roof had been properly installed.

27.    On May 6, 2004, construction of the Hwashin facility Assembly Area was complete and Hwashin executed a Certificate of Substantial Completion for this portion of the project.

28.    On June 30, 2004, construction of the Hwashin facility Office Area was complete and Hwashin executed a Certificate of Substantial Completion for this portion of the project.

29.    On October 17, 2006, the partial roof collapsed at the office area of the Hwashin facility.

30.    According to Mr. and Mrs. Piggott's Complaint, Mrs. Piggott, an employee of Hwashin, was injured in the roof collapse. According to Mr. and Mrs. Piggott's Complaint, Mrs. Piggott suffered serious and permanent injuries, incurred medical expenses, suffered mental

anguish, was required to miss work and lose income as a result of the October 17, 2006 roof collapse.

31.     According to Mr. and Mrs. Piggott's Complaint, Mr. Piggott was married to Mrs. Piggott at the time of the collapse and Mr. Piggott has suffered injuries arising from his loss of consortium with Mrs. Piggott.

## COUNT ONE FOR CONTRACTUAL INDEMNITY AS TO HWASHIN

32.     Gray realleges as if fully set out each and every allegation contained in Paragraph Nos. 1 through 29 of this Third-Party Complaint.

33.     Hwashin contractually agreed to indemnify and hold harmless Gray for claims of bodily injury against Gray caused directly and/or indirectly by any condition produced by Hwashin.

34.     Mr. and Mrs. Piggott have asserted claims of negligence and wantonness related to Mr. and Mrs. Piggott's injuries that were allegedly incurred when the roof of the Hwashin facility collapsed upon Mrs. Piggott.

35.     The collapse of the office roof was directly caused by a condition created by Hwashin.  The roof collapse was the result of Hwashin failing to maintain the roof drainage system at the Hwashin facility by allowing debris to clog roof drains, which substantially diminished the drainage system's ability to drain water from the roof and which led directly to the collapse.

36.     Gray has been caused to suffer and will continue to suffer damages as a result of Hwashin's refusal to defend and indemnify Gray for the claims asserted by Mr. and Mrs. Piggott.

**WHEREFORE**, Gray demands judgment against Hwashin for compensatory damages in an amount to be determined by a jury, together with interest from the date of injury, costs of this proceeding and attorney's fees.

## COUNT TWO FOR CONTRACTUAL INDEMNITY AS TO FREELAND-HARRIS

37.    Gray realleges as if fully set out each and every allegation contained in Paragraph Nos. 1 through 34 of this Third-Party Complaint.

38.    Freeland-Harris contractually agreed to indemnify and hold harmless Gray for claims against Gray arising out of or resulting from Freeland-Harris' negligent acts or omissions or Freeland-Harris' failure to comply with applicable laws, ordinances, rules, regulations or requirements.

39.    Mr. and Mrs. Piggott have asserted claims of negligence and wantonness related to the design and construction of the Hwashin facility arising from the work performed by Freeland-Harris under its Design Consulting Agreement with Gray.

40.    Freeland-Harris negligently failed to design and engineer the Hwashin facility, including the girders, joists and structural steel supporting the office roof, and/or negligently failed to review the design of others.  Freeland-Harris' negligence specifically includes, but is not limited to, its failure to design and engineer the office facility to accommodate the loads and uneven loads that resulted from the office roof interior drainage system.

41.    Gray has been caused to suffer and will continue to suffer damages as a result of Freeland-Harris' refusal to defend and indemnify Gray for the claims asserted by Mr. and Mrs. Piggott.

**WHEREFORE**, Gray demands judgment against Freeland-Harris for compensatory damages in an amount to be determined by a jury, together with interest from the date of injury, costs of this proceeding and attorney's fees.

## COUNT THREE FOR CONTRACTUAL INDEMNITY AS TO HARDY

42.     Gray realleges as if fully set out each and every allegation contained in Paragraph Nos. 1 through 39 of this Third-Party Complaint.

43.     Hardy contractually agreed to indemnify and hold harmless Gray for claims against Gray arising out of or resulting from Hardy's negligent acts or omissions or Hardy's failure to comply with applicable laws, ordinances, rules, regulations or requirements.

44.     Mr. and Mrs. Piggott have asserted claims of negligence and wantonness related to the design and construction of the Hwashin facility arising from the work performed by Hardy under its subcontract with Gray.

45.     Hardy negligently failed to design and install roof drainage systems in accordance with the drawings and specifications and in accordance with national and local codes.  Hardy's negligence specifically includes, but is not limited to, its failure to design and install a proper primary and secondary drainage system to service the office roof, failure to design and install a primary and secondary drainage system capable of draining the office roof and failure to supervise and inspect the work of its subcontractors.

46.     Gray has been caused to suffer and will continue to suffer damages as a result of Hardy's refusal to defend and indemnify Gray for the claims asserted by Mr. and Mrs. Piggott.

**WHEREFORE**, Gray demands judgment against Hardy for compensatory damages in an amount to be determined by a jury, together with interest from the date of injury, costs of this proceeding and attorney's fees.

## COUNT FOUR FOR CONTRACTUAL INDEMNITY AS TO COOPER'S STEEL

47.    Gray realleges as if fully set out each and every allegation contained in Paragraph Nos. 1 through 44 of this Third-Party Complaint.

48.    Cooper's Steel contractually agreed to indemnify and hold harmless Gray for claims against Gray arising out of or resulting from Cooper's Steel's negligent acts or omissions or Cooper's Steel's failure to comply with applicable laws, ordinances, rules, regulations or requirements.

49.    Mr. and Mrs. Piggott have asserted claims of negligence and wantonness related to the design and construction of the Hwashin facility arising from the work performed by Cooper's Steel under its subcontract with Gray.

50.    Cooper's Steel negligently provided shop drawings, designs and specifications regarding the structural framing of the Hwashin facility.   Cooper's Steel's negligence specifically includes, but is not limited to, its failure to design the girders, joists and structural steel to comply with the drawings and specifications and national and local prevailing codes and its failure to design the office to support the loads and uneven loads caused by the office roof drainage system.

51.    Gray has been caused to suffer and will continue to suffer damages as a result of Cooper's Steel refusal to defend and indemnify Gray for the claims asserted by Mr. and Mrs. Piggott.

**WHEREFORE,** Gray demands judgment against Cooper's Steel for compensatory damages in an amount to be determined by a jury, together with interest from the date of injury, costs of this proceeding and attorney's fees.

## COUNT FIVE FOR CONTRACTUAL INDEMNITY AS TO ALL-SOUTH

52.      Gray realleges as if fully set out each and every allegation contained in Paragraph Nos. 1 through 49 of this Third-Party Complaint.

53.      All-South contractually agreed to indemnify and hold harmless Gray for claims against Gray arising out of or resulting from All-South's negligent acts or omissions or All-South's failure to comply with applicable laws, ordinances, rules, regulations or requirements.

54.      Mr. and Mrs. Piggott have asserted claims of negligence and wantonness related to the design and construction of the Hwashin facility arising from the work performed by All-South under its subcontract with Gray.

55.      All-South negligently failed to install the office roof in accordance with the drawings and specifications, the roof manufacturer's specifications and/ or national and local prevailing codes.  All-South's negligent acts specifically include, but are not limited to, the improper installation of the roof membrane around office drains, which restricted the drain openings and substantially diminished the drainage system's ability to drain water from the office roof and its failure to install a secondary drainage system in accordance with the drawings and specifications.

56.      Gray has been caused to suffer and will continue to suffer damages as a result of All-South's refusal to defend and indemnify Gray for the claims asserted by Mr. and Mrs. Piggott.

**WHEREFORE,** Gray demands judgment against All-South for compensatory damages in an amount to be determined by a jury, together with interest from the date of injury, costs of this proceeding and attorney's fees.

## COUNT SIX FOR COMMON LAW INDEMNITY AS TO HWASHIN

57.     Gray realleges as if fully set out each and every allegation contained in Paragraph Nos. 1 through 54 of this Third-Party Complaint.

58.     Hwashin is the owner of the Hwashin facility and was responsible for maintaining the roof drainage system at the Hwashin facility after construction.

59.     Hwashin negligently failed to maintain the roof drainage system at the Hwashin facility by allowing debris to clog the roof drains over the office area and negligently failed to perform periodic maintenance on the roof drains, which substantially diminished the drainage system's ability to drain water from the roof and directly led to the collapse of the roof.

60.     Hwashin was actively negligent in its breach of its duties and was the active cause of the roof collapse.

61.     As a proximate result of Hwashin's active negligence, Gray has been caused to suffer and will continue to suffer damages as a result of Hwashin's refusal to defend and indemnify Gray for Hwashin's active negligence.

**WHEREFORE**, Gray demands judgment against Hwashin for compensatory damages in an amount to be determined by a jury, together with interest from the date of injury, costs of this proceeding and attorney's fees.

## COUNT SEVEN FOR COMMON LAW INDEMNITY AS TO LATTA

62.     Gray realleges as if fully set out each and every allegation contained in Paragraph Nos. 1 through 59 of this Third-Party Complaint.

63.     Latta provided materials, labor or services related to the design and/or construction of the Hwashin facility, including, but not limited to installation of the pipes incorporated into the office roof drainage system.

64.    Mr. and Mrs. Piggott assert claims against Gray arise from the design and work performed by Latta.

65.    Latta was actively negligent in its breach of its duties and was the active cause of the roof collapse.

66.    Latta's negligence specifically includes, but is not limited to, its failure to correctly install the drain pipes and leaders with the appropriate downward slope as to drain the office roof and its failure to install a properly functioning primary and secondary drainage system.

67.    As a proximate result of Latta's active negligence, Gray has been caused to suffer and will continue to suffer as a result of Latta's refusal to indemnify Gray for Latta's active negligence.

**WHEREFORE**, Gray demands judgment against Latta for compensatory damages in an amount to be determined by a jury, together with interest from the date of injury, costs of this proceeding and attorney's fees.

## COUNT EIGHT FOR BREACH OF CONTRACT AS TO FREELAND-HARRIS

68.    Gray realleges as if fully set out each and every allegation contained in Paragraph Nos. 1 through 65 of this Third-Party Complaint.

69.    Freeland-Harris contracted with Gray to supply and install the structural steel, girders, joists, bridging, roof decking, roof frames and other steel products used in the construction of the Hwashin facility.

70.    Freeland-Harris' contract states that "all work shall be performed in accordance with plans and specifications as prepared by James N. Gray Company and GNF Architects and Engineers and national and local prevailing Codes."

71.    Freeland-Harris breached its contract with Gray by failing to perform its work in accordance with the plans and specifications and national and local prevailing Codes.

72.    Freeland –Harris breached its contract by failing to design and engineer the Hwashin facility, including the girders, joists and structural steel supporting the office roof, and/or failing to review the design of others in accordance with its contractual obligations. Freeland-Harris' breach of contract specifically includes, but is not limited to, its failure to design and engineer the office facility to accommodate the loads and uneven loads that resulted from the office roof interior drainage system.

73.    As a result of Freeland-Harris breaches of contract, Gray has been proximately damaged.

**WHEREFORE**, Gray demands judgment against Freeland-Harris for compensatory damages in an amount to be determined by a jury, together with interest from the date of injury, costs of this proceeding and attorney's fees.

### COUNT NINE FOR BREACH OF CONTRACT AS TO COOPER'S STEEL

74.    Gray realleges as if fully set out each and every allegation contained in Paragraph Nos. 1 through 71 of this Third-Party Complaint.

75.    Cooper's Steel contracted with Gray to supply and install the structural steel, girders, joists, bridging, roof decking, roof frames and other steel products used in the construction of the Hwashin facility.

76.    Cooper's Steel's contract states that "all work shall be performed in accordance with plans and specifications as prepared by James N. Gray Company and GNF Architects and Engineers and national and local prevailing Codes."

77.     Cooper's Steel breached its contract with Gray by failing to perform its work in accordance with the plans and specifications and national and local prevailing Codes.

78.     Coopers' Steel breached its contract with Gray by failing to provide shop drawings, designs and specifications regarding the structural framing of the Hwashin facility in accordance with its contract with Gray.  Cooper's Steel's breach of contract specifically includes, but is not limited to, its failure to design the girders, joists and structural steel to comply with the drawings and specifications and national and local prevailing codes and its failure to design the office to support the loads and uneven loads caused by the office roof drainage system.

79.     As a result of Cooper's Steel's breaches of contract, Gray has been proximately damaged.

**WHEREFORE**, Gray demands judgment against Cooper's Steel for compensatory damages in an amount to be determined by a jury, together with interest from the date of injury, costs of this proceeding and attorney's fees.

<u>**COUNT TEN FOR BREACH OF CONTRACT AS TO HARDY**</u>

80.     Gray realleges as if fully set out each and every allegation contained in Paragraph Nos. 1 through 77 of this Third-Party Complaint.

81.     Hardy entered into a contract with Gray to provide design and construction services for the mechanical systems, including the design and installation of the roof drainage system, for the Hwashin facility.

82.     Hardy's contract required "all work is to be performed in accordance with all prevailing local and national Codes, ordinances and requirements."

83.    Hardy breached its contract with Gray by failing to perform its work in accordance with the plans and specifications and national and local prevailing Codes.

84.    Hardy breached its contract with Gray by failing to design and install roof drainage systems in accordance with its contract with Gray.   Hardy's breach of contract specifically includes, but is not limited to, its failure to design and install a proper primary and secondary drainage system to service the office roof, failure to design and install a primary and secondary drainage system capable of draining the office roof and failure to supervise and inspect the work of its subcontractors.

85.    As a result of Hardy's breaches of contract, Gray has been proximately damaged.

**WHEREFORE,** Gray demands judgment against Hardy for compensatory damages in an amount to be determined by a jury, together with interest from the date of injury, costs of this proceeding and attorney's fees.

## COUNT ELEVEN FOR BREACH OF CONTRACT AS TO ALL-SOUTH

86.    Gray realleges as if fully set out each and every allegation contained in Paragraph Nos. 1 through 83 of this Third-Party Complaint.

87.    All-South entered into a contract with Gray to provide engineering, materials, labor, equipment, services, taxes, cartage and all other items necessary to complete the roofing scope of work for the Hwashin facility.

88.    All-South's contract provides "all work shall be performed in accordance with plans and specifications as prepared by James N. Gray Company, GNF Architects and Engineers, PSC and national and local prevailing Codes."

89.    All-South breached its contract with Gray by failing to perform its work in accordance with the plans and specifications and national and local prevailing Codes would constitute a breach of contract.

90.    All-South breached its contract with Gray by failing to install the office roof in accordance with its contract with Gray. All-South's breach of contract specifically includes, but is not limited to, the improper installation of the roof membrane around office drains, which restricted the drain openings and substantially diminished the drainage system's ability to drain water from the office roof and its failure to install a secondary drainage system in accordance with the drawings and specifications.

91.    As a result of All-South's breaches of contract, Gray has been proximately damaged.

**WHEREFORE**, Gray demands judgment against All-South for compensatory damages in an amount to be determined by a jury, together with interest from the date of injury, costs of this proceeding and attorney's fees.

## COUNT TWELVE FOR THIRD-PARTY BENEFICIARY BREACH OF CONTRACT AS TO LATTA

92.    Gray realleges as if fully set out each and every allegation contained in Paragraph Nos. 1 through 89 of this Third-Party Complaint.

93.    Latta contracted with Hardy to install all plumbing, including the roof drains and components.

94.    Gray was an intended third-party beneficiary of the contract between Latta and Hardy.

95.     Latta breached its contract with Hardy, to which Gray was an intended third-party beneficiary, by improperly installing the drainage pipes and components of the office roof drainage system and by failing to do its work in accordance with the plans and specifications and failing to comply with all national and local prevailing codes.

96.     As a proximate result of Latta's breaches of contract, Gray has been proximately damaged.

**WHEREFORE**, Gray demands judgment against Latta for compensatory damages in an amount to be determined by a jury, together with interest from the date of injury, costs of this proceeding and attorney's fees.

## COUNT THIRTEEN FOR BREACH OF EXPRESS WARRANTY AS TO HARDY

97.     Gray realleges as if fully set out each and every allegation contained in Paragraph Nos. 1 through 94 of this Third-Party Complaint.

98.     Hardy expressly warranted to Gray that the materials and work they provided in connection with the design and construction of the Hwashin facility would be of good quality, free from defects, conform to the designs and specifications for the Hwashin facility and comply with all applicable Codes, regulations and federal, state and local statutes and ordinances.

99.     Hardy breached its express warranty by failing to design and install roof drainage systems in accordance with the drawings and specifications and in accordance with national and local codes.  Hardy's breach of express warranty specifically includes, but is not limited to, its failure to design and install a proper primary and secondary drainage system to service the office roof, failure to design and install a primary and secondary drainage system capable of draining the office roof and failure to supervise and inspect the work of its subcontractors.

100.    As a proximate result of Hardy's breach of express warranties, Gray has been caused to suffer damages, and will continue to suffer damages.

**WHEREFORE**, Gray demands judgment against Hardy for compensatory damages in an amount to be determined by a jury, together with interest from the date of injury, costs of this proceeding and attorney's fees.

## COUNT FOURTEEN FOR BREACH OF EXPRESS WARRANTY AS TO COOPER'S STEEL

101.    Gray realleges as if fully set out each and every allegation contained in Paragraph Nos. 1 through 98 of this Third-Party Complaint.

102.    Cooper's Steel expressly warranted to Gray that the materials and work they provided in connection with the design and construction of the Hwashin facility would be of good quality, free from defects, conform to the designs and specifications for the Hwashin facility and comply with all applicable Codes, regulations and federal, state and local statutes and ordinances.

103.    Cooper's Steel breached its express warranty by failing to provide shop drawings, designs and specifications regarding the structural framing of the Hwashin facility in accordance with the drawings and specifications and national and local prevailing codes. Cooper's Steel's breach of express warranty specifically includes, but is not limited to, its failure to design the girders, joists and structural steel to comply with the drawings and specifications and national and local prevailing codes and its failure to design the office to support the loads and uneven loads caused by the office roof drainage system.

104.    As a proximate result of Cooper's Steel's breach of express warranties, Gray has been caused to suffer damages, and will continue to suffer damages.

**WHEREFORE**, Gray demands judgment against Cooper's Steel for compensatory damages in an amount to be determined by a jury, together with interest from the date of injury, costs of this proceeding and attorney's fees.

## COUNT FIFTEEN FOR BREACH OF EXPRESS WARRANTY AS TO ALL-SOUTH

105.    Gray realleges as if fully set out each and every allegation contained in Paragraph Nos. 1 through 102 of this Third-Party Complaint.

106.    All-South expressly warranted to Gray that the materials and work they provided in connection with the design and construction of the Hwashin facility would be of good quality, free from defects, conform to the designs and specifications for the Hwashin facility and comply with all applicable Codes, regulations and federal, state and local statutes and ordinances.

107.    All-South breached its express warranty by failing to install the office roof in accordance with the drawings and specifications, the roof manufacturer's specifications and/ or national and local prevailing codes.  All-South's breach of express warranty specifically include, but is not limited to, the improper installation of the roof membrane around office drains, which restricted the drain openings and substantially diminished the drainage system's ability to drain water from the office roof and its failure to install a secondary drainage system in accordance with the drawings and specifications.

108.    As a proximate result of All-South's breach of express warranties, Gray has been caused to suffer damages, and will continue to suffer damages.

**WHEREFORE**, Gray demands judgment against All-South for compensatory damages in an amount to be determined by a jury, together with interest from the date of injury, costs of this proceeding and attorney's fees.

## COUNT SIXTEEN FOR NEGLIGENCE AS TO FREELAND-HARRIS

109.    Gray realleges as if fully set out each and every allegation contained in Paragraph Nos. 1 through 106 of this Third-Party Complaint.

110.    Freeland-Harris owed a duty to Gray to engineer the Hwashin facility in such a manner as to ensure its structural integrity and stability and prevent its collapse and in accordance with all building codes and requirements.

111.    Freeland-Harris negligently failed to design and engineer the Hwashin facility, including the girders, joists and structural steel supporting the office roof, and/or negligently failed to review the design of others. Freeland-Harris' negligence specifically includes, but is not limited to, its failure to design and engineer the office facility to accommodate the loads and uneven loads that resulted from the office roof interior drainage system.

112.    As a proximate result of Freeland-Harris' breach of duties, Gray has been proximately caused to suffer damages, and will continue to suffer damages.

**WHEREFORE**, Gray respectfully requests this Honorable Court grant judgment against Freeland-Harris and award compensatory damages in an amount to be determined by struck jury.

## COUNT SEVENTEEN FOR NEGLIGENCE AS TO HARDY

113.    Gray realleges as if fully set out each and every allegation contained in Paragraph Nos. 1 through 110 of this Third-Party Complaint.

114.    Hardy owed a duty to Gray to engineer the Hwashin facility and its drainage systems in such a manner as to ensure its structural integrity and stability and prevent its collapse and in accordance with all building codes and requirements.

115.    Hardy negligently failed to design and install roof drainage systems in accordance with the drawings and specifications and in accordance with national and local codes. Hardy's

negligence specifically includes, but is not limited to, its failure to design and install a proper primary and secondary drainage system to service the office roof, failure to design and install a primary and secondary drainage system capable of draining the office roof and failure to supervise and inspect the work of its subcontractors.

116.    As a proximate result of Hardy's breach of duties, Gray has been proximately caused to suffer damages, and will continue to suffer damages.

**WHEREFORE**, Gray respectfully requests this Honorable Court grant judgment against Hardy and award compensatory damages in an amount to be determined by struck jury.

## COUNT EIGHTEEN FOR NEGLIGENCE AS TO COOPER'S STEEL

117.    Gray realleges as if fully set out each and every allegation contained in Paragraph Nos. 1 through 114 of this Third-Party Complaint.

118.    Cooper's Steel owed a duty to Gray to design and install the structural steel, joists and girders at the Hwashin facility in such a manner as to ensure the Hwashin facility's structural integrity and stability and prevent its collapse and in accordance with all building codes and requirements.

119.    Cooper's Steel negligently provided shop drawings, designs and specifications regarding the structural framing of the Hwashin facility.  Cooper's Steel's negligence specifically includes, but is not limited to, its failure to design the girders, joists and structural steel to comply with the drawings and specifications and national and local prevailing codes and its failure to design the office to support the loads and uneven loads caused by the office roof drainage system.

120.    As a proximate result of Cooper's Steel's breach of duties, Gray has been proximately caused to suffer damages, and will continue to suffer damages.

**WHEREFORE**, Gray respectfully requests this Honorable Court grant judgment against Cooper's Steel and award compensatory damages in an amount to be determined by struck jury.

## COUNT NINETEEN FOR NEGLIGENCE AS TO ALL-SOUTH

121.    Gray realleges as if fully set out each and every allegation contained in Paragraph Nos. 1 through 118 of this Third-Party Complaint.

122.    All-South owed a duty to Gray to design and construct the roof and roof drains of the Hwashin facility in such a manner as to ensure its structural integrity and stability and prevent its collapse and in accordance with all building codes and requirements.

123.    All-South negligently failed to install the office roof in accordance with the drawings and specifications, the roof manufacturer's specifications and/ or national and local prevailing codes. All-South's negligent acts specifically include, but are not limited to, the improper installation of the roof membrane around office drains, which restricted the drain openings and substantially diminished the drainage system's ability to drain water from the office roof and its failure to install a secondary drainage system in accordance with the drawings and specifications.

124.    As a proximate result of All-South's breach of duties, Gray has been proximately caused to suffer damages, and will continue to suffer damages.

**WHEREFORE**, Gray respectfully requests this Honorable Court grant judgment against All-South and award compensatory damages in an amount to be determined by struck jury.

## COUNT TWENTY FOR NEGLIGENCE AS TO LATTA

125.    Gray realleges as if fully set out each and every allegation contained in Paragraph Nos. 1 through 122 of this Third-Party Complaint.

126.    Latta owed a duty to Gray to install the pipes and other components of the Hwashin facility's roof drainage system in such a manner as to ensure its structural integrity and stability and prevent its collapse and in accordance with all building codes and requirements.

127.    Latta negligently installed the drain pipes and other components of the office roof drainage system. Latta's negligence specifically includes, but is not limited to, its failure to correctly install the drain pipes and rain leaders with the appropriate downward slope as to drain the office roof and its failure to install a properly functioning primary and secondary drainage system.

128.    As a proximate result of Latta's breach of duties, Gray has been proximately caused to suffer damages, and will continue to suffer damages.

**WHEREFORE**, Gray respectfully requests this Honorable Court grant judgment against Latta and award compensatory damages in an amount to be determined by struck jury.

### COUNT TWENTY-ONE FOR NEGLIGENCE AS TO FIRESTONE

129.    Gray realleges as if fully set out each and every allegation contained in Paragraph Nos. 1 through 128 of this Third-Party Complaint.

130.    Firestone owed a duty to inspect the office roof of the Hwashin facility and verify that the roof had been installed properly.

131.    Firestone negligently inspected the office roof of the Hwashin facility. Firestone's negligence specifically includes, but is not limited to, its failure to recognize that All-South had not properly cut the roof membrane around the drain openings.

132.    As a proximate result of Firestone's breach of duties, Gray has been caused to suffer damages and will continue to suffer damages.

**WHEREFORE**, Gray respectfully requests this Court grant judgment against Firestone and award compensatory damages in an amount to be determined by struck jury.

## TRIAL BY STRUCK JURY IS REQUESTED

DATED this the 7th day of June, 2007.

By: s/*Brian M. McClendon*
    E. Britton Monroe (MON032)
    Mickey B. Wright (WRI048)
    Brian M. McClendon (MCC133)
    Attorneys for Defendant/ Third Party
    Plaintiff Gray Construction, Inc.

**OF COUNSEL:**
LLOYD, GRAY & WHITEHEAD, P.C.
2501 20th Place South, Suite 300
Birmingham, Alabama 35223
Telephone: (205) 967-8822
Facsimile: (205) 967-2380

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing was electronically filed and served upon the following on this the 7th day of June, 2007:

Jere L. Beasley, Esq.
Julia Ann Beasley, Esq.
Beasley, Allen, Crow, Methvin, Portis & Miles
P.O. Box 4160
Montgomery, AL 36103-4160

W. Christopher Waller, Jr., Esq.
James A. Rives, Esq.
Ball, Ball, Matthews & Novak
P.O. Box 2148
Montgomery, AL 36102-2148

s/*Brian M. McClendon*
OF COUNSEL

**THIRD-PARTY PLAINTIFF REQUESTS THE FOLLOWING BE SERVED BY CERTIFIED MAIL:**

Freeland-Harris Consulting Engineers of Georgia, Inc.
c/o The Corporation Company
2000 Interstate Park Dr., Suite 204
Montgomery, AL 36109

Freeland-Harris Consulting Engineers of Kentucky, Inc.
c/o The Corporation Company
2000 Interstate Park Dr., Suite 204
Montgomery, AL 36109

Cooper's Steel Fabricators, Inc.
c/o The Corporation Company
2000 Interstate Park Dr., Suite 204
Montgomery, AL 36109

The Hardy Corporation
c/o Craig E. Westendorf
430 12th Street south
Birmingham, AL 35233

All-South Subcontractors, Inc.
c/o CSC Lawyers Incorporating Service, Inc.
150 South Perry Street
Montgomery, AL 36104

Latta Plumbing and Construction Co., Inc.
c/o Rex Latta
2605 Decatur Highway
Gardendale, AL 35071

Hwashin America Corporation
c/o Michael B. O'Conner
105 Tallapoosa Street, Suite 101
Montgomery, AL 36104

Firestone Building Products Company, LLC
c/o National Registered Agents, Inc.
150 S. Perry Street
Montgomery, AL   36104

_____
OF COUNSEL

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA

| | | |
|---|---|---|
| **JENNIFER PIGGOTT and**<br>**SLADE PIGGOTT,** | ) <br> ) <br> ) | **THIRD PARTY SUMMONS**<br>**IN A CIVIL ACTION** |
|     **Plaintiffs,** | ) <br> ) | |
| **v.** | ) <br> ) | **Case No.: CV-06-1158** |
| **GRAY CONSTRUCTION, INC.,** | ) <br> ) | |
|     **Defendant and Third Party Plaintiff,** | ) <br> ) | |
| **v.** | ) <br> ) | |
| **COOPER'S STEEL FABRICATORS, INC.,**<br>**ALL-SOUTH SUBCONTRACTORS, INC.,**<br>**FREELAND-HARRIS CONSULTING**<br>**ENGINEERS OF KENTUCKY, INC.,**<br>**FREELAND-HARRIS CONSULTING**<br>**ENGINEERS OF GEORGIA, INC.,**<br>**THE HARDY CORPORATION, LATTA**<br>**PLUMBING AND CONSTRUCTION**<br>**COMPANY, INC., HWASHIN AMERICA**<br>**CORPORATION, and FIRESTONE**<br>**BUILDING PRODUCTS COMPANY,LLC,** | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) | |
|     **Third Party Defendants.** | ) | |

**TO:**    Cooper's Steel Fabricators, Inc.
           c/o CSC Lawyers Incorp. Service, Inc.
           150 South Perry Street
           Montgomery, AL 36104

        **YOU ARE HEREBY SUMMONED** and required to serve on

| | |
|---|---|
| Julia A. Beasley | E. Britton Monroe |
| Beasley, Allen, Crow, Methvin, | Lloyd, Gray & Whitehead, P.C. |
| Portis & Miles, P.C. | 2501 20th Place South |
| P. O. Box 4160 | Suite 300 |
| Montgomery, AL 36103-4160 | Birmingham, AL 35223 |
| **Attorney for Plaintiffs** | **Defendant and Third-Party Plaintiff's Attorney** |

an answer to the third-party complaint which is served on you with this summons, within 20 days after the
service of this summons on you, exclusive of the day of service. If you fail to do so, judgment by default

may be taken against you for the relief demanded in the third-party complaint. There is also served on you with this summons a copy of the complaint of the plaintiff. You have the option of answering or not answering the plaintiff's complaint, *unless* (1) this is a case within Rule 9(h) Federal Rules of Civil procedure, *and* (2) the third-party plaintiff is demanding judgment against you in favor of the original plaintiff under the circumstances described in Rule 14(c) Federal Rules of Civil Procedure, in which situation you are required to make your defenses, if any, to the claim of the plaintiff as well as to the claim of the third-party plaintiff. Any answer that you serve on the parties to this action must be filed with the Clerk of this Court within a reasonable period of time after service.

Date: _____                          Debra P. Hackett, Clerk


                                                     BY:_____
                                                     Deputy Clerk

2

## RETURN ON SERVICE OF WRIT

    I hereby certify and return that on the _____ day of _____, _____, I served this summons together with the complaint as follows:

☐    By    personal    service    on    the    third-party    defendant    at:

_____

_____

☐    By serving a person of suitable age and discretion then residing in the Defendant's usual place of abode. (Give name and address of person served.)

_____

_____

☐    By serving an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process of the Defendant corporation, partnership or unincorporated association. (Give name, capacity and address of person served.)

_____

_____

☐    Returned unexecuted

☐    Other

    I certify under penalty of perjury under the laws of the United States of American that the foregoing is true and correct.

Date: _____

                                _____

                                  Authorized/Specially Appointed
                                  Process Server

    I hereby certify and return this the _____ day of _____, _____ that I am unable to locate the individual, company, corporation, etc. named in the Summons.

    I certify under penalty of perjury under the laws of the United States of American that the foregoing is true and correct.

Date: _____

                                  _____

                                    Authorized/Specially Appointed
                                  Process Server

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA

| | | |
|---|---|---|
| JENNIFER PIGGOTT and SLADE PIGGOTT, | ) ) ) | THIRD PARTY SUMMONS IN A CIVIL ACTION |
| Plaintiffs, | ) ) | |
| v. | ) ) | Case No.: CV-06-1158 |
| GRAY CONSTRUCTION, INC., | ) ) | |
| Defendant and Third Party Plaintiff, | ) ) | |
| v. | ) ) | |
| COOPER'S STEEL FABRICATORS, INC., ALL-SOUTH SUBCONTRACTORS, INC., FREELAND-HARRIS CONSULTING ENGINEERS OF KENTUCKY, INC., FREELAND-HARRIS CONSULTING ENGINEERS OF GEORGIA, INC., THE HARDY CORPORATION, LATTA PLUMBING AND CONSTRUCTION COMPANY, INC., HWASHIN AMERICA CORPORATION, and FIRESTONE BUILDING PRODUCTS COMPANY,LLC, | ) ) ) ) ) ) ) ) ) ) ) ) | |
| Third Party Defendants. | ) ) | |

TO:    Latta Plumbing and Construction Co., Inc.
       c/o Rex Latta
       2605 Decatur Highway
       Gardendale, AL 35071

**YOU ARE HEREBY SUMMONED** and required to serve on

| | |
|---|---|
| Julia A. Beasley | E. Britton Monroe |
| Beasley, Allen, Crow, Methvin, | Lloyd, Gray & Whitehead, P.C. |
| Portis & Miles, P.C. | 2501 20th Place South |
| P. O. Box 4160 | Suite 300 |
| Montgomery, AL 36103-4160 | Birmingham, AL 35223 |
| **Attorney for Plaintiffs** | **Defendant and Third-Party Plaintiff's Attorney** |

an answer to the third-party complaint which is served on you with this summons, within 20 days after the
service of this summons on you, exclusive of the day of service. If you fail to do so, judgment by default

may be taken against you for the relief demanded in the third-party complaint. There is also served on you with this summons a copy of the complaint of the plaintiff. You have the option of answering or not answering the plaintiff's complaint, *unless* (1) this is a case within Rule 9(h) Federal Rules of Civil procedure, *and* (2) the third-party plaintiff is demanding judgment against you in favor of the original plaintiff under the circumstances described in Rule 14(c) Federal Rules of Civil Procedure, in which situation you are required to make your defenses, if any, to the claim of the plaintiff as well as to the claim of the third-party plaintiff. Any answer that you serve on the parties to this action must be filed with the Clerk of this Court within a reasonable period of time after service.

Date: _____          Debra P. Hackett, Clerk


                                        BY:_____
                                        Deputy Clerk

2

## **RETURN ON SERVICE OF WRIT**

I hereby certify and return that on the _____ day of _____, _____, I served this summons together with the complaint as follows:

☐    By    personal    service    on    the    third-party    defendant    at:
_____
_____

☐    By serving a person of suitable age and discretion then residing in the Defendant's usual place of abode. (Give name and address of person served.)
_____
_____

☐    By serving an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process of the Defendant corporation, partnership or unincorporated association. (Give name, capacity and address of person served.)
_____
_____

☐    Returned unexecuted

☐    Other

I certify under penalty of perjury under the laws of the United States of American that the foregoing is true and correct.

Date: _____

_____
Authorized/Specially Appointed
Process Server

I hereby certify and return this the _____ day of _____, _____ that I am unable to locate the individual, company, corporation, etc. named in the Summons.

I certify under penalty of perjury under the laws of the United States of American that the foregoing is true and correct.

Date: _____

_____
Authorized/Specially Appointed
Process Server

3

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF ALABAMA**

| | | |
|---|---|---|
| **JENNIFER PIGGOTT and** | ) | **THIRD PARTY SUMMONS** |
| **SLADE PIGGOTT,** | ) | **IN A CIVIL ACTION** |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| **v.** | ) | **Case No.: CV-06-1158** |
| | ) | |
| **GRAY CONSTRUCTION, INC.,** | ) | |
| | ) | |
| **Defendant and Third Party Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | |
| | ) | |
| **COOPER'S STEEL FABRICATORS, INC.,** | ) | |
| **ALL-SOUTH SUBCONTRACTORS, INC.,** | ) | |
| **FREELAND-HARRIS CONSULTING** | ) | |
| **ENGINEERS OF KENTUCKY, INC.,** | ) | |
| **FREELAND-HARRIS CONSULTING** | ) | |
| **ENGINEERS OF GEORGIA, INC.,** | ) | |
| **THE HARDY CORPORATION, LATTA** | ) | |
| **PLUMBING AND CONSTRUCTION** | ) | |
| **COMPANY, INC., HWASHIN AMERICA** | ) | |
| **CORPORATION, and FIRESTONE** | ) | |
| **BUILDING PRODUCTS COMPANY,LLC,** | ) | |
| | ) | |
| **Third Party Defendants.** | ) | |

**TO:**    All-South Subcontractors, Inc.
    c/o CSC Lawyers Incorporating Service, Inc.
    150 South Perry Street
    Montgomery, AL 36104

**YOU ARE HEREBY SUMMONED** and required to serve on

| | |
|---|---|
| Julia A. Beasley | E. Britton Monroe |
| Beasley, Allen, Crow, Methvin, | Lloyd, Gray & Whitehead, P.C. |
| Portis & Miles, P.C. | 2501 20th Place South |
| P. O. Box 4160 | Suite 300 |
| Montgomery, AL 36103-4160 | Birmingham, AL 35223 |
| **Attorney for Plaintiffs** | **Defendant and Third-Party Plaintiff's Attorney** |

an answer to the third-party complaint which is served on you with this summons, within 20 days after the
service of this summons on you, exclusive of the day of service.  If you fail to do so, judgment by default

may be taken against you for the relief demanded in the third-party complaint. There is also served on you with this summons a copy of the complaint of the plaintiff. You have the option of answering or not answering the plaintiff's complaint, *unless* (1) this is a case within Rule 9(h) Federal Rules of Civil procedure, *and* (2) the third-party plaintiff is demanding judgment against you in favor of the original plaintiff under the circumstances described in Rule 14(c) Federal Rules of Civil Procedure, in which situation you are required to make your defenses, if any, to the claim of the plaintiff as well as to the claim of the third-party plaintiff. Any answer that you serve on the parties to this action must be filed with the Clerk of this Court within a reasonable period of time after service.

Date: _____

Debra P. Hackett, Clerk

BY:_____
Deputy Clerk

2

## **RETURN ON SERVICE OF WRIT**

      I hereby certify and return that on the \_\_\_\_\_ day of _____, \_\_\_\_\_, I served this summons together with the complaint as follows:

☐     By    personal    service    on    the    third-party    defendant    at:

      _____

      _____    _____

☐     By serving a person of suitable age and discretion then residing in the Defendant's usual place of abode. (Give name and address of person served.)

      _____

      _____    _____

☐     By serving an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process of the Defendant corporation, partnership or unincorporated association. (Give name, capacity and address of person served.)

      _____    _____

      _____

☐     Returned unexecuted

☐     Other

      I certify under penalty of perjury under the laws of the United States of American that the foregoing is true and correct.

Date: _____             _____

                                     Authorized/Specially Appointed
                                      Process Server

      I hereby certify and return this the \_\_\_\_ day of _____, \_\_\_\_ that I am unable to locate the individual, company, corporation, etc. named in the Summons.

      I certify under penalty of perjury under the laws of the United States of American that the foregoing is true and correct.

Date: _____             _____

                                      Authorized/Specially Appointed
                                      Process Server

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA

| | | |
|---|---|---|
| **JENNIFER PIGGOTT and**<br>**SLADE PIGGOTT,** | ) | **THIRD PARTY SUMMONS**<br>**IN A CIVIL ACTION** |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| **v.** | ) | **Case No.: CV-06-1158** |
| | ) | |
| **GRAY CONSTRUCTION, INC.,** | ) | |
| | ) | |
| **Defendant and Third Party Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | |
| | ) | |
| **COOPER'S STEEL FABRICATORS, INC.,** | ) | |
| **ALL-SOUTH SUBCONTRACTORS, INC.,** | ) | |
| **FREELAND-HARRIS CONSULTING** | ) | |
| **ENGINEERS OF KENTUCKY, INC.,** | ) | |
| **FREELAND-HARRIS CONSULTING** | ) | |
| **ENGINEERS OF GEORGIA, INC.,** | ) | |
| **THE HARDY CORPORATION, LATTA** | ) | |
| **PLUMBING AND CONSTRUCTION** | ) | |
| **COMPANY, INC., HWASHIN AMERICA** | ) | |
| **CORPORATION, and FIRESTONE** | ) | |
| **BUILDING PRODUCTS COMPANY,LLC,** | ) | |
| | ) | |
| **Third Party Defendants.** | ) | |

**TO:**    Freeland-Harris Consulting Engineers of Kentucky, Inc.
c/o The Corporation Company
2000 Interstate Park Dr., Suite 204
Montgomery, AL 36109

**YOU ARE HEREBY SUMMONED** and required to serve on

| | |
|---|---|
| Julia A. Beasley | E. Britton Monroe |
| Beasley, Allen, Crow, Methvin, | Lloyd, Gray & Whitehead, P.C. |
| Portis & Miles, P.C. | 2501 20th Place South |
| P. O. Box 4160 | Suite 300 |
| Montgomery, AL 36103-4160 | Birmingham, AL 35223 |
| **Attorney for Plaintiffs** | **Defendant and Third-Party Plaintiff's Attorney** |

an answer to the third-party complaint which is served on you with this summons, within 20 days after the
service of this summons on you, exclusive of the day of service.  If you fail to do so, judgment by default

may be taken against you for the relief demanded in the third-party complaint. There is also served on you with this summons a copy of the complaint of the plaintiff. You have the option of answering or not answering the plaintiff's complaint, *unless* (1) this is a case within Rule 9(h) Federal Rules of Civil procedure, *and* (2) the third-party plaintiff is demanding judgment against you in favor of the original plaintiff under the circumstances described in Rule 14(c) Federal Rules of Civil Procedure, in which situation you are required to make your defenses, if any, to the claim of the plaintiff as well as to the claim of the third-party plaintiff. Any answer that you serve on the parties to this action must be filed with the Clerk of this Court within a reasonable period of time after service.


Date: _____                 Debra P. Hackett, Clerk


                                             BY:_____
                                             Deputy Clerk

2

## RETURN ON SERVICE OF WRIT

      I hereby certify and return that on the _____ day of _____, _____, I served this summons together with the complaint as follows:

☐    By   personal   service   on   the   third-party   defendant   at:

_____

_____

☐    By serving a person of suitable age and discretion then residing in the Defendant's usual place of abode. (Give name and address of person served.)

_____

_____

☐    By serving an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process of the Defendant corporation, partnership or unincorporated association. (Give name, capacity and address of person served.)

_____

_____

☐    Returned unexecuted

☐    Other

      I certify under penalty of perjury under the laws of the United States of American that the foregoing is true and correct.

Date: _____         _____

                                           Authorized/Specially Appointed
                                           Process Server

      I hereby certify and return this the _____ day of _____, _____ that I am unable to locate the individual, company, corporation, etc. named in the Summons.

      I certify under penalty of perjury under the laws of the United States of American that the foregoing is true and correct.

Date: _____         _____

                                           Authorized/Specially Appointed
                                         Process Server

3

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA

| | | |
|---|---|---|
| JENNIFER PIGGOTT and<br>SLADE PIGGOTT, | )<br>) | **THIRD PARTY SUMMONS<br>IN A CIVIL ACTION** |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| v. | ) | **Case No.: CV-06-1158** |
| | ) | |
| GRAY CONSTRUCTION, INC., | ) | |
| | ) | |
| **Defendant and Third Party Plaintiff,** | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| COOPER'S STEEL FABRICATORS, INC., | ) | |
| ALL-SOUTH SUBCONTRACTORS, INC., | ) | |
| FREELAND-HARRIS CONSULTING | ) | |
| ENGINEERS OF KENTUCKY, INC., | ) | |
| FREELAND-HARRIS CONSULTING | ) | |
| ENGINEERS OF GEORGIA, INC., | ) | |
| THE HARDY CORPORATION, LATTA | ) | |
| PLUMBING AND CONSTRUCTION | ) | |
| COMPANY, INC., HWASHIN AMERICA | ) | |
| CORPORATION, and FIRESTONE | ) | |
| BUILDING PRODUCTS COMPANY,LLC, | ) | |
| | ) | |
| **Third Party Defendants.** | ) | |

**TO:**  Freeland-Harris Consulting Engineers of Georgia, Inc.
c/o The Corporation Company
2000 Interstate Park Dr., Suite 204
Montgomery, AL 36109

**YOU ARE HEREBY SUMMONED** and required to serve on

| | |
|---|---|
| Julia A. Beasley | E. Britton Monroe |
| Beasley, Allen, Crow, Methvin, | Lloyd, Gray & Whitehead, P.C. |
| Portis & Miles, P.C. | 2501 20th Place South |
| P. O. Box 4160 | Suite 300 |
| Montgomery, AL 36103-4160 | Birmingham, AL 35223 |
| **Attorney for Plaintiffs** | **Defendant and Third-Party Plaintiff's Attorney** |

an answer to the third-party complaint which is served on you with this summons, within 20 days after the
service of this summons on you, exclusive of the day of service.  If you fail to do so, judgment by default

may be taken against you for the relief demanded in the third-party complaint. There is also served on you with this summons a copy of the complaint of the plaintiff. You have the option of answering or not answering the plaintiff's complaint, *unless* (1) this is a case within Rule 9(h) Federal Rules of Civil procedure, *and* (2) the third-party plaintiff is demanding judgment against you in favor of the original plaintiff under the circumstances described in Rule 14(c) Federal Rules of Civil Procedure, in which situation you are required to make your defenses, if any, to the claim of the plaintiff as well as to the claim of the third-party plaintiff. Any answer that you serve on the parties to this action must be filed with the Clerk of this Court within a reasonable period of time after service.

Date: _____

Debra P. Hackett, Clerk

BY:_____
Deputy Clerk

## **RETURN ON SERVICE OF WRIT**

I hereby certify and return that on the _____ day of _____ _____, _____, I served this summons together with the complaint as follows:

☐    By    personal    service    on    the    third-party    defendant    at:

_____

_____

☐    By serving a person of suitable age and discretion then residing in the Defendant's usual place of abode. (Give name and address of person served.)

_____

_____

☐    By serving an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process of the Defendant corporation, partnership or unincorporated association. (Give name, capacity and address of person served.)

_____

_____

☐    Returned unexecuted

☐    Other

I certify under penalty of perjury under the laws of the United States of American that the foregoing is true and correct.

Date: _____                    _____

                                             Authorized/Specially Appointed
                                             Process Server

I hereby certify and return this the _____ day of _____, _____ that I am unable to locate the individual, company, corporation, etc. named in the Summons.

I certify under penalty of perjury under the laws of the United States of American that the foregoing is true and correct.

Date: _____                    _____

                                             Authorized/Specially Appointed
                                             Process Server

3

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA

| | | |
|---|---|---|
| **JENNIFER PIGGOTT and**<br>**SLADE PIGGOTT,** | ) | **THIRD PARTY SUMMONS**<br>**IN A CIVIL ACTION** |
| **Plaintiffs,** | ) | |
| **v.** | ) | **Case No.: CV-06-1158** |
| **GRAY CONSTRUCTION, INC.,** | ) | |
| **Defendant and Third Party Plaintiff,** | ) | |
| **v.** | ) | |
| **COOPER'S STEEL FABRICATORS, INC.,**<br>**ALL-SOUTH SUBCONTRACTORS, INC.,**<br>**FREELAND-HARRIS CONSULTING**<br>**ENGINEERS OF KENTUCKY, INC.,**<br>**FREELAND-HARRIS CONSULTING**<br>**ENGINEERS OF GEORGIA, INC.,**<br>**THE HARDY CORPORATION, LATTA**<br>**PLUMBING AND CONSTRUCTION**<br>**COMPANY, INC., HWASHIN AMERICA**<br>**CORPORATION, and FIRESTONE**<br>**BUILDING PRODUCTS COMPANY,LLC,** | ) | |
| **Third Party Defendants.** | ) | |

**TO:**   Hwashin America Corporation
c/o Michael B. O'Conner
105 Tallapoosa Street, Suite 101
Montgomery, AL 36104

**YOU ARE HEREBY SUMMONED** and required to serve on

| | |
|---|---|
| Julia A. Beasley | E. Britton Monroe |
| Beasley, Allen, Crow, Methvin, | Lloyd, Gray & Whitehead, P.C. |
| Portis & Miles, P.C. | 2501 20th Place South |
| P. O. Box 4160 | Suite 300 |
| Montgomery, AL 36103-4160 | Birmingham, AL 35223 |
| **Attorney for Plaintiffs** | **Defendant and Third-Party Plaintiff's Attorney** |

an answer to the third-party complaint which is served on you with this summons, within 20 days after the
service of this summons on you, exclusive of the day of service. If you fail to do so, judgment by default

may be taken against you for the relief demanded in the third-party complaint. There is also served on you with this summons a copy of the complaint of the plaintiff. You have the option of answering or not answering the plaintiff's complaint, *unless* (1) this is a case within Rule 9(h) Federal Rules of Civil procedure, *and* (2) the third-party plaintiff is demanding judgment against you in favor of the original plaintiff under the circumstances described in Rule 14(c) Federal Rules of Civil Procedure, in which situation you are required to make your defenses, if any, to the claim of the plaintiff as well as to the claim of the third-party plaintiff. Any answer that you serve on the parties to this action must be filed with the Clerk of this Court within a reasonable period of time after service.

Date: _____                    Debra P. Hackett, Clerk


                                                 BY:_____
                                                 Deputy Clerk

2

## **RETURN ON SERVICE OF WRIT**

I hereby certify and return that on the _____ day of _____, _____, I served this summons together with the complaint as follows:

☐    By   personal   service   on   the   third-party   defendant   at:

_____

_____

☐    By serving a person of suitable age and discretion then residing in the Defendant's usual place of abode. (Give name and address of person served.)

_____

_____

☐    By serving an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process of the Defendant corporation, partnership or unincorporated association. (Give name, capacity and address of person served.)

_____

_____

☐    Returned unexecuted

☐    Other

I certify under penalty of perjury under the laws of the United States of American that the foregoing is true and correct.

Date: _____          _____
                                 Authorized/Specially Appointed
                                 Process Server

I hereby certify and return this the _____ day of _____, _____ that I am unable to locate the individual, company, corporation, etc. named in the Summons.

I certify under penalty of perjury under the laws of the United States of American that the foregoing is true and correct.

Date: _____          _____
                                 Authorized/Specially Appointed
                                 Process Server

3

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA

| | | |
|---|---|---|
| **JENNIFER PIGGOTT and**<br>**SLADE PIGGOTT,** | ) ) ) | **THIRD PARTY SUMMONS**<br>**IN A CIVIL ACTION** |
| **Plaintiffs,** | ) ) | |
| **v.** | ) ) | **Case No.: CV-06-1158** |
| **GRAY CONSTRUCTION, INC.,** | ) ) | |
| **Defendant and Third Party Plaintiff,** | ) ) ) | |
| **v.** | ) ) | |
| **COOPER'S STEEL FABRICATORS, INC.,**<br>**ALL-SOUTH SUBCONTRACTORS, INC.,**<br>**FREELAND-HARRIS CONSULTING**<br>**ENGINEERS OF KENTUCKY, INC.,**<br>**FREELAND-HARRIS CONSULTING**<br>**ENGINEERS OF GEORGIA, INC.,**<br>**THE HARDY CORPORATION, LATTA**<br>**PLUMBING AND CONSTRUCTION**<br>**COMPANY, INC., HWASHIN AMERICA**<br>**CORPORATION, and FIRESTONE**<br>**BUILDING PRODUCTS COMPANY,LLC,** | ) ) ) ) ) ) ) ) ) ) ) ) | |
| **Third Party Defendants.** | ) | |

**TO:**    The Hardy Corporation
c/o Craig E. Westendorf
430 12th Street South
Birmingham, AL   35233

**YOU ARE HEREBY SUMMONED** and required to serve on

| | |
|---|---|
| Julia A. Beasley | E. Britton Monroe |
| Beasley, Allen, Crow, Methvin, | Lloyd, Gray & Whitehead, P.C. |
| Portis & Miles, P.C. | 2501 20th Place South |
| P. O. Box 4160 | Suite 300 |
| Montgomery, AL 36103-4160 | Birmingham, AL 35223 |
| **Attorney for Plaintiffs** | **Defendant and Third-Party Plaintiff's Attorney** |

an answer to the third-party complaint which is served on you with this summons, within 20 days after the
service of this summons on you, exclusive of the day of service.  If you fail to do so, judgment by default

may be taken against you for the relief demanded in the third-party complaint.  There is also served on you with this summons a copy of the complaint of the plaintiff.  You have the option of answering or not answering the plaintiff's complaint, *unless* (1) this is a case within Rule 9(h) Federal Rules of Civil procedure, *and* (2) the third-party plaintiff is demanding judgment against you in favor of the original plaintiff under the circumstances described in Rule 14(c) Federal Rules of Civil Procedure, in which situation you are required to make your defenses, if any, to the claim of the plaintiff as well as to the claim of the third-party plaintiff.  Any answer that you serve on the parties to this action must be filed with the Clerk of this Court within a reasonable period of time after service.

Date: _____

Debra P. Hackett, Clerk

BY:_____
Deputy Clerk

2

## <u>RETURN ON SERVICE OF WRIT</u>

I hereby certify and return that on the _____ day of _____, _____, I served this summons together with the complaint as follows:

☐    By personal service on the third-party defendant at:
_____
_____

☐    By serving a person of suitable age and discretion then residing in the Defendant's usual place of abode. (Give name and address of person served.)
_____
_____

☐    By serving an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process of the Defendant corporation, partnership or unincorporated association. (Give name, capacity and address of person served.)
_____
_____

☐    Returned unexecuted

☐    Other

I certify under penalty of perjury under the laws of the United States of American that the foregoing is true and correct.

Date: _____         _____
                              Authorized/Specially Appointed
                              Process Server

I hereby certify and return this the _____ day of _____, _____ that I am unable to locate the individual, company, corporation, etc. named in the Summons.

I certify under penalty of perjury under the laws of the United States of American that the foregoing is true and correct.

Date: _____         _____
                              Authorized/Specially Appointed
                              Process Server

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA

| | | |
|---|---|---|
| JENNIFER PIGGOTT and SLADE PIGGOTT, | ) ) ) | **THIRD PARTY SUMMONS IN A CIVIL ACTION** |
| Plaintiffs, | ) ) | |
| v. | ) ) | **Case No.: CV-06-1158** |
| GRAY CONSTRUCTION, INC., | ) ) | |
| Defendant and Third Party Plaintiff, | ) ) | |
| v. | ) ) | |
| COOPER'S STEEL FABRICATORS, INC., ALL-SOUTH SUBCONTRACTORS, INC., FREELAND-HARRIS CONSULTING ENGINEERS OF KENTUCKY, INC., FREELAND-HARRIS CONSULTING ENGINEERS OF GEORGIA, INC., THE HARDY CORPORATION, LATTA PLUMBING AND CONSTRUCTION COMPANY, INC., HWASHIN AMERICA CORPORATION, and FIRESTONE BUILDING PRODUCTS COMPANY,LLC, | ) ) ) ) ) ) ) ) ) ) ) ) | |
| Third Party Defendants. | ) ) | |

**TO:**   Firestone Building Products Company, LLC
c/o National Registered Agents, Inc.
150 South Perry Street
Montgomery, AL 36104

**YOU ARE HEREBY SUMMONED** and required to serve on

| | |
|---|---|
| Julia A. Beasley | E. Britton Monroe |
| Beasley, Allen, Crow, Methvin, | Lloyd, Gray & Whitehead, P.C. |
| Portis & Miles, P.C. | 2501 20th Place South |
| P. O. Box 4160 | Suite 300 |
| Montgomery, AL 36103-4160 | Birmingham, AL 35223 |
| **Attorney for Plaintiffs** | **Defendant and Third-Party Plaintiff's Attorney** |

an answer to the third-party complaint which is served on you with this summons, within 20 days after the service of this summons on you, exclusive of the day of service.  If you fail to do so, judgment by default

may be taken against you for the relief demanded in the third-party complaint. There is also served on you with this summons a copy of the complaint of the plaintiff. You have the option of answering or not answering the plaintiff's complaint, *unless* (1) this is a case within Rule 9(h) Federal Rules of Civil procedure, *and* (2) the third-party plaintiff is demanding judgment against you in favor of the original plaintiff under the circumstances described in Rule 14(c) Federal Rules of Civil Procedure, in which situation you are required to make your defenses, if any, to the claim of the plaintiff as well as to the claim of the third-party plaintiff. Any answer that you serve on the parties to this action must be filed with the Clerk of this Court within a reasonable period of time after service.


Date: _____                    Debra P. Hackett, Clerk


                                                BY:_____
                                                Deputy Clerk

2

## **RETURN ON SERVICE OF WRIT**

I hereby certify and return that on the _____ day of _____, _____, I served this summons together with the complaint as follows:

☐    By    personal    service    on    the    third-party    defendant    at:
_____
_____

☐    By serving a person of suitable age and discretion then residing in the Defendant's usual place of abode. (Give name and address of person served.)
_____
_____

☐    By serving an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process of the Defendant corporation, partnership or unincorporated association. (Give name, capacity and address of person served.)
_____
_____

☐    Returned unexecuted

☐    Other

I certify under penalty of perjury under the laws of the United States of American that the foregoing is true and correct.

Date: _____            _____
                                   Authorized/Specially Appointed
                                   Process Server

I hereby certify and return this the _____ day of _____, _____ that I am unable to locate the individual, company, corporation, etc. named in the Summons.

I certify under penalty of perjury under the laws of the United States of American that the foregoing is true and correct.

Date: _____            _____
                                   Authorized/Specially Appointed
                                   Process Server

3