# IN THE UNTIED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA

| | | |
|---|---|---|
| **JENNIFER PIGGOTT and** | ) | |
| **SLADE PIGGOTT,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| **v.** | ) | **Case No.: 2:06-cv-01158-MEF-TFM** |
| | ) | |
| **GRAY CONSTRUCTION, INC.,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## ANSWER TO DEFENDANT'S, GRAY CONSTRUCTION, INC., THIRD PARTY COMPLAINT

**COMES NOW**, third party defendant, Cooper Steel Fabricators, Inc., by and through the undersigned counsel of record in the above-styled matter and answers Gray Construction, Inc.'s Third Party Complaint as follows:

1.    Admitted upon information and belief.

2.    Admitted upon information and belief.

3.    Admitted.

4.    Admitted upon information and belief.

5.    Admitted upon information and belief.

6.    Admitted upon information and belief.

7.    Admitted upon information and belief.

8.    Admitted upon information and belief.

9.    Admitted upon information and belief.

10.    Admitted upon information and belief.

11.    This averment does not appear to require a reply; however, to the extent that it does, it is denied.

12.    This defendant denies the claims against this defendant arise out of any occurrence associated with respect to the Piggotts' claims.  As such, this averment is denied.

13.    This defendant denies that any event and/or omissions by this defendant gave rise to  plaintiff's third party claims and as such this averment is denied.

14.    Admitted.

15.    Admitted upon information and belief.

16.    Admitted upon information and belief.

17.    Admitted upon information and belief.

18.    Admitted upon information and belief.

19.    Admitted upon information and belief.

20.    Admitted upon information and belief.

21.    This defendant does not have sufficient information to either admit and/or deny this averment; therefore, it is denied.

22.    Admitted.

23.    Admitted upon information and belief.

24.    Admitted as to Cooper Steel.  As to Hardy and All-South admitted upon information and belief.

25.    Admitted as to Cooper Steel; however, as to Hardy and All-South admitted upon information and belief.

26.    This defendant does not have sufficient information to either admit and/or deny this averment; therefore, it is denied.

27.    Admitted upon information and belief.

28.    Admitted upon information and belief.

29.    Admitted upon information and belief.

30.    Admitted upon information and belief.

31.    Admitted upon information and belief.

32.    This defendant adopts and incorporates its answers to paragraphs #1 through 29 as is set forth herein above and in full.

33.    Admitted upon information and belief.

34.    Admitted upon information and belief.

35.    This defendant does not have sufficient information to either admit and/or deny this averment; therefore, it is denied.

36.     This defendant does not have sufficient information to either admit and/or deny this averment; therefore, it is denied.

37.     This defendant adopts and incorporates its answers to paragraphs #1 through 34 as is set forth herein above and in full.

38.     Admitted upon information and belief.

39.     Admitted upon information and belief.

40.     This defendant does not have sufficient information to either admit and/or deny this averment; therefore, it is denied.

41.     This defendant does not have sufficient information to either admit and/or deny this averment; therefore, it is denied.

42.     This defendant adopts and incorporates its answers to paragraphs #1 through 39 as is set forth herein above and in full.

43.     Admitted upon information and belief.

44.     Admitted upon information and belief.

45.     This defendant does not have sufficient information to either admit and/or deny this averment; therefore, it is denied.

46.     This defendant does not have sufficient information to either admit and/or deny this averment; therefore, it is denied.

47.     This defendant adopts and incorporates its answers to paragraphs #1

through 44 as is set forth herein above and in full.

48.    This defendant admits generally that it agreed to indemnify Gray Construction for any claims arising out of this defendant's negligent acts; however, in any other respects, this averment is denied.

49.    Denied.

50.    Denied.

51.    Denied.

52.    This defendant adopts and incorporates its answers to paragraphs #1 through 49 as is set forth herein above and in full.

53.    Admitted upon information and belief.

54.    Admitted upon information and belief.

55.    This defendant does not have sufficient information to either admit and/or deny this averment; therefore, it is denied.

56.    This defendant does not have sufficient information to either admit and/or deny this averment; therefore, it is denied.

57.    This defendant adopts and incorporates its answers to paragraphs #1 through 54 as is set forth herein above and in full.

58.    Admitted upon information and belief.

59.    This defendant does not have sufficient information to either admit

and/or deny this averment; therefore, it is denied.

60.    This defendant does not have sufficient information to either admit and/or deny this averment; therefore, it is denied.

61.    This defendant does not have sufficient information to either admit and/or deny this averment; therefore, it is denied.

62.    This defendant adopts and incorporates its answers to paragraphs #1 through 59 as is set forth herein above and in full.

63.    Admitted upon information and belief.

64.    This defendant does not have sufficient information to either admit and/or deny this averment; therefore, it is denied.

65.    This defendant does not have sufficient information to either admit and/or deny this averment; therefore, it is denied.

66.    This defendant does not have sufficient information to either admit and/or deny this averment; therefore, it is denied.

67.    This defendant does not have sufficient information to either admit and/or deny this averment; therefore, it is denied.

68.    This defendant adopts and incorporates its answers to paragraphs #1 through 65 as is set forth herein above and in full.

69.    Denied upon information and belief.

70.    This defendant does not have sufficient information to either admit and/or deny this averment; therefore, it is denied.

71.    This defendant does not have sufficient information to either admit and/or deny this averment; therefore, it is denied.

72.    This defendant does not have sufficient information to either admit and/or deny this averment; therefore, it is denied.

73.    This defendant does not have sufficient information to either admit and/or deny this averment; therefore, it is denied.

74.    This defendant adopts and incorporates its answers to paragraphs #1 through 71 as is set forth herein above and in full.

75.    Admitted.

76.    Admitted.

77.    Denied.

78.    Denied.

79.    Denied.

80.    This defendant adopts and incorporates its answers to paragraphs #1 through 77 as is set forth herein above and in full.

81.    Admitted upon information and belief.

82.    Admitted upon information and belief.

83.    This defendant does not have sufficient information to either admit and/or deny this averment; therefore, it is denied.

84.    This defendant does not have sufficient information to either admit and/or deny this averment; therefore, it is denied.

85.    This defendant does not have sufficient information to either admit and/or deny this averment; therefore, it is denied.

86.    This defendant adopts and incorporates its answers to paragraphs #1 through 83 as is set forth herein above and in full.

87.    Admitted upon information and belief.

88.    Admitted upon information and belief.

89.    This defendant does not have sufficient information to either admit and/or deny this averment; therefore, it is denied.

90.    This defendant does not have sufficient information to either admit and/or deny this averment; therefore, it is denied.

91.    This defendant does not have sufficient information to either admit and/or deny this averment; therefore, it is denied.

92.    This defendant adopts and incorporates its answers to paragraphs #1 through 89 as is set forth herein above and in full.

93.    This defendant does not have sufficient information to either admit

and/or deny this averment; therefore, it is denied.

94.     This defendant does not have sufficient information to either admit and/or deny this averment; therefore, it is denied.

95.     This defendant does not have sufficient information to either admit and/or deny this averment; therefore, it is denied.

96.     This defendant does not have sufficient information to either admit and/or deny this averment; therefore, it is denied.

97.     This defendant adopts and incorporates its answers to paragraphs #1 through 94 as is set forth herein above and in full.

98.     This defendant does not have sufficient information to either admit and/or deny this averment; therefore, it is denied.

99.     This defendant does not have sufficient information to either admit and/or deny this averment; therefore, it is denied.

100.    This defendant does not have sufficient information to either admit and/or deny this averment; therefore, it is denied.

101.    This defendant adopts and incorporates its answers to paragraphs #1 through 98 as is set forth herein above and in full.

102.    Denied.

103.    Denied.

104. Denied.

105. This defendant adopts and incorporates its answers to paragraphs #1 through 102 as is set forth herein above and in full.

106. This defendant does not have sufficient information to either admit and/or deny this averment; therefore, it is denied.

107. This defendant does not have sufficient information to either admit and/or deny this averment; therefore, it is denied.

108. This defendant does not have sufficient information to either admit and/or deny this averment; therefore, it is denied.

109. This defendant adopts and incorporates its answers to paragraphs #1 through 106 as is set forth herein above and in full.

110. This defendant does not have sufficient information to either admit and/or deny this averment; therefore, it is denied.

111. This defendant does not have sufficient information to either admit and/or deny this averment; therefore, it is denied.

112. This defendant does not have sufficient information to either admit and/or deny this averment; therefore, it is denied.

113. This defendant adopts and incorporates its answers to paragraphs #1 through 110 as is set forth herein above and in full.

114. This defendant does not have sufficient information to either admit and/or deny this averment; therefore, it is denied.

115. This defendant does not have sufficient information to either admit and/or deny this averment; therefore, it is denied.

116. This defendant does not have sufficient information to either admit and/or deny this averment; therefore, it is denied.

117. This defendant adopts and incorporates its answers to paragraphs #1 through 114 as is set forth herein above and in full.

118. Denied.

119. Denied.

120. Denied.

121. This defendant adopts and incorporates its answers to paragraphs #1 through 118 as is set forth herein above and in full.

122. This defendant does not have sufficient information to either admit and/or deny this averment; therefore, it is denied.

123. This defendant does not have sufficient information to either admit and/or deny this averment; therefore, it is denied.

124. This defendant does not have sufficient information to either admit and/or deny this averment; therefore, it is denied.

125.   This defendant adopts and incorporates its answers to paragraphs #1 through 122 as is set forth herein above and in full.

126.   This defendant does not have sufficient information to either admit and/or deny this averment; therefore, it is denied.

127.   This defendant does not have sufficient information to either admit and/or deny this averment; therefore, it is denied.

128.   This defendant does not have sufficient information to either admit and/or deny this averment; therefore, it is denied.

129.   This defendant adopts and incorporates its answers to paragraphs #1 through 128 as is set forth herein above and in full.

130.   This defendant does not have sufficient information to either admit and/or deny this averment; therefore, it is denied.

131.   This defendant does not have sufficient information to either admit and/or deny this averment; therefore, it is denied.

132.   This defendant does not have sufficient information to either admit and/or deny this averment; therefore, it is denied.

## **AFFIRMATIVE DEFENSES**

### **FIRST DEFENSE**

The plaintiff has failed to state certain claims upon which relief can be granted.

## SECOND DEFENSE

The plaintiff claims for relief against the defendant are barred by the applicable statutes of limitation and repose and the doctrine of laches.

## THIRD DEFENSE

If Cooper Steel, Inc. was negligent in the manner alleged by plaintiff, which is denied, plaintiff is barred from recovery by its own contributory negligence. Such contributory negligence was an actual and proximate cause of the damages of which plaintiff complains.

## FOURTH DEFENSE

The alleged damages about which plaintiff complains arose as a result of acts or omissions of others over whom this defendant had no control or which occurred after this defendant had fully performed under its contract. If this defendant were negligent in the manner alleged by the Plaintiff, which is denied, the acts or omissions of others were superseding and proximate cause of any damages suffered by plaintiff.

## FIFTH DEFENSE

The defendant denies that it breached any express or implied warranties to the plaintiff and further denies that any alleged breach of warranties on its part proximately caused the Plaintiff's alleged injuries and/or damages.

## SIXTH DEFENSE

This defendant denies that the plaintiff was injured or to the nature and extent alleged in the Complaint and demand strict proof thereof.

## SEVENTH DEFENSE

The plaintiff cannot establish the elements of the claims asserted against this defendant.

## EIGHTH DEFENSE

This defendant pleads the affirmative defenses of estoppel, waiver, modification, ratification and novation.

## NINTH DEFENSE

This defendant pleads the statute of frauds.

## TENTH DEFENSE

The plaintiff's claims are barred, in whole or in part, by the doctrine of ratification.

## ELEVENTH DEFENSE

The plaintiff's claims are barred, in whole or in part, by the failure to do equity.

## TWELFTH DEFENSE

The plaintiff's claims are subject to binding arbitration.

## THIRTEENTH DEFENSE

This defendant avers jurisdiction is improper.

## FOURTEENTH DEFENSE

The plaintiffs' claims are barred by the applicable statute of limitations.

## FIFTEENTH DEFENSE

The alleged plaintiff's alleged damages arose as a result of acts and/or omissions of others over whom defendant had no control or which occurred after defendant had fully performed under its contract. If defendant was negligent in the manner alleged by plaintiff, which is denied, the acts and/or omissions of others were superceding, intervening and/or the proximate cause of any damages suffered by the plaintiff.

## SIXTEENTH DEFENSE

The alleged damages of which the plaintiff complains are the result of an Act of God.

## SEVENTEENTH DEFENSE

This defendant reserves the right to add such other affirmative defenses as the course of discovery and investigation shall dictate.

Respectfully submitted,

s/A. Joe Peddy
A. Joe Peddy (PED002)
ajp@ssp-law.com

s/ Robert B. Stewart
Robert B. Stewart ( STE124)
rob@ssp-law.com
**SMITH, SPIRES & PEDDY, P.C.**
Suite 200
2015 Second Avenue North
Birmingham, Alabama 35203
Telephone: (205) 251-5885
Fax: (205) 251-8642

## CERTIFICATE OF SERVICE

I hereby certify that on June 25, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Jere L. Beasley
Julia Ann Beasley
Beasley, Allen, Crow, Methvin, Portis & Miles, P.C.
P.O. Box 4160
Montgomery, AL 36103-4160

Andrew W. Christman
Steven Keith Herndon
Gidiere, Hinton, Herndon &Christman
904 Regions Tower
60 Commerce Street
Montgomery, AL 36104

Elliot Britton Monroe
Mickey B. Wright
Lloyd, Gray & Whitehead, P.C.
2501 Twentieth Place South
Suite 300
Birmingham, AL 35223

James A. Rives
William Christopher Waller, Jr.
Ball, Ball, Matthews & Novak, PA
P.O. Box 2148
Montgomery, AL 36102-2148

s/ Robert B. Stewart

Of Counsel