## IN THE UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT, ALABAMA
## NOTHERN DIVISION

| | | |
|---|---|---|
| **JENNIFER & SLADE PIGGOTT,** | * | |
| | * | |
| **Plaintiffs,** | * | |
| | * | |
| **vs.** | * | **CASE NUMBER: 2:CV-1158-MEF** |
| | * | |
| **JAMES N. GRAY COMPANY** | * | |
| **a/k/a GRAY CONSTRUCTION, INC.;** | * | |
| **et al.,** | * | |
| | * | |
| **Defendants.** | * | |

## PLAINTIFFS' MOTION FOR LEAVE TO FILE PLAINTIFFS' FIRST AMENDMENT TO COMPLAINT

Plaintiffs request the Court grant them leave to file Plaintiffs' First Amendment to Complaint asserting claims against James N. Gray Company a/k/a Gray Construction, Inc. ("Gray"), GNF Architects and Engineers ("GNF"), The Hardy Corporation ("Hardy"), Freeland-Harris Consulting Engineers of Georgia, Inc. (Freeland-Harris-Georgia"), Freeland-Harris Consulting Engineers of Kentucky, Inc. ("Freeland-Harris-Kentucky") (collectively, "Freeland-Harris"), All-South Subcontractors, Inc. ("All-South"), Mid-South Subcontractors, Inc. d/b/a Mid-South Roof Systems ("Mid-South"), Cooper's Steel Fabricators, Inc. ("Cooper's Steel"), Latta Plumbing & Construction Co., Inc.("Latta"), and Firestone Building Products Company, LLC ("Firestone"). In support of this Motion, Plaintiffs state the following:

1.    On November 17, 2006, Plaintiffs Jennifer and Slade Piggott hereinafter "Plaintiffs") filed a Complaint in the Circuit Court of Butler County, Alabama. Plaintiffs' claims arise out of the collapse of the roof at the Hwashin manufacturing

("Hwashin Facility") in Greenville, Alabama which caused injuries to Plaintiff Jennifer Piggott.

2.      On December 29, 2006, Gray filed its Notice of Removal removing the case to the United States District Court for the Middle District of Alabama.

3.      On December 29, 2006, Hwashin filed its Motion to Intervene.

4.      On March 13, 2007, the Parties submitted their Report of Parties' Planning Meeting.  The Parties agreed to allow Mr. and Mrs. Piggott until July 13, 2007, to join additional parties and amend pleadings and to allow Defendants until August 10, 2007, to join additional parties and amend pleadings.

5.      On March 20 2007, the Court entered its Uniform Scheduling Order stating "Any motions to amend the pleadings and to add parties shall be filed on or before May 30, 2007."

6.      On May 16, 2007, the Court granted Hwashin's Motion to Intervene.

7.      On May 22, 2007, Hwashin filed its Complaint in Intervention.

8.      On May 25, 2007, Plaintiff in Intervention Hwashin filed a Motion to extend the deadline to file motions to amend the pleadings and to add additional parties.

9.      On May 29, 2007, the Court granted Hwashin's Motion and extended the deadline to add parties until June 29, 2007.

10.     On June 7, 2007 Gray filed its Motion for Leave to File a Third Party Complaint.

11.     On June 8, 2007, the Court granted Gray's Motion for Leave to File a Third Party Complaint.

12.     On June 8, 2007, Gray filed its Third Party Complaint.

13.    In Gray's Third Party Complaint, Plaintiffs obtained information and identification of other parties which may be responsible for the design, construction and/or maintenance of the roofs, including the structural system support, and the drainage system of the Hwashin facility.  The negligent or wanton conduct of these parties may have contributed to cause the roof collapse at the Hwashin facility which injured Jennifer Piggott on October 17, 2006, which is the subject of this action.

16.    As alleged in Plaintiffs' original Compliant, Defendant Gray negligently or wantonly designed and/or constructed the Hwashin Facility, including the roof and drainage systems. In Plaintiffs' First Amendment to Complaint, Plaintiffs further allege Defendant Gray negligently hired, retained, trained and/or negligently supervised qualified contractors or consultants on this project which may have contributed to the collapse of the roof and injuries to Plaintiff Jennifer Piggott on October 17, 2007.

17.    GNF was hired by Gray to provide architectural design services relating to the roofs and drainage system for the roofs for the Hwashin Facility.  As "Architect of Record", GNF was responsible for coordination of the design components of the facility. GNF negligently or wantonly failed to use due care in its design the Hwashin facility, and negligently or wantonly failed to use due care in the coordination of the design components, which proximately resulted in the collapse of the Hwashin facility and injuries to Plaintiffs.

18.    Gray hired Hardy to design and/or install certain mechanical systems for the Hwashin facility, including the drainage system of the roofs.  Hardy negligently or wantonly failed to use due care in its design and/or installation of the roof drainage

system, which proximately resulted in the collapse of the roof at the Hwashin facility and injuries to Plaintiffs.

19.    GNF entered into a contract for Freeland-Kentucky to provide structural engineering services for the construction of the Hwashin facility, including the design and support structure of the roofs. Freeland-Kentucky subcontracted with Freeland-Georgia to provide structural engineering services for the construction of the Hwashin facility, including the design and structure support of the roofs. Freeland-Harris negligently or wantonly failed to use due care in its design and/or installation of the support structure of the roof, which proximately resulted in the collapse of the roof at the Hwashin facility and injuries to Plaintiffs.

20.    Gray contracted with All-South to provide certain engineering, materials, labor, equipment and services with respect to the installation of the roof and roof systems for the construction of the Hwashin facility. All-South negligently or wantonly failed to use due care in the design and installation of the roof and roof systems, which proximately resulted in the collapse of the roof at the Hwashin facility and injuries to Plaintiffs.

21.    Gray contracted with Mid-South to install the gutters for the roof drainage system for the construction of the Hwashin facility to perform repairs to the roof drainage system after completion of the project. Mid-South negligently or wantonly failed to use due care in the installation of and repairs to the roof drainage system, which proximately resulted in the collapse of the roof at the Hwashin facility and injuries to Plaintiffs.

22.    Coopers Steel was responsible for supplying and installing the structural steel, girders, joists, bridging, roof decking, roof frames and other steel products for the

4

Hwashin facility. Coopers Steel negligently or wantonly failed to use due care in the design, supply and installation of the structural steel, which proximately resulted in the collapse of the roof at the Hwashin facility and injuries to Plaintiffs.

23.    Hardy contracted with Latta to install all plumbing, including pipes incorporated into the roof drainage system at the Hwashin facility. Latta negligently, or wantonly failed to use due care in the installation of the pipes in the roof drainage system, which proximately resulted in the collapse of the roof at the Hwashin facility and injuries to Plaintiffs.

24.    Firestone manufactured the roof materials used on the roof over the office of the Hwashin facility. Firestone inspected and approved the roof after it was installed, and issued a warranty for the roof. Firestone negligently or wantonly failed to use due care in the manufacture, inspection, and warranting of the roof, which proximately resulted in the collapse of the roof at the Hwashin facility and injuries to Plaintiffs.

25.    In a timely manner, Plaintiffs move this court for leave to file Plaintiffs First Amendment to Complaint within the time set in the Court's Scheduling Order. Thus, pursuant to Rule 15(a) applies and leave should be freely granted because justice so requires.

26.    By filing Plaintiffs First Amendment to Complaint, Plaintiffs strike the original Complaint and reassert claims against Defendant Gray. In the Amended Complaint, Plaintiffs add the same party Defendants which were added by Defendant Gray in its Third Party Complaint and also added GNF and Mid-South.

WHEREFORE, Plaintiffs requests this Court grant them leave to file Plaintiffs' First Amendment to Complaint attached to this Motion as Exhibit "A."

Respectfully submitted this the 29th day of June, 2007.


JULIA A. BEASLEY
Attorney for Plaintiffs Jennifer and
Slade Piggott

OF COUNSEL:
BEASLEY, ALLEN, CROW,
METHVIN, PORTIS & MILES, P.C.
P. O. Box 4160
Montgomery, Alabama  36103-4160
(334) 269-2343

## CERTIFICATE OF SERVICE

I hereby certify that on June 29th, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system that will send notification of such filing to the following:

OF COUNSEL

Mr. W. Christopher Waller
Mr. James A. Rives
BALL, BALL, MATHEWS & NOVAK
P.O. Box 2148
Montgomery, AL 36102-2148
Attorneys for Alabama Self-Insured
Worker's Compensation Fund & Hwashin

Mr. E. Britton Monroe
Mr. Mickey B. Wright
Mr. Brian M. McClendon
LLOYD, GRAY & WHITEHEAD
2501 20th Place
Suite 300
Birmingham, AL 35223
Attorneys for Gray Construction

Ms. Arden Pathak
Capell & Howard
P.O. Box 2069
Montgomery, AL 36102-2069

Mr. Thomas Gallion
Ms. Felicia Long
Ms. Constance Walker
HASKELL SLAUGHTER YOUNG GALLION, LLC
PO Box 4660
Montgomery, Alabama 36103-4660
Attorneys for Latta Plumbing

Mr. Joe Peddy
Mr. Robert B. Stewart
SMITH, SPIRES & PEDDY, P.C.
Suite 200
2015  Second Avenue North
Birmingham, Alabama  35203
Attorneys for Cooper Steel Fabricators, Inc.

Mr. Charles K. Hamilton
BAINBRIDGE, MIMS, ROGERS & SMITH
P.O. Box 530886
Birmingham, AL  35253
Attorney for Freeland-Kentucky

Mr. Christopher G. Hume, III
Mr. W. Kyle Morris
MILLER, HAMILTON, SNIDER & ODOM
P.O. Box 46
Mobile, AL  36601
Attorneys for Eisenmann Corporation

Ms. Linda H. Ambrose
ROGERS & ASSOCIATES
3000 Riverchase Galleria
Suite 650
Birmingham, AL  35244
Attorney for Hwashin

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT ALABAMA

JENNIFER & SLADE PIGGOTT,        *

        Plaintiffs,                *

vs.                              *    CASE NUMBER: 2:CV-1158-MEF

JAMES N. GRAY COMPANY a/ka     *
GRAY CONSTRUCTION, INC.;       *
et al.,                           *

        Defendants.             *

### PLAINTIFFS' FIRST AMENDMENT TO COMPLAINT

In accordance with this Court's Scheduling Order, Plaintiffs strike the original Complaint and hereby file their Amended Complaint in lieu of Plaintiffs' original Complaint.

1.     Plaintiff Jennifer Piggott is over the age of nineteen years and resides in Butler County, Alabama.

2.     Plaintiff Slade Piggott, the husband of Jennifer Piggott, is over the age of nineteen years, and resides in Butler County, Alabama.

3.     Defendant James N. Gray Company a/k/a Gray Construction, Inc., (hereinafter "Gray") is an Alabama corporation with its principle place of business in Birmingham, Alabama.

4.     Defendant GNF Architects and Engineers, P.S.C., P.C., (hereinafter "GNF") is a Kentucky corporation with its principle place of business in Lexington, Kentucky, and at all times relevant hereto, did business in the State of Alabama and is subject to the jurisdiction of this Court.



5.     Defendant Freeland Harris Consulting Engineers of Kentucky, Inc., (hereinafter "Freeland Kentucky") is a Kentucky corporation with its principle place of business in Lexington, Kentucky, and at all times relevant hereto, did business in the State of Alabama and is subject to the jurisdiction of this Court.

6.     Defendant Freeland Harris Consulting Engineers of Georgia, Inc., (hereinafter "Freeland Georgia") is a Kentucky corporation with its principle place of business in Tucker, Georgia, and at all times relevant hereto, did business in the State of Alabama and is subject to the jurisdiction of this Court.

7.     Defendant All South Subcontractors, Inc., (hereinafter "All South") is an Alabama corporation with its principal place on business in Birmingham, Alabama, and is subject to the jurisdiction of this Court.

8.     Defendant Coopers Steel Fabricators, Inc., (hereinafter "Coopers") is a Tennessee corporation with its principle place of business in Shelbyville, Tennessee, and at all times relevant hereto, did business in the State of Alabama and is subject to the jurisdiction of this Court.

9.     Defendant Firestone Building Products Company, Inc., (hereinafter "Firestone") is an Indiana corporation with its principle place of business in Indianapolis, Indiana, and at all times relevant hereto, did business in the State of Alabama and is subject to the jurisdiction of this Court.

10.     Defendant The Hardy Corporation (hereinafter "Hardy") is an Alabama corporation with its principal place on business in Birmingham, Alabama, and is subject to the jurisdiction of this Court.

2

11.     Defendant Latta Plumbing and Construction Company, Inc., (hereinafter "Latta") is an Alabama corporation with its principle place of business in Gardendale, Alabama, and is subject to the jurisdiction of this Court.

12.     Defendant Mid-South Subcontractors, Inc., d/b/a Mid-South Roof Systems (hereinafter "Mid South") is a Georgia corporation with its principle place of business in Forest Park, Georgia, and at all times relevant hereto, did business in the State of Alabama and is subject to the jurisdiction of this Court.

### Statement of the Facts

13.     Upon information and belief, Defendant Gray contracted with Hwashin to design and build the Hwashin manufacturing facility.

14.     Defendant GNF was hired by Gray Construction to provide architectural services relating to the roofs for the Hwashin manufacturing facility.  GNF was the "Architect of Record" and was responsible for coordination of the design components of the Hwashin facility.

15.     Defendant Freeland-Kentucky and GNF entered into a Design Consulting Agreement for Freeland-Kentucky to provide all structural engineering services for the construction of the Hwashin facility, including the design and support structure of the roofs.  Freeland-Kentucky subcontracted with Freeland-Georgia for Freeland-Georgia to provide structural engineering services for the construction of the Hwashin facility, including the design and support structure of the roofs.

16.     Defendant All-South was the roofing subcontractor hired by Gray Construction to install the roof at the Hwashin facility.

17.    Defendant Coopers was hired by Defendant Gray to supply and install the structural steel, girders, joints, bridging, roof decking, roof frames and other steel products for the Hwashin facility.

18.    Defendant Firestone manufactured and warranted the roofs over the office building owned by Hwashin.  Firestone inspected and approved the roofs after installation.

19.    Defendant Hardy was hired by Defendant Gray to provide all engineering, materials, labor, equipment, and all other items necessary to complete the mechanical systems, including HVAC and plumbing work for the Hwashin facility.

20.    Defendant Latta was hired by Defendant Hardy to install the plumbing at the Hwashin facility, including pipes in the roof drainage system.

21.    Defendant Mid South was hired by Defendant Gray to install the gutters for the drainage system at Hwashin America and to perform repairs if necessary.

22.    On October 17, 2006, Plaintiff Jennifer Piggott was an employee of Hwashin America Corporation in Greenville, Alabama.

23.    At said time and place, Jennifer Piggott was performing her duties at her desk in the office at the Hwashin manufacturing facility.

24.    At said time and place, a wall collapsed and the roof of the office collapsed on Jennifer Piggott, knocking her to the floor and causing her to be severely injured.

25.    At all times material hereto, Plaintiff Slade Piggott is married to and the husband of Jennifer Piggott.

26.     At the aforesaid time and place, Defendant Gray and all Defendants had a duty to ensure that the roof and support walls were designed, constructed in such a manner to prevent it from collapsing on persons, including workers in the office as Jennifer Piggott.

27.     At said time and place, Defendant Gray and all Defendants had a duty to properly design and construct the building, including the walls and roof, with an adequate support structure and materials to withstand the elements of weather.

28.     Plaintiffs restate paragraphs 1 through 22 of this Complaint as if set out here in full.

29.     On or about September 24, 2003, Hwashin entered into a contract with defendant Gray, wherein Gray agreed to design and build an approximately 273,000 square foot manufacturing facility, including an office building, in Greenville, Butler County, Alabama ("Contract").

30.     Based on information and belief, Defendant Freeland-Harris Kentucky contracted with Defendant GNF to provide structural engineering services for construction of the Hwashin facility pursuant to the Contract, including, but not limited to, design of the structure supporting the Roofs.   Freeland-Harris Kentucky then subcontracted with Freeland-Harris Georgia to provide certain structural engineering services for the construction of the Hwashin facility, including but not limited to design of the structure supporting the Roofs.  (These Freeland Harris defendants are referred to in this Complaint collectively as "Freeland-Harris").

## COUNT ONE

31.     Plaintiffs reallege paragraphs 1 through 30 of the Complaint as if set out here in full.

32.     Defendant Gray and/or all Defendants negligently failed to design and/or construct the roof in such a manner to ensure the structural support system for the roofs, including the office, and the drainage system so that it would withstand heavy rain and/or wind.

33.     As a proximate consequence of Defendant Gray's negligence and/or the negligence of all Defendants, Plaintiff Jennifer Piggott was injured and damaged as follows:  she sustained serious and permanent injuries, including a crushed vertebrae at L4-5 which caused fluid to leak out of her spinal cord, caused numbness in her legs and toes and which required emergency surgery; she sustained injuries to her right knee, her back suffered lacerations and pieces of glass were embedded in her back, she suffered physical pain and will continue to suffer paid in the future; she was required to be hospitalized; she is required to wear a back brace; she suffered a broken rib; she incurred medical expenses and will continue to incur medical expenses in the future; she suffered mental anguish and will continue to suffer mental anguish in the future; she will be required to miss work and lose income as a result of her injuries; she will continue to lose income in the future; she will continue to have physical problems in the future as a result of the crushed vertebrae in her back; and she has otherwise been injured and damaged.

WHEREFORE,  Plaintiffs  demand  judgment  against  Defendant  Gray Construction and/or all Defendants in such an amount of compensatory damages as a jury may deem reasonable, and the costs of this action.

## COUNT TWO

34.    Plaintiffs reallege paragraphs 1 through 30 of the Complaint as if set out here in full.

35.    Defendant Gray Construction and/or all Defendants had a duty to enforce safety policies and/or to require compliance with all state and federal standards and regulations regarding construction, including the roof and drainage system of the Hwashin facility.

36.    Defendant Gray Construction and/or all Defendants negligently failed to inspect the roofs, the structural system support or the drainage system of the office building at completion of construction to determine whether its structural integrity was capable of withstanding the elements, including rain and wind.

37.    Defendant Gray and/or all Defendants negligently failed to design or to require the roofs to have an adequate structural support and/or an adequate drainage system, including the office.

38.    Defendant Gray and/or all Defendants negligently failed to design or to enforce safety policies and/or failed to require compliance with all state and federal standards and regulations regarding construction, including the roof and drainage system of the Hwashin facility.

39.    As a proximate consequence of Defendant Gray's negligence and/or the negligence of all Defendants, Plaintiff Jennifer Piggott was injured and damaged as alleged in paragraph number 33 above.

WHEREFORE, Plaintiffs demand judgment against Defendant Gray and/or all Defendants in such an amount of compensatory damages as a jury may deem reasonable, and the costs of this action.

## COUNT THREE

40.    Plaintiffs reallege paragraphs 1 through 30 of the Complaint as if set out here in full.

41.    Defendant Gray Construction and/or all Defendants had a duty to enforce safety policies and/or to require compliance with all state and federal standards and regulations regarding construction, including the roof and drainage system of the Hwashin facility.

42.    Defendant Gray Construction and/or all Defendants wantonly failed to inspect the roofs, the structural support system or the drainage system of the office building at completion of construction to determine whether its structural integrity was capable of withstanding the elements, including rain and wind.

43.    Defendant Gray and/or all Defendants wantonness failed to design or to require the roofs to have an adequate structural support and/or an adequate drainage system, including the office.

44.    Defendant Gray and/or all Defendants wantonness failed to design or to enforce safety policies and/or failed to require compliance with all state and federal standards and regulations regarding construction, including the roof and drainage system of the Hwashin facility.

8

45.    As a proximate consequence of Defendant Gray's wantonness and/or the negligence of all Defendants, Plaintiff Jennifer Piggott was injured and damaged as alleged in paragraph number 33 above.

WHEREFORE, Plaintiffs demand judgment against Defendant Gray and all Defendants in such an amount of compensatory damages as a jury may deem reasonable; a separate amount of punitive damages, and the costs of this action.

## COUNT FOUR

46.    Plaintiffs reallege paragraphs 1 through 30 of the Complaint as if set out here in full.

47.    Defendant Gray negligently hired, trained and/or supervised all Defendants which Defendant Gray hired to perform work or services rendered for the construction of the Hwashin facility.

48.    Defendant Gray had a duty to Hwashin to use due care to hire, retain, train and/or supervise qualified contractors and consultants to design, construct and/or install the roofs and the drainage systems for the Hwashin facility.

49.    Defendant Gray had a duty to Hwashin to use due care to ensure that the companies or individuals it hired were properly trained or otherwise qualified for the work performed or services rendered.

50.    As a proximate consequence of the negligence of Defendant Gray, Jennifer Piggott was injured and damaged as alleged in paragraph 33 above.

WHEREFORE, Plaintiffs demand judgment against Defendant Gray in such an amount of compensatory damages as a jury may award and the costs of this action.

## COUNT FIVE

51.    Plaintiffs reallege paragraphs 1 through 30 of the Complaint as if set out here in full.

52.    The negligence or wantonness or other wrongful conduct of all Defendants combined and concurred to cause the roof collapse on October 17, 2006, which injured Plaintiffs.

53.    As a proximate consequence of the combining and concurring negligence or wantonness or other wrongful conduct of all Defendants, Plaintiffs were injured and damaged as alleged in paragraphs 33 and 57 of Plaintiffs' First Amended Complaint.

WHEREFORE, Plaintiffs demand judgment against all Defendants in such an amount of compensatory damages; a separate amount of punitive damages, as a jury may award and the costs of this action.

## COUNT SIX

54.    Plaintiff Slade Piggott realleges paragraphs 1 through 30 of the Complaint as if set out here in full.

55.    Plaintiff Slade Piggott is the husband and marital partner of Plaintiff Jennifer Piggott.

56.    Plaintiff Jennifer Piggott was injured and damaged as alleged in paragraph 33 of the Complaint as a result of Defendants' negligence or wantonness.

57.    As a proximate consequence of Defendants' negligence, Plaintiff Slade Piggott has lost and will continue to lose the love, affection, and services of his wife, he also has lost income and has lost the ability to obtain jobs because of the necessity of taking care of his wife after she was injured when the roof fell on her; and he has otherwise been injured and damaged.

10

WHEREFORE, Plaintiff Slade Piggott demands judgment against all Defendants in such an amount of compensatory damages as a jury may award, and his costs of this action.

JULIA A. BEASLEY
Attorney for Plaintiffs

OF COUNSEL:
BEASLEY, ALLEN, CROW,
METHVIN, PORTIS & MILES, P.C.
P. O. Box 4160
Montgomery, Alabama  36103-4160
(334) 269-2343

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing document upon all counsel of record as listed below by either electronic filing or placing a copy of same in the United States Mail, first class, postage prepaid on this the 29th day of June, 2007.

*Julia A Beasley*

OF COUNSEL

Mr. W. Christopher Waller
Mr. James A. Rives
BALL, BALL, MATHEWS & NOVAK
P.O. Box 2148
Montgomery, AL  36102-2148
Attorneys for Alabama Self-Insured
Worker's Compensation Fund & Hwashin

Mr. E. Britton Monroe
Mr. Mickey B. Wright
Mr. Brian M. McClendon
LLOYD, GRAY & WHITEHEAD
2501 20th Place
Suite 300
Birmingham, AL  35223
Attorneys for Gray Construction

Ms. Arden Pathak
Capell & Howard
P.O. Box 2069
Montgomery, AL  36102-2069

Mr. Thomas Gallion
Ms. Felicia Long
Ms. Constance Walker
HASKELL SLAUGHTER YOUNG GALLION, LLC
PO Box 4660
Montgomery, Alabama  36103-4660
Attorneys for Latta Plumbing

Mr. Joe Peddy
Mr. Robert B. Stewart
SMITH, SPIRES & PEDDY, P.C.
Suite 200
2015  Second Avenue North
Birmingham, Alabama  35203
Attorneys for Cooper Steel Fabricators, Inc.

Mr. Charles K. Hamilton
BAINBRIDGE, MIMS, ROGERS & SMITH
P.O. Box 530886
Birmingham, AL  35253
Attorney for Freeland-Kentucky

Mr. Christopher G. Hume, III
Mr. W. Kyle Morris
MILLER, HAMILTON, SNIDER & ODOM
P.O. Box 46
Mobile, AL  36601
Attorneys for Eisenmann Corporation

Ms. Linda H. Ambrose
ROGERS & ASSOCIATES
3000 Riverchase Galleria
Suite 650
Birmingham, AL  35244
Attorney for Hwashin

GNF Architects and Engineers, P.S.C., P.C.
The Corporation Company
2000 Interstate Park Drive
Suite 204
Montgomery, Alabama  36109

Freeland Harris Consulting Engineers of Georgia, Inc.
The Corporation Company
2000 Interstate Park Drive
Suite 204
Montgomery, Alabama  36109

All South Subcontractors Inc.
c/o CSC Lawyers Inc. Service, Inc.
150 South Perry Street
Montgomery, Alabama  36104

13

Firestone Building Products Co., LLC
c/o National Registered Agents, Inc.
150 South Perry Street
Montgomery, Alabama  36104

The Hardy Corporation
c/o Craig E. Westendorf
430 12th Street South
Birmingham, Alabama  35233

Mid-South Roof Systems
5020 Old Dixie Highway
Forest Park, GA  30297-2148