**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA**

| | |
|---|---|
| JENNIFER PIGGOTT and SLADE PIGGOTT, ) | |
| ) | |
| **Plaintiffs** ) | |
| ) | |
| v. ) | |
| ) | |
| GRAY CONSTRUCTION, INC., ) | Civil Action Number: |
| ) | |
| **Defendant/Third-Party Plaintiff,** ) | **2:06-cv-01158-MEF-TFM** |
| ) | |
| v. ) | Honorable Chief Judge Mark E. Fuller |
| ) | |
| COOPER'S STEEL FABRICATORS, INC., ) | & |
| ALL-SOUTH SUBCONTRACTORS, ) | |
| FREELAND HARRIS CONSULTING ) | Honorable Terry F. Fuller |
| ENGINEERS OF KENTUCKY, INC., ) | |
| FREELAND HARRIS CONSULTING ) | |
| ENGINEERS OF GEORGIA, INC. THE ) | |
| HARDY CORPORATION, LATTA ) | |
| PLUMBING & CONSTRUCTION CO., INC., ) | |
| HWASHIN AMERICA CORPORATION and ) | |
| FIRESTONE BUILDING PRODUCTS CO., ) | |
| LLC, ) | |
| ) | |
| **Third-Party Defendants.** ) | |

---

**FREELAND HARRIS CONSULTING ENGINEERS OF GEORGIA, INC.'S
ANSWER TO THIRD-PARTY COMPLAINT OF GRAY CONSTRUCTION, INC.**

---

**COMES NOW,** the Third-Party Defendant, Freeland Harris Consulting Engineers of

Georgia, Inc. (hereinafter referred to as Freeland Harris), and as in for an Answer to the Third-Party

Complaint filed by Gray Construction, Inc. served in the above-styled actions says as follows:

Not guilty of breach of contract alleged in Count 8.

Not guilty of negligence alleged in Count 16.

The conduct of this Defendant was not the cause of the Third-Party Plaintiff's damages.

The conduct of this Defendant was not the cause of the Plaintiff's damages.

## PARTIES

1.    Upon information and belief, the allegations of Paragraph 1 are admitted.

2.    This Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 2 and therefore denies the same and demands strict proof of the matters asserted therein.

3.    This Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 3 and therefore denies the same and demands strict proof of the matters asserted therein.

4.    This Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 4 and therefore denies the same and demands strict proof of the matters asserted therein.

5.    This Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5 and therefore denies the same and demands strict proof of the matters asserted therein.

6.    This Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 6 and therefore denies the same and demands strict proof of the matters asserted therein.

7.    This Defendant denies the allegations set forth in Paragraph 7 and demands strict proof of the matters asserted therein.

8.     This Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 8 and therefore denies the same and demands strict proof of the matters asserted therein.

9.     This Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 9 and therefore denies the same and demands strict proof of the matters asserted therein.

10.    This Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 10 and therefore denies the same and demands strict proof of the matters asserted therein.

11.    Paragraph 11 does not appear to require response by this Defendant. To the extent a response is required, Defendant denies the allegations of Paragraph 11 and demands strict proof of the matters asserted therein.

## JURISDICTION AND VENUE

12.    This Defendant denies the allegations of Paragraph 12 of the Complaint and demands strict proof of the matters asserted therein.

13.    This Defendant denies the allegations of Paragraph 13 of the Complaint and demands strict proof of the matters asserted therein.

14.    This Defendant denies the allegations of Paragraph 14 of the Complaint and demands strict proof of the matters asserted therein.

## STATEMENT OF THE FACTS

15.    Paragraph 15 does not appear to require a response by this Defendant.  However, to the extent Paragraph 15 is intended to apply to this Defendant, this Defendant denies the allegations of Paragraph 15 and demands strict proof of the matters asserted therein.

16.    Paragraph 16 does not appear to require a response by this Defendant.  However, to the extent Paragraph 16 is intended to apply to this Defendant, this Defendant denies the allegations of Paragraph 16 and demands strict proof of the matters asserted therein.

17.    This Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 17 and therefore denies the same and demands strict proof of the matters asserted therein.

18.    This Defendant denies the allegations of Paragraph 18 and demands strict proof of the matters asserted therein.

19.    This Defendant denies the allegations of Paragraph 19 and demands strict proof of the matters asserted therein.

20.    Paragraph 20 does not appear to require a response by this Defendant.  However, to the extent Paragraph 20 is intended to apply to this Defendant, this Defendant denies the allegations of Paragraph 20 and demands strict proof of the matters asserted therein.

21.    Paragraph 21 does not appear to require a response by this Defendant.  However, to the extent Paragraph 21 is intended to apply to this Defendant, this Defendant denies the allegations of Paragraph 21 and demands strict proof of the matters asserted therein.

22.   Paragraph 22 does not appear to require a response by this Defendant. However, to the extent Paragraph 22 is intended to apply to this Defendant, this Defendant denies the allegations of Paragraph 22 and demands strict proof of the matters asserted therein.

23.   Paragraph 23 does not appear to require a response by this Defendant. However, to the extent Paragraph 23 is intended to apply to this Defendant, this Defendant denies the allegations of Paragraph 23 and demands strict proof of the matters asserted therein.

24.   The claims in Paragraph 24 do not appear to be directed against this Defendant. To the extent the allegations of Paragraph 24 apply to this Defendant, Defendant denies allegations of Paragraph 24 and demands strict proof of the matters asserted therein.

25.   The claims in Paragraph 25 do not appear to be directed against this Defendant. To the extent the allegations of Paragraph 25 apply to this Defendant, Defendant denies allegations of Paragraph 25 and demands strict proof of the matters asserted therein.

26.   The claims in Paragraph 26 do not appear to be directed against this Defendant. To the extent the allegations of Paragraph 26 apply to this Defendant, Defendant denies allegations of Paragraph 26 and demands strict proof of the matters asserted therein.

27.   The claims in Paragraph 27 do not appear to be directed against this Defendant. To the extent the allegations of Paragraph 27 apply to this Defendant, Defendant denies allegations of Paragraph 27 and demands strict proof of the matters asserted therein.

28.   The claims in Paragraph 28 do not appear to be directed against this Defendant. To the extent the allegations of Paragraph 28 apply to this Defendant, Defendant denies allegations of Paragraph 28 and demands strict proof of the matters asserted therein.

29.     The claims in Paragraph 29 do not appear to be directed against this Defendant.  To the extent the allegations of Paragraph 29 apply to this Defendant, Defendant denies allegations of Paragraph 29 and demands strict proof of the matters asserted therein.

30.     The claims in Paragraph 30 do not appear to be directed against this Defendant.  To the extent the allegations of Paragraph 30 apply to this Defendant, Defendant denies allegations of Paragraph 30 and demands strict proof of the matters asserted therein.

31.     The claims in Paragraph 31 do not appear to be directed against this Defendant.  To the extent the allegations of Paragraph 31 apply to this Defendant, Defendant denies allegations of Paragraph 31 and demands strict proof of the matters asserted therein.

**COUNT ONE FOR CONTRACTUAL INDEMNITY AS TO HWASHIN**

32.     This Defendant adopts and incorporates by reference its previous responses as if fully stated herein.

33.     The claims in Paragraph 33 do not appear to be directed against this Defendant.  To the extent the allegations of Paragraph 33 apply to this Defendant, Defendant denies allegations of Paragraph 33 and demands strict proof of the matters asserted therein.

34.     The claims in Paragraph 34 do not appear to be directed against this Defendant.  To the extent the allegations of Paragraph 34 apply to this Defendant, Defendant denies allegations of Paragraph 34 and demands strict proof of the matters asserted therein.

35.     The claims in Paragraph 35 do not appear to be directed against this Defendant.  To the extent the allegations of Paragraph 35 apply to this Defendant, Defendant denies allegations of Paragraph 35 and demands strict proof of the matters asserted therein.

36.     The claims in Paragraph 36 do not appear to be directed against this Defendant. To the extent the allegations of Paragraph 36 apply to this Defendant, Defendant denies allegations of Paragraph 36 and demands strict proof of the matters asserted therein.

## COUNT TWO - CONTRACTUAL INDEMNITY AS TO FREELAND HARRIS

37.     This Defendant adopts and incorporates by reference its previous responses as if fully stated herein.

38.     This Defendant denies the allegations of Paragraph 38 and demands strict proof of the matters asserted therein.

39.     This Defendant denies the allegations of Paragraph 39 and demands strict proof of the matters asserted therein.

40.     This Defendant denies the allegations of Paragraph 40 and demands strict proof of the matters asserted therein.

41.     This Defendant denies the allegations of Paragraph 41 and demands strict proof of the matters asserted therein.

## COUNT THREE - CONTRACTUAL INDEMNITY AS TO HARDY

42.     This Defendant adopts and incorporates by reference its previous responses as if fully stated herein.

43.     The claims in Paragraph 43 do not appear to be directed against this Defendant. To the extent the allegations of Paragraph 43 apply to this Defendant, Defendant denies allegations of Paragraph 43 and demands strict proof of the matters asserted therein.

44.    The claims in Paragraph 44 do not appear to be directed against this Defendant.  To the extent the allegations of Paragraph 44 apply to this Defendant, Defendant denies allegations of Paragraph 44 and demands strict proof of the matters asserted therein.

45.    The claims in Paragraph 45 do not appear to be directed against this Defendant.  To the extent the allegations of Paragraph 45 apply to this Defendant, Defendant denies allegations of Paragraph 45 and demands strict proof of the matters asserted therein.

46.    The claims in Paragraph 46 do not appear to be directed against this Defendant.  To the extent the allegations of Paragraph 46 apply to this Defendant, Defendant denies allegations of Paragraph 46 and demands strict proof of the matters asserted therein.

**COUNT FOUR - CONTRACTUAL INDEMNITY AS TO COOPER'S STEEL**

47.    This Defendant adopts and incorporates by reference its previous responses as if fully stated herein.

48.    The claims in Paragraph 48 do not appear to be directed against this Defendant.  To the extent the allegations of Paragraph 48 apply to this Defendant, Defendant denies allegations of Paragraph 48 and demands strict proof of the matters asserted therein.

49.    The claims in Paragraph 49 do not appear to be directed against this Defendant.  To the extent the allegations of Paragraph 49 apply to this Defendant, Defendant denies allegations of Paragraph 49 and demands strict proof of the matters asserted therein.

50.    The claims in Paragraph 50 do not appear to be directed against this Defendant.  To the extent the allegations of Paragraph 50 apply to this Defendant, Defendant denies allegations of Paragraph 50 and demands strict proof of the matters asserted therein.

51.    The claims in Paragraph 51 do not appear to be directed against this Defendant.  To the extent the allegations of Paragraph 51 apply to this Defendant, Defendant denies allegations of Paragraph 51 and demands strict proof of the matters asserted therein.

## COUNT FIVE - CONTRACTUAL INDEMNITY AS TO ALL-SOUTH

52.    This Defendant adopts and incorporates by reference its previous responses as if fully stated herein.

53.    The claims in Paragraph 53 do not appear to be directed against this Defendant.  To the extent the allegations of Paragraph 53 apply to this Defendant, Defendant denies allegations of Paragraph 53 and demands strict proof of the matters asserted therein.

54.    The claims in Paragraph 54 do not appear to be directed against this Defendant.  To the extent the allegations of Paragraph 54 apply to this Defendant, Defendant denies allegations of Paragraph 54 and demands strict proof of the matters asserted therein.

55.    The claims in Paragraph 55 do not appear to be directed against this Defendant.  To the extent the allegations of Paragraph 55 apply to this Defendant, Defendant denies allegations of Paragraph 55 and demands strict proof of the matters asserted therein.

56.    The claims in Paragraph 56 do not appear to be directed against this Defendant.  To the extent the allegations of Paragraph 56 apply to this Defendant, Defendant denies allegations of Paragraph 56 and demands strict proof of the matters asserted therein.

## COUNT SIX - COMMON LAW INDEMNITY AS TO HWASHIN

57.    This Defendant adopts and incorporates by reference its previous responses as if fully stated herein.

58.    The claims in Paragraph 58 do not appear to be directed against this Defendant.  To the extent the allegations of Paragraph 58 apply to this Defendant, Defendant denies allegations of Paragraph 58 and demands strict proof of the matters asserted therein.

59.    The claims in Paragraph 59 do not appear to be directed against this Defendant.  To the extent the allegations of Paragraph 59 apply to this Defendant, Defendant denies allegations of Paragraph 59 and demands strict proof of the matters asserted therein.

60.    The claims in Paragraph 60 do not appear to be directed against this Defendant.  To the extent the allegations of Paragraph 60 apply to this Defendant, Defendant denies allegations of Paragraph 60 and demands strict proof of the matters asserted therein.

61.    The claims in Paragraph 61 do not appear to be directed against this Defendant.  To the extent the allegations of Paragraph 61 apply to this Defendant, Defendant denies allegations of Paragraph 61 and demands strict proof of the matters asserted therein.

## COUNT SEVEN - COMMON LAW INDEMNITY AS TO LATTA

62.    This Defendant adopts and incorporates by reference its previous responses as if fully stated herein.

63.    The claims in Paragraph 63 do not appear to be directed against this Defendant.  To the extent the allegations of Paragraph 63 apply to this Defendant, Defendant denies allegations of Paragraph 63 and demands strict proof of the matters asserted therein.

64.    The claims in Paragraph 64 do not appear to be directed against this Defendant.  To the extent the allegations of Paragraph 64 apply to this Defendant, Defendant denies allegations of Paragraph 64 and demands strict proof of the matters asserted therein.

65.     The claims in Paragraph 65 do not appear to be directed against this Defendant.  To the extent the allegations of Paragraph 65 apply to this Defendant, Defendant denies allegations of Paragraph 65 and demands strict proof of the matters asserted therein.

66.     The claims in Paragraph 66 do not appear to be directed against this Defendant.  To the extent the allegations of Paragraph 66 apply to this Defendant, Defendant denies allegations of Paragraph 66 and demands strict proof of the matters asserted therein.

67.     The claims in Paragraph 67 do not appear to be directed against this Defendant.  To the extent the allegations of Paragraph 67 apply to this Defendant, Defendant denies allegations of Paragraph 67 and demands strict proof of the matters asserted therein.

### COUNT EIGHT - BREACH OF CONTRACT AS TO FREELAND HARRIS

68.     This Defendant adopts and incorporates by reference its previous responses as if fully stated herein.

69.     This Defendant denies the allegations of Paragraph 69 and demands strict proof of the matters asserted therein.

70.     This Defendant denies the allegations of Paragraph 70 and demands strict proof of the matters asserted therein.

71.     This Defendant denies the allegations of Paragraph 71 and demands strict proof of the matters asserted therein.

72.     This Defendant denies the allegations of Paragraph 72 and demands strict proof of the matters asserted therein.

73.     This Defendant denies the allegations of Paragraph 73 and demands strict proof of the matters asserted therein.

## COUNT NINE - BREACH OF CONTRACT AS TO COOPER'S STEEL

74.    This Defendant adopts and incorporates by reference its previous responses as if fully stated herein.

75.    The claims in Paragraph 75 do not appear to be directed against this Defendant. To the extent the allegations of Paragraph 75 apply to this Defendant, Defendant denies allegations of Paragraph 75 and demands strict proof of the matters asserted therein.

76.    The claims in Paragraph 76 do not appear to be directed against this Defendant. To the extent the allegations of Paragraph 76 apply to this Defendant, Defendant denies allegations of Paragraph 76 and demands strict proof of the matters asserted therein.

77.    The claims in Paragraph 77 do not appear to be directed against this Defendant. To the extent the allegations of Paragraph 77 apply to this Defendant, Defendant denies allegations of Paragraph 77 and demands strict proof of the matters asserted therein.

78.    The claims in Paragraph 78 do not appear to be directed against this Defendant. To the extent the allegations of Paragraph 78 apply to this Defendant, Defendant denies allegations of Paragraph 78 and demands strict proof of the matters asserted therein.

79.    The claims in Paragraph 79 do not appear to be directed against this Defendant. To the extent the allegations of Paragraph 79 apply to this Defendant, Defendant denies allegations of Paragraph 79 and demands strict proof of the matters asserted therein.

## COUNT TEN - BREACH OF CONTRACT AS TO HARDY

80.    This Defendant adopts and incorporates by reference its previous responses as if fully stated herein.

81.    The claims in Paragraph 81 do not appear to be directed against this Defendant.  To the extent the allegations of Paragraph 81 apply to this Defendant, Defendant denies allegations of Paragraph 81 and demands strict proof of the matters asserted therein.

82.    The claims in Paragraph 82 do not appear to be directed against this Defendant.  To the extent the allegations of Paragraph 82 apply to this Defendant, Defendant denies allegations of Paragraph 82 and demands strict proof of the matters asserted therein.

83.    The claims in Paragraph 83 do not appear to be directed against this Defendant.  To the extent the allegations of Paragraph 83 apply to this Defendant, Defendant denies allegations of Paragraph 83 and demands strict proof of the matters asserted therein.

84.    The claims in Paragraph 84 do not appear to be directed against this Defendant.  To the extent the allegations of Paragraph 84 apply to this Defendant, Defendant denies allegations of Paragraph 84 and demands strict proof of the matters asserted therein.

85.    The claims in Paragraph 85 do not appear to be directed against this Defendant.  To the extent the allegations of Paragraph 85 apply to this Defendant, Defendant denies allegations of Paragraph 85 and demands strict proof of the matters asserted therein.

## COUNT ELEVEN - BREACH OF CONTRACT AS TO ALL-SOUTH

86.    This Defendant adopts and incorporates by reference its previous responses as if fully stated herein.

87.    The claims in Paragraph 87 do not appear to be directed against this Defendant.  To the extent the allegations of Paragraph 87 apply to this Defendant, Defendant denies allegations of Paragraph 87 and demands strict proof of the matters asserted therein.

88.    The claims in Paragraph 88 do not appear to be directed against this Defendant.  To the extent the allegations of Paragraph 88 apply to this Defendant, Defendant denies allegations of Paragraph 88 and demands strict proof of the matters asserted therein.

89.    The claims in Paragraph 89 do not appear to be directed against this Defendant.  To the extent the allegations of Paragraph 89 apply to this Defendant, Defendant denies allegations of Paragraph 89 and demands strict proof of the matters asserted therein.

90.    The claims in Paragraph 90 do not appear to be directed against this Defendant.  To the extent the allegations of Paragraph 90 apply to this Defendant, Defendant denies allegations of Paragraph 90 and demands strict proof of the matters asserted therein.

91.    The claims in Paragraph 91 do not appear to be directed against this Defendant.  To the extent the allegations of Paragraph 91 apply to this Defendant, Defendant denies allegations of Paragraph 91 and demands strict proof of the matters asserted therein.

### COUNT TWELVE - THIRD-PARTY BENEFICIARY

### BREACH OF CONTRACT AS TO LATTA

92.    This Defendant adopts and incorporates by reference its previous responses as if fully stated herein.

93.    The claims in Paragraph 93 do not appear to be directed against this Defendant.  To the extent the allegations of Paragraph 93 apply to this Defendant, Defendant denies allegations of Paragraph 93 and demands strict proof of the matters asserted therein.

94.    The claims in Paragraph 94 do not appear to be directed against this Defendant.  To the extent the allegations of Paragraph 94 apply to this Defendant, Defendant denies allegations of Paragraph 94 and demands strict proof of the matters asserted therein.

95.  The claims in Paragraph 95 do not appear to be directed against this Defendant.  To the extent the allegations of Paragraph 95 apply to this Defendant, Defendant denies allegations of Paragraph 95 and demands strict proof of the matters asserted therein.

96.  The claims in Paragraph 96 do not appear to be directed against this Defendant.  To the extent the allegations of Paragraph 96 apply to this Defendant, Defendant denies allegations of Paragraph 96 and demands strict proof of the matters asserted therein.

## COUNT THIRTEEN - BREACH OF EXPRESSED WARRANTY AS TO HARDY

97.  This Defendant adopts and incorporates by reference its previous responses as if fully stated herein.

98.  The claims in Paragraph 98 do not appear to be directed against this Defendant.  To the extent the allegations of Paragraph 98 apply to this Defendant, Defendant denies allegations of Paragraph 98 and demands strict proof of the matters asserted therein.

99.  The claims in Paragraph 99 do not appear to be directed against this Defendant.  To the extent the allegations of Paragraph 99 apply to this Defendant, Defendant denies allegations of Paragraph 99 and demands strict proof of the matters asserted therein.

100.  The claims in Paragraph 100 do not appear to be directed against this Defendant.  To the extent the allegations of Paragraph 100 apply to this Defendant, Defendant denies allegations of Paragraph 100 and demands strict proof of the matters asserted therein.

## COUNT FOURTEEN - BREACH OF EXPRESS
## WARRANTY AS TO COOPER'S STEEL

101.  This Defendant adopts and incorporates by reference its previous responses as if fully stated herein.

102.   The claims in Paragraph 102 do not appear to be directed against this Defendant.  To the extent the allegations of Paragraph 102 apply to this Defendant, Defendant denies allegations of Paragraph 102 and demands strict proof of the matters asserted therein.

103.   The claims in Paragraph 103 do not appear to be directed against this Defendant.  To the extent the allegations of Paragraph 103 apply to this Defendant, Defendant denies allegations of Paragraph 103 and demands strict proof of the matters asserted therein.

104.   The claims in Paragraph 104 do not appear to be directed against this Defendant.  To the extent the allegations of Paragraph 104 apply to this Defendant, Defendant denies allegations of Paragraph 104 and demands strict proof of the matters asserted therein.

## COUNT FIFTEEN - BREACH OF EXPRESS WARRANTY AS TO ALL-SOUTH

105.   This Defendant adopts and incorporates by reference its previous responses as if fully stated herein.

106.   The claims in Paragraph 106 do not appear to be directed against this Defendant.  To the extent the allegations of Paragraph 106 apply to this Defendant, Defendant denies allegations of Paragraph 106 and demands strict proof of the matters asserted therein.

107.   The claims in Paragraph 107 do not appear to be directed against this Defendant.  To the extent the allegations of Paragraph 107 apply to this Defendant, Defendant denies allegations of Paragraph 107 and demands strict proof of the matters asserted therein.

108.   The claims in Paragraph 108 do not appear to be directed against this Defendant.  To the extent the allegations of Paragraph 108 apply to this Defendant, Defendant denies allegations of Paragraph 108 and demands strict proof of the matters asserted therein.

## COUNT SIXTEEN - NEGLIGENCE AS TO FREELAND HARRIS

109. This Defendant adopts and incorporates by reference its previous responses as if fully stated herein.

110. This Defendant denies the allegations of Paragraph 111 and demands strict proof of the matters asserted therein. The engineering services provided by Freeland Harris met the applicable Standard of Care.

111. This Defendant denies the allegations of Paragraph 111 and demands strict proof of the matters asserted therein.

112. This Defendant denies the allegations of Paragraph 112 and demands strict proof of the matters asserted therein.

## COUNT SEVENTEEN - NEGLIGENCE AS TO HARDY

113. This Defendant adopts and incorporates by reference its previous responses as if fully stated herein.

114. The claims in Paragraph 114 do not appear to be directed against this Defendant. To the extent the allegations of Paragraph 114 apply to this Defendant, Defendant denies allegations of Paragraph 114 and demands strict proof of the matters asserted therein.

115. The claims in Paragraph 115 do not appear to be directed against this Defendant. To the extent the allegations of Paragraph 115 apply to this Defendant, Defendant denies allegations of Paragraph 115 and demands strict proof of the matters asserted therein.

116. The claims in Paragraph 116 do not appear to be directed against this Defendant. To the extent the allegations of Paragraph 116 apply to this Defendant, Defendant denies allegations of Paragraph 116 and demands strict proof of the matters asserted therein.

## COUNT EIGHTEEN - NEGLIGENCE AS TO COOPER'S STEEL

117.   This Defendant adopts and incorporates by reference its previous responses as if fully stated herein.

118.   The claims in Paragraph 118 do not appear to be directed against this Defendant. To the extent the allegations of Paragraph 118 apply to this Defendant, Defendant denies allegations of Paragraph 118 and demands strict proof of the matters asserted therein.

119.   The claims in Paragraph 119 do not appear to be directed against this Defendant. To the extent the allegations of Paragraph 119 apply to this Defendant, Defendant denies allegations of Paragraph 119 and demands strict proof of the matters asserted therein.

120.   The claims in Paragraph 120 do not appear to be directed against this Defendant. To the extent the allegations of Paragraph 120 apply to this Defendant, Defendant denies allegations of Paragraph 120 and demands strict proof of the matters asserted therein.

## COUNT NINETEEN - NEGLIGENCE AS TO ALL-SOUTH

121.   This Defendant adopts and incorporates by reference its previous responses as if fully stated herein.

122.   The claims in Paragraph 122 do not appear to be directed against this Defendant. To the extent the allegations of Paragraph 122 apply to this Defendant, Defendant denies allegations of Paragraph 122 and demands strict proof of the matters asserted therein.

123.   The claims in Paragraph 123 do not appear to be directed against this Defendant. To the extent the allegations of Paragraph 123 apply to this Defendant, Defendant denies allegations of Paragraph 123 and demands strict proof of the matters asserted therein.

124.    The claims in Paragraph 124 do not appear to be directed against this Defendant.  To the extent the allegations of Paragraph 124 apply to this Defendant, Defendant denies allegations of Paragraph 124 and demands strict proof of the matters asserted therein.

## COUNT TWENTY - NEGLIGENCE AS TO LATTA

125.    This Defendant adopts and incorporates by reference its previous responses as if fully stated herein.

126.    The claims in Paragraph 126 do not appear to be directed against this Defendant.  To the extent the allegations of Paragraph 126 apply to this Defendant, Defendant denies allegations of Paragraph 126 and demands strict proof of the matters asserted therein.

127.    The claims in Paragraph 127 do not appear to be directed against this Defendant.  To the extent the allegations of Paragraph 127 apply to this Defendant, Defendant denies allegations of Paragraph 127 and demands strict proof of the matters asserted therein.

128.    The claims in Paragraph 128 do not appear to be directed against this Defendant.  To the extent the allegations of Paragraph 128 apply to this Defendant, Defendant denies allegations of Paragraph 128 and demands strict proof of the matters asserted therein.

## COUNT TWENTY-ONE - NEGLIGENCE AS TO FIRESTONE

129.    This Defendant adopts and incorporates by reference its previous responses as if fully stated herein.

130.    The claims in Paragraph 130 do not appear to be directed against this Defendant.  To the extent the allegations of Paragraph 130 apply to this Defendant, Defendant denies allegations of Paragraph 130 and demands strict proof of the matters asserted therein.

131.    The claims in Paragraph 131 do not appear to be directed against this Defendant.  To the extent the allegations of Paragraph 131 apply to this Defendant, Defendant denies allegations of Paragraph 131 and demands strict proof of the matters asserted therein.

132.    The claims in Paragraph 132 do not appear to be directed against this Defendant.  To the extent the allegations of Paragraph 132 apply to this Defendant, Defendant denies allegations of Paragraph 132 and demands strict proof of the matters asserted therein.

## AFFIRMATIVE DEFENSES

1.    This Defendant says that Third-Party Plaintiff has no contractual or legal basis to seek indemnity from this Defendant.

2.    The Statute of Limitations is a bar to the Third-Party Plaintiff's claims.

3.    This Defendant says that the Third-Party Complaint seeks contribution from alleged joint tortfeasors which is impermissible under Alabama Law.

4.    This Defendant says there was no legal duty owed by it to the Third-Party Plaintiff, the breach of which would give rise to a cause of action by Third-Party Plaintiff against this Defendant.

5.    Third-Party Plaintiff failed to act reasonably.

6.    Third-Party Plaintiff failed to mitigate its damages.

7.    Third-Party Plaintiff caused its own damages.

8.    Third-Party Plaintiff was guilty of contributory negligence, which proximately caused its own damages.

9.    Plaintiff herself was guilty of contributory negligence.

10.    Plaintiff herself assumed the risk.

11.    There is a Limitation of Liability as outlined in the Contract between Gray Construction, Inc. and Freeland Harris Consulting Engineers of Georgia, Inc.

12.    Third-Party Plaintiff has failed to state certain claims upon which relief can be granted.

13.    Third-Party Plaintiff's claims are barred by the Statute of Repose.

14.    Third-Party Plaintiff's claims are barred by the Doctrine of Laches.

15.    The damages complained of arose as a result of acts or omissions of others over whom this Defendant had no control.

16.    The damages complained of arose as a result of acts or omissions of others which occurred after this Defendant had fully performed under its contract.

17.    This Defendant denies that it breached any express or implied warranties to the Third-Party Plaintiff.

18.    This Defendant denies that the Third-Party Plaintiff was injured to the nature and extent alleged in the Complaint.

19.    Jurisdiction is improper.

20.    Plaintiff's alleged damages were caused by an Act of God.

21.    Third-Party Plaintiff's alleges damages were caused by an Act of God.

22.    This Defendant reserves the right to amend its affirmative defenses and Answer to the Third-Party Complaint as further information is developed in the course of discovery in this case.

/s/ John M. Laney, Jr.
JOHN M. LANEY, JR., ESQ. (LAN007)
JOHN C. DeSHAZO, ESQ. (DES007)
Attorneys for Third-Party Defendant
Freeland Harris Consulting Engineers of Georgia, Inc.

**OF COUNSEL:**

**LANEY & FOSTER, P.C.**
Post Office Box 43798
Birmingham, Alabama 35243-0798
Telephone: (205) 298-8440
Facsimile: (205) 298-8441

## CERTIFICATE OF SERVICE

I hereby certify that on July 2, 2007, I electronically filed the foregoing with the Clerk of Court using the US District Court Filing System which sends information of such filing to Counsel of Record in this cause and those not registered with the US District Court Filing System for electronic notification have been served by US Mail.

| | |
|---|---|
| **Attorney for Third-party Plaintiffs** <br> **Jennifer Piggott & Slade Piggott** <br> Jere L. Beasley, Esq. <br> Julia Ann Beasley, Esq. <br> Beasley Allen Crow Methvin Portis & Miles <br> Post Office Box 4160 <br> Montgomery, Alabama 36103-4160 <br> Telephone: (334) 269-2343 <br> Facsimile: (334) 954-7555 | **Attorney for Intervener Plaintiff** <br> **Hwashin America Corporation** <br> James A. Rives, Esq. <br> William Christopher Walker, Jr., Esq. <br> Ball Ball Mathews& Novak, PA <br> Post Office Box 2148 <br> Montgomery, Alabama 36102-2148 <br> Telephone: (334) 387-7680 <br> Facsimile: (334) 387-3222 |
| **Attorney for Defendant / Third-Party Plaintiff** <br> **Gray Construction, Inc.** <br> Brian Michael McClendon, Esq. <br> Elliott Britton Monroe, Esq. <br> Mickey B. Wright, Esq. <br> Lloyd Gray & Whitehead, P.C. <br> 2501 Twentieth Place South, Suite 300 <br> Birmingham, Alabama 35223 <br> Telephone: (205) 967-8822 <br> Facsimile: (205) 967-2380 | **Attorney for Third-Party Defendant** <br> **Latta Plumbing and Construction Co., Inc.** <br> Constance C. Walker, Esq. <br> Felicia Abernathy Long, Esq. <br> Thomas T. Gallion, III, Esq. <br> Haskell Slaughter Young & Gallion, LLC <br> Post Office Box 4600 <br> Montgomery, Alabama 36104 <br> Telephone: (334) 265-8573 <br> Facsimile: (334) 264-7945 |

**Attorney for Third-Party Defendant**
**Firestone Building Products Co., LLC**
Hope T. Cannon, Esq.
Bradley Arant Rose & White LLP
1819 Fifth Avenue North
Birmingham, Alabama 35203
Telephone: (205) 521-8722
Facsimile: (205) 488-6722

**Attorney for Third-Party Defendant**
**Cooper Steel Fabricators**
A. Joe Peddy, Esq.
Robert B. Stewart, Esq.
Smith Spires & Peddy, P.C.
2015 Second Avenue North, Suite 200
Birmingham, Alabama 35203
Telephone: (205) 251-5885
Facsimile: (205) 251-8642

**Attorney for Third-Party Defendant Freeland**
**Harris Consulting Engineers of Kentucky, Inc.**
Charles Keith  Hamilton, Esq.
Bainbridge Mims Rogers & Smith
Post Office Box 530886
Birmingham, Alabama 35253-0886
Telephone:(205) 879-1100
Facsimile: (205) 879-4300

/s/ John M. Laney, Jr.
**OF COUNSEL**