IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA

| | |
|---|---|
| **JENNIFER PIGGOTT and** <br> **SLADE PIGGOTT,** <br><br> Plaintiffs, <br><br> VS. <br><br> **GRAY CONSTRUCTION, INC.;** <br> **et al.,** <br><br> Defendant / Third-Party Plaintiff, <br><br> VS. <br><br> **COOPER'S STEEL FABRICATORS, INC.;** <br> **et al.,** <br><br> Third-Party Defendants. | CASE NO. 2:06-cv-01158-MEF-TFM |

## ANSWER TO THIRD-PARTY COMPLAINT

COMES NOW the Defendant, The Hardy Corporation ("Hardy") and for answer to the third-party complaint heretofore filed states as follows:

1-7.    No response required by this Defendant. To the extent that allegations are made against this Defendant, they are denied.

8.    Admitted.

9-11.    No response required by this Defendant. To the extent that allegations are made against this Defendant, they are denied.

### JURISDICTION AND VENUE

12.    This Defendant denies that it owes indemnity to Gray Construction, Inc. ("Gray") for the claims against Gray brought by Mr. and Mrs. Piggott and therefore denies that the claims against

Hardy by Gray are so related to claims in the action by Piggott to provide supplemental jurisdiction to this Court.

13. Subject to the averments in Paragraph 12 above, admitted.

14. Subject to the averments in Paragraph 12 above, admitted.

## STATEMENT OF FACTS

15. Based on present information and belief, admitted.

16. Based on present information and belief, admitted. Although the contract documents will speak for themselves and the contract is to be taken as a whole.

17. Based on present information and belief, admitted.

18. This Defendant is without sufficient information or belief to admit or deny the allegations of this Paragraph as phrased. To the extent that allegations of wrongdoing are made against this Defendant, the allegations are denied.

19. Based on present information and belief, admitted. Although the contract documents will speak for themselves and the contract is to be taken as a whole.

20. Denied as phrased. The contract between Gray and Hardy will set out the terms of the contract and the responsibilities of the parties.

21. Admitted with respect to the subcontract language, but denied as phrased with respect to the legal statement.

22. This Defendant is without sufficient information or belief to admit or deny the allegations of this Paragraph as phrased. To the extent that allegations of wrongdoing are made against this Defendant, the allegations are denied.

23. This Defendant is without sufficient information or belief to admit or deny the allegations of this Paragraph as phrased. To the extent that allegations of wrongdoing are made against this Defendant, the allegations are denied.

24. Admitted that the quoted language is in the contract.

25. Admitted that the quoted language is in the contract but avers that only part of the provision was quoted.

26. This Defendant is without sufficient information or belief to admit or deny the allegations of this Paragraph.

27. Based on present information and belief, admitted.

28. Based on present information and belief, admitted.

29. Based on present information and belief, admitted.

30. Admitted that the complaint by Mr. and Mrs. Piggott avers in substance the allegations of this Paragraph. This Defendant denies that it is responsible in any way, shape or form for the alleged injuries and damages.

31. Admitted that the complaint by Mr. and Mrs. Piggott avers in substance the allegations of this Paragraph. This Defendant denies that it is responsible in any way, shape or form for the alleged injuries and damages.

## COUNT ONE

32. Each response previously made is adopted as the response to this Paragraph.

33-36. No response required by this Defendant. To the extent that allegations are made against this Defendant, the allegations are denied.

## COUNT TWO

37. Each response previously made is adopted as the response to this Paragraph.

38-41.  No response required by this Defendant.  To the extent that allegations are made against this Defendant, the allegations are denied.

## COUNT THREE

42.  Each response previously made is adopted as the response to this Paragraph.

43.  Denied as phrased.  The contract language will set out the terms and responsibilities of the parties.

44.  Denied.

45.  Denied.

46.  Denied.

## COUNT FOUR

47.  Each response previously made is adopted as the response to this Paragraph.

48-51.  No response required by this Defendant.  To the extent that allegations are made against this Defendant, the allegations are denied.

## COUNT FIVE

52.  Each response previously made is adopted as the response to this Paragraph.

53-56.  No response required by this Defendant.  To the extent that allegations are made against this Defendant, the allegations are denied.

## COUNT SIX

57.  Each response previously made is adopted as the response to this Paragraph.

58-61.  No response required by this Defendant.  To the extent that allegations are made against this Defendant, the allegations are denied.

## COUNT SEVEN

62.  Each response previously made is adopted as the response to this Paragraph.

63-67. No response required by this Defendant. To the extent that allegations are made against this Defendant, the allegations are denied.

## COUNT EIGHT

68. Each response previously made is adopted as the response to this Paragraph.

69-73. No response required by this Defendant. To the extent that allegations are made against this Defendant, the allegations are denied.

## COUNT NINE

74. Each response previously made is adopted as the response to this Paragraph.

75-79. No response required by this Defendant. To the extent that allegations are made against this Defendant, the allegations are denied.

## COUNT TEN

80. Each response previously made is adopted as the response to this Paragraph.

81. Denied as phrased. Hardy and Gray did enter into a contract but the terms and conditions of the contract are as set out in the contract and not by allegations of the complaint.

82. Denied as phrased. Hardy and Gray did enter into a contract but the terms and conditions of the contract are as set out in the contract and not by allegations of the complaint.

83. Denied.

84. Denied.

85. Denied.

## COUNT ELEVEN

86. Each response previously made is adopted as the response to this Paragraph.

87-91. No response required by this Defendant. To the extent that allegations are made against this Defendant, the allegations are denied.

## COUNT TWELVE

92.     Each response previously made is adopted as the response to this Paragraph.

93-96.  No response required by this Defendant.  To the extent that allegations are made against this Defendant, the allegations are denied.

## COUNT THIRTEEN

97.     Each response previously made is adopted as the response to this Paragraph.

98.     Denied as phrased.  The terms and conditions of the contract are as set out in the contract and not by allegations of the complaint.

99.     Denied.

100.    Denied.

## COUNT FOURTEEN

101.    Each response previously made is adopted as the response to this Paragraph.

102-104.    No response required by this Defendant.  To the extent that allegations are made against this Defendant, the allegations are denied.

## COUNT FIFTEEN

105.    Each response previously made is adopted as the response to this Paragraph.

106-108.    No response required by this Defendant.  To the extent that allegations are made against this Defendant, the allegations are denied.

## COUNT SIXTEEN

109.    Each response previously made is adopted as the response to this Paragraph.

110-112.    No response required by this Defendant.  To the extent that allegations are made against this Defendant, the allegations are denied.

## COUNT SEVENTEEN

113.    Each response previously made is adopted as the response to this Paragraph.

114.    Denied as phrased.  The duties and responsibilities of this Defendant are as set out by Alabama law and not by allegations of the complaint.

115.    Denied.

116.    Denied.

## COUNT EIGHTEEN

117.    Each response previously made is adopted as the response to this Paragraph.

118-120.    No response required by this Defendant.  To the extent that allegations are made against this Defendant, the allegations are denied.

## COUNT NINETEEN

121.    Each response previously made is adopted as the response to this Paragraph.

122-124.    No response required by this Defendant.  To the extent that allegations are made against this Defendant, the allegations are denied.

## COUNT TWENTY

125.    Each response previously made is adopted as the response to this Paragraph.

126-128.    No response required by this Defendant.  To the extent that allegations are made against this Defendant, the allegations are denied.

## COUNT TWENTY-ONE

129.    Each response previously made is adopted as the response to this Paragraph.

130-132.    No response required by this Defendant.  To the extent that allegations are made against this Defendant, the allegations are denied.

## **DEFENSES**

1. The complaint filed against the Defendant fails to state a cause of action upon which relief can be granted.

2. This Defendant pleads the general issue.

3. This Defendant pleads the defense of superseding cause.

4. This Defendant pleads the defense of intervening cause.

5. To the extent that allegations of negligence are made by third-party Plaintiff, this third-party Defendant pleads the defense of contributory negligence.

6. To the extent that allegations of negligence are made by third-party Plaintiff, this third-party Defendant pleads the defense of assumption of the risk.

7. This third-party Defendant avers that work performed by it and its subcontractors was completed and accepted by Gray and Hwashin America Corporation and further avers that this Defendant is not liable to Gray and/or Hwashin America Corporation for any damages or for any indemnity.

8. This third-party Defendant avers that the claims of the third-party Plaintiff are not brought in the name of the real party in interest in that any damages allegedly sustained by Gray are covered by insurance and the real party in interest is the insurance carrier for Gray.

9. This third-party Defendant denies that it breached any express or implied warranties as alleged in the third-party complaint and denies that any alleged breaches of warranty proximately caused any injuries or damages to the Plaintiffs and denies that any alleged breaches of warranty give rise to indemnity to third-party Plaintiff as alleged.

10. This third-party Defendant pleads the defense of accord and satisfaction.

11. This third-party Defendant reserves the right to add any additional defenses that may arise during the course of discovery.

> Respectfully submitted,
>
> **s/ Larry W. Harper**
> _____
> **LARRY W. HARPER** (ASB-3074-R76L; HAR093)
> Attorney for

**OF COUNSEL:**

*PORTERFIELD, HARPER, MILLS & MOTLOW, P.A.*
22 Inverness Center Parkway, Suite 600
Post Office Box 530790
Birmingham, AL 35253-0790
Telephone: (205) 980-5000
Facsimile: (205) 980-5001
Email: lwh@phm-law.com

## CERTIFICATE OF SERVICE

I hereby certify that on this the **3rd** day of **July**, **2007**, a true and correct copy of the above and foregoing Answer to Third-Party Complaint has been served on all parties and counsel of record either by electronic mail or by placing a copy of the same in the United States Mail postage prepaid and properly addressed as follows:

Jere L. Beasley, Esq.
Julia A. Beasley, Esq.
Beasley, Allen, Crow,
  Methvin, Portis & Miles, P.C.
Post Office Box 4160
Montgomery, AL 36103-4160

Elliot Britton Monroe, Esq.
Mickey B. Wright, Esq.
Brian M. McClendon, Esq.
Lloyd, Gray & Whitehead, P.C.
2501 Twentieth Place South, Suite 300
Birmingham, AL 35223

Steven K. Herndon, Esq.
Gidiere, Hington & Herndon
60 Commerce Street, Suite 904
Montgomery, AL 36104

James A. Rives, Esq.
William Christopher Waller, Jr., Esq.
Ball, Ball, Matthews & Novak, P.A.
Post Office Box 2148
Montgomery, AL 36102-2148

Arden Pathak, Esq.
Capell & Howard
Post Office Box 2069
Montgomery, AL 36102-2069

Thomas Gallion, Esq.
Felicia Long, Esq.
Constance Walker, Esq.
Haskell, Slaughter, Young & Gallion, LLC
Post Office Box 4660
Montgomery, AL 36103-4660

Joe Peddy, Esq.
Robert B. Stewart, Esq.
Smith, Spires & Peddy, P.C.
2015 Second Avenue North, Suite 200
Birmingham, AL 35203

Charles K. Hamilton, Esq.
Bainbridge, Mims, Rogers & Smith
Post Office Box 530886
Birmingham, AL 35253

Christopher G. Hume, III, Esq.
W. Kyle Morris, Esq.
Miller, Hamilton, Snider & Odom
Post Office Box 46
Mobile, AL 36601

Linda H. Ambrose, Esq.
Rogers & Associates
3000 Riverchase Galleria, Suite 650
Birmingham, AL 35244

GFN Architects and Engineers, P.S.C., P.C.
The Corporation Company
2000 Interstate Park Drive, Suite 204
Montgomery, AL 36109

All South Subcontractors, Inc.
c/o CSC Lawyers Inc. Service, Inc.
150 South Perry Street
Montgomery, AL 36104

Hope T. Cannon, Esq.
Bradley, Arant
1819 5th Avenue North
One Federal Place
Birmingham, AL 35203

        **/s/ Larry W. Harper**
        _____
        **OF COUNSEL**