**UNITED STATES DISTRICT COURT**
MIDDLE DISTRICT OF ALABAMA
OFFICE OF THE CLERK
POST OFFICE BOX 711
MONTGOMERY, ALABAMA 36101-0711

DEBRA P. HACKETT, CLERK                                        TELEPHONE (334) 954-3600

July 5, 2007

# NOTICE OF CORRECTION

**From:    Clerk's Office**

**Case Style:    Piggott et al v. Gray Construction, Inc.**

**Case Number:    2:06-cv-01158-MEF**

**This Notice of Correction was filed in the referenced case this date to correct the erroneous PDF document previously attached by E-Filer.**

**The correct PDF document is attached to this notice for your review.   Reference is made to document # 62  filed on   July 3, 2007.**

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA

| | |
|---|---|
| **JENNIFER PIGGOTT and** ) | |
| **SLADE PIGGOTT,** ) | |
| ) | **CASE NUMBER: CV06-1158** |
| PLAINTIFFS, ) | |
| ) | |
| vs. ) | |
| ) | |
| **GRAY CONSTRUCTION, INC.,** ) | |
| ) | |
| **DEFENDANT/THIRD-PARTY** ) | |
| **PLAINTIFF** ) | |
| vs. ) | |
| ) | |
| **COOPER'S STEEL FABRICATORS,** ) | |
| **INC., et al,** ) | |
| ) | |
| THIRD-PARTY DEFENDANTS. ) | |

**ANSWER TO THIRD PARTY COMPLAINT**

Comes now All-South Subcontractors, Inc., Third Party Defendant in the above cause and Answers the Third Party Complaint as follows:

1) Said Third-Party Defendant admits the allegations contained in the following paragraphs of the Third Party Complaint: 4, 12,13,14, 15,16,23,24,25,26,30,31,33,34,35, 53, 87, 88 and 106.

2) Said third Party Defendant denies the allegations contained in the following paragraphs of the Third Party Complaint: 55, 56, 89, 90 and 91, 107, 108, 122, 123 and 124.

3) Said Third Party Defendant lacks sufficient information to admit or deny the

remaining allegations of the Third Party Complaint;

## CROSS CLAIM AGAINST THIRD PARTY DEFENDANT
## FOR CONTRACTUAL INDEMNITY

Comes now Third Party Defendant All-South Subcontractors, Inc., (All-South) and files this Cross-Claim against Third Party Defendant Hwashin America Corporation (Hwashin), pursuant to Rule 13(g), F.R.C.P.; viz:

1) All-South is an Alabama Corporation with its principal place of business in Birmingham, Alabama; All-South is the Subcontractor hired by Gray (The Third Party Plaintiff) to install the roof at the Hwashin facility described in the Third Party Complaint;

2) Hwashin America Corporation (Hwashin) is a Delaware Corporation with its principal place of business in Montgomery, Alabama. Hwashin is the owner of a manufacturing facility in Greenville, Alabama (Hwashin facility) and at all times was responsible for maintenance of the Hwashin facility roof drains.

3) This Court has subject matter jurisdiction over All-South's Cross Claim pursuant to 28 U.S.C. 1367, because this claim arose from the same occurrence as Mr. And Mrs. Piggott's claims in the main complaint in this matter, and the Court has jurisdiction over those claims pursuant to 28 U.S.C. 1332;

4) This Court is the proper venue for this Third-Party Complaint pursuant to 28

U.S,C, 1391 because a substantial part of the events or omissions giving rise to the third-party claims occurred in this judicial district.

5) This Court has personal jurisdiction over the Cross Claim Defendant because they conduct business in and transact business throughout the State of Alabama and it would not offend notions of fair play or substantial justice to require Cross Claim Defendant to answer Gray's Third-Party Complaint in the Middle District of Alabama.

6) The Contract entered into by Hwashin and Gray contains the following indemnity provision:

11.10.4.3. Owner's Indemnification Responsibilities.  To the fullest extent permitted by law, the Owner shall defend, indemnify, and hold harmless Design/Builder, its Subcontractors, Suppliers, consultants, agents and employees, from any and all claims, liability, damages and expenses(including attorney fees and expense), arising out of or resulting from:

  (a) Any claim, suit or legal proceeding to recover damages for wrongful death, bodily injury, illness or disease or injury to, or destruction of tangible property alleged to be caused either directly or indirectly by any substances, condition, element, or material or any combination of the foregoing; (a) produced by Owner or emitted or released by Owner either intentionally or unintentionally, from the facilities designed and/or constructed by Design/Builder for the benefit of Owner, or (b) used by Design/Builder or incorporated by Design/Builder into the Work herein agreed to be performed by Design/Builder for the benefit of Owner if specifically required by Owner or if necessary for the planned use of the work and to the extent not caused by the mishandling of such substances, condition, element, or material by Design/Builder, its Subcontractors, suppliers, consultants, agents and employees.

7) All-South is a direct beneficiary of that provision of the contract because it was a subcontractor of Gray.

8) Mr. and Mrs. Piggott have asserted claims of negligence and wantonness related to Mr. and Mrs. Piggott's injuries that were allegedly incurred when the roof of the Hwashin facility collapsed upon Mrs. Piggott.

9) The collapse of the office roof was directly caused by a condition created by

Hwashin.  The roof collapse was the result of Hwashin failing to maintain the roof drainage system at the Hwashin facility by allowing debris to clog roof drains, which substantially diminished the drainage system's ability to drain water from the roof and which led directly to the collapse.

    10) All-South has been caused to suffer and will continue to suffer damages as a result of Hwashin's refusal to defend and indemnify All-South for the claims asserted by Mr.  And Mrs. Piggott and Gray.

**CROSS CLAIM FOR COMMON LAW INDEMNITY
AS TO HWASHIN**

    11) All-South re-alleges as if fully set out each and every allegation contained in Paragraphs Nos. 1 through 5 of this Answer and Cross-Claim.

    12) Hwashin is the owner of the Hwashin facility and was responsible for maintaining the roof drainage system at the Hwashin facility after construction.

    13) Hwashin negligently failed to maintain the roof drainage system at the Hwashin facility by allowing debris to clog the roof drains over the office area and negligently failed to perform periodic maintenance on the roof drains, which substantially diminished the drainage system's ability to drain water from the roof and directly led to the collapse of the roof.

    14) Hwashin was actively negligent in its breach of its duties and was the active cause of the roof collapse.

    15) As a proximate result of Hwashin's active negligence, All-South has been caused

to suffer and will continue to suffer damages as a result of Hwashin's refusal to defend and indemnify All-South for Hwashin's active negligence.

WHEREFORE, All-South demands judgment against Hwashin for compensatory damages in an amount to be determined by the trier of fact, together with interest from the date of the injury, costs of this proceeding and attorney's fees.

This the 3rd day of July 2007.

                                                s/John S. Somerset (SOM003)
                                                SUDDERTH & SOMERSET
                                                Attorneys for All-South Subcontractors, Inc.
                                                5385 1st Avenue North
                                                Birmingham, AL 35212
                                                (205) 595-4631

### CERTIFICATE OF SERVICE

I hereby certify that I have notified all attorneys or parties of record in this matter as required by the F.R.C.P this the 3rd day of July, 2007.

s/John S. Somerset, SOM003
Attorney for All-South Subcontractors, Inc.
5385 First Avenue North
Birmingham, AL 35212
(205)595-4631

| | |
|---|---|
| **Linda C. Ambrose** | lambrose@spt.com,jwise@spt.com |
| **Jere L. Beasley** | jere.beasley@beasleyallen.com, libby.rayborn@beasleyallen,com |
| **Julia Ann Beasley** | julia.beasley@beasleyallen.com, elizabeth.kidd@beasleyallen.com |
| **Hope T. Cannon** | hcannon@bradleyarant.com, aseeds@bradleyarant.com |

**John C. DeShazo**          JDeShazo@laneyfoster.com

**Thomas T. Gallion, III**  mp@hsy.com, ttg@hsy.com

**Charles Keith Hamilton** khamilton@bainbridgemims.com

**Larry William Harper**     lwh@phm-law.com, phm@phm-law.com, dbm@phm-law.com

**Joseph Lister Hubbard**  jlh@chlaw.com, gina@chlaw.com, roxie@chlaw.com

**John M. Laney, Jr.**         jmlaney@laneyfoster.com, jmlaney@laneyfoster.com

**Felicia Abernathy Long** fal@hsy.com

**Brian Michael McClendon** bmcclendon@lgwpc.com, chice@lgwpc.com

**Elliott Britton Monroe**   bmonroe@lgwpc.com, rfernandez@lgwpc.com

**Albry Joe Peddy**            Attorneys@ssp-law.com

**James A. Rives**              jrives@ball-ball.com, firm@ball-ball-com

**Robert B. Stewart**          Rob@ssp-law.com, attorneys@ssp-law.com

**Constance C. Walker**    ccw@hsy.com

**William Christopher Waller, Jr.**   CWaller@ball-ball.com, CStrickland@ball-ball.com

**Mickey B. Wright**          mwright@lgwpc.com, chelms@lgwpc.com

**The Hardy Corporation**
c/o Craig E. Westendorf
430 12th Street South
Birmingham, AL 35233