IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| **JENNIFER PIGGOTT AND SLADE PIGGOTT,** | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) |
| **GRAY CONSTRUCTION, INC.,** | ) ) |
| Defendant/ Third-party plaintiff, | ) ) |
| v. | ) ) |
| **COOPER'S STEEL FABRICATORS, INC., ALL-SOUTH SUBCONTRACTORS, FREELAND-HARRIS CONSULTING ENGINEERS OF KENTUCKY, INC., FREELAND HARRIS CONSULTING ENGINEERS OF GEORGIA, INC., THE HARDY CORPORATION, LATTA PLUBING & CONSTRUCTION CO, INC., HWASHIN AMERICA CORPORATION and FIRESTONE BUILDING PRODUCTS COMPANY, LLC,** | ) ) ) ) ) ) ) ) ) ) ) ) **CIVIL ACTION NUMBER: 2:06-cv-01158-MEF** |
| Third-party defendants. | ) |

## REPLY TO GRAY CONSTRUCTION INC'S OPPOSITION TO MOTION TO DISMISS THIRD-PARTY COMPLAINT

Comes now, Third-Party Defendant, Firestone Building Products Company, LLC ("FBP") and submits this reply to Gray Construction, Inc. ("Gray")'s Opposition to FBP's Motion to Dismiss Third-Party Complaint.

The two cases relied upon by Gray and cited by Gray in support of its Opposition, <u>Swope Alabaster Supply v. City of Alabaster</u>, 514 So. 2d 927 (Ala. 1987) and <u>Walter L. Couse & Co. v. Hardy Corp.</u>, 274 So. 2d 316(Ala. Civ. App. 1972), attached hereto as Exhibit "A", are misinterpreted and misapplied by Gray. Neither case supports a finding in favor of Gray on FBP's Motion to Dismiss.

In <u>Swope Alabaster Supply v. City of Alabaster</u>, the issue before the court was whether a claim for indemnity was one in contract or in tort. <u>See</u> <u>Swope</u>, 514 So. 2d at 929. The third-party defendant was the City of Alabaster, and under state law a notice of a tort claim against the City had to be filed within six months of the accrual of the claim. <u>See</u> <u>id</u>. at 928. No such notice was filed by Swope. Thus, if Swope's indemnity claim sounded in tort, then it would be barred by Swope's failure to give notice to the City before the lawsuit was filed. <u>See</u> <u>id</u>.

The trial court granted summary judgment in favor of the City on two grounds. <u>See</u> <u>id</u>. The first was based on the trial court's conclusion that the indemnity claim was a tort claim which was barred by the notice provision. <u>See</u> <u>id</u>. The second was that the indemnity claim was barred by the rule against contribution among joint tortfeasors. <u>See</u> <u>id</u>.

On appeal, the appellate court found that there was evidence of an express written contract between the parties and thus Swope's claim for indemnity sounded in contract as well as tort, and to that extent the contract claim was not barred by the notice provision. <u>See</u> <u>id</u>. at 929. However, the appellate court also held that to the extent the indemnity claim sounded in tort, it was barred by the notice provision. <u>See</u> <u>id</u>. Based on that conclusion, the appellate court stated

that it was "unnecessary to discuss the trial court's other reason for granting summary judgment for the City." Id. Thus, the issue of whether the bar against contribution among joint tortfeasors also precluded Swope's negligence claim against the City was never addressed by the appellate court. Gray did not have a contract with FBP, and Gray does not allege a contract with FBP. The Swope case, therefore, is inapplicable and does not detract from the validity of FBP's Motion to Dismiss.

The case of Walter L. Couse & Company v. The Hardy Corporation also does not support Gray's Opposition. There were essentially two issues addressed by the court in Couse. The first issue was whether the language in an express contract for indemnity between the subcontractor and general contractor was broad enough to include indemnity for the general contractor's own negligence. See Couse, 274 So. 2d at 319. Since there is no allegation that any contract existed between FBP and Gray, much less a written indemnity contract, that issue has no application here.

The second issue addressed by the Couse court was whether a general contractor could seek indemnity from a subcontractor absent a written indemnity agreement despite the settled principle that there is no contribution or indemnity among joint tortfeasors. See id. at 320. In responding to that question, the court stated two general rules. The first is that indemnity is not allowed among joint tortfeasors. See id. The second is that there is no right to indemnity or contribution by a general contractor against a subcontractor because a general contractor is generally not vicariously liable for a subcontractor's negligence. See id. at 321. The court then noted an exception to those general rules in the instance where a contractor has a non-delegable

duty to the public because in that limited situation the general contractor could be vicariously liable for the negligence of one of its subcontractors. See id. The underlying claim in Couse involved a plaintiff who was injured by falling on an allegedly unsafe "Public sidewalk" (emphasis on Public in original). Id, at 318-319, 321.

The Couse court held that "where a duty to the public exists in the manner of executing the work undertaken by the contractor", for example, "when the execution of the work tends to create a nuisance; when it is dangerous within itself, as in blasting operations; when the work requires the creation of a dangerous conditions, such as ditches and the like in a Public highway [emphasis in original]; or generally, when the maintenance of safe conditions in connection with the work is essential to the protection of the public," the general contractor may be vicariously liable for the negligent conduct of its subcontractor and may seek indemnity from its subcontractor. See id at 321. That exception is premised on the "protection of the public" exception to the general rule against indemnity or contribution among joint tortfeasors. See id. That exception, however, does not apply here because there is no allegation that the Hwashin construction project at issue, which was the construction of a private facility, created any duties owed by the general contractor to the "public" as explained in Couse.

Additionally, the design and build contract (the "Contract") attached to Gray's Opposition and referenced in Gray's Third Party Complaint contains the following language, which precludes Gray from arguing that it was merely passively negligent in the construction and alleged failure of the roof:

4

> 3.1.3   The Design/Builder shall be responsible to the Owner for the quality of the design services and for the quality of the construction performed by Design/Builder's employees, subcontractors and their agents and employees.
>
> 3.2.67   The Design/ Builder shall be responsible for all construction means, methods, techniques, sequences and procedures and for coordinating all portions of the work under this Part 2 Agreement.
>
> 3.2.910   The Design/Builder warrants to the Owner that materials and equipment furnished under the contract will be of good quality and new unless otherwise required or permitted by the Contract Documents, that the construction will be free from faults and effects, and that the construction will conform with the requirements of the Contract documents.

It is undisputed that Gray was the prime contractor on the construction project at issue. Gray's third-party complaint specifically says that Gray was hired to "design and construct the Hwashin facility", which necessarily includes the roof on the facility. See ¶ 15. A prime contractor is the contractor responsible for the construction project, and Gray of course was to be paid for its services according to the Contract. Thus, the facts as alleged in the complaint and third-party complaint in this case do not support Gray's argument for a "passive negligence" exception to the rule prohibiting indemnity between joint tortfeasors.

Simply, plaintiffs Mr. and Mrs. Piggott have alleged claims of negligence and wantonness against Gray for the collapse of the roof, and Gray has in turn alleged a negligence claim against FBP. Plaintiffs' claims against Gray arise out of Gray's own alleged negligent performance of those duties. If Gray was not negligent as Gray argues, then it has a complete defense to plaintiffs' claims (unlike the contractor in Couse). As Gray admits in its Opposition, its negligence claim against FBP is a claim for indemnity. Since indemnity between joint

tortfeasors is not allowed in Alabama, and since Gray has not alleged any facts which create any exception to that rule, Gray's third-party complaint is due to be dismissed.

WHEREFORE, above premises considered, FBP respectfully moves the Court to dismiss Gray's Third-Party Complaint against it.

Respectfully submitted,

s/ Hope T. Cannon
Hope T. Cannon
ASB-5898-T55H
One of the Attorneys for Firestone Building Products, LLC

OF COUNSEL

Brittin T. Coleman
Kenneth M. Perry
Bradley Arant Rose & White LLP
One Federal Place
1819 Fifth Avenue North
Birmingham, AL 35203-2104
Telephone: (205) 521-8000
Facsimile: (205) 521-8800

6

CERTIFICATE OF SERVICE

I hereby certify that on July 19, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

<u>Attorneys for Plaintiffs Jennifer Piggott and Slade Piggott</u>
Jere L. Beasley
Julia Ann Beasley
BEASLEY ALLEN CROW METHVIN PORTIS & MILES, PC.
P.O. Box 6160
Montgomery, AL 36103-4160
Jere.beasley@beasleyallen.com
Julia.beasley@beasleyallen.com

<u>Attorneys for Hwashin America Corporation</u>
Joseph L. Hubbard
CAPELL HOWARD PC
P.O. Box 2069
Montgomery, AL 36102-2069
jlh@chlaw.com

<u>Attorney for James N. Gray Company</u>
Brian Michael McClendon
Elliott Britton Monroe
Mickey B. Wright
LLOYD, GRAY & WHITEHEAD, P.C.
2501 Twentieth Place, South, Suite 300
Birmingham, AL 35223
bmcclendon@lgwpc.com
bmonroe@lgwpc.com
mwright@lgwpc.com

<u>Attorneys for All-South Subcontractors</u>
John S. Somerset
SUDDERTH & SOMERSET
5385 First Avenue North
Birmingham, AL 35212
sandsattys@bham.rr.com

<u>Attorneys for Hwashin America Corporation</u>
James A. Rives
William C. Waller, Jr.
BALL, BALL, MATTHEWS & NOVAK, P.A.
2000 Interstate Park Drive, Suite 204
Montgomery, AL 36109
jrives@ball-ball.com
cwaller@ball-ball.com

<u>Attorneys for Hwashin America Corporation</u>
Linda C. Ambrose
ROGERS & ASSOCIATES
3000 Riverchase Galleria, Suite 650
Birmingham, AL 35244
lambrose@spt.com

<u>Attorneys for Cooper Steel Fabricators</u>
A. Joe Peddy
Robert B. Stewart
SMITH, SPIRES & PEDDY, P.C.
2015 Second Avenue North
Suite 200
Birmingham, AL 35203
Attorneys@ssp-law.com
rob@ssp-law.com

<u>Attorneys for Freeland-Harris Consulting Engineers of Kentucky, Inc.</u>
Charles K. Hamilton
BAINBRIDGE MIMS ROGERS & SMITH
P.O. Box 530886
Birmingham, AL 35253-0886
khamilton@bainbridgemims.com

| | |
|---|---|
| Attorneys for Freeland-Harris <br> <u>Consulting Engineers of Georgia, Inc.</u> <br> John S. DeShazo <br> John M. Laney, Jr. <br> LANEY & FOSTER <br> P.O. Box 43798 <br> Birmingham, AL 35243-0798 <br> jdeshazo@laneyfoster.com <br> jmlaney@laneyfoster.com <br> Attorneys for Latta Plumbing and <br> <u>Construction Company, Inc.</u> <br> Constance C. Walker <br> Felicia Abernathy Long <br> Thomas T. Gallion, III <br> HASKELL SLAUGHTER YOUNG <br> & GALLION, LLC <br> 305 South Lawrence Street <br> Montgomery, AL 36104 <br> ccw@hsy.com <br> fal@hsy.com <br> mp@hsy.com | <u>Attorneys for The Hardy Corporation</u> <br> Larry W. Harper <br> PORTERFIELD, HARPER, MILLS <br> & MOTLOW <br> P.O. Box 530790 <br> Birmingham, AL 35253-0790 <br> lwh@phm-law.com |

and I hereby certify that I have mailed by United States Postal Service the document to the following non-CM/ECF participants:

    None

                                      Respectfully submitted,

                                      <u>s/ Hope T. Cannon</u>
                                      Hope T. Cannon
                                      Bradley Arant Rose & White LLP
                                      One Federal Place
                                      1819 Fifth Avenue North
                                      Birmingham, AL 35203-2104
                                      Telephone: (205) 521-8000
                                      Facsimile: (205) 521-8800
                                      E-mail: hcannon@bradleyarant.com

Westlaw.

514 So.2d 927  Page 1

514 So.2d 927
**(Cite as: 514 So.2d 927)**

C
Swope Alabaster Supply v. City of Alabaster
Ala.,1987.

Supreme Court of Alabama.
SWOPE ALABASTER SUPPLY
v.
CITY OF ALABASTER and T.M. Allen.
**85-1356.**

Sept. 18, 1987.

Vendor of real estate brought third-party action against city for its failure to properly maintain easement across property, which resulted in suit by purchasers of property. The Circuit Court, Jefferson County, Charles R. Crowder, J., granted city's motion for summary judgment, on basis that action sounded in tort and was barred by tort claims statute. Vendor appealed. The Supreme Court, Steagall, J., held that: (1) genuine issue of material fact as to whether contract existed between vendor and city precluded summary judgment; (2) city's failure to maintain easement could sound in contract, if one were proven; and (3) tort action by vendor was barred by tort claims statute.

Affirmed in part, and reversed in part and remanded.
West Headnotes
**[1] Judgment 228 €⇒181(19)**

228 Judgment
    228V On Motion or Summary Proceeding
        228k181 Grounds for Summary Judgment
            228k181(15) Particular Cases
                228k181(19) k. Contract Cases in General. Most Cited Cases
Genuine issue of material fact as to whether express contract between city and property owner existed, sufficient to allow third-party contract action against city, precluded summary judgment.

**[2] Contracts 95 €⇒35**

95 Contracts
    95I Requisites and Validity
        95I(C) Formal Requisites
            95k35 k. Signature. Most Cited Cases

**Contracts 95 €⇒46**

95 Contracts
    95I Requisites and Validity
        95I(C) Formal Requisites
            95k46 k. Questions for Jury. Most Cited Cases
Unless contract is required by statute to be in writing, it need not be signed if it is accepted and acted upon; whether writing was accepted and acted upon as contract is question for jury.

**[3] Municipal Corporations 268 €⇒741.35**

268 Municipal Corporations
    268XII Torts
        268XII(A) Exercise of Governmental and Corporate Powers in General
            268k741 Notice or Presentation of Claims for Injury
                268k741.35 k. Effect of Delay or Failure to Give. Most Cited Cases
        (Formerly 268k741.1(6))
Failure of vendor of real property to give notice of its potential tort claim against city for third-party damages, concerning city's failure to properly maintain its easement across realty, barred vendor's tort actions against city. Code 1975, § 11-47-23.

*928 Marvin L. Stewart, Jr., of Najjar, Denaburg, Meyerson, Zarzaur, Max, Boyd & Schwartz, Birmingham, for appellant.
William F. Prosch, Birmingham, for appellees.
STEAGALL, Justice.
Swope Alabaster Supply (hereinafter "Swope Supply"), who was the defendant/third-party plaintiff, appeals from a summary judgment granted in favor of the City of Alabaster and T.M. Allen,

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.


DEFENDANT'S EXHIBIT A

514 So.2d 927                                                                                                Page 2

514 So.2d 927
**(Cite as: 514 So.2d 927)**

third-party defendants. We affirm in part and reverse in part.

This action began on September 5, 1984, when Gary and Beverly Nichols filed a complaint against Swope Supply, seeking damages for breach of warranty and misrepresentation. The Nicholses had purchased a house from Swope Supply on September 6, 1983. The complaint alleged that prior to the "closing" of the purchase of the house on September 6, 1983, the backyard of the property was flooded and that Swope Supply represented that the problem would be solved.

On October 29, 1984, Swope Supply filed a motion to dismiss or, in the alternative, a motion to join the City of Alabaster as an indispensable party pursuant to Rule 19, A.R.Civ.P. Swope Supply argued that the City, through its building inspector (Allen), had accepted responsibility for the drainage problems asserted by the Nicholses and, therefore, that the City should have been joined as an indispensable party. The motion to dismiss and the motion to join the City as an indispensable party were overruled in May 1985.

In June 1985, Swope Supply filed answers to the Nicholses' complaint. On September 13, 1985, Swope Supply filed a third-party complaint against the City. On December 10, 1985, the City filed a motion for summary judgment with a supporting affidavit. The affidavit stated that a notice of claim, as required by Ala. Code 1975, § 11-47-23, had not been filed with the City within six months of the accrual of the claim. Swope Supply did not offer any affidavits in opposition to the motion for summary judgment.

[1] The trial court granted the motion for summary judgment after expressly finding that the claims stated in the third-party complaint were founded in tort and that the City did not receive notice of Swope Supply's claim within six months of September 5, 1984. The trial court also stated, as a reason for granting summary judgment, that Swope Supply and the City were joint tort-feasors, and that the third-party complaint sought contribution from the City, which is not allowed among joint tort-feasors.

The City relies on the following statute:
"All claims against the municipality (except bonds and interest coupons and claims for damages) shall be presented to the clerk for payment within two years from the accrual of said claim or shall be barred. *Claims for damages growing out of torts shall be presented within six months from the accrual thereof or shall be barred.*" Ala.Code 1975, § 11-47-23. (Emphasis added.)

*929 The first issue that must be addressed is whether the third-party complaint sounds in tort only. The third-party complaint seeks indemnity from the City under the following theories: breach of contract, promissory estoppel/implied contract, negligence and wantonness, and fraud. Swope Supply asserts in its third-party complaint that the City agreed in writing that it was responsible for the maintenance of all easements in the subdivision where the property in question is located. Swope Supply relies on the following letter as evidence of a contract between it and the City or between the City and the Nicholses with Swope Supply as an intended beneficiary.
" 'To Whom It May Concern:
"This is to advise that the City of Alabaster is responsible for the maintenance of all easements in Meadowlark Sub-division located in the city limits of Alabaster.
   "Sincerely,


"/s/ T.M. Allen,

   "Building Inspector"
The letter was presented by Swope Supply to the Nicholses at "closing" to indicate that the drainage problem would be solved.

[2] "The elements of a contract are agreement, consideration, two or more contracting parties, legal object, and capacity." *Lawler Mobile Homes, Inc. v. Tarver,* 492 So.2d 297, 303 (Ala.1986). We note that, although neither the Nicholses nor Swope Supply signed the letter, the object of a signature is to show mutuality and assent, but unless a contract is required by statute to be in writing, it need not be signed if it is accepted and acted upon. Whether a

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

514 So.2d 927                                                                                          Page 3

514 So.2d 927
**(Cite as: 514 So.2d 927)**

writing was accepted and acted upon as a contract is a question for the jury. *Bell v. Washington,* 373 So.2d 865 (Ala.Civ.App.1979).

Swope Supply contacted the City, seeking confirmation of its belief that the City would be responsible for maintaining the easement adjacent to the property in question. The City agreed in writing, as set forth in the letter quoted above, which it gave to Swope Supply, that it was responsible for the maintenance of all easements in the subdivision where the property in question is located.

We find that these facts constitute evidence of a contract between the City and Swope Supply or between the City and the Nicholses. Accordingly, we conclude that Swope Supply's third-party complaint sounds in contract, as well as in tort, and that the trial court erred in dismissing the contract causes of action alleged in the complaint. Insofar as the judgment related to the contract claims, it is reversed.

[3] It is evident from the pleadings, the depositions of the Nicholses, and Swope Supply's motion in opposition to the City's summary judgment motion that Swope Supply was aware of any claims it might have against the City on September 5, 1984, the date the Nicholses filed their complaint, or at the latest, on October 29, 1984, the date Swope Supply filed its motion to add the City as an indispensable party. However, the third-party complaint was not filed until September 13, 1985, and the City was not given notice of Swope Supply's tort claims before that date. Thus, Swope Supply failed to comply with the six-month notification provisions of Ala. Code 1975, § 11-47-23, with respect to the tort claims. Accordingly, the tort causes of action alleged in the third-party complaint are barred; the judgment of the trial court with respect to those causes of action is affirmed.

Our decision on these two issues makes it unnecessary to discuss the trial court's other reason for granting summary judgment for the City.

AFFIRMED IN PART; REVERSED IN PART; AND REMANDED.

TORBERT, C.J., and JONES, SHORES and ADAMS, JJ., concur.
Ala.,1987.
Swope Alabaster Supply v. City of Alabaster
514 So.2d 927

END OF DOCUMENT

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Westlaw.

274 So.2d 316                                                                                                                Page 1

49 Ala.App. 552, 274 So.2d 316
**(Cite as: 49 Ala.App. 552, 274 So.2d 316)**

▷

Walter L. Couse & Co. v. Hardy Corp.,
Ala.Civ.App. 1972.

Court of Civil Appeals of Alabama.
WALTER L. COUSE & COMPANY
v.
The HARDY CORPORATION.
**Civ. 14.**

Nov. 15, 1972.
Rehearing Denied Dec. 13, 1972.

A contractor sued a subcontractor for indemnity, and was nonsuited by the Circuit Court, Jefferson County, Claude Hughes, J. The Court of Civil Appeals, Holmes, J., held that a contract providing that the subcontractor would protect, defend, indemnify and hold harmless the contractor from any damages, claims, liabilities, attorneys' fees or expenses whatsoever, or any amount paid in compromise thereof arising out of or connected with the performance of order was broad enough to indemnify the contractor against its own negligence. The Court also held that the contractor's complaint that the contractor sustained liability to a third party by virtue of the fact that contractor was the prime contractor which was charged with performing work but that defendant as subcontractor in fact performed such work and that the contractor was not guilty of any act of negligence but that his liability in connection therewith resulted solely from the act of the subcontractor imputed to the contractor as the prime contractor and was therefore entitled to be indemnified by the subcontractor stated a cause of action for indemnity.

Reversed and remanded.

Certiorari denied, 290 Ala. 134, 274 So.2d 322.
West Headnotes
**[1] Appeal and Error 30 ☞870(5)**

30 Appeal and Error

30XVI Review
    30XVI(B) Interlocutory, Collateral, and Supplementary Proceedings and Questions
        30k869 On Appeal from Final Judgment
            30k870 Interlocutory Proceedings Brought Up in General
                30k870(5) k. Review of Rulings on Pleadings. Most Cited Cases
Where after sustaining of demurrers to plaintiff's four-count complaint, plaintiff added counts five and six, and after demurrers to counts five and six were sustained plaintiff was granted nonsuit on account of adverse rulings on demurrer to " complaint as last amended, and each count thereof, separately and severally" only trial court's rulings on demurrers to counts five and six were properly before reviewing court on appeal.

**[2] Appeal and Error 30 ☞870(3)**

30 Appeal and Error
    30XVI Review
        30XVI(B) Interlocutory, Collateral, and Supplementary Proceedings and Questions
            30k869 On Appeal from Final Judgment
                30k870 Interlocutory Proceedings Brought Up in General
                  30k870(3) k. Appealable Judgment or Orders in General. Most Cited Cases
Where it appears from motion for nonsuit and judgment thereon that nonsuit was superinduced by cumulative rulings of court on demurrer of defendant, each decree may be assigned as error.

**[3] Indemnity 208 ☞31(2)**

208 Indemnity
    208II Contractual Indemnity
        208k31 Construction and Operation of Contracts
            208k31(2) k. Intention of the Parties. Most Cited Cases
        (Formerly 208k6)
Intention to indemnify negligence of indemnitee

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

274 So.2d 316                                                                                                                                 Page 2

49 Ala.App. 552, 274 So.2d 316
**(Cite as: 49 Ala.App. 552, 274 So.2d 316)**

must clearly appear from wording of instrument, but when that intention is clear, provisions will be read and construed so as to give them meaning the parties have expressed.

**[4] Indemnity 208 ⚖︎33(5)**

208 Indemnity
    208II Contractual Indemnity
        208k33 Particular Cases and Issues
            208k33(5) k. Contractors, Subcontractors, and Owners. Most Cited Cases
    (Formerly 208k8.1(4), 208k8)
Contract providing that subcontractor would protect, defend, indemnify and hold harmless contractor from any damages, claims, liabilities, attorneys' fees or expenses whatsoever, or any amount paid in compromise thereof arising out of or connected with the performance of order was broad enough to indemnify contractor against its own negligence.

**[5] Indemnity 208 ⚖︎58**

208 Indemnity
    208III Indemnification by Operation of Law
        208k56 Right of One Compelled to Pay Against Person Primarily Liable
            208k58 k. Joint Tortfeasors or Parties in Pari Delicto in General. Most Cited Cases
    (Formerly 208k13.2(1), 208k13(2))

**Indemnity 208 ⚖︎59**

208 Indemnity
    208III Indemnification by Operation of Law
        208k56 Right of One Compelled to Pay Against Person Primarily Liable
            208k59 k. Relative Culpability. Most Cited Cases
    (Formerly 208k13.2(1), 208k13(2))
Indemnity is not allowed among joint tort-feasors, except that joint wrongdoer may claim indemnity where he has not been guilty of any fault, except technically or constructively, or where both parties are at fault and fault of party from whom indemnity is claimed was efficient cause of injury.

**[6] Indemnity 208 ⚖︎58**

208 Indemnity
    208III Indemnification by Operation of Law
        208k56 Right of One Compelled to Pay Against Person Primarily Liable
            208k58 k. Joint Tortfeasors or Parties in Pari Delicto in General. Most Cited Cases
    (Formerly 208k13.2(1), 208k13(2))
Where injury results from violation of duty which one tort-feasor owes to another, they are not in pari delicto, as respects right to indemnity.

**[7] Labor and Employment 231H ⚖︎3125**

231H Labor and Employment
    231HXVIII Rights and Liabilities as to Third Parties
        231HXVIII(C) Work of Independent Contractor
            231Hk3125 k. In General. Most Cited Cases
    (Formerly 255k316(1) Master and Servant)
Generally, contractor is not liable for negligence of its subcontractor.

**[8] Labor and Employment 231H ⚖︎3135**

231H Labor and Employment
    231HXVIII Rights and Liabilities as to Third Parties
        231HXVIII(C) Work of Independent Contractor
            231Hk3133 Non-Delegable Duty
                231Hk3135 k. Particular Cases. Most Cited Cases
    (Formerly 255k319 Master and Servant)
Where duty to public exists in manner of executing work undertaken by contractor, such as where execution of work tends to create nuisance, is dangerous within itself or requires creation of dangerous conditions or when generally maintenance of safe conditions in connection with the work is essential to protection of public, chief contractor cannot transfer his public duty to subcontractor and, to extent that he attempts to do so, latter is in law his mere agent and contractor is liable for subcontractor's negligence.

**[9] Indemnity 208 ⚖︎67**

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

274 So.2d 316                                                                                            Page 3

49 Ala.App. 552, 274 So.2d 316
**(Cite as: 49 Ala.App. 552, 274 So.2d 316)**

208 Indemnity
   208III Indemnification by Operation of Law
      208k63 Particular Cases and Issues
         208k67 k. Contractors, Subcontractors, or Owners. Most Cited Cases
     (Formerly 208k15(6))
Contractor's complaint that contractor sustained liability to third party by virtue of fact that contractor was prime contractor charged with performing work but that defendant as subcontractor in fact performed such work and that contractor was not guilty of any act of negligence but that his liability in connection therewith resulted solely from act of subcontractor imputed to contractor as prime contractor and that contractor was therefore entitled to be indemnified by subcontractor stated cause of action for indemnity.

\*553 \*\*317 London, Yancey, Clark & Allen and Thomas R. Elliott, Jr., Birmingham, for appellant.
Spain, Gillon, Riley, Tate & Ansley and Ollie L. Blan, Jr., Birmingham, for appellee.
\*554 HOLMES, Judge.
This appeal is from a judgment of nonsuit entered by the trial court on motion of appellant after the sustaining of demurrers filed by appellee.

The original action was a two-count complaint. The complaint was later amended by adding two additional counts. The trial court, on June 26, 1970, sustained appellee's demurrers to Counts One through Four. Thereafter, on November 23, 1971, appellant amended his complaint by adding thereto Counts Five and Six and appellee's demurrers to Counts Five and Six were sustained on November 23, 1971.

Appellant's six assignments of error are that the trial court erred in sustaining demurrers to each of the six counts.

[1] At the outset we must determine whether the trial court's ruling on demurrers as to Counts One through Four are before us for review. Appellee contends that only the trial court's ruling on demurrers\*\*318 to Counts Five and Six are properly before us. In this contention, we must agree.

The Minute Entry reflects the following:
'On this the 24th day of November, 1971, came the parties by their attorneys, and plaintiff, by and through its attorneys, declines to plead further and moves the court for a nonsuit on account of the adverse rulings of the court in sustaining defendant's demurrer to the complaint as last amended, and each count thereof, separately and severally; and the same having been fully considered and understood by the court, it is ordered, adjudged and decreed by the court that said motion be, and the same is hereby granted and a nonsuit is hereby entered in this cause; and let the defendant go \*555 hence without delay and have and recover of plaintiff all costs herein accrued for which execution may issue.'

The Supreme Court of Alabama has consistently held that where a demurrer to a count has been sustained, and that count was later amended and a demurrer was again sustained, whereupon a nonsuit was taken, the action of the trial court in sustaining the demurrer to the original count is not before the court for review and the court is without authority to review it. The reason for this rule is that if the plaintiff had desired a decision upon the question presented on demurrer to the original complaint, it could have declined to plead further after the demurrer to the original complaint was sustained, and in this way have presented to the court by way of appeal from a nonsuit the question for review. See Kent v. Coleman Co., 285 Ala. 288, 231 So.2d 321; Roan v. Associates Discount Corporation, 281 Ala. 100, 199 So.2d 643; Cauble v. Boy Scouts of America, 250 Ala. 152, 33 So.2d 461; Mullins v. Ala. Great Southern R. Co., 239 Ala. 608, 195 So. 866; Ala. Great Southern R. Co. v. H. Altman Co., 191 Ala. 429, 67 So. 589; Calvert Fire Ins. Co. v. Maddox, 38 Ala.App. 194, 82 So.2d 277.

[2] This court is mindful that where it appears from the motion for nonsuit and the judgment thereon that the nonsuit was superinduced by the cumulative rulings of the court on the demurrer of the defendant that each decree may be assigned as error. Lewis v. Haynes, 266 Ala. 564, 98 So.2d 52. However, the motion and judgment in this instance do not so reflect. Particular attention is noted of the

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

274 So.2d 316 Page 4

49 Ala.App. 552, 274 So.2d 316
**(Cite as: 49 Ala.App. 552, 274 So.2d 316)**

language of appellant's motion '. . . to the complaint as last amended.'

Count Five of the complaint attempts to assert a cause of action based on expressed contractual indemnity due from appellee, hereinafter referred to as subcontractor, to appellant, hereinafter referred to as contractor, under a provision in the contract between contractor and subcontractor. The indemnity provision of the contract in question is as follows:
'The sub-contractor (defendant) will protect, defend, indemnify and hold harmless Walter L. Couse & Co., from Any damages, claims, liabilities, attorneys' fees or expenses whatsoever, or Any amount paid in compromise thereof arising out of or connected with the performance of this order.' (Emphasis added)

From briefs, which, this court might add, reflect skill in research and leave little area for independent probing by this court, it is apparently conceded by both parties that the trial court's ruling in sustaining the demurrer to Count Five is based upon the insufficiency of the above quoted provision of the contract to hold the subcontractor liable for a settlement paid by contractor in compromise of a claim by a third party. From briefs, it is further determined that the trial court ruled as a matter of law in sustaining the demurrer, that the agreement was not broad enough to encompass a claim of negligence against the contractor.

The record and briefs reflect that a third party brought suit against both contractor and subcontractor for negligently **319 injuring her by causing a Public sidewalk to be in such condition that it was not reasonably safe for use by pedestrians. (Emphasis added) Contractor settled the third party's claim by compromise.

Subcontractor's basic contention is that a party may not, by contract, absolve itself of liability for its own negligence or the negligence of its servants, and an undertaking to indemnify one's self against one's own negligence must be clearly and unequivocably expressed.

Subcontractor, appellee, cites Smith v. Kennedy, 43 Ala.App. 554, 195 So.2d 820, cert. den. 280 Ala. 718, 195 So.2d 829, for the proposition that under Alabama law a party may not by contract absolve himself of liability for the negligence of himself or *556 his servants. And that is the law of that case. However, as Justice Merrill points out in Eley v. Brunner-Lay Southern Corp., 289 Ala. 120, 266 So.2d 276, the above rule is not always applied. See Deen v. Holderfield, 275 Ala. 360, 155 So.2d 314; and Republic Steel Corp. v. Payne, 272 Ala. 483, 132 So.2d 581. The indemnity provision in Republic Steel, supra, is similar to the provision that we are concerned with.

Subcontractor cites to us those cases which establish what has been called the majority rule of strict construction which appears to be 'that the parties are presumed to intend that the indemnitee shall not be indemnified for a loss caused by his own negligence unless the language of the contract affirmatively expresses an intent to indemnify for such loss. . . .'

This rule has also been stated to mean that is order for an agreement to be sufficient to indemnify against one's own negligence, the agreement must contain the talismanic words, 'Negligence, sole or concurred.'

We believe the language of the indemnity agreement in question to be clear and unequivocal that the subcontractor was to indemnify the contractor against claims from a third party when such claims arose out of or were connected with the performance of the subcontract even though the contractor himself may have been guilty as a matter of law of negligence to the third party. To give another construction to the provision in question would be inharmonious with the rulings of the supreme court. See Eley, supra, and Republic Steel, supra. As the supreme court stated in Eley:
'(T)his court has approved (indemnity) provisions in contracts where the main purpose of the contract was not to (indemnify) . . .; and in both Payne, 272 Ala. 483, 132 So.2d 581, and Mason & Dulion Co., supra (274 Ala. 202, 145 So.2d 711), this court held that the use of the word 'negligence' in . . . an indemnity provision was not necessary to show that

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

274 So.2d 316

Page 5

49 Ala.App. 552, 274 So.2d 316
**(Cite as: 49 Ala.App. 552, 274 So.2d 316)**

the parties intended the indemnity provisions to be effective.' (266 So.2d at 279)

Both the contractor and the subcontractor cite to this court cases wherein the Fifth Circuit Court of Appeals has interpreted various indemnity provisions under what they perceive the law to be in Alabama. The case of Batson-Cook v. Industrial Steel Erectors, 257 F.2d 410 (1958), is cited by subcontractor, but as Justice Merrill stated in Eley, supra, the Fifth Circuit Court of Appeals has followed Payne and Deen, supra, in Black Warrior Electric M. Corp. v. Miss. Power Co., 413 F.2d 1221 (1969), and concluded that Alabama court would follow Payne and Deen, supra, rather than Batson-Cook, supra. However, as the supreme court further said in Eley, supra, a later case decided by the Fifth Circuit in 1970, Transcontinental Gas Pipe L. Corp. v. Mobile Drill Barge, 424 F.2d 684, cites Batson-Cook with approval.

As it is appropriate in this case, we again quote the Supreme Court of Alabama in Eley, as follows:
'We have not cited any of these 5th Circuit cases with approval, but merely to **320 show how the decisions vary in the same court on the question of what the law is in Alabama. Neither do we try to reconcile or distinguish the various decisions. We leave that to the court which originated the various opinions.' (266 So.2d at 280)

[3][4] We believe the cases of the Alabama Supreme Court hold that the intention to indemnify the negligence of the indemnitee must clearly appear from the wording of the instrument, but when that intention is clear, the indemnity provisions will be read and construed so as to give them the meaning the parties have expressed, and that the provision concerning indemnification in this instance is broad enough to cover the situation in question *557 and, therefore, Count Five does state a cause of action. Hence the learned trial court was in error in sustaining the demurrer as to Count Five.

Contractor's Count Six attempts to state a cause of action based upon the same facts and circumstances as set out in Count Five heretofore discussed. However, Count Six is not based upon any expressed contract to indemnify, but alleges that contractor sustained liability to the third party 'by virtue of the fact that it was the prime contractor charged with performing the work on the aforesaid premises, but which the defendant, as its subcontractor, in fact performed under its subcontract with the plaintiff. Plaintiff further avers that it was not guilty of any active negligence in tearing up or partially tearing up of the public sidewalk in front of the aforesaid premises or in connection with placing or leaving certain boards over and along said public sidewalk or leaving the same uneven or not reasonably safe for the members of the general public in using said public sidewalk, But that its liability in connection therewith resulted solely from an act of the defendant which was imputed to it as prime contractor.', and is therefore entitled to be indemnified by subcontractor. (Emphasis added)

[5][6] As both counsel for contractor and subcontractor so ably point out, indemnity will not be allowed among joint tortfeasors in Alabama. See Mallory S.S. Co. v. Druhan, 17 Ala.App. 365, 84 So. 874. However, an exception to the above is that a joint wrongdoer may claim indemnity where he has not been guilty of any fault, except technically or constructively, or where both parties are at fault, but the fault of the party from whom indemnity is claimed was the efficient cause of the injury. Where an injury results from a violation of a duty which one owes to another, the parties are not in Pari delicto. See Mallory, supra.

The Supreme Court of Alabama has recognized the principle that a master may be indemnified against his servant when the master is liable solely by reason of the negligence of his servant. See American Southern Ins. Co. v. Dime Taxi Service, 275 Ala. 51, 151 So.2d 783. Put another way, the one seeking indemnity has been allowed to do so since its liability to a third person was only vicarious or derivative. Or as appellee states in brief, indemnity between master and servant lies when the master is guilty of no negligence himself other than by the doctrine of Respondeat superior.

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

274 So.2d 316                                                                                    Page 6

49 Ala.App. 552, 274 So.2d 316
**(Cite as: 49 Ala.App. 552, 274 So.2d 316)**

If appellant here alleged an action for nonexpressed contractual indemnity against his subcontractor and the allegation in the complaint on its face showed contractor to be a joint tort-feasor not coming within the exception previously stated, no action would lie. However, in the instant case appellant alleges its liability results solely from an act of defendant which was imputed to appellant as prime contractor; iE., that his liability to the third person was vicarious or derivative, or that the fault of the subcontractor was the efficient cause of the injury.

Therefore, to this court, if appellant's liability to a third party could arise under the law solely because of the relationship **321 of contractor to subcontractor, much like that of master to servant, then appellant has stated a cause of action.

[7] It is the general rule of law in Alabama, unlike that of master and servant, that a contractor is not liable for the negligence of its subcontractor. See Williams v. Wise, 255 Ala. 322, 51 So.2d 1, where the Supreme Court of Alabama stated:
'But a contractor is not liable to a member of the public for the negligence of a subcontractor, except (1) that the contractor and his original contractee and his subcontractor are each liable to the public for injuries resulting directly and necessarily from the acts authorized to be done; but this does not extend to injuries which are not a necessary result *558 of the work, but are caused by the negligent act of the subcontractor in doing the work, for then the subcontractor alone is responsible. Another exception to the general rule above stated is (2) where the law imposes on the original contractor a duty to keep the subject of the work in a safe condition (such as a city in respect to streets), the duty continues throughout its performance. . . .' ( 255 Ala. at 327, 51 So.2d at 5)

It is clear that if there were no exceptions to the general rule that a contractor is not liable to a member of the public for the negligence of a subcontractor, then there could be no cause of action in this instance based upon the relationship of contractor to subcontractor as no negligence would be imputed to contractor.

The exception to the general rule, however, as noted in Wise, supra, could apply in this case and we believe the count is so stated.

[8] The appellant-contractor could, under the facts to be proved in this instance, be liable to a member of the public for the negligence of his subcontractor, appellee here, solely because the law imposes upon the contractor a duty to keep the subject of the work in a safe condition, even though the subcontractor is the one to perform the work. The Supreme Court of Alabama, in Thomas v. Saulsbury and Co., 212 Ala. 245, 102 So. 115, stated that generally the subcontractor, with relation to the work committed to him, is an independent contractor and not an employee and, as a general rule, the law of Respondeat superior does not obtain in such case. However, an exception obtains where a duty to the public exists in the manner of executing the work undertaken by the contractor. Such duty exists when the execution of the work tends to create a nuisance; when it is dangerous within itself, as in blasting operations; when the work requires the creation of dangerous conditions, such as ditches and the like in a Public highway (emphasis added); or generally, when the maintenance of safe conditions in connection with the work is essential to the protection of the public. In such case the chief contractor cannot transfer his public duty to a subcontractor. If the contractor places the performance of such duty in the hands of another, to that extent, that other is in law the mere agent, and the contractor is liable for his negligence. (Emphasis added) See also Ledbetter-Johnson v. Hawkins, 267 Ala. 458, 103 So.2d 748; Massey v. Oates, 143 Ala. 248, 39 So. 142.

[9] From the above it is apparent that the relationship of contractor to subcontractor can, under certain facts proved at trial of cause, be such that the contractor is liable for acts of his subcontractor, even though the subcontractor is the efficient cause of the injury, like that of master to servant, and we have seen that indemnity can exist in a master-servant situation. See Dime Taxi, supra. Also, note that the allegations in the case at bar are that the third party was injured as a result of falling on a Public sidewalk. (Emphasis added)

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

274 So.2d 316                                                                                                    Page 7

49 Ala.App. 552, 274 So.2d 316
**(Cite as: 49 Ala.App. 552, 274 So.2d 316)**

We, therefore, conclude that contractor-appellant has alleged a cause of action in **322 Count Six and in this conclusion we emphasize that the proof at trial may be otherwise; to wit, the proof may be that contractor is a joint tort-feasor not falling within exceptions stated, supra.

In view of the above, we hold that the trial court erred in sustaining the demurrer to Counts Five and Six and in so doing note that the learned trial court did not at the time of its ruling have available to him the Alabama Supreme Court's holding in the Eley case, Supra.

Reversed and remanded.

WRIGHT, P.J., and BRADLEY, J., concur.
Ala.Civ.App. 1972.
Walter L. Couse & Co. v. Hardy Corp.
49 Ala.App. 552, 274 So.2d 316

END OF DOCUMENT

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.