IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| JENNIFER PIGGOTT, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| GRAY CONSTRUCTION, INC., | ) | Case No. 2:06-cv-01158-MEF-TFM |
| | ) | |
| Defendant and | ) | |
| Third Party Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| COOPER STEEL | ) | |
| FABRICATORS, INC., et al., | ) | |
| | ) | |
| Third Party Defendants. | ) | |

---

**FREELAND HARRIS CONSULTING ENGINEERS
OF KENTUCKY, INC.'S ANSWER TO THIRD-PARTY COMPLAINT**

---

COMES NOW Third-Party Defendant Freeland Harris Consulting Engineers

of Kentucky, Inc. ("Freeland Harris-Kentucky") and, in response to the Third-Party

Complaint of Defendant/Third-Party Plaintiff Gray Construction, Inc. ("Gray"), states

as follows:

## PARTIES

1. Admitted.

2. Freeland Harris-Kentucky lacks knowledge or information sufficient to formulate a response to the averments of paragraph 2.

3. Freeland Harris-Kentucky lacks knowledge or information sufficient to formulate a response to the averments of paragraph 3.

4. Freeland Harris-Kentucky lacks knowledge or information sufficient to formulate a response to the averments of paragraph 4.

5. Admitted.

6. Admitted.

7. Freeland Harris-Kentucky is a separate legal entity from Freeland Harris Consulting Engineers of Georgia, Inc. ("Freeland Harris-Georgia"). As such, Freeland Harris-Kentucky denies the averments of paragraph 7.

8. Freeland Harris-Kentucky lacks knowledge or information sufficient to formulate a response to the averments of paragraph 8.

9. Freeland Harris-Kentucky lacks knowledge or information sufficient to formulate a response to the averments of paragraph 9.

10. Freeland Harris-Kentucky lacks knowledge or information sufficient to formulate a response to the averments of paragraph 10.

11.    This paragraph contains no averments against Freeland Harris-Kentucky to which a response is required.

## JURISDICTION AND VENUE

12.    Denied.

13.    Denied as to Freeland Harris-Kentucky.

14.    To the extent paragraph 14 contains averments concerning Freeland Harris-Kentucky, such averments are denied.

## STATEMENT OF FACTS

15.    Freeland Harris-Kentucky lacks knowledge or information sufficient to formulate a response to the averments of paragraph 15.

16.    Freeland Harris-Kentucky lacks knowledge or information sufficient to formulate a response to the averments of paragraph 16.

17.    Freeland Harris-Kentucky lacks knowledge or information sufficient to formulate a response to the averments of paragraph 17.

18.    In response to paragraph 18, Freeland Harris-Kentucky admits only that it entered into a Design Consulting Agreement with GNF Architects and Engineers, B.S.C. ("GNF"), and that it subsequently entered into a Subcontractor Agreement concerning the project with Freeland Harris-Georgia.  Freeland Harris-Kentucky

further states that these contracts speak for themselves, and denies the remaining averments of this paragraph.

19.    Admitted.

20.    Freeland Harris-Kentucky lacks knowledge or information sufficient to formulate a response to the averments of paragraph 20.

21.    Freeland Harris-Kentucky lacks knowledge or information sufficient to formulate a response to the averments of paragraph 21.

22.    Freeland Harris-Kentucky lacks knowledge or information sufficient to formulate a response to the averments of paragraph 22.

23.    Freeland Harris-Kentucky lacks knowledge or information sufficient to formulate a response to the averments of paragraph 23.

24.    Freeland Harris-Kentucky lacks knowledge or information sufficient to formulate a response to the averments of paragraph 24.

25.    Freeland Harris-Kentucky lacks knowledge or information sufficient to formulate a response to the averments of paragraph 25.

26.    Freeland Harris-Kentucky lacks knowledge or information sufficient to formulate a response to the averments of paragraph 26.

27.    Freeland Harris-Kentucky lacks knowledge or information sufficient to formulate a response to the averments of paragraph 27.

28.    Freeland Harris-Kentucky lacks knowledge or information sufficient to formulate a response to the averments of paragraph 28.

29.    Freeland Harris-Kentucky lacks knowledge or information sufficient to formulate a response to the averments of paragraph 29.

30.    Freeland Harris-Kentucky admits only that Plaintiffs' Complaint contains factual allegations which are identical in substance to those stated in paragraph 30. Freeland Harris-Kentucky lacks knowledge or information sufficient to formulate a response to those allegations, and therefore denies the same.

31.    Freeland Harris-Kentucky admits only that Plaintiffs' Complaint contains factual allegations which are identical in substance to those stated in paragraph 31. Freeland Harris-Kentucky lacks knowledge or information sufficient to formulate a response to those allegations, and therefore denies the same.

## COUNT ONE FOR CONTRACTUAL INDEMNITY AS TO HWASHIN

32. - 36.    The averments of paragraphs 32-36 do not appear to be directed at Freeland Harris-Kentucky and, therefore, no response is necessary.  To the extent any averments of these paragraphs are directed at Freeland Harris-Kentucky, those averments are denied.

## COUNT TWO FOR CONTRACTUAL INDEMNITY
## AS TO FREELAND-HARRIS

37.    Freeland Harris-Kentucky realleges its responses to the previous averments as if fully set out herein.

38.    In response to paragraph 38, Freeland Harris-Kentucky states that its contract with GNF contains an indemnity provision, which speaks for itself.

39.    In response to paragraph 39, Freeland Harris-Kentucky states that Plaintiffs' Complaint speaks for itself.    Freeland Harris-Kentucky denies the remaining averments of this paragraph.  Freeland Harris-Kentucky did not enter into any contract with Gray or perform any design or construction work on the Hwashin facility.

40.    Denied.

41.    Denied.  Freeland Harris-Kentucky further denies that Gray is entitled to any relief sought in Count Two.

## COUNT THREE FOR CONTRACTUAL INDEMNITY AS TO HARDY

42. - 46.    The averments of paragraphs 42-46 do not appear to be directed at Freeland Harris-Kentucky and, therefore, no response is necessary.  To the extent any averments of these paragraphs are directed at Freeland Harris-Kentucky, those averments are denied.

## COUNT FOUR FOR CONTRACTUAL INDEMNITY
## AS TO COOPER'S STEEL

47. - 51.     The averments of paragraphs 47-51 do not appear to be directed

at Freeland Harris-Kentucky and, therefore, no response is necessary.  To the extent

any averments of these paragraphs are directed at Freeland Harris-Kentucky, those

averments are denied.

## COUNT FIVE FOR CONTRACTUAL INDEMNITY AS TO ALL-SOUTH

52. - 56.     The averments of paragraphs 52-56 do not appear to be directed at

Freeland Harris-Kentucky and, therefore, no response is necessary.  To the extent any

averments of these paragraphs are directed at Freeland Harris-Kentucky, those

averments are denied.

## COUNT SIX FOR COMMON LAW INDEMNITY AS TO HWASHIN

57. - 61.     The averments of paragraphs 57-61 do not appear to be directed at

Freeland Harris-Kentucky and, therefore, no response is necessary.  To the extent any

averments of these paragraphs are directed at Freeland Harris-Kentucky, those

averments are denied.

## COUNT SEVEN FOR COMMON LAW INDEMNITY AS TO LATTA

62. - 67.     The averments of paragraphs 62-67 do not appear to be directed at

Freeland Harris-Kentucky and, therefore, no response is necessary.  To the extent any

averments of these paragraphs are directed at Freeland Harris-Kentucky, those averments are denied.

## COUNT EIGHT FOR BREACH OF CONTRACT AS TO FREELAND- HARRIS

68.    Freeland Harris-Kentucky realleges its responses to the previous averments as if fully set out herein.

69.    Denied.

70.    In response to paragraph 70, Freeland Harris-Kentucky states that the contract speaks for itself.

71.    Denied.

72.    Denied.

73.    Denied.  Freeland Harris-Kentucky further denies that Gray is entitled to any relief sought in Count Eight.

## COUNT NINE FOR BREACH OF CONTRACT AS TO COOPER'S STEEL

74. - 79.    The averments of paragraphs 74-79 do not appear to be directed at Freeland Harris-Kentucky and, therefore, no response is necessary.  To the extent any averments of these paragraphs are directed at Freeland Harris-Kentucky, those averments are denied.

## COUNT TEN FOR BREACH OF CONTRACT AS TO HARDY

80. - 85.      The averments of paragraphs 80-85 do not appear to be directed at Freeland Harris-Kentucky and, therefore, no response is necessary.  To the extent any averments of these paragraphs are directed at Freeland Harris-Kentucky, those averments are denied.

## COUNT ELEVEN FOR BREACH OF CONTRACT AS TO ALL-SOUTH

86. - 91.      The averments of paragraphs 86-91 do not appear to be directed at Freeland Harris-Kentucky and, therefore, no response is necessary.  To the extent any averments of these paragraphs are directed at Freeland Harris-Kentucky, those averments are denied.

## COUNT TWELVE FOR THIRD-PARTY BENEFICIARY
## BREACH OF CONTRACT AS TO LATTA

92. - 96.      The averments of paragraphs 92-96 do not appear to be directed at Freeland Harris-Kentucky and, therefore, no response is necessary.  To the extent any averments of these paragraphs are directed at Freeland Harris-Kentucky, those averments are denied.

## COUNT THIRTEEN FOR BREACH OF
## EXPRESS WARRANTY AS TO HARDY

97. - 100.      The averments of paragraphs 97-100 do not appear to be directed at Freeland Harris-Kentucky and, therefore, no response is necessary.  To the extent

any averments of these paragraphs are directed at Freeland Harris-Kentucky, those averments are denied.

## COUNT FOURTEEN FOR BREACH OF
## EXPRESS WARRANTY AS TO COOPER'S STEEL

101. - 104.    The averments of paragraphs 101-104 do not appear to be directed at Freeland Harris-Kentucky and, therefore, no response is necessary.  To the extent any averments of these paragraphs are directed at Freeland Harris-Kentucky, those averments are denied.

## COUNT FIFTEEN FOR BREACH OF
## EXPRESS WARRANTY AS TO ALL-SOUTH

105. - 108.    The averments of paragraphs 105-108 do not appear to be directed at Freeland Harris-Kentucky and, therefore, no response is necessary.  To the extent any averments of these paragraphs are directed at Freeland Harris-Kentucky, those averments are denied.

## COUNT SIXTEEN FOR NEGLIGENCE AS TO FREELAND-HARRIS

109.    Freeland Harris-Kentucky realleges its responses to the previous averments as if fully set out herein.

110.    Denied.

111.    Denied.

112.   Denied.  Freeland Harris-Kentucky further denies that Gray is entitled to any relief sought in Count Sixteen.

## COUNT SEVENTEEN FOR NEGLIGENCE AS TO HARDY

113. - 116.   The averments of paragraphs 113-116 do not appear to be directed at Freeland Harris-Kentucky and, therefore, no response is necessary.  To the extent any averments of these paragraphs are directed at Freeland Harris-Kentucky, those averments are denied.

## COUNT EIGHTEEN FOR NEGLIGENCE AS TO COOPER STEEL

117. - 120.   The averments of paragraphs 117-120 do not appear to be directed at Freeland Harris-Kentucky and, therefore, no response is necessary.  To the extent any averments of these paragraphs are directed at Freeland Harris-Kentucky, those averments are denied.

## COUNT NINETEEN FOR NEGLIGENCE AS TO ALL-SOUTH

121. - 124.   The averments of paragraphs 121-124 do not appear to be directed at Freeland Harris-Kentucky and, therefore, no response is necessary.  To the extent any averments of this paragraph are directed at Freeland Harris-Kentucky, those averments are denied.

## COUNT TWENTY FOR NEGLIGENCE AS TO LATTA

125. - 128.   The averments of paragraphs 125-128 do not appear to be directed at Freeland Harris-Kentucky and, therefore, no response is necessary.  To the extent any averments of these paragraphs are directed at Freeland Harris-Kentucky, those averments are denied.

## COUNT TWENTY-ONE FOR NEGLIGENCE AS TO FIRESTONE

129. - 132.   The averments of paragraphs 129-132 do not appear to be directed at Freeland Harris-Kentucky and, therefore, no response is necessary.  To the extent any averments of these paragraphs are directed at Freeland Harris-Kentucky, those averments are denied.

Freeland Harris-Kentucky denies any averments of the Third-Party Complaint not expressly admitted herein, and further denies that Gray is entitled to any of the relief sought in the Third-Party Complaint.

## ADDITIONAL DEFENSES

1.   Freeland Harris-Kentucky generally denies the allegations of Gray's Third-Party Complaint and demands strict proof thereof.

2.   Freeland Harris-Kentucky is not guilty.

3.   Freeland Harris-Kentucky did not perform any activities related to the construction project made the basis of the claims and allegations of Plaintiffs or Gray.

12

4.      Freeland Harris-Kentucky pleads lack of personal jurisdiction.

5.      Freeland Harris-Kentucky pleads lack of subject matter jurisdiction.

6.      Gray was contributorily negligent.

7.      Plaintiffs were contributorily negligent.

8.      The negligence of other named parties or unnamed non-parties was the proximate cause of any alleged injury suffered by Plaintiffs and Gray.

9.      The claims against Freeland Harris-Kentucky are barred by the applicable statutes of limitations.

10.     Gray may not seek indemnity from joint tortfeasors under Alabama law.

11.     Freeland Harris-Kentucky owed no duty to Gray out of which any claim against Freeland Harris-Kentucky might arise.

12.     Gray may not seek indemnity, whether contractual or at common law, from Freeland Harris-Kentucky.

13.     Gray failed to mitigate its damages.

14.     Plaintiffs' Complaint fails to state a claim upon which relief may be granted.

15.     Gray's Third-Party Complaint fails to state a claim upon which relief may be granted.

16.    Gray's claims are barred by the intervening or superseding negligence of Gray, another Third-Party Defendant, Plaintiffs, or one or more unnamed non-parties.

17.    Plaintiffs assumed the risk of damage and injury.

18.    Gray assumed the risk of damage and injury.

19.    Gray's claims are barred by the doctrine of laches.

20.    Gray's claims are barred by the doctrine of waiver.

21.    Gray's claims are barred by the doctrine of ratification.

22.    Plaintiffs' alleged damages were caused by an Act of God.

23.    Gray's alleged damages were caused by an Act of God.

24.    Gray is neither a party to, nor an intended beneficiary of, any contract relating to the construction project at issue in this lawsuit to which Freeland Harris-Kentucky is a party.

25.    Gray's claims against Freeland Harris-Kentucky are barred or limited by contract.

26.    Freeland Harris-Kentucky reserves the right to amend its Answer to include additional defenses as discovery progresses.

s/Charles K. Hamilton
Charles K. Hamilton
John W. Clark IV
Bainbridge, Mims, Rogers & Smith, LLP
600 Luckie Building, Suite 415
Post Office Box 530886
Birmingham, Alabama 35253
(205) 879-1100
(205) 879-4300 (fax)
khamilton@bainbridgemims.com
jclark@bainbridgemims.com

Attorneys for Freeland Harris Consulting
     Engineers of Kentucky, Inc.

## CERTIFICATE OF SERVICE

I hereby certify that on July 23, 2007, I electronically filed the foregoing **Freeland Harris Consulting Engineers of Kentucky, Inc.'s Answer to Third-Party Complaint** using the CM/ECF system which will send notification of such filing to the following:

Linda H. Ambrose
Rogers & Associates
3000 Riverchase Galleria
Suite 650
Birmingham, Alabama 35244

Jere L. Beasley
Julia A. Beasley
Beasley, Allen, Crow, Methvin,
        Portis & Miles, P.C.
Post Office Box 4160
Montgomery, Alabama 35106

James A. Rives
William C. Waller, Jr.
Ball, Ball, Matthews & Novak, P.A.
2000 Interstate Park Drive
Suite 204
Montgomery, Alabama 36109

Joseph Lister Hubbard
Capell Howard PC
Post Office Box 2069
Montgomery, Alabama 36102-2069

John S. Somerset
Sudderth & Somerset
5385 1st Avenue North
Birmingham, Alabama 35212

Brittin T. Coleman
Kenneth M. Perry
Hope T. Cannon
Bradley Arant Rose & White LLP
One Federal Place
1819 Fifth Avenue North
Birmingham, Alabama 35203-2104

John M. Laney, Jr.
John C. DeShazo
Laney & Foster, P.C.
Post Office Box 43798
Birmingham, Alabama 35243-0798

Larry W. Harper
Porterfield Harper Mills & Motlow PA
Post Office Box 530790
Birmingham, Alabama 35253-0790

E. Britton Monroe
Mickey B. Wright
Brian M. McClendon
Lloyd, Gray & Whitehead, P.C.
2501 Twentieth Place South
Suite 300
Birmingham, Alabama 35223

Thomas T. Gallion, III
Constance C. Walker
Felicia A. Long
Haskell Slaughter Young
      & Gallion, LLC
305 South Lawrence Street
Montgomery, Alabama 36104

Albry Joe Peddy
Robert B. Stewart
Smith, Spires & Peddy, P.C.
2015 Second Avenue North
Suite 200
Birmingham, Alabama 35203


s/ Charles K. Hamilton
Of Counsel