IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA

| | |
|---|---|
| **JENNIFER PIGGOTT** and **SLADE PIGGOTT,** | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) |
| **GRAY CONSTRUCTION, INC.,** | ) ) |
| Defendant/Third-Party Plaintiff, | ) ) |
| v. | ) ) |
| **COOPER'S STEEL FABRICATORS, INC., et al.,** | ) ) ) |
| Third-Party Defendants. | ) |

Case No.: CV-06-1158

## GRAY'S SUR-REPLY TO FIRESTONE'S REPLY TO GRAY'S OPPOSITION TO MOTION TO DISMISS

Defendant/Third-Party Plaintiff Gray Construction, Inc. ("Gray") respectfully submits this Sur-Reply to Third-Party Defendant Firestone Building Products Company's ("Firestone") Reply to Gray's Opposition to Firestone's Motion to Dismiss Third-Party Complaint.

**I.    SUR-REPLY.**

   **A.    Firestone Now Concedes Gray's Third-Party Claim Is an Indemnity Claim Under <u>Federal Rules Of Civil Procedure</u>, Rule 14.**

Firestone's 12(b)(6) Motion to Dismiss originally argued only that Gray's third party claim for negligence was procedurally barred because it was not a claim for indemnity allowed by the <u>Federal Rules of Civil Procedure</u>, Rule 14:

> Rule 14 is a procedural rule and does not create any substantive rights. It is a procedure through which a defendant can bring a party into litigation who it believes is liable to it for contribution, indemnity or reimbursement for damages sought against it by the original plaintiff, where such a substantive right exists. In this case, however, no such substantive right exists or has been alleged.

(See Firestone's Motion to Dismiss at ¶ Nos. 5-6.). Thus, the only issue presented in Firestone's original 12(b)(6) Motion was whether the allegations of negligence in Gray's Third-Party Complaint against Firestone sufficiently stated a claim for indemnity allowed by Rule 14.

Gray's Opposition to Firestone's Motion to Dismiss established that regardless of whether the claim asserted against Firestone is termed negligence or indemnnity, it was alleged as an indemnity claim. Firestone in its Reply, and in direct contradiction of its original Motion to Dismiss, even admits that Gray's claim against it is for indemnity:

> As Gray admits its Opposition, its negligence claim against FBP is a claim for indemnity. (See Firestone's Reply at p. 5.).

Firestone's Reply provided a detailed analysis of <u>Swope Alabaster Supply v. City of Alabaster</u>, 514 So.2d. 927 (AL. 1987) and <u>Walter L. Couse and Company v. Hardy Corp.</u>, 274 So.2d. 316 (Ala.Civ.App. 1972), but missed the point. Gray cited those two (2) cases as examples of indemnity claims being alleged in negligence terms. The two (2) cases show that no magic language or heading is necessary to establish a claim for an indemnity claim. Firestone failed to address this point in the three (3) pages it spent analyzing <u>Swope</u> and <u>Couse</u>.

Having admitted Gray's third-party negligence claim against Firestone is an indemnity claim and Rule 14 allows indemnity claims, Firestone's original 12(b)(6) Motion to Dismiss should be denied. Recognizing this, Firestone has now changed course.

### B. Firestone's New Argument Is Not Proper For a 12(b)(6) Motion.

With its initial argument disproven, Firestone uses its Reply to change course and assert a new theory. Firestone argues for the first time that even though Gray's negligence claim seeks

indemnity, it does not, based on the allegation or evidence in the case, fall within any exception to the general rule preventing common law indemnity between joint tort feasors.

However, on page five (5) of its Reply, Firestone admits that there is a passive/active negligence exception to the general rule. Having admitted that Gray's third party claim for negligence is an indemnity claim and that an exception to the general rule exists for passive/active negligence, Firestone's new argument begins to unravel.

Firestone desperately argues because Gray alleges it was the design/builder that alone establishes Gray was more than passively negligent. Firestone offers no legal support for this argument and fails to mention Gray alleges Firestone was negligent. Gray does not allege Gray was negligent. From the allegations of the Third Party Complaint, it is clear Gray considers Firestone to have been actively negligent and Gray not at all.

This Court considered indemnity claims made by a builder against subcontractors and suppliers in <u>Coates v. CTB, Inc.</u> 173 F.Supp.2d 1200 (M.D. Ala. 2001.). In <u>Coates</u>, a builder was sued by a property owner for the faulty construction of chicken houses. (<u>Id</u>. at 1201.). The builder filed a third-party complaint against the manufacturer and supplier of products used on the roof of the chicken houses. (<u>Id</u>.). The manufacturer filed its Motion to Dismiss, arguing that the builder was ultimately responsible for construction of the chicken houses and his claims for indemnity were therefore barred by his own negligence. (Id.).

The Court ruled that a jury could conclude the builder was passively negligent and the manufacturer was actively negligent. (<u>Id</u>. at p. 1203-1204.). It noted that the builder's negligence consisted solely of failing to inspect the quality of nails and materials supplied by the manufacturer, while it was the manufacturer's product that actually caused the injury. (<u>Id</u>. at p. 1203.).

This case is analogous to Coates.  Firestone's failure to note the defective roof installation in its pre-warranty inspection amounts to active negligence, caused the roof drains to be diminished, caused the collapse of the Hwashin office facility roof and injuries to Ms. Piggott.  At most, Gray is passively negligent for either relying upon Firestone or failing to properly reinspect the roof of the Hwashin office facility which Firestone had already inspected and stated it was put on correctly.

In an effort to save its Motion, Firestone attempts to convert its Motion to Dismiss to a Motion for Summary Judgment by arguing that evidence (the contract between Hwashin and Gray) shows as a matter of law that Gray could not be passively negligent.[1]  This is an improper argument for a 12(b)(6) Motion.[2]

Notwithstanding its inappropriateness for a 12(b)(6) Motion, Firestone argues that Gray, as the design builder, cannot seek indemnity from its subcontractors because it had a duty under its contract with Hwashin to inspect the work of the subcontractors (presumably Firestone) and its failure to do so amounts to active negligence.  This argument is flawed on several facts.

First, the contractual provisions cited by Firestone do not require Gray to do any inspection of the roof.  Rather, that the inspection was done by Firestone for the benefit of Gray.

Second, Gray alleges it relied upon Firestone to inspect the roof.  Firestone admittedly undertook the inspection and indicated the roof was constructed correctly.  There could be no

---

[1] If the Court chooses to convert Firestone's Motion to Dismiss to a Motion for Summary Judgment, Gray requests additional time to complete discovery pursuant to Federal Rules of Civil Procedure, Rule 56(f) prior to the Court ruling on Firestone's Motion.

[2] The law is clear that "summary judgment is appropriate where, after viewing the evidence in the light most favorable to the non-moving party, there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law."  See Kirby v. James, 195 F.3d 1285 (11th Cir. 1999.).  This Court does not view evidence on 12(b)(6) Motion, but only the allegations of the Complaint.

clearer example of passive and active negligence, than where one party has a contract to do a thing[3], then hires another to do it and the other person does it negligently.

Third, if Firestone's argument was true, a general contractor could never make a common law indemnity claim against its subcontractors and suppliers.  That is simply not the law in Alabama.

Moreover, the contract provisions relied upon by Firestone are ambiguous at best as to whether Gray had a duty to inspect.  See Miles College, Inc. v. Oliver ,382 So.2d 510 (Ala. 1980)(held that if the trial court determines a contract to be ambiguous, question of true meaning of contract becomes issue for jury to decide.); J. Paul Jones Hosp. v. Jackson, Coker & Associates, Inc., 491 So.2d 972 (Ala.Civ.App. 1986) (held that ambiguity in contract precludes summary judgment based upon contract interpretation).  When an agreement is reasonably susceptible to more than one meaning it is considered ambiguous.  See Downs v. Downs, 2007 WL 1098170 (Ala.Civ.App. 2007).  When a contract is ambiguous, it becomes a function of the jury to resolve the ambiguity.  See Miles College, Inc., supra

The contract provisions referred to by Firestone do not contain any specific duty on behalf of Gray to inspect. Firestone offers its own interpretations of the provisions and Gray's obligations.  Firestone completely disregards alternate interpretations, such as Gray had no duty to inspect the roof after Firestone.

## II.    CONCLUSION.

Firestone admits Gray's negligence claim is properly an indemnity claim under Federal Rules of Civil Procedure, Rule 14.  Firestone admits there is an exception to the general Alabama rule that there is no common law indemnity between joint tort feasors in the context where one party is "passively negligent" and the other party is "actively negligent".  Gray has alleged

---

[3] Gray does not concede it owed any contractual duty to Hwashin to inspect the roof.

Firestone was negligent and Gray was not negligent. These two admissions and Gray's allegations require denial of Firestone's 12(b)(6) Motion.

This Court should ignore Firestone's arguments that the evidence shows Gray was more than passively negligent. That argument is not proper for a 12(b)(6) Motion and must be presented by Motion for Summary Judgment. Moreover, the evidence pointed out by Firestone at most shows there is an issue of fact as to whether Gray was passively negligent.

WHEREFORE, Gray respectfully requests this Court deny Firestone's Motion to Dismiss.

Done this 31st day of July, 2007.

By: ***E. Britton Monroe***
E. Britton Monroe (MON032)
Mickey B. Wright (WRI048)
Brian M. McClendon (MCC133)
Attorneys for Defendant/ Third Party Plaintiff Gray Construction, Inc.

**OF COUNSEL:**
LLOYD, GRAY & WHITEHEAD, P.C.
2501 20th Place South, Suite 300
Birmingham, Alabama 35223
Telephone: (205) 967-8822
Facsimile: (205) 967-2380

**CERTIFICATE OF SERVICE**

      I hereby certify that on the 31st day of July, a true and correct copy of the foregoing has been furnished efiling, upon the following parties of record:

Jere L. Beasley, Esq.
Julia Ann Beasley, Esq.
Beasley, Allen, Crow, Methvin,
   Portis & Miles, P.C.
P.O. Box 4160
Montgomery, AL 36103-4160
***Counsel for Plaintiffs, Jennifer and Slade Piggott***

Thomas T. Gallion, III, Esq.
Constance C. Walker, Esq.
Felicia A. Long, Esq.
Haskell, Slaughter, Young & Gallion, LLC
P.O. Box 4660
Montgomery, AL 36103-4660
***Counsel for Latta Plumbing & Construction Co., Inc.***

Charles Keith Hamilton, Esq.
Bainbridge, Mims, Rogers & Smith
P.O. Box 530886
Birmingham, AL 35253-0886
***Counsel for Freeland-Harris Consulting Engineers of Kentucky, Inc.***

John S. Somerset, Esq.
Sudderth & Somerset
5385 First Avenue North
Birmingham, AL 35212
***Counsel for All-South Subcontractors, Inc.***

Linda H. Ambrose, Esq.
Rogers & Associates
3000 Riverchase Galleria, Ste. 650
Birmingham, AL 35244
***Counsel for Hwashin America Corp.***

A. Joe Peddy, Esq.
Robert B. Stewart, Esq.
Smith, Spires & Peddy
2015 2nd Avenue North, Ste. 200
Birmingham, AL 35203
***Counsel for Cooper's Steel Fabricators, Inc.***

J. Lister Hubbard, Esq.
Richard H. Allen, Esq.
Arden Reed Pathak, Esq.
Capell & Howard, P.C.
P.O. Box 2069
Montgomery, AL 36102-2069
***Counsel for Hwashin America Corp.***

James A. Rives, Esq.
William Christopher Waller, Jr., Esq.
Ball, Ball, Matthews & Novak, P.A.
P.O. Box 2148
Montgomery, AL 36102-2148
***Counsel for Hwashin America Corp.***

Hope T. Cannon, Esq.
Brittin T. Coleman, Esq.
Kenneth M. Perry, Esq.
Bradley, Arant, Rose & White, LLP
One Federal Place
1819 Fifth Avenue North
Birmingham, AL 35203-2104
***Counsel for Firestone Building Products Company, LLC***

John M. Laney, Jr., Esq.
John C. DeShazo, Esq.
Laney & Foster, P.C.
P.O. Box 43798
Birmingham, AL 35243-0798
***Counsel for Freeland-Harris Consulting Engineers of Georgia, Inc.***

Larry W. Harper, Esq.
Porterfield, Harper, Mills & Motlow, P.A.
22 Inverness Center Parkway, Ste. 600
P.O. Box 530790
Birmingham, AL   35253-0790
***Counsel for The Hardy Corporation***

                                                *E. Britton Monroe*
                                                OF COUNSEL