**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA**

| | |
|---|---|
| **JENNIFER PIGGOTT and**<br>**SLADE PIGGOTT,** ) | |
| ) | |
| **Plaintiffs,** ) | **Case No.: CV-06-1158** |
| ) | |
| **v.** ) | |
| ) | |
| **GRAY CONSTRUCTION, INC.,** ) | |
| ) | |
| **Defendant/Third-Party Plaintiff,** ) | |
| ) | |
| **v.** ) | |
| ) | |
| **COOPER'S STEEL** ) | |
| **FABRICATORS, INC., <u>et al.</u>,** ) | |
| ) | |
| **Third-Party Defendants.** ) | |

---

## GRAY CONSTRUCTION, INC'S MOTION FOR LEAVE TO FILE SUR-REPLY

---

Defendant/Third-Party Plaintiff Gray Construction, Inc. ("Gray") respectfully requests this Court grant it leave to file a Sur-reply to Plaintiff in Intervention Hwashin America Corporation by and through the Alabama Self-Insured Workers Compensation Fund's ("Hwashin") Reply to Gray Construction's Opposition to Hwashin's Motion for Leave to Amend its Complaint in Intervention. In support of this Motion, Gray states as follows:

1.     On or about January 4, 2007, Hwashin filed a Motion for Leave to File Complaint in Intervention.[1]

2.     On January 24, 2007, Gray filed its Response to Hwashin's Motion for Leave to File Complaint in Intervention. (Response to Motion, Document 4 in the Court Docket.).

---

[1] Hwashin's Motion for Leave was filed in the Circuit Court of Butler County, Alabama and was removed to the United States District Court for the Middle District of Alabama at the time Gray filed its Notice of Removal on December 29, 2006.

3.      On May 16, 2007, the Court granted Hwashin's Motion for Leave to File Complaint in Intervention.   (Order on Motion to Intervene, Document No. 17 in the Court Docket.).

4.      On May 22, 2007, Hwashin filed its Complaint in Intervention asserting its right to recover its workers' compensation subrogation interest in accordance with the Alabama Workers' Compensation Statutes.   (Intervenor Complaint, Document No. 20 in the Court Docket.).

5.      On June 29, 2007, Hwashin filed a Motion for Leave to Amend its Complaint in Intervention.   (Motion for Leave to File, Document No. 55 in the Court Docket.).   Hwashin sought to amend its Complaint in Intervention and add claims related to its recovery of the alleged damage to the Hwashin facility, alleged damage to Hwashin's business property and alleged consequential damages incurred as a result of the interruption in its business.   (Id.).

6.      On July 13, 2007, Gray filed its Opposition to Hwashin's Motion for Leave to Amend.   (See Response in Opposition to Motion, Document Number 76 in the Court Docket.).

7.      On July 20, 2007, Hwashin filed a Motion for Leave to file Reply.   (See Motion for Leave to File, Document No. 80 in the Court Docket.).   On July 31, 2007, the Court granted Hwashin's Motion for Leave.   (Motion for Leave, Document No. 86 in the Court Docket.).   Hwashin filed its Reply on July 31, 2007.   (Reply to Response to Motion, Document No. 89 in the Court Docket.).

8.      Hwashin's Reply mischaracterizes Gray's arguments regarding standing, the delay caused by the claims sought to be added by Hwashin and contains misstatements of law and fact.

9.      Gray respectfully requests this Court allow it to file the Sur-Reply attached as Exhibit "A" to this Motion to address the inaccuracies in Hwashin's Reply Brief in Support of its Motion for Leave to Amend its Complaint in Intervention.

WHEREFORE, Gray respectfully requests the Court grant it leave to file the Sur-reply Brief attached to this Motion as Exhibit "A".

Done this 6th day of August, 2007.

By:   _s/Brian M. McClendon_
     E. Britton Monroe (MON032)
     Mickey B. Wright (WRI048)
     Brian M. McClendon (MCC133)
     Attorneys for Defendant/ Third Party
     Plaintiff Gray Construction, Inc.

**OF COUNSEL:**
LLOYD, GRAY & WHITEHEAD, P.C.
2501 20th Place South, Suite 300
Birmingham, Alabama 35223
Telephone:  (205) 967-8822
Facsimile:  (205) 967-2380

## <u>CERTIFICATE OF SERVICE</u>

I certify a true and correct copy of the foregoing was served upon the following counsel of record by efiling and/or by United States Mail, with postage prepaid and properly addressed on this the 6th day of August, 2007:

Jere L. Beasley, Esq.
Julia Ann Beasley, Esq.
Beasley, Allen, Crow, Methvin,
   Portis & Miles, P.C.
P.O. Box 4160
Montgomery, AL 36103-4160
***Counsel for Plaintiffs, Jennifer and Slade
Piggott***

Thomas T. Gallion, III, Esq.
Constance C. Walker, Esq.
Felicia A. Long, Esq.
Haskell, Slaughter, Young & Gallion, LLC
P.O. Box 4660
Montgomery, AL  36103-4660
***Counsel for Latta Plumbing & Construction Co.,
Inc.***

Charles Keith Hamilton, Esq.
Bainbridge, Mims, Rogers & Smith
P.O. Box 530886
Birmingham, AL  35253-0886
***Counsel for Freeland-Harris Consulting
Engineers of Kentucky, Inc.***

John S. Somerset, Esq.
Sudderth & Somerset
5385 First Avenue North
Birmingham, AL  35212
***Counsel for All-South Subcontractors, Inc.***

Linda H. Ambrose, Esq.
Rogers & Associates
3000 Riverchase Galleria, Ste. 650
Birmingham, AL  35244
***Counsel for Hwashin America Corp.***

A. Joe Peddy, Esq.
Robert B. Stewart, Esq.
Smith, Spires & Peddy
2015 2nd Avenue North, Ste. 200
Birmingham, AL  35203
***Counsel for Cooper's Steel Fabricators, Inc.***

J. Lister Hubbard, Esq.
Richard H. Allen, Esq.
Arden Reed Pathak, Esq.
Capell & Howard, P.C.
P.O. Box 2069
Montgomery, AL   36102-2069
***Counsel for Hwashin America Corp.***

James A. Rives, Esq.
William Christopher Waller, Jr., Esq.
Ball, Ball, Matthews & Novak, P.A.
P.O. Box 2148
Montgomery, AL  36102-2148
***Counsel for Hwashin America Corp.***

Hope T. Cannon, Esq.
Brittin T. Coleman, Esq.
Kenneth M. Perry, Esq.
Bradley, Arant, Rose & White, LLP
One Federal Place
1819 Fifth Avenue North
Birmingham, AL  35203-2104
***Counsel for Firestone Building Products
Company, LLC***

John M. Laney, Jr., Esq.
John C. DeShazo, Esq.
Laney & Foster, P.C.
P.O. Box 43798
Birmingham, AL  35243-0798
***Counsel for Freeland-Harris Consulting Engineers
of Georgia, Inc.***

Larry W. Harper, Esq.
Porterfield, Harper, Mills & Motlow, P.A.
22 Inverness Center Parkway, Ste. 600
P.O. Box 530790
Birmingham, AL   35253-0790
**Counsel for The Hardy Corporation**

_s/Brian M. McClendon_
OF COUNSEL

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF ALABAMA**

| | | |
|---|---|---|
| JENNIFER PIGGOTT and | ) | |
| SLADE PIGGOTT, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | Case No.: CV-06-1158 |
| v. | ) | |
| | ) | |
| GRAY CONSTRUCTION, INC., | ) | |
| | ) | |
| Defendant/Third-Party Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| COOPER'S STEEL | ) | |
| FABRICATORS, INC., <u>et al.</u>, | ) | |
| | ) | |
| Third-Party Defendants. | ) | |

---

**GRAY CONSTRUCTION, INC'S SUR-REPLY TO HWASHIN AMERICA**
**CORPORATION'S REPLY IN SUPPORT OF ITS MOTION FOR LEAVE TO**
**AMEND ITS COMPLAINT IN INTERVENTION**

---

Hwashin America Corporation's ("Hwashin") seeks to amend a Complaint in Intervention, filed on behalf of Alabama Self-Insured Worker's Compensation Fund ("the Fund")[1] to recover worker's compensation benefits paid by the Fund to Plaintiff Ms. Jennifer Piggott ("Ms. Piggott), to interject Hwashin's own property damage claims which the Fund has no standing to assert, making Hwashin a new real party in interest in this case. Hwashin's Motion for Leave is due to be denied because the Fund has no standing to assert Hwashin's property damage claim and granting Hwashin's Motion will result in undue delay as to all parties and unfair prejudice to Gray.

---

[1] Hwashin's worker's compensation carrier.

# I.     SUR-REPLY.

## A.     Hwashin Offers No Legal Authority or Evidence To Establish The Fund Has Standing To Assert The Property Damage Claims Alleged in The Amended Complaint in Intervention.

In its Reply, Hwashin makes an attempt to resolve the issue of standing, but cannot overcome the fact that Hwashin itself incurred no damages sought by the original Complaint in Intervention and the Fund has suffered no alleged property damage or lost profit alleged in the Amended Complaint in Intervention. Hwashin is undisputedly not the real party in interest in the Complaint in Intervention presently pending because it lacks standing to assert the Fund's worker's compensation subrogation interest.

Hwashin argues it has a statutory right to recover the worker's compensation payments it made.  Gray does not deny this, but the problem is there is no evidence Hwashin made any payments to Mrs. Piggott.  The only payments made to Mrs. Piggott were made by the Fund.  Hwashin even admits that the right to subrogation being asserted  in the original Complaint in Intervention belongs to the Fund, not Hwashin. (Reply at p. 12.).

There is no question that the Fund has standing and a statutory right to assert its worker's compensation subrogation claims which it did in the original Complaint in Intervention. However, it has no standing to assert a claim for Hwashin's property damage and lost profits.

Hwashin, the property owner, is the only entity with standing to assert the claims for property damage and lost profits alleged in the requested Amended Complaint in Intervention.  Hwashin is not a party in interest to this action, other than as a Third-Party Defendant.

**B.    Gray Is Not Estopped From Arguing Hwashin Lacks Standing.**

Hwashin's only counter argument to Gray's standing argument is to claim that Gray is estopped from asserting the standing defense.  Hwashin argues Gray should be estopped from arguing that Hwashin lacks standing to assert its property damage claim because Gray has treated Hwashin and the Fund as the same in its Answer and Affirmative Defenses and discovery requests and because of information contained in Hwashin's Corporate Disclosure Statement.  Hwashin's argument is without merit.

To establish estoppel, a party must show: (1) that the person against whom estoppel is asserted communicates something in misleading way, either by words, conduct, or silence, with intention that communication will be acted on; (2) that the person seeking to assert estoppel, who lacks knowledge of facts, relies upon the communication; and (3) that the person relying on the statement would be harmed materially if the person is later permitted to assert a claim inconsistent with his earlier conduct.  See Allen v. Bennett, 823 So.2d 679 (Ala. 2001.).  The party claiming estoppel must have been ignorant of the real facts and, in reliance on the misleading communication, he must have changed his position and sustained prejudice.  See Singley v. Bentley, 782 So.2d 799 (Ala.Civ.App. 2000).

Gray concedes it has asserted Affirmative Defenses in its Answer to the Complaint in Intervention, such as contributory negligence, which it will also assert against Hwashin is property damage and lost profits claims.  However, that establishes nothing.

The Fund made the payments on behalf of Hwashin. Gray can assert any defense against the Fund's (the subrogee) subrogation interest it that it also would have against

Hwashin (the subrogor). When proceeding with a claim for subrogation, the subrogee stands in the place of the party whose claim he has paid. See U.S. v. California, 113 S.Ct. 1784 (1993.); see also Allstate Ins. Co. v. Amerisure Ins. Companies, 603 So.2d 961 (Ala. 1992)(held that the party claiming entitlement to subrogation "steps into the shoes" of party allegedly responsible for the obligations paid.). The fact that Gray exercised this right does not give rise to an estoppel.

Gray did propound discovery requests upon Hwashin on behalf of the Fund. The reason is clear. Hwashin had the information and the documents. Hwashin was free to respond that the information or documents sought were not in the possession, custody or control of the Fund. Gray would then have issued a subpoena, as suggested by Hwashin. The fact Hwashin chose to respond to the discovery on behalf of the Fund does not estop Gray from arguing Hwashin and the Fund are two (2) separate entities, with separate standing and with different types of damage.

In fact, Hwashin makes Gray's point at Page 12 in its Reply. (Reply at p. 12-13.). Hwashin concedes Gray did not object to Hwashin's intervention through the Fund as long as Gray had discovery as to Hwashin's interest and involvement in the case. Moreover, the Court granted Hwashin's Motion to Intervene only on behalf of the Fund. Thus, Gray's response and the Court's Order both establish the Fund, not Hwashin, is the real party in interest.

Finally, Hwashin argues because it omitted the Fund's corporate information from its Corporate Disclosure Statement and the Court accepted the Statement, that the standing issue has been resolved. This is the most unbelievable of all Hwashin's arguments. The fact Hwashin failed to include the Fund's information on the Corporate

Disclosure Statement proves nothing more than Hwashin is in violation of the Court's General Order.

Moreover, Gray cannot possibly be estopped from asserting its standing argument by Hwashin's violation of this Court's General Order. Estoppel requires action creating the estoppel by the party to be estopped. Hwashin can not create its own estoppel against Gray by its own actions, be they a Court Order violation or any other act.

### C.    Hwashin's Motion For Leave To Amend Should Be Analyzed Under <u>Federal Rules Of Civil Procedure</u>, Rule 24(B).

Hwashin argues Gray has incorrectly evaluated the Motion for Leave under <u>Federal Rules of Civil Procedure</u>, Rule 24 (b), when the Motion is governed by <u>Federal Rules of Civil Procedure,</u> Rule 15.  While Hwashin's Motion is styled as a Motion for Leave to Amend, it actually seeks to add another Plaintiff in Intervention, Hwashin.

The case is similar <u>Intown Properties Management, Inc. v. Wheaton Van Lines, Inc.</u> 271 F.3d 164 (4th Cir. 2001).  In <u>Intown</u>, the insurer of a motel that was damaged when it was hit by a truck sued the employer of the truck driver to recover payments made under the policy.  (<u>Id</u>. at 167.). In a separate action, the owner of the motel also sued the driver's employer for additional damages and lost profits, but the case was dismissed as being untimely.  (<u>Id</u>.). The owner then filed a Motion to Amend the insurer's Complaint and assert the owner's claims.  (<u>Id</u>.). The Court denied the Motion for Leave to Amend the Complaint. (<u>Id</u>.).

The Court first recognized the proper procedure for the owner to join in the litigation was through a Motion to Intervene.  (<u>Id</u>. at 168.).  The Court stated, however, the Complaint in Intervention was untimely.  (<u>Id</u>. at 169.).  Because the owner failed to

file his action in the time allowed, the Court noted the owner was attempting to "finesse" the legal system and take advantage of Rule 15, which allows for liberal amendment of pleadings.  (Id.).

In addressing the merits of the owner's Motion for Leave to Amend, the Court noted Rule 15 allows for liberal amendment "*by parties*, not non-parties".  (Id. at 169)(original emphasis).  Moreover, the Court noted Federal Rules of Civil Procedure, Rule 17, which requires an action to be prosecuted by the real party in interest, does not afford a non-party the right to join in action.  (Id.). The Court held the owner was not entitled to amend a Complaint filed by its insurer and the Motion for Leave was denied. (Id. at 170.).

In this case, Hwashin the property owner is attempting to join in an action brought on behalf of the Fund.  As stated in Intown, Hwashin's claims should have been introduced through a separate Motion to Intervene.  Hwashin is seeking to "finesse" the legal system and introduce its unrelated claims for property damage and lost profits in a personal injury case where Hwashin hopes to side with the injured plaintiff.  Hwashin cannot amend the Complaint in Intervention brought on behalf of the Fund, as it is not the real party in interest.   Hwashin's Motion should be evaluated under the Federal Rules of Civil Procedure, Rule 24(b).

> **D.** **Even If Hwashin's Claims Are Evaluated Under Federal Rules Of Civil Procedure, Rule 15, The Undue Delay And Prejudice Require Its Motion To Be Denied.**

Hwashin admits this Court has discretion to decide whether to allow the claims based on considerations of undue delay. See Ciba Specialty Chemicals Corp. v. Tensaw Land and Timber Co., Inc., 233 F.R.D. 622 (S.D.Ala. 2005) (held permissive intervention

is discretionary with the district court, and it may be properly denied, even if there are common questions of law or fact, if intervention will cause undue delay or prejudice.).

Hwashin argues that it filed Motion for Leave within the time set forth in the scheduling order necessarily means that the claims will not cause undue delay. Gray is not arguing Hwashin exhibited undue delay in **filing** its Motion. Gray argues the Amended Complaint in Intervention will result in undue delays in the resolution of this case. The fact Hwashin may have sought leave to amend its Complaint in the time allowed by the Court in no way alters the delay the amendments will cause now by adding claims which have nothing whatsoever to do with Plaintiffs' personal injury claims and interject contract and insurance issues which have nothing to do with Plaintiffs' personal injury claims.

Hwashin, in a desperate attempt to try to play up that its claims are similar to Plaintiffs and will not cause undue delay, accuses Gray of stating there are no similarities between Hwashin's **claims** and Gray's **claims**. (Reply at p. 4-5.). That is not what Gray stated. What Gray stated, and what Hwashin concedes in its Reply, is that Hwashin's property **damage** (clean up cost, temporary repair cost, repair cost, loss of office property, loss profits or any other damage Hwashin seeks to assert in the Amended Complaint in Intervention) is "not related to Ms. Piggott's injuries," "ha[s] absolutely nothing to do with Mr. and Mrs. Piggott's injuries" and is "unrelated [to Mr. and Mrs. Piggotts'] claims". All of which is true and Hwashin concedes this in the Reply.

Hwashin even admits its claims will require additional testimony regarding its damages and these witnesses "would not be necessary to prove the Piggott's claims. (Id.

at p. 5.).  It also recognizes a "significant difference" between its claims for property damage and asserted by Mr. and Mrs. Piggott's personal injury claims.  (Id. at p. 11.)

Hwashin argues, however, the additional testimony will be minimal in comparison to the factual testimony necessary for both claims."  It is hard to believe Hwashin seriously argues its interjection of property damage claims will cause only "incidental delay and expenses."  (Reply at p. 5.).

Hwashin's Amended Complaint in Intervention will result in substantial additional evidence and testimony on at least the following issues:

1.      The costs to clean up the debris after the roof collapse;

2.      The costs to rebuild the office;

3.      The reasonableness of all costs allegedly incurred by Hwashin as a result of the roof collapse;

4.      Whether Hwashin properly mitigated its damages.

5.      The value of the Hwashin facility both prior to and after the roof collapse;

6.      The exact business property and contents allegedly damaged in the roof collpase;

7.      The repair or replacement costs of the business property;

8.      The value of the business property prior to and after the roof collapse;

9.      Whether the business property could be salvaged or was a total loss;

10.     The length of the alleged interruption in Hwashin's business;

11.     Whether the interruption resulted in lost sales;

12.     Whether Hwashin was forced to pay its employees during the interruption;

13.    Whether the alleged interruption had any effect on Hwashin's customers' profitability;

14.    The profitability of Hwashin prior to and after the collapse;

15.    The effect of the waiver provisions in the Contract on Hwashin's claims; and

16.    The effect of the insurance provisions in the Contract and Hwashin's claims.

Hwashin argues it is "pure speculation" as to whether anyone else will seek to intervene as subrogee of Plaintiffs' property damage claims and "it is hard to imagine that there are any other parties related to the actual construction project at issue in this case that could be made parties to this action." (Reply at p. 8.). Hwashin identifies Travelers Property Casualty Company of America, Ltd. ("Travelers") as its property insurance carrier. If Hwashin is allowed to assert a claim for the property damage, Travelers will need to intervene to protect its subrogation interest on the office property it has already paid. In fact, it appears Hwashin is trying to assert claims in its Amended Complaint in Intervention attached to its Motion which already rightfully belong to Travelers. It is highly probable that at a minimum Hwashin's property insurance carrier will intervene to protect its own subrogation interest.

Hwashin argues that Gray has done nothing in this case in the interim between the filing of Mr. and Mrs. Piggott's Complaint and the present and there has been nothing more than "mere passage of time" to support its argument there is no undue delay. Hwashin also argues that Gray "has not conducted any substantial discovery to date" and does not "seem particularly anxious to get to trial". (Reply at p. 9.). Evidently, Hwashin

cannot review its own file or Hwashin's argument is that because depositions have not started, there has been "mere passage of time".

Since the filing of this case, Gray has served Hwashin on behalf of the Fund and Plaintiffs with interrogatories and document requests, served third-party subpoenas on Freeland-Harris Consulting Engineers, Cooper's Steel Fabricators, Quincy Joist Company, Midsouth Roof Services, Inc., QC Masonry, All-South Subcontractors, Buckner Steel Erection, Tierce Industrial Services, Inc., Latta Plumbing Company, Christian Testing Laboratories, Inc., Ard Contracting, Inc., Hardy Corporation, SSOE, Inc., Building Inspector of City of Greenville, Unified Testing Services, Inc., V&W Supply Company, Zurn Plumbing Products, Firestone Building Products, Jackson Hospital, Jeffrey D. Voreis, MD, L.V. Stabler Memorial Hospital, Baptist Medical Center East, Thomas W. Rigsby, MD, Peter Pitonak, MD, Aubrey A. Stabler, MD, Montgomery Women's Health Associates, Alabama Orthopedic Specialists, Lewis Keith Lloyd, Jr., MD, Magnum Engineering, Honeywell Building Solutions, SES Corporation and Bradford Health Services and reviewed their documents and Gray timely filed a Third-Party Complaint after third-party discovery against those Third-Party Defendants that have liability to Gray in this case. Gray has also propounded interrogatories and document requests on all Third-Party Defendants.  Gray is prepared to move forward with depositions as soon as the other parties are ready to proceed. To argue that Gray has done nothing is disingenuous at the least.

As conceded by Hwashin in its Reply, <u>Federal Rules of Civil Procedure</u>, Rule 15, recognizes "undue prejudice to the opposing party" as a substantial reason for denying a

Motion for Leave to Amend.  (See Hwashin's Reply at p. 3, citing Loggerhead Turtle v. Volusia County, 148 F.3d 1231, 1255 (11th Cir. 1998.).

      Hwashin blows through Gray's argument that the introduction of insurance into the case will unfairly prejudice Gray by simply asserting that argument is "frivolous", Gray will not be prejudiced by Hwashin's insurance coverage coming out and despite volumes of Alabama case law to the contrary, flippantly states "Gray apparently contends that the mere mention of insurance in this case would some how prejudice Gray's defense of the Piggott's claims." (Reply at p. 8.). At this time, Gray does not address whether Hwashin's insurance coverage will be introduced at trial. Rather, Gray is concerned with the fact that Gray's own insurance coverage will be be introduced.

      Hwashin offers no case authority to support its argument it is appropriate to interject a property damage case into a personal injury case when the property damage case, but not the personal injury case, requires the interjection of insurance to defend the case. Hwashin also offers this Court no solution for dealing with that problem,  other than disregarding volumes of Alabama case law saying the existence of insurance will not prejudice Gray.

      It is well settled that the existence of insurance coverage is not relevant in personal injury cases and the mention of insurance coverage constitutes prejudicial error. See  Zaden v. Elkus, 2003 WL 22113880 (Ala. 2003)(held evidence concerning the existence of liability insurance is not admissible);  Pi Kappa Phi Fraternity v. Baker, 661 So.2d 745 (Ala. 1995)(held even indirect references to liability insurance do not escape evidentiary rule prohibiting proof of defendant's insurance against liability.); Pannell v. Reynolds, 655 So.2d 935 (Ala. 1994)(held in tort action based on negligence or

wantonness, evidence of liability insurance is generally inadmissible.); Preferred Risk Mut. Ins. Co. v. Ryan, 589 So.2d 165 (Ala. 1991)(held evidence of insurance coverage, or of the limits of a policy of insurance, is not relevant in tort cases and admission of such evidence is error.); Partridge v. Miller, 553 So.2d 585 (Ala. 1989)(held testimony that shows or tends to show that party is indemnified in any degree or fashion by insurance company is prejudicial and reversible error.); Beautilite Co., Inc. v. Anthony, 554 So.2d 946 (Ala. 1989)(held law disapproves of introducing testimony or other evidence that tends to show that party from whom one seeks damages is or may be indemnified by insurance company.); Welborn v. Snider, 431 So.2d 1198 (Ala. 1983)(held presence of insurance coverage is not ordinarily permitted to be injected into trial of case.); Robins Engineering, Inc. v. Cockrell, 354 So.2d 1 (Ala. 1977)(held it is prejudicial and reversible error to allow testimony to show, or tend to show, that a party is indemnified in any degree or fashion by an insurance company.); Prescott v. Martin, 331 So.2d 240 (Ala. 1976)(held issue of a defendant's insurance against liability is a forbidden fact in trial of case and indirect references do not escape the prohibition of this evidentiary rule.). Hwashin fails to present any exception to the rule prohibiting evidence of insurance or any basis for this Court to interject insurance in a personal injury case.

Hwashin points out twice in its Reply that Plaintiffs did not oppose its Motion for Leave to Intervene. Of course, Plaintiffs did not oppose it. Plaintiffs could be no more happy than if Hwashin's property damage claims were allowed into this case and Gray had to divulge the existence of insurance and its limits in defense of Hwashin's property damage claims in front of a jury that is going to determine how much damages to award the Plaintiffs for personal injury. Plaintiffs are willing to deal with the undue delay to get

the benefit of having the existence and amount of insurance known to the jury and severely prejudice Gray.

Hwashin argues in Footnote No. 4 that whether Hwashin is allowed to file an Amended Complaint or is forced to file a Third-Party Counterclaim, its insurance and Gray's insurance would be brought before the jury. That is not necessarily so. This Court could sever the third-party claims relating to property damage for trial only and try them separately. Neither Hwashin's insurance or Gray's insurance would have to be interjected into Mr. and Mrs. Piggott's case in that scenario. In fact, doing so would eliminate Hwashin's lack of standing.

In Footnote No. 2, Hwashin suggests that the duty issue between it and Plaintiff "**could be"** the same if Mr. and Mrs. Piggott want to assert a duty based on the contract between Hwashin and Gray. Gray, while not conceding whether Hwashin is correct or not, states that Hwashin misses the point. The point is that while Mr. and Mrs. Piggott could so limit Gray's duties, they are not going to do so. Hwashin even concedes this in Footnote No. 2 where Hwashin states "the Piggotts likely will based their negligence claim, at least in part, on an argument that Gray's duties to them are those contained in its contract with Hwashin." Thus, Hwashin concedes that the duty issue with respect to the Plaintiffs will be different from the duty Gray owed Hwashin.

Hwashin suggests that Gray ask this Court to adopt a rule where "one material difference" exists that intervention should not be allowed. That is not Gray's suggestion at all. Gray's suggestion is that in a case such as this where there are multiple material differences (duty, causation and damage) intervention should be precluded. Hwashin would have this Court adopt a rule that intervention is allowed when there are no

common issues of law as to duty, causation or damage, no common facts as to duty, causation and damage and where the intervention would require the interjection of insurance into a personal injury case. It is Hwashin's suggestion that is "unsupportable".

### E. Gray Has Not Engaged in Any "Procedural Gamemanship".

Hwashin makes a blatant misrepresentation regarding the action filed by Gray in Gray Construction v. Hwashin America Corporation, Case No. 07-CV-584 (Reply at p. 14-15.). Hwashin misrepresents that in that case Gray has "filed a separate action for payments allegedly due under the original contract between Hwashin and Gray that arise from the roof collapse". (Id.). That is absolutely untrue.

Gray seeks to recover in that lawsuit approximately $700,000.00 in repair cost that Gray and Hwashin contracted for after the office roof collapsed. That contract had nothing to do with the original construction, and was not even entered into until after the office roof collapsed. It has absolutely nothing to do with Ms. Piggott's claims, was not a compulsory counter claim in this action and this action is not appropriate under any procedural vehicle for Gray to assert that independent claim in this case unless Hwashin is granted leave to file its Amended Complaint in Intervention.

Hwashin, without any legal authority, cavalierly asserts Hwashin "doubts that action will survive Motion to Dismiss and/or Motion to Consolidate. (Reply at p. 10.). Hwashin has now provided its Motion to Dismiss and/or Motion to Consolidate in that case which establishes Hwashin has no legal support for this position and its doubts were off point.

That lawsuit involves a separate contract and was filed prior to Hwashin filing any Motion for Leave to assert its property damage claims in this case. In fact, it was the

filing of that case that evidently prompted Hwashin to strategically decide it would be better for Hwashin to be sided with Ms. Piggott in a lawsuit where Gray's insurance would come into evidence, as opposed to standing by itself in a property damage lawsuit where its insurance and Gray's insurance would both be before the Court and jury.

Hwashin has two (2) options.  It can file a Motion to Dismiss and Counterclaim in Gray vs. Hwashin, Case No. CV-07-584.  Since Gray has already sued Hwashin for repair costs in that case and Hwashin is trying to seek repair costs in its proposed Amended Complaint in Intervention, it would seem that the claims asserted in the proposed Amended Complaint in Intervention should be compulsory counterclaims in the case Gray has filed. Hwashin's second choice is to file a Third Party Counterclaim in this case and Gray will file a Motion to Sever those claims for purposes of trial.

## II.    CONCLUSION.

The Fund, the real party in intervention in this case, lacks standing to assert Hwashin's property damage claims sought to be added to this litigation.  Even if standing were not a problem, the claims sought to be interjected into this lawsuit by Hwashin will cause undue delay to all Parties and will severely and unfairly prejudice Gray in the defense of these claims.

WHEREFORE, Gray respectfully requests this Court deny Hwashin's Motion for

Leave to Amend its Complaint in Intervention.

Done this 6th day of August, 2007.

By: _____
E. Britton Monroe (MON032)
Mickey B. Wright (WRI048)
Brian M. McClendon (MCC133)
Attorneys for Defendant/ Third Party
Plaintiff  Gray Construction, Inc.

OF COUNSEL:
 LLOYD, GRAY & WHITEHEAD, P.C.
2501 20th Place South, Suite 300
Birmingham, Alabama 35223
Telephone:  (205) 967-8822
Facsimile:  (205) 967-2380

## CERTIFICATE OF SERVICE

I hereby certify that on the 6th day of August, a true and correct copy of the foregoing has been furnished by electronic filing upon the following parties:

Jere L. Beasley, Esq.
Julia Ann Beasley, Esq.
Beasley, Allen, Crow, Methvin,
   Portis & Miles, P.C.
P.O. Box 4160
Montgomery, AL 36103-4160
***Counsel for Plaintiffs, Jennifer and Slade Piggott***

Thomas T. Gallion, III, Esq.
Constance C. Walker, Esq.
Felicia A. Long, Esq.
Haskell, Slaughter, Young & Gallion, LLC
P.O. Box 4660
Montgomery, AL 36103-4660
***Counsel for Latta Plumbing & Construction Co., Inc.***

Charles Keith Hamilton, Esq.
Bainbridge, Mims, Rogers & Smith
P.O. Box 530886
Birmingham, AL 35253-0886
***Counsel for Freeland-Harris Consulting Engineers of Kentucky, Inc.***

John S. Somerset, Esq.
Sudderth & Somerset
5385 First Avenue North
Birmingham, AL 35212
***Counsel for All-South Subcontractors, Inc.***

Linda H. Ambrose, Esq.
Rogers & Associates
3000 Riverchase Galleria, Ste. 650
Birmingham, AL 35244
***Counsel for Hwashin America Corp.***

A. Joe Peddy, Esq.
Robert B. Stewart, Esq.
Smith, Spires & Peddy
2015 2nd Avenue North, Ste. 200
Birmingham, AL 35203
***Counsel for Cooper's Steel Fabricators, Inc.***

J. Lister Hubbard, Esq.
Richard H. Allen, Esq.
Arden Reed Pathak, Esq.
Capell & Howard, P.C.
P.O. Box 2069
Montgomery, AL 36102-2069
***Counsel for Hwashin America Corp.***

James A. Rives, Esq.
William Christopher Waller, Jr., Esq.
Ball, Ball, Matthews & Novak, P.A.
P.O. Box 2148
Montgomery, AL 36102-2148
***Counsel for Hwashin America Corp.***

Hope T. Cannon, Esq.
Brittin T. Coleman, Esq.
Kenneth M. Perry, Esq.
Bradley, Arant, Rose & White, LLP
One Federal Place
1819 Fifth Avenue North
Birmingham, AL 35203-2104
***Counsel for Firestone Building Products Company, LLC***

John M. Laney, Jr., Esq.
John C. DeShazo, Esq.
Laney & Foster, P.C.
P.O. Box 43798
Birmingham, AL 35243-0798
***Counsel for Freeland-Harris Consulting Engineers of Georgia, Inc.***

Larry W. Harper, Esq.
Porterfield, Harper, Mills & Motlow, P.A.
22 Inverness Center Parkway, Ste. 600
P.O. Box 530790
Birmingham, AL   35253-0790
**Counsel for The Hardy Corporation**

_____
OF COUNSEL