**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA**

| | |
|---|---|
| **JENNIFER PIGGOTT and** ) | |
| **SLADE PIGGOTT,** ) | |
| ) | |
| Plaintiffs, ) | |
| ) | **Case No.: CV-06-1158** |
| v. ) | |
| ) | |
| **GRAY CONSTRUCTION, INC.,** ) | |
| ) | |
| Defendant/Third-Party Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| **COOPER'S STEEL** ) | |
| **FABRICATORS, INC., et al.,** ) | |
| ) | |
| Third-Party Defendants. ) | |

---

**GRAY CONSTRUCTION INC.'S MOTION FOR ENLARGEMENT OF TIME TO RESPOND TO HWASHIN AMERICA CORPORATION'S MOTION TO DISMISS THIRD-PARTY COMPLAINT**

---

Gray Construction Inc. ("Gray") respectfully requests the Court enlarge the time to file its Opposition to Hwashin America Corporation's ("Hwashin") Motion to Dismiss its Third-Party Complaint. In support of this Motion, Gray states as follows:

1. On or about June 8, 2007, Gray filed a Third-Party Complaint naming Hwashin as a Third-Party Defendant. (Third-Party Complaint, Document No. 26 in the Court Docket.). Gray alleges claims of both common law and contractual indemnity against Hwashin. (Id.).

2. On or about June 24, 2007, Hwashin filed its Motion to Dismiss Gray's Third-Party Claims. (Motion to Dismiss, Document No. 83 in the Court Docket.).

3. On July 31, 2007, the Court entered an Order allowing Gray until August 9, 2007, nine(9) days, to file an Opposition to Hwashin's Motion to Dismiss and Hwashin until August 16, 2007 to file its Reply to Gray's Opposition. (Order, Document No. 88 in the Court Docket.).

4. Hwashin's Motion to Dismiss addresses numerous issues of law and fact which require Gray's response. While Gray has made every attempt to file its Opposition in the time allowed by the Court, it now realizes that additional time is needed to properly respond to Hwashin's arguments.

5. Motions to Enlarge Time are governed by Federal Rules of Civil Procedure, Rule 6(b), which states

> When by these rules or by a notice given thereunder or by Order of Court an act is required or allowed to be done at or within a specified time, the Court for causes however may at any time in its discretion (1) with or without motion or notice or the period enlarged if requested if request therefore is made before the expiration of the period originally prescribed or as extended by a previous Order, or (2) upon motion made after the expiration of the specified period permit the act be done where the failure to act was the result of excusable neglect; but it may not extend the time for taking any action under Rules 50(b) and (c)(2), 52(b), 59(b), (d) and (e) and 60(b) except to the extent under the conditions stated in them.

6. Traditionally, the Courts have allowed for enlargement of time when the Motions requesting the enlargement were filed prior to the expiration of the deadline. See Caudell v. Rose, 378 F.Supp.2d. 725 (W.D.Va. 2005)(held that corrections and officials were entitled to extensions of time to file a responsive pleading where the extension request was made before the expiration of the deadline and the stated reason for the extension was to formulate their response.); Creedon v. Taubman, 8 F.R.D. 268 (N.D. Ohio 1947)(held that extensions of time may always be asked for and usually granted on showing of good cause if timely made under this Rule.). Moreover, in cases where the parties are not prejudiced by the requested enlargement,

the Court has been even more inclined to allow the extension. See Fisher v. Office of State Attorney Thirteenth Judicial Circuit, Florida, 162 Fed.Appx. 937 (11th Cir. 2006).

7. No party to this litigation will be prejudiced by allowing Gray additional time to respond to Hwashin's Motion to Dismiss. In fact, allowing Gray additional time will allow it to raise all arguments in Opposition to Hwashin's Motion to Dismiss, rather than being forced to revisit opposition arguments through a Sur-Reply to Hwashin's Reply, thus ultimately preventing future delays.

8. Gray will be significantly prejudiced if it is not given additional time to respond to Hwashin's Motion to Dismiss. Hwashin's Motion seeks a complete dismissal of Gray's Third-Party claims. Gray needs additional time to assert arguments proving its claims should not be dismissed.

9. Gray's request is not made in bad faith or for the purpose of delay. Over the past month, Gray has filed numerous pleadings, including opposing Firestone Building Products Company's Motion to Dismiss its Third-Party Complaint and opposing Hwashin's Motion for Leave to Amend its Complaint in Intervention. Gray has never requested the Court allow it additional time for any of these previous filings. Only after filing six (6) separate pleadings over the last month is Gray unable to meet the Court's deadlines.

WHEREFORE, Gray respectfully requests the Court extend the deadline for opposing Hwashin's Motion to Dismiss and Hwashin's deadline for filing a Reply to Gray's Opposition by one week and require Gray's Opposition to be due by August 16, 2007 and Hwashin's Reply to be due by August 23, 2007.

Done this 8th day of August, 2007.

> By: *s/Brian M. McClendon*
> E. Britton Monroe (MON032)
> Mickey B. Wright (WRI048)
> Brian M. McClendon (MCC133)
> Attorneys for Defendant/Third Party
> Plaintiff Gray Construction, Inc.

**OF COUNSEL:**
LLOYD, GRAY & WHITEHEAD, P.C.
2501 20th Place South, Suite 300
Birmingham, Alabama 35223
Telephone: (205) 967-8822
Facsimile: (205) 967-2380

## CERTIFICATE OF SERVICE

I hereby certify that on the 8th day of August, a true and correct copy of the foregoing has been furnished by U.S. Mail, postage prepaid, upon the following parties:

Jere L. Beasley, Esq.
Julia Ann Beasley, Esq.
Beasley, Allen, Crow, Methvin,
   Portis & Miles, P.C.
P.O. Box 4160
Montgomery, AL 36103-4160
***Counsel for Plaintiffs, Jennifer and Slade Piggott***

Thomas T. Gallion, III, Esq.
Constance C. Walker, Esq.
Felicia A. Long, Esq.
Haskell, Slaughter, Young & Gallion, LLC
P.O. Box 4660
Montgomery, AL 36103-4660
***Counsel for Latta Plumbing & Construction Co., Inc.***

Charles Keith Hamilton, Esq.
Bainbridge, Mims, Rogers & Smith
P.O. Box 530886
Birmingham, AL 35253-0886
***Counsel for Freeland-Harris Consulting Engineers of Kentucky, Inc.***

John S. Somerset, Esq.
Sudderth & Somerset
5385 First Avenue North
Birmingham, AL 35212
***Counsel for All-South Subcontractors, Inc.***

Linda H. Ambrose, Esq.
Rogers & Associates
3000 Riverchase Galleria, Ste. 650
Birmingham, AL 35244
***Counsel for Hwashin America Corp.***

A. Joe Peddy, Esq.
Robert B. Stewart, Esq.
Smith, Spires & Peddy
2015 2nd Avenue North, Ste. 200
Birmingham, AL 35203
***Counsel for Cooper's Steel Fabricators, Inc.***

J. Lister Hubbard, Esq.
Richard H. Allen, Esq.
Arden Reed Pathak, Esq.
Capell & Howard, P.C.
P.O. Box 2069
Montgomery, AL 36102-2069
***Counsel for Hwashin America Corp.***

James A. Rives, Esq.
William Christopher Waller, Jr., Esq.
Ball, Ball, Matthews & Novak, P.A.
P.O. Box 2148
Montgomery, AL 36102-2148
***Counsel for Hwashin America Corp.***

Hope T. Cannon, Esq.
Brittin T. Coleman, Esq.
Kenneth M. Perry, Esq.
Bradley, Arant, Rose & White, LLP
One Federal Place
1819 Fifth Avenue North
Birmingham, AL 35203-2104
***Counsel for Firestone Building Products Company, LLC***

John M. Laney, Jr., Esq.
John C. DeShazo, Esq.
Laney & Foster, P.C.
P.O. Box 43798
Birmingham, AL 35243-0798
***Counsel for Freeland-Harris Consulting Engineers of Georgia, Inc.***

Larry W. Harper, Esq.
Porterfield, Harper, Mills & Motlow, P.A.
22 Inverness Center Parkway, Ste. 600
P.O. Box 530790
Birmingham, AL   35253-0790
***Counsel for The Hardy Corporation***

*s/Brian M. McClendon*
OF COUNSEL