## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA

| | | |
|---|---|---|
| **JENNIFER PIGGOTT and** | ) | |
| **SLADE PIGGOTT,** | ) | |
| | ) | **CASE NUMBER: CV06-1158** |
| **PLAINTIFFS,** | ) | |
| | ) | |
| **vs.** | ) | |
| | ) | |
| **GRAY CONSTRUCTION, INC.,** | ) | |
| | ) | |
| **DEFENDANT/THIRD-PARTY** | ) | |
| **PLAINTIFF** | ) | |
| **vs.** | ) | |
| | ) | |
| **COOPER'S STEEL FABRICATORS,** | ) | |
| **INC.,  et al,** | ) | |
| | ) | |
| **THIRD-PARTY DEFENDANTS.** | ) | |

## ALL-SOUTH SUBCONTRACTORS, INC.'S REPLY TO HWASHIN AMERICA CORPORATION'S MOTION TO DISMISS CROSS CLAIM

Comes now All-South Subcontractors, Inc., (All-South) Defendant in the Third-Party Complaint filed by Gray Construction, and Cross Claimant against Hwashin America Corporation (Hwashin) and respectfully submits this brief in response to Hwashin's Motion to Dismiss the said Cross Claim.

## STANDARD OF REVIEW FOR MOTION TO DISMISS

Hwashin correctly states the standard of review which is proper for the ruling on a Motion to Dismiss in its memorandum of law submitted in this matter.  All-South would add that, in addition to the Federal cases cited by Hwashin, the State of Alabama

follows the Federal rule, saying:

"In reviewing a Rule 12(b) (6) dismissal, this Court must examine the allegations in the pleadings and construe them so as to resolve all doubts concerning the sufficiency of the complaint in favor of the plaintiff, to determine whether the plaintiff can prove 'any set of facts in support of his claim which would entitle him to relief. Jones v Lee County Commission, 394 So. 2d 928, 930 (Ala. 1981). "This Court does not consider whether the plaintiff will ultimately prevail, only whether he has stated a claim under which he may possibly prevail." Fontenot v Bramlett, 470 So 2d 669, 671 (Ala. 1985) (emphasis original).

## THE THIRD PARTY BENEFICIARY CLAIM IS NOT SUBJECT TO DISMISSAL

It would be difficult to find a more clear case of "intent to include third parties" in a

contract. The contract entered into by Hwashin and Gray Construction Company (Gray)

specifically sets forth that not only Gray, but also, "....its Subcontractors, suppliers,

consultants, agents and employees..." are indemnified. (Document No. 77-1, Exhibit A, page

A000007013) Hwashin would ask this Court to hold that somehow, All-South, a

subcontractor to Gray, nevertheless was NOT one of the entities intended by that language.

Fortunately, Alabama law lends some light on proper construction this type of language. In

H.R.H. Metals, Inc., v. Carl Miller, et al, 833 So2d 253, (Alabama Supreme Court, 2002),

H.R.H. entered into a contract with Vulcan Materials Company (Vulcan). The agreement

was Vulcan's standard "Contractor-Vendor" agreement which contained the following

provision (as quoted by the Court):

"Safety and Health Administration. (H.R.H.) further represents and warrants that all such employees, subcontractors, agents and agents' employees have received all training required by Mine Safety and Health Administration, Occupational Safety and Health Administration or their successors satisfactory and by any state agency, including but not limited to comprehensive miner training and task training. (H.R.H.) further represents and warrants

that all such employees, subcontractors, agents and agents' employees have received satisfactory hazard training appropriate to the Vulcan facility or facilities they will be entering. (H.R.H.) covenants to follow Vulcan's safety rules and to maintain its own safety and health program for its employees, subcontractors and agents sufficient to prevent injury or illness to such persons resulting from their presence on the Vulcan premises...".

Later, H.R.H. entered into an agreement with Miller Machine Company, which, under the agreement, was to take down and remove a particular building from the Vulcan Materials property. The Plaintiff, Carl Miller, was an employee of Miller Machine, and fell through a skylight while on the Vulcan job, severely injuring himself. He sought to sue H.R.H. as a third party beneficiary to the H.R.H.-Vulcan contract under the language, "....employees, subcontractors, agents and agent's employees....". The Court in that case held that Miller was a subcontractor of H.R.H., and as such, was covered as a third party beneficiary. This language is very similar to the language of the Hwashin-Gray contract under consideration in this matter. The Court in that case held:

"Stated simply, a subcontractor is one who "performs(s) some portion of the contract of the general contractor." Pinecrest Apartments Ltd., v R.P. McDavid Co., 535 So 2d 126, 128 (Ala. 1988). In Pinecrest Apartments, Ltd., this Court approved the following definition as the "common understanding" of the tern "subcontractor": "Subcontractor. One who takes portion of a contract from principal contractor or another subcontractor. Hardware Mut. Casualty Co. v Hilderbrandt, C.C. A. Okl., 119 F. 2d 291, 297, 299 (10th Cir. 1049). One who has entered into a contract, express or implied, for the performance of an act with the person who has already contracted for its performance. One who takes from the principal or prime contractor a specific part of the work undertaken by the principal contractor. Royal Indemnity Co. v. Kenny Constr. Co., C.A. Ill, 528 F. 2d 184, 191 (7th Cir, 1975), cert. denied sub nom. City of Chicago v Kenny Constr. Co., 426 U.S. (1076)." 535 So 2d at 128, quoting Black's Law Dictionary 1277 (5th ed. 1979). It is clear that Miller Machine falls within this definition."

And later in the opinion:

"Paragraph 5 of the agreement between Vulcan and H.R.H. is not in itself ambiguous. It clearly required H.R.H. to ensure that its subcontractors received all necessary health and safety training. H.R.H. specifically agreed "to follow Vulcan's safety rules and to maintain its own safety and health programs for its employees, subcontractors and agents sufficient to prevent injury or illness to such persons resulting from their presence on the Vulcan premises." (Emphasis added). The emphasized language reflects an intention on the part of the contracting parties to bestow a direct benefit upon Carl Miller, as an employee of Miller Machine, a subcontractor. "

A simple reading of the quoted clause of the Hwashin-Gray contract reveals that the unambiguous intention of the parties was to confer a benefit on Gray's Subcontractors, of which All-South is one.

## SECTION 11 OF THE HWASHIN-GRAY CONTRACT CONTAINS MISCELLANEOUS PROVISIONS AND IS NOT RESTRICTED TO HAZARDOUS MATERIALS

The quoted section of the Hwashin-Gray contract, relied on by All-South to support its cross-claim, (11.10.4.3) is from a section of the contract entitled, "ARTICLE 11 MISCELLANEOUS PROVISIONS". (Page A000007011, Document No. 77-1, Exhibit A) Although the specific paragraph numbers in the contract beginning with section, "11.10, Site Conditions/Environmental "(page number A000007011, document no. 77-1, Exhibit A) deal primarily with hazardous materials, PCB's and other pollutants, every other paragraph dealing with those items also specifically refers to, "hazardous materials", "pollutants", "PCB'S", "asbestos", or "environmental hazards". The specific paragraph relied upon by All-South and Gray to support their cross claim and third party claims, 11.10.4.3, fails to

mention anything about hazardous substances or any of the other pollutants enumerated earlier or later in Section 11.  The clause merely says that, Owner (Hwashin) shall hold harmless the Design/Builder (Gray), its Subcontractors, Suppliers, consultants, agents and employees from bodily harm or injury resulting from, "....any substances, condition, element or material....", "....produced or emitted by Owner...".

If Hwashin had wanted this provision to apply only to hazardous materials, it could have easily inserted those words into the clause, just as it did in many other paragraphs of Section 11.  The fact that all of Section 11 states that it contains "Miscellaneous Provisions" indicates that this section contains provisions relating to various subjects, which indeed it does. Hwashin's reliance on the contract headings, at least in this section, is misplaced.

That being said, the balance of Hwashin's arguments are without merit as they are based upon the absence of a contractual indemnity provision.  (Goodyear Tire & Rubber v. J. M. Tull Metals Co., 629 So2d 633, Ala., 1993, specifically overruling Paul Krebs & Asso. V. Matthews & Fritts Const., 356 So2d 638, Ala. 1978).

## THERE IS A PATENT AMBIGUITY IN THE CONTRACT WHICH WILL REQUIRE THE COURT TO INTERPRET SAME

As pointed out by Hwashin in its brief on this subject, Section 1.2.3 of the Hwashin-Gray contract (page A000007002, Document 77-1, Exhibit A) provides that, "Nothing contained in this Part 2 Agreement shall create a contractual relationship between the Owner and any person or entity other than the Design/Builder".   The reference to the Part 2

agreement evidently means the entire contract between Hwashin and Gray, which is

entitled, "Owner and Design/Builder, Part 2 Agreement, 1996 edition". However, as quoted

by both parties, the section upon which All-South's Cross-Claim is based (11.10.4.3) clearly

confers a benefit on other parties. Thus, while the specific sections themselves are not

ambiguous, the apparent conflict between the two creates an ambiguity in the contract as a

whole. Alabama law provides that if a contract is ambiguous, the Court should interpret it

to reflect the true intention of the parties. In Bellsouth Mobility v. Cellulink, 814 So.2d 203,

Ala., 2001, the

Alabama Court said:

 "It is well settled that where there is uncertainty and ambiguity in a contract, it is the duty of the court to
construe the contract so as to express the intent of the parties." Weathers v. Weathers, 508 So. 2d
272, 274 (Ala. Civ. App. 1981). If there is any ambiguity in the Agency Agreement, it regards, of
course, the intent of the parties as to the effect of the phrase, "acts or omissions of the other party."
However, "it is presumed that parties intend to make reasonable contracts"; therefore, "courts will give
ambiguous contracts a reasonable construction." Id. (emphasis added)."

It is apparent to this writer that the reason for the 1.2.3 language is to prevent any

subcontractors or materialmen from asserting any direct lien rights against the real property

being built upon in the contract. Since the benefit conferred by the language in 11.10.4.3

would be contingent upon a happening of two coinciding events (i.e., bodily injury

occurring as a result of or in consequence of a condition caused by Hwashin) which might

not ever have occurred, the Part 2 Agreement would certainly not, in the ordinary course of

affairs, have created any contract relationship between Hwashin and a third party. It would

seem a reasonable interpretation to give effect to both clauses and to the intent of the parties to say that the 1.2.3 language referred to lien rights, whereas the language in 11.10.4.3 referred to a contingent indemnity which might never occur, but which do confer some contractual rights upon other parties should the contingency arise.  In fact, the events which give rise to the claims in the main lawsuit, the Third-Party Complaint and the Cross-Claim happened over two years after the construction, long after any lien rights of anyone had expired according to Alabama Law. (Code of Alabama, 1975, Sec. 35-11-213).

Hwashin has failed to show that All-South and Gray cannot prove any set of circumstances which would entitle them to a recovery under the Third Party claim or the Cross Claim against Hwashin.  Wherefore, All-South respectfully urges the Court to overrule Hwashin's Motion to Dismiss All-South's Cross Claim.

Respectfully submitted,

> /s/ John S. Somerset (SOM003)(ASB3370-074J)
> SUDDERTH & SOMERSET
> Attorneys for All-South Subcontractors, Inc.
> 5385 1st Avenue North
> Birmingham, AL 35212
> (205) 595-4631

**CERTIFICATE OF SERVICE**

I hereby certify that on August 9, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system that will send notification of such filing to the following:

Jere L. Beasley, Esquire                     Thomas T. Gallion, III, Esquire
Julia Ann Beasley, Esquire                  Constance C. Walker, Esquire
Beasley, Allen, Crow, Methvin, Protis & Miles, P.C.     Felicia A. Long, Esquire

P.O. Box 4160
Montgomery, AL 36103-4160
Counsel for Plaintiffs, Jennifer and Slade Piggott

Haskell, Slaughter, Young & Gallion, LLC
P. O. Box 4660
Montgomery, AL 36103-4660
Counsel for Latta Plumbing & Const. Co Inc

Charles Keith Hamilton, Esquire
Bainbridge, Mims, Rogers & Smith
P.O.Box 530886
Birmingham, AL 35253-0886
Counsel for Freeland-Harris Consulting
Engineers of Kentucky, Inc.

A. Joe Peddy, Esquire
Robert B. Stewart, Esquire
Smith, Spires & Peddy
2015 2nd Avenue North, Suite 200
Birmingham, AL 35203
Counsel for Cooper's Steel Fabricators,Inc

Linda H. Ambrose, Esquire
Rogers & Associates
3000 Riverchase Galleria, Suite 650
Birmingham, AL 35244
Counsel for Hwashin America Corp.

James A. Rives, Esquire
William Christopher Waller, Jr., Esquire
Ball, Ball, Matthews & Novak. P.A.
P. O. Box 2148
Montgomery, AL 36102-2148
Counsel for Hwashin America Corp.

J. Lister Hubbard, Esquire
Richard H. Allen, Esquire
Arden Reed Pathak, Esquire
Capell & Howard, P.C.
P.O. Box 2069
Montgomery, AL 36102-2069
Attorney for Hwashin America Corp.

John M Laney, Jr., Esquire
John C. DeShazo, Esquire
Laney & Foster, P.C.
P. O. Box 43798
Birmingham, AL 35243-0798
Counsel for Freeland-Harris Consulting
Engineers of Georgia, Inc.

Hope T. Cannon, Esquire
Brittin T. Coleman, Esquire
Kenneth M. Perry, Esquire
Bradley, Arant, Rose & White, LLP
One Federal Place
1819 Fifth Avenue North
Birmingham, AL 35203-2104
Counsel for Firestone Building Products
Company, LLC

Larry W. Harper, Esquire
Porterfield, Harper, Mills & Motlow, P.C.
22 Inverness Center Parkway, Suite 600
P. O. Box 530790
Birmingham, AL 35253-0790
Counsel for The Hardy Corporation

Brian M. McClendon, Esquire
Elliot Britton Monroe, Esquire
Mickey B. Wright, Esquire
Lloyd, Gray & Whitehead, PC.
2501 Twentieth Place South
Suite 300, Birmingham, AL 35223

s/    John S. Somerset (SOM003, ASB 3370 074J)
      Attorney for All South Subcontractors, Inc