**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION**

| | | |
|---|---|---|
| **JENNIFER PIGGOTT and SLADE PIGGOTT,** | * * * | |
| Plaintiffs, | * | |
| v. | * | Case No. CV-06-1158-F |
| | * | |
| **GRAY CONSTRUCTION, INC.,** | * * | |
| Defendant. | * * * | |
| **HWASHIN AMERICA CORP.,** | * * | |
| Intervener Plaintiff, | * * | |
| v. | * * | |
| **JAMES N. GRAY COMPANY, a/k/a GRAY CONSTRUCTION, INC., GNF ARCHITECTS AND ENGINEERS, PSC, HARDY MECHANICAL CO., INC., FREELAND HARRIS CONSULTING  ENGINEERS OF GEORGIA, INC., FREELAND HARRIS CONSULTING ENGINEERS OF KENTUCKY, INC.,  ALL-SOUTH SUBCONTRACTORS,  INC.,  MID SOUTH ROOF SYSTEMS, INC., COOPER'S  STEEL FABRICATORS, INC.,  LATTA PLUMBING & CONSTRUCTION    CO., INC., and FIRESTONE BUILDING    PRODUCTS COMPANY, LLC** | * * * * * * * * * * * * * * * * * | |
| Defendants. | * | |

**HWASHIN AMERICA CORPORATION'S REPLY
TO ALL-SOUTH SUBCONTRACTORS, INC.'S RESPONSE TO
HWASHIN'S MOTION TO DISMISS**

Comes Now Plaintiff in Intervention and Cross-Claim Defendant, Hwashin America Corporation ("Hwashin"), and hereby submits this Reply to All-South Subcontractor's, Inc.'s Response to Hwashin's Motion to Dismiss (Doc. 99).

**I.   All-South Apparently Concedes that its Common Law Indemnity Claim Must be Dismissed.**

In its Motion to Dismiss, Hwashin established that All-South could not recover on its claim of common law indemnity. (Doc. 82, pp. 11-15)  On July 31, 2007, this Court ordered that All-South "file a response which shall include a brief and any evidentiary materials on or before August 9, 2007." (Doc. 87).  All-South filed a response brief, but did not offer any argument or evidence in opposition to Hwashin's position that the common law indemnity claim is due to be dismissed.  Thus, All-South has conceded this point. (Doc. 99, p. 5).  All-South's claim for common law indemnification can, and should, be dismissed for either of two reasons: (1) because of the exclusivity of remedy provision of the Alabama Worker's Compensation Act, or (2) because there is no substantive right to contribution among joint tortfeasors. (*See* Doc. 82, pp. 11-15).

**II.  All-South's Contractual Indemnity Claim Defies the Plain Meaning of the Contract.**

In its Motion to Dismiss concerning All-South's contractual indemnity claim, Hwashin made an alternative argument that All-South could not invoke the benefits of Paragraph 11.10.4.3 since it categorically denied third party beneficiary status under the contract.[1]  (Doc. 82, pp. 3-4)  On the other hand, All-South has correctly noted that

---

[1]   Hwashin relied upon Subsection 1.2.3 of the Hwashin/Gray contract for this proposition.  That section provided that "[n]othing contained in this Part 2 Agreement shall create a contractual relationship between the Owner and any other person or entity other than the Design/Builder." Such provisions are traditionally followed by Alabama's courts to deny third party beneficiary claims.

2

Paragraph 11.10.4.3 states that not only is Gray entitled to the indemnity specified, but so also are Gray's "Subcontractors, Suppliers, consultants, agents and employees", of which All-South is included. For purposes of this motion, and to simplify the court's consideration of the matter, Hwashin will concede this point and, thus, its alternative argument of the applicability of Subsection 1.2.3 to All-South's claim. Such also renders moot All-South's argument that there is a patent ambiguity in the contract due to an alleged conflict between Paragraph 11.10.4.3 and Subsection 1.2.3 (Doc 99, p.5-7).

Nevertheless, as primarily argued in Hwashin's Motion to Dismiss, the indemnity obligations in Paragraph 11.10.4.3 clearly and unambiguously apply only to bodily harm and property damage arising out of pollutants from Hwashin's operations. (Doc. 82, p. 4-11). Nothing alleged by All-South even remotely invokes the indemnity obligations provided by this provision. (Doc. 62, ¶ 9). All-South's only argument is that Article 11 contains "Miscellaneous Provisions" and as such many topics are addressed. (Doc. 99, pp. 4-5). This is true. In fact, Hwashin noted in footnote 2 on page 8 of the Motion to Dismiss that section 11.5 applies to general contractual indemnity. (Doc. 82, p. 8).

However, the fact that the provision in question is in an Article titled "Miscellaneous Provisions" clearly confers no extraordinary meaning to the terms found therein. The contract is broken down into Articles (*e.g.,* Article 11), then Sections (*e.g.,* Section 11.10), then Subsections (*e.g.,* Subsection 11.10.4) then Paragraphs (*e.g.,* Paragraph 11.10.4.3. The "Miscellaneous Provisions" in Article 11, like all of the other provisions of the Contract, follow a pattern in which derivative provisions relating to the same subject matter are grouped into Sections, Subsections, Paragraphs, etc., to delineate the context to which a specific provision applies within a particular Article. (Doc. 77, pp.

29-30). This pattern is simply a numerical representation of a hierarchal "outline" form of organization where topics of the same subject matter are discussed under the topics from which they derive. Thus, Paragraphs 11.10.4.1, 11.10.4.2, 11.10.4.3 and 11.10.4.4 are all derived from the context of, and are equally applicable to, Subsection 11.10.4, titled "**Pollutants from Owner's Operations**."

Under the reading urged by All-South, any provision could be applied out of context to provide the relief desired by either party, which is contrary to long established Alabama law. There is no way around the fact that the provision relied upon by All-South clearly and specifically applies to indemnification arising out of events that are ***not at issue in this case***—bodily injury or property damage arising out of pollutants from Hwashin's operations.

The Alabama Supreme Court has stated that "[a] court must construe a contract in its entirety, and ***single provisions of sentences are not to be dissociated from others having reference to the same subject matter***." *RLI Ins. Co. v. MLK Ave. Redevelopment Corp.*, 925 So. 2d 914, 919 (Ala. 2005) (quoting *Englund's Flying Serv., Inc. v. Mobile Airport Auth.,* 536 So. 2d 1371, 1373 (Ala.1988) (emphasis added)). *See also Yu v. Stephens*, 591 So. 2d 858, 859-60 (Ala. 1991). "General rules of contract interpretation require that the intent of the parties be derived from the words of the contract, unless an ambiguity exists." *Ryan Warranty Servs., Inc. v. Welch,* 694 So. 2d 1271, 1273 (Ala. 1997). "Additionally, a contract is to be construed in its entirety and not solely on a single provision." *Id.*

Under Alabama law, the determination of whether a written contract is ambiguous is a question of law for the court, which is subject to *de novo* review. *Moore v.*

*Pennsylvania Castle Energy Corp.*, 89 F.3d 791, 796 (11th Cir. 1996) (citing *Vulcan Painters, Inc. v. MCI Constructors, Inc.*, 41 F.3d 1457, 1460 (11th Cir. 1995); *Wayne J. Griffin Elec., Inc. v. Dunn Constr. Co.*, 662 So. 2d 314, 316 (Ala. 1993)). Furthermore, "in the absence of ambiguity, the court cannot interpret the contract but must take it as it is written." *Id*. (quoting *Darling Shop of Birmingham v. Nelson Realty Co.*, 52 So. 2d 211 (Ala. 1951)).

Likewise, the determination of whether the scope of a contract provision encompasses a party's claims is a matter of contract interpretation. That interpretation is guided by the intent of the parties, which, absent ambiguity, is evidenced by the plain meaning of the provision. *See Serra Chevrolet, Inc. v. Reylander*, --- So. 2d ----, 2007 WL 1723551, *5 (Ala. June 15, 2007) (citing *Ex parte Discount Foods*, Inc., 789 So. 2d 842, 844 (Ala. 2001).

Furthermore, "[t]he mere fact that adverse parties contend for different constructions does not of itself force the conclusion that the disputed language is ambiguous." *Englund's Flying Serv., Inc. v. Mobile Airport Auth.*, 536 So. 2d at 1373 (citing *Antram v. Stuyvesant Insurance Co.,* 291 Ala. 716, 720, 287 So. 2d 837 (1973)).

Under no circumstances could the allegation of a failure to maintain roof drains be within the scope of an indemnity provision which unambiguously applies to bodily harm and property damage arising out of pollutants from the owner's operations.

**WHEREFORE,** based upon the foregoing, Hwashin respectfully requests that the Court grant its Motion to Dismiss All-South's Cross Claims in its entirety.

5


Respectfully submitted,

/s/J. Lister Hubbard
**J. LISTER HUBBARD (HUB007)**
**RICHARD H. ALLEN (ALL053)**
**ARDEN REED PATHAK (PAT072)**
Attorneys for Intervener
Hwashin America Corp.

OF COUNSEL:
**CAPELL & HOWARD, P.C.**
Post Office Box 2069
150 South Perry Street
Montgomery, Alabama 36102-2069
334/241-8000


## **CERTIFICATE OF SERVICE**

I hereby certify that on August 16, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system that will send notification of such filing to the following:

| | |
|---|---|
| Jere L. Beasley, Esquire<br>Julia Ann Beasley, Esquire<br>Beasley, Allen, Crow, Methvin,<br>  Portis & Miles, P.C.<br>Post Office Box 4160<br>Montgomery, AL  36103-4160 | James A. Rives, Esquire<br>William Christopher Waller, Jr.<br>Ball, Ball, Matthews & Novak P.A.<br>Post Office Box 2148<br>Montgomery, AL  36102-2148 |
| Thomas T. Gallion, III, Esquire<br>Constance C. Walker, Esquire<br>Felicia Abernathy Long, Esquire<br>Haskell, Slaughter,<br>  Young & Gallion, LLC<br>305 South Lawrence Street<br>Montgomery, AL   36104 | Albry Joe Peddy, Esquire<br>Robert B. Stewart, Esquire<br>Smith, Spires & Peddy, P.C.<br>2015 Second Avenue North<br>Suite 200<br>Birmingham, AL  35203-3711 |
| Brian Michael McClendon, Esquire<br>Elliot Britton Monroe, Esquire<br>Mickey B. Wright, Esquire<br>Lloyd, Gray & Whitehead, P.C.<br>2501 Twentieth Place South<br>Suite 300<br>Birmingham, AL  35223 | Charles Keith Hamilton, Esquire<br>Bainbridge, Mims, Rogers & Smith<br>Post Office Box 530886<br>Birmingham, AL  35253 |
| Linda C. Ambrose, Esquire<br>Rogers & Associates<br>3000 Riverchase Galleria<br>Suite 650<br>Birmingham, AL  35244 | John S. Somerset, Esquire<br>Sudderth & Somerset<br>5385 First Avenue North<br>Birmingham, AL  35212 |

| | |
|---|---|
| John S. DeShazo, Esquire<br>John M. Laney, Jr., Esquire<br>Post Office Box 43798<br>Birmingham, AL  35243-0798 | Larry W. Harper, Esquire<br>Porterfield, Harper, Mills & Motlow<br>Post Office Box 530790<br>Birmingham, AL  35253-0790 |
| Hope T. Cannon, Esquire<br>Brittin Turner Coleman, Esquire<br>Kenneth Martin Perry, Esquire<br>Bradley, Arant, Rose & White, LLP<br>1819 Fifth Avenue North<br>Birmingham, Alabama  35203 | Andrew W. Christman, Esquire<br>Steven Keith Herndon, Esquire<br>Gidiere, Hinton, Herndon & Christman<br>904 Regions Tower<br>60 Commerce Street<br>Montgomery, Alabama  36104 |

/s/J. Lister Hubbard
**J. LISTER HUBBARD  (HUB007)**