### IN THE UNITED STATES DISTRICT COURT
### FOR THE MIDDLE DISTRICT OF ALABAMA

| | | |
|---|---|---|
| JENNIFER PIGGOTT and<br>SLADE PIGGOTT, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| VS. | ) | CASE NO. 2:06-cv-01158-MEF-TFM |
| | ) | |
| GRAY CONSTRUCTION, INC.;<br>et al., | ) | |
| | ) | |
| Defendant / Third-Party Plaintiff, | ) | |
| | ) | |
| VS. | ) | |
| | ) | |
| COOPER'S STEEL FABRICATORS, INC.; | ) | |
| et al., | ) | |
| | ) | |
| Third-Party Defendants. | ) | |

### NOTICE OF SERVICE OF DISCOVERY

**TO:    Clerk of Court**

**DATE OF SERVICE:  August 20, 2007**

Take notice that the undersigned has served by electronic mail or by placing a copy of the same in the United States Mail postage prepaid and properly addressed to the following:

(X)    *Third-Party Defendant, Hardy Corporation's, First Interrogatories*
*and Document Request to the Third-Party Plaintiff*

Respectfully submitted,

/s/ Larry W. Harper

_____
LARRY W. HARPER (ASB-3074-R76L; HAR093)

**OF COUNSEL:**

*PORTERFIELD, HARPER, MILLS & MOTLOW, P.A.*
22 Inverness Center Parkway, Suite 600
Post Office Box 530790
Birmingham, AL 35253-0790
Telephone: (205) 980-5000
Facsimile: (205) 980-5001
Email: lwh@phm-law.com

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing has been served on the following either by electronic mail or by placing a copy of the same in the United States Mail postage prepaid and properly addressed on this the **20th** day of **August, 2007**:

Jere L. Beasley, Esq.
Julia A. Beasley, Esq.
Beasley, Allen, Crow,
    Methvin, Portis & Miles, P.C.
Post Office Box 4160
Montgomery, AL 36103-4160

Elliot Britton Monroe, Esq.
Mickey B. Wright, Esq.
Brian M. McClendon, Esq.
Lloyd, Gray & Whitehead, P.C.
2501 Twentieth Place South, Suite 300
Birmingham, AL 35223

Steven K. Herndon, Esq.
Gidiere, Hington & Herndon
60 Commerce Street, Suite 904
Montgomery, AL 36104

James A. Rives, Esq.
William Christopher Waller, Jr., Esq.
Ball, Ball, Matthews & Novak, P.A.
Post Office Box 2148
Montgomery, AL 36102-2148

Arden Pathak, Esq.
Capell & Howard
Post Office Box 2069
Montgomery, AL 36102-2069

Thomas Gallion, Esq.
Felicia Long, Esq.
Constance Walker, Esq.
Haskell, Slaughter, Young & Gallion, LLC
Post Office Box 4660
Montgomery, AL 36103-4660

Joe Peddy, Esq.
Robert B. Stewart, Esq.
Smith, Spires & Peddy, P.C.
2015 Second Avenue North, Suite 200
Birmingham, AL 35203

Charles K. Hamilton, Esq.
Bainbridge, Mims, Rogers & Smith
Post Office Box 530886
Birmingham, AL 35253

Christopher G. Hume, III, Esq.
W. Kyle Morris, Esq.
Miller, Hamilton, Snider & Odom
Post Office Box 46
Mobile, AL 36601

Linda H. Ambrose, Esq.
Rogers & Associates
3000 Riverchase Galleria, Suite 650
Birmingham, AL 35244

GFN Architects and Engineers, P.S.C., P.C.
The Corporation Company
2000 Interstate Park Drive, Suite 204
Montgomery, AL 36109

All South Subcontractors, Inc.
c/o CSC Lawyers Inc. Service, Inc.
150 South Perry Street
Montgomery, AL 36104

Hope T. Cannon, Esq.
Bradley, Arant
1819 5th Avenue North
Birmingham, AL 35203

**/s/ Larry W. Harper**

_____
**OF COUNSEL**

2

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA

JENNIFER PIGGOTT and )
SLADE PIGGOTT, )
 )
Plaintiffs, )
 )
VS. )      CASE NO. 2:06-cv-01158-MEF-TFM
 )
GRAY CONSTRUCTION, INC.; )
et al., )
 )
Defendant / Third-Party Plaintiff, )
 )
VS. )
 )
COOPER'S STEEL FABRICATORS, INC.; )
et al., )
 )
Third-Party Defendants. )

## THE HARDY CORPORATION'S FIRST INTERROGATORIES
## AND DOCUMENT REQUEST TO THE THIRD-PARTY PLAINTIFF

COMES NOW the Third-Party Defendant, The Hardy Corporation ("Hardy") and pursuant to Federal Rules of Civil Procedure 33 and 34, serves its First Interrogatories and Document Request to the Third-Party Plaintiff, Gray Construction, Inc. All answers, responses and requested documents must be produced at the offices of Porterfield, Harper, Mills & Motlow, P.A., 22 Inverness Center Parkway, Suite 600, Birmingham, Alabama 35242 within 30 days after service of these interrogatories and document requests.

## I. DEFINITIONS

1.     "You", "your" or "Third-Party Plaintiff" means Gray Construction, Inc. and all other officers, employees, agents, consultants or representatives as well as all other persons acting or purporting to act on Third-Party Plaintiff's behalf.

2.     "Person" or "persons" mean all individuals and entities of whatever description, including, without limitation, all individuals, associations, joint ventures, corporations, partnerships and limited liability companies.

3.     "Roof System" means each component part of the roof, including, but not limited to, the drainage system, the roofing membrane system and the structural support system of the Hwashin Facility Project in Greenville, Alabama.

4.     The terms "Project" and "Hwashin Facility" mean the Hwashin Facility Project located in Greenville, Alabama.

5.     "Communication" means any correspondence, contact, gesture, discussion or exchange between any two persons, including but not limited to documents, telephone conversations, letters, electronic mail, face-to-face conversations, meetings and conferences.

6.     "Document" means information, regardless of the medium of preservation.

7.     "Identify" or "identified" means:

a.     With respect to an individual, to state the person's name, address, and home and work telephone numbers.

b.     With respect to a company, to state the name of the company, the place of incorporation of the company, and the address of the company's head office and telephone number;

c.     With respect to a document, to state the names of the author(s), address(es) and recipient(s) (e.g., cc's, bcc's), the subject matter, the title, and the date of the document.

d.     With respect to a meeting or conversation, to state the date, location, and subject matter of the meeting or conversation in question, and to identify the participants in the meeting or conversation.

8.     "Relate", "related" or "relating" means concerning, constituting, comprising, evidencing, reflecting, respecting, discussing, referring, pertaining, stating, describing, recording, noting, considering, embodying, evaluating, analyzing, mentioning, containing or studying, or any other term synonymous with or similar to the foregoing.

9.     As used herein, terms "and" and "or" shall be understood as either conjunctive or disjunctive, whichever is more inclusive in content.

10.    As used herein, the term "date" shall mean the exact day, month, and year, if ascertainable, or it not, the best approximation thereof, including relationship to other events.

11.    "Including" means "including without limitation" as appropriate, so as to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

12.    The word "file" means all methods of arranging or storing paper records, documents or other recordings of date (whether contained in folders, cabinets, or other containers, whether recorded on magnetic cards, tapes or discs, or any other media), which are or have been maintained by you, for your use, or on your behalf for preservation or reference.

13.    "State", "describe" or "explain" means to set forth a complete and detailed statement of all information, circumstances and facts that refer to, relate to, pertain, reflect, comprise or bear upon the matter concerning which information is requested.

14.    The terms "any" and "all" shall be considered to include "each and every."

15.    "Thing" has the broadest meaning prescribed by the Federal Rules of Civil Procedure 34 and includes every kind of physical specimen or tangible item, other than a document, in the possession, custody or control of Third-Party Plaintiff.

16.    Unless otherwise defined, all words contained in these interrogatories and document requests should be construed in accordance with their ordinary meaning or meanings in the English language.

## II.  INTERROGATORIES

1.    Identify each person with knowledge of the allegations set forth in the Third-Party Complaint, other pleadings filed in this case, or discoverable information and provide a description of the facts, information or subject matter about which each such person has or is believed to have knowledge.

2.    Identify each person whom you may call at any trial in this case and provide a brief description of each person's expected testimony.

3.    Identify each person whom you expect to call as an expert witness or to render opinion testimony at any trial in this case and for each such person, state the subject matter on which the expert is expected to testify, the substance of the facts and opinions to which the expert is expected to testify, the documents on which the expert is expected to rely, and a summary of the grounds for each opinion.

4.    Describe in detail all research or testing that has been conducted by you, or on your behalf, relating to the roof system at the Hwashin Facility or any component part of the roof system, including the dates, purpose and outcome of such research or testing.

5.      Describe all communications, both oral and written, between you and any other person, including Hardy, relating to the Project, allegations in The Third-Party Complaint or defenses to the Third-Party Complaint.  With respect to each such communication, your response should include, but is not limited to, the date of the communication, the persons participating in the communication, the manner in which the communication was made (e.g., telephone call, e-mail, letter, report, meeting, memo, etc.), and all known details regarding the subject matter of the communication.

6.      Identify all documents evidencing or relating to any agreement between you and Hardy, including, without limitation, agreements relating to the Hwashin Facility, including but not limited to any component part of the Hwashin Facility Project roof and drainage system.

7.      Identify any warranties which you allege were provided to you by Hardy relating to the services or work performed by Hardy for products, materials, or services provided by Hardy, including, but not limited to warranties related to the Hwashin Facility Project roof system.

8.      Identify all facts which support the allegation contained in the Third-Party Complaint that Hardy failed properly to design and install the roof drainage system at the Hwashin Facility.

9.      Identify all facts which support the allegation contained in the Third-Party Complaint that Hardy failed to design and install a primary and secondary drainage system to service the office roof of the Hwashin Facility.

10.      Identify all facts which support the allegation contained in the Third-Party Complaint that Hardy failed to design and install a primary and secondary drainage system capable of draining the office roof of the Hwashin Facility.

11.    Identify all facts which support the allegation contained in the Third-Party Complaint that Hardy failed to supervise and inspect the work of its subcontractors at the Hwashin Facility.

12.    Identify all facts which support the allegation contained in the Third-Party Complaint for contractual indemnity as to Hardy (Count Three).

13.    Identify all facts which support the allegation contained in the Third-Party Complaint fore breach of contract as to Hardy (Count Two).

14.    Identify all facts which support your allegation contained in the Third-Party Complaint for breach of express warranty as to Hardy (Count Thirteen).

15.    Identify all facts which support your claim for negligence as to Hardy.

16.    Identify each and every defect in the Hwashin Facility or its maintenance which you allege caused or contributed to the roof collapse on or about October 17, 2006 and referenced in the Plaintiff's Complaint.

17.    With respect to each separate interrogatory response above, identify (by date, author, recipient, number of pages, type of document and any other available descriptive information) each document relied upon, consulted, reviewed or referred to in preparing your response.

18.    Why do you say the roof collapsed?


## III. DOCUMENT REQEUSTS

1.    All documents and things that you intend to offer as evidence in this case or at the trial of this case.

2.      All correspondence between you and Hardy.

3.      All correspondence between you and Hwashin relating to the Project or the roof system.

4.      All correspondence between you and Cooper's Steel Fabricators, Inc.

5.      All correspondence between you and All-South Subcontractors.

6.      All correspondence between you and Freeland Harris Consulting Engineers of Kentucky, Inc.

7.      All correspondence between you and Freeland Harris Consulting Engineers of Georgia, Inc.

8.      All correspondence between you and Latta Plumbing & Construction, Co., Inc.

9.      All correspondence between you and Firestone Building Products Company, Inc.

10.     All correspondence between you and any other person (including without limitation persons employed presently or in the past by Gray, Hardy and any other third-Party Defendants) relating to the Project.

11.     All correspondence between you and any person (including without limitation persons employed presently or in the past by Gray, Hardy and any other Third-Party Defendant relating to the Hwashin Project roof system or any component part of the Hwashin Project roof system.

12.     All documents relating to the design, development, testing, engineering, manufacturing, inspection, creation or maintenance of the Hwashin Project roof system or any component part of the Hwashin Project roof system.

13.    All documents that constitute, evidence, describe, refer to, or relate to plans, drawings, specifications, details, sketches, schedules, and any other component part of the Hwashin Project roof system.

14.    All documents produced to you from the Plaintiffs, Co-Defendants and Third-Party Defendants in response to any discovery requests propounded by you in this litigation.

15.    All documents reflecting the persons who designed, delivered and coordinated the production of the roof system relating to the Hwashin Project including each person's job.

16.    All meeting minutes, job reports, daily reports or project diaries, delivery tickets relating to the Hwashin Project.

17.    Your full and complete files relating to the Hwashin Project.

18.    All photographs, drawings, diagrams or videotapes relating to the Hwashin Project roof system, any component part of the Hwashin Project roof system or the Hwashin Project.

19.    All documents that describe, evidence, record, or refer to any inspection, testing, repair, replacement, or remedial work performed in connection with the Hwashin Project, including quotations, estimates, contracts, purchase orders, invoices, bills, statements, analysis, and reports.

20.    All written statements or transcriptions of oral statements of persons who have provided any information concerning any facts relevant or material to any of your defenses or contentions in this case.

21.    All documents relating to any insurance that may be applicable to claims concerning the Hwashin Project, including, without limitation, copies of insurance policies.

8

22.    All documents constituting, summarizing, describing or referring to any statements and interviews by or with persons associated with the design, delivery or installation of the Hwashin Project roof and drainage system at the Project or any component part of the Hwashin Project roof and drainage system.

23.    All documents that describe, evidence or constitute any contract or agreement whatsoever between you and Hardy relating to the Hwashin Project system or any component of the Hwashin Project.

24.    All documents relating to Hardy Corporation, including, but not limited to, correspondence between you and Hardy, agreements and contracts between you and Hardy and warranties issued by Hardy.

25.    All service or maintenance records relating to the Hwashin Facility, including but not limited to, service or maintenance records relating to the roof drainage system.

26.    All documents that have been furnished to you, or identified, prepared, reviewed or relied on by you in preparing your responses to the foregoing interrogatories, and all documents that have been identified in or that support your answers to those interrogatories.

27.    All documents relating to complaints, concerns or objections received by you relating to the Hwashin Project.

28.    All documents relating to any repair, replacement, adjustment, modification, inspection or testing by you of any component part of the Hwashin Project roof system.

29.    A copy of each and every report provided to you expressing an opinion about any defect in the design, construction or maintenance of the Hwashin facility contributing to the collapse of the roof made the basis of the Plaintiffs' complaint.

Respectfully submitted,


/s/ **Larry W. Harper**

**LARRY W. HARPER** (ASB-3074-R76L; HAR093)



**OF COUNSEL:**

*PORTERFIELD, HARPER, MILLS & MOTLOW, P.A.*
22 Inverness Center Parkway, Suite 600
Post Office Box 530790
Birmingham, AL 35253-0790
Telephone: (205) 980-5000
Facsimile: (205) 980-5001
Email: lwh@phm-law.com



## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing has been served on the following either by electronic mail or by placing a copy of the same in the United States Mail postage prepaid and properly addressed on this the **20th** day of **August, 2007**:


Jere L. Beasley, Esq.
Julia A. Beasley, Esq.
Beasley, Allen, Crow,
    Methvin, Portis & Miles, P.C.
Post Office Box 4160
Montgomery, AL 36103-4160


Elliot Britton Monroe, Esq.
Mickey B. Wright, Esq.
Brian M. McClendon, Esq.
Lloyd, Gray & Whitehead, P.C.
2501 Twentieth Place South, Suite 300
Birmingham, AL 35223

Steven K. Herndon, Esq.
Gidiere, Hington & Herndon
60 Commerce Street, Suite 904
Montgomery, AL 36104

James A. Rives, Esq.
William Christopher Waller, Jr., Esq.
Ball, Ball, Matthews & Novak, P.A.
Post Office Box 2148
Montgomery, AL 36102-2148

Arden Pathak, Esq.
Capell & Howard
Post Office Box 2069
Montgomery, AL 36102-2069

Thomas Gallion, Esq.
Felicia Long, Esq.
Constance Walker, Esq.
Haskell, Slaughter, Young & Gallion, LLC
Post Office Box 4660
Montgomery, AL 36103-4660

Joe Peddy, Esq.
Robert B. Stewart, Esq.
Smith, Spires & Peddy, P.C.
2015 Second Avenue North, Suite 200
Birmingham, AL 35203

Charles K. Hamilton, Esq.
Bainbridge, Mims, Rogers & Smith
Post Office Box 530886
Birmingham, AL 35253

Christopher G. Hume, III, Esq.
W. Kyle Morris, Esq.
Miller, Hamilton, Snider & Odom
Post Office Box 46
Mobile, AL 36601

Linda H. Ambrose, Esq.
Rogers & Associates
3000 Riverchase Galleria, Suite 650
Birmingham, AL 35244

GFN Architects and Engineers, P.S.C., P.C.
The Corporation Company
2000 Interstate Park Drive, Suite 204
Montgomery, AL 36109

All South Subcontractors, Inc.
c/o CSC Lawyers Inc. Service, Inc.
150 South Perry Street
Montgomery, AL 36104

Hope T. Cannon, Esq.
Bradley, Arant
1819 5th Avenue North
One Federal Place
Birmingham, AL 35203

/s/ **Larry W. Harper**

**OF COUNSEL**