**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA**

| | |
|---|---|
| **JENNIFER PIGGOTT** and **SLADE PIGGOTT,** ) ) ) | |
| Plaintiffs, ) ) | **Case No.: CV-06-1158** |
| v. ) ) | |
| **GRAY CONSTRUCTION, INC.,** ) ) | |
| Defendant/Third-Party Plaintiff, ) ) | |
| v. ) ) | |
| **COOPER'S STEEL FABRICATORS, INC., et al.,** ) ) ) | |
| Third-Party Defendants. ) | |

**GRAY CONSTRUCTION INC.'S MOTION FOR LEAVE TO FILE SUR-REPLY**

Defendant/Third-Party Plaintiff Gray Construction, Inc. ("Gray") respectfully requests this Court grant it leave to file a Sur-Reply to Third-Party Defendant Hwashin America Corporation's ("Hwashin") Reply to Gray's Opposition to Hwashin's Motion to Dismiss. In support of this Motion, Gray states as follows:

1. On or about June 8, 2007, Gray filed a Third-Party Complaint naming Hwashin as Defendant. (Third-Party Complaint, Document No. 26 in the Court Docket.). Gray's Third-Party Complaint alleges Hwashin is liable under theories of contractual and common law indemnity. (Id. at ¶32 – 36 and ¶57-61.).

2. On July 23, 2007, Hwashin filed a Motion to Dismiss Gray's Third-Party Complaint. (Motion to Dismiss, Document No. 83 in the Court Docket.). Hwashin argues that the contractual indemnity provision cited by Gray in its Third-Party Complaint does not pertain

to the roof collapse made the basis of one of the third party claims and that Gray's common law indemnity claims are barred by the workers compensation exclusivity provision and Gray's own negligence.

3.    On August 16, 2007, Gray filed its Opposition to Hwashin's Motion to Dismiss, which established Hwashin's Motion to Dismiss should be denied. (Response in Opposition, Document No. 107 in the Court Docket.).

4.    On August 17, 2007, the Court entered an Order setting this case for Status Conference on August 29, 2007. On August 22, 2007, the Court amended that Order and rescheduled the Status Conference for September 12, 2007.

5.    On August 23, 2007, Hwashin filed its Reply to Gray's Opposition to Hwashin's Motion to Dismiss. (Reply to Response to Motion to Dismiss, Document No. 115 in the Court Docket.). Hwashin's Reply makes numerous novel legal arguments, many of which are put forth for the first time. Hwashin's Reply also misstates Alabama law and mischaracterizes the facts of this case.

6.    Hwashin devotes three pages of its Reply to whether the clogged drains constitute a "condition" as that term is used in the Design/Build Agreement between Gray and Hwashin. Hwashin, however, does not define the word condition, but rather focuses on the definitions of unrelated terms, such as "Site Conditions and Hazardous Substances," which are not in the indemnity provision. Hwashin attempts to cloud the issue before the Court by focusing on unrelated and immaterial contractual language.

7.    Hwashin also devotes a substantial portion of its Brief to the argument that the HVAC filters do not constitute "pollutants," as that term is used in the Design/Build Agreement between Gray and Hwashin. Essential to Hwashin's argument is the fact that there is no statute

which specifically includes HVAC filters as a pollutant. The mere fact that the legislature has not chosen to create a laundry list of pollutants which includes HVAC filters is not determinative of whether HVAC filters constitute pollutants.

8. Hwashin also argues that Gray's common law indemnity claim is barred by the workers compensation exclusivity provision. Hwashin states that Gray failed to allege facts in its Third-Party Complaint to support a dual capacity argument. Hwashin argues that Gray failed to allege Hwashin created a maintenance team and assumed a dual capacity as both Mrs. Piggott's employer and the entity responsible for maintaining the roof. Gray's failure to cite every fact or piece of evidence to support its claims and outline every possible theory of liability in detail is not fatal to the Third-Party Complaint. Gray is only required to allege sufficient facts to put Hwashin on notice of its claims in its Third-Party Complaint, which Gray has done.

9. Hwashin also argues that Gray cannot assert a claim for indemnity based upon Mrs. Piggott's injuries, as Mrs. Piggott has already settled her claims against Hwashin. This novel argument somehow presupposes that Mrs. Piggott has the authority and power to release Gray's claims against Hwashin.

10. Gray requests this Court allow it until September 10, 2007, two days before the Status Conference, to file its Sur-Reply to Hwashin's Reply to Gray's Opposition to Hwashin's Motion to Dismiss to address each of Hwashin's new arguments in its Reply.

WHEREFORE, Gray respectfully requests this Court grant it leave to file a Sur-Reply Brief on or before September 10, 2007.

Done this 28th day of August, 2007.

By: *s/Brian M. McClendon*
E. Britton Monroe (MON032)
Mickey B. Wright (WRI048)
Brian M. McClendon (MCC133)
Attorneys for Defendant/ Third Party
Plaintiff Gray Construction, Inc.

**OF COUNSEL:**
LLOYD, GRAY & WHITEHEAD, P.C.
2501 20th Place South, Suite 300
Birmingham, Alabama 35223
Telephone:  (205) 967-8822
Facsimile:  (205) 967-2380

**CERTIFICATE OF SERVICE**

      I hereby certify that on the 28th day of August, a true and correct copy of the foregoing has been furnished by electronic filing upon the following parties:

Jere L. Beasley, Esq.
Julia Ann Beasley, Esq.
Beasley, Allen, Crow, Methvin,
   Portis & Miles, P.C.
P.O. Box 4160
Montgomery, AL 36103-4160
***Counsel for Plaintiffs, Jennifer and Slade Piggott***

Thomas T. Gallion, III, Esq.
Constance C. Walker, Esq.
Felicia A. Long, Esq.
Haskell, Slaughter, Young & Gallion, LLC
P.O. Box 4660
Montgomery, AL 36103-4660
***Counsel for Latta Plumbing & Construction Co., Inc.***

Charles Keith Hamilton, Esq.
Bainbridge, Mims, Rogers & Smith
P.O. Box 530886
Birmingham, AL 35253-0886
***Counsel for Freeland-Harris Consulting Engineers of Kentucky, Inc.***

John S. Somerset, Esq.
Sudderth & Somerset
5385 First Avenue North
Birmingham, AL 35212
***Counsel for All-South Subcontractors, Inc.***

Linda H. Ambrose, Esq.
Rogers & Associates
3000 Riverchase Galleria, Ste. 650
Birmingham, AL 35244
***Counsel for Hwashin America Corp.***

A. Joe Peddy, Esq.
Robert B. Stewart, Esq.
Smith, Spires & Peddy
2015 2nd Avenue North, Ste. 200
Birmingham, AL 35203
***Counsel for Cooper's Steel Fabricators, Inc.***

J. Lister Hubbard, Esq.
Richard H. Allen, Esq.
Arden Reed Pathak, Esq.
Capell & Howard, P.C.
P.O. Box 2069
Montgomery, AL 36102-2069
***Counsel for Hwashin America Corp.***

James A. Rives, Esq.
William Christopher Waller, Jr., Esq.
Ball, Ball, Matthews & Novak, P.A.
P.O. Box 2148
Montgomery, AL 36102-2148
***Counsel for Hwashin America Corp.***

Hope T. Cannon, Esq.
Brittin T. Coleman, Esq.
Kenneth M. Perry, Esq.
Bradley, Arant, Rose & White, LLP
One Federal Place
1819 Fifth Avenue North
Birmingham, AL 35203-2104
***Counsel for Firestone Building Products Company, LLC***

John M. Laney, Jr., Esq.
John C. DeShazo, Esq.
Laney & Foster, P.C.
P.O. Box 43798
Birmingham, AL 35243-0798
***Counsel for Freeland-Harris Consulting Engineers of Georgia, Inc.***

Larry W. Harper, Esq.
Porterfield, Harper, Mills & Motlow, P.A.
22 Inverness Center Parkway, Ste. 600
P.O. Box 530790
Birmingham, AL   35253-0790
**Counsel for The Hardy Corporation**

                                                 *s/Brian M. McClendon*
                                                 OF COUNSEL