IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT ALABAMA

| | |
|---|---|
| JENNIFER & SLADE PIGGOTT, | * |
| | * |
|     Plaintiffs, | * |
| | * |
| vs. | *   CASE NUMBER: 2:06CV-1158-MEF |
| | * |
| GRAY CONSTRUCTION, INC.; GNF ARCHITECTS AND ENGINEERS, P.S.C; FREELAND-HARRIS CONSULTING ENGINEERS OF GEORGIA, INC.; and FREELAND-HARRIS CONSULTING ENGINEERS OF KENTUCKY, INC., | * |
| | * |
|     Defendants. | |

## PLAINTIFFS' SECOND AMENDMENT TO COMPLAINT

Plaintiffs strike the original Complaint and hereby file Plaintiffs' Second Amendment to Complaint in lieu of Plaintiffs' original Complaint.

1. Plaintiff Jennifer Piggott is over the age of nineteen years and resides in Butler County, Alabama.

2. Plaintiff Slade Piggott, the husband of Jennifer Piggott, is over the age of nineteen years, and resides in Butler County, Alabama.

3. Defendant Gray Construction, Inc., (hereinafter "Gray") is a Kentucky corporation with its principle place of business in Lexington, Kentucky.

4. Defendant GNF Architects and Engineers, P.S.C., (hereinafter "GNF") is a Kentucky corporation with its principal place of business located in Lexington, Kentucky.

5. Defendant Freeland-Harris Consulting Engineers of Kentucky, Inc.,

1

(hereinafter "Freeland-Harris Kentucky") is a Kentucky corporation with its principal place of business in Lexington, Kentucky.

6. Defendant Freeland-Harris Consulting Engineers of Georgia, Inc., (hereinafter "Freeland-Harris Georgia") is a Georgia corporation with its principal place of business in Tucker, Georgia.

7. Defendants Freeland-Harris Kentucky and Freeland-Harris Georgia (collectively "Freeland-Harris") were the structural engineers hired to provide design and engineering services for the Hwashin facility.

## Statement of Jurisdiction

8. This Court has original jurisdiction over this civil action pursuant to 28 U.S.C. § 1332 due to diversity of citizenship and the matter of controversy exceeds the sum of $75,000, exclusive of interest and cost.

## Statement of the Facts

9. Defendant Gray contracted with Hwashin to design and build the Hwashin manufacturing facility in Greenville, Alabama.

10. Defendant GNF was hired by Gray to provide architectural design services relating to the Hwashin facility, including the support structure and drainage systems for the roofs. As "Architect of Record", Defendant GNF was responsible for coordination of the design components of the facility.

11. Defendant GNF entered into a contract for Defendant Freeland-Harris Kentucky to provide structural engineering services for the construction of the Hwashin facility, including the design and support structure of the roofs. Freeland-Harris Kentucky subcontracted with Freeland-Harris Georgia to provide structural engineering

services for the construction of the Hwashin facility, including the design and structure support of the roofs. Freeland-Harris had a duty to Plaintiff Jennifer Piggott to use due care in its design and installation of the roof at the Hwashin facility.

12. On October 17, 2006, Plaintiff Jennifer Piggott was an employee of Hwashin America Corporation in Greenville, Alabama.

13. At said time and place, Jennifer Piggott was performing her duties at her desk in the office at the Hwashin manufacturing facility.

14. At said time and place, the roof of the office collapsed on Jennifer Piggott, knocking her to the floor and causing her to be severely injured.

15. At all times material hereto, Plaintiff Slade Piggott is married to and the husband of Jennifer Piggott.

16. At the aforesaid time and place, Defendant Gray had a duty to Plaintiff Jennifer Piggott to properly design and properly build the Hwashin facility, including the roof, with an adequate support structure and adequate drainage systems and to use materials which could withstand the elements of weather.

17. At the aforesaid time and place, Defendant Gray had a duty to Plaintiff Jennifer Piggott to ensure that the roof on the Hwashin facility was designed, installed and constructed in such a manner to prevent it from collapsing on persons who worked at Hwashin, including Jennifer Piggott, during heavy rain.

18. Defendants GNF and Freeland-Harris had a duty to Plaintiff Jennifer Piggott to provide proper design and structural engineering services for the construction of the Hwashin facility, including the design of the support structure and drainage systems for the roof.

19. At said time and place, Defendant Gray had a duty to supervise and/or inspect the work performed by the contractors which Defendant Gray hired to design and/or to perform work and/or to provide any other materials, components or service for the roof construction, including the support structure and drainage systems.

20. At said time and place, Defendant Gray had a duty to Plaintiff Jennifer Piggott to properly inspect the roof, the structure support and the drainage systems of the Hwashin facility, including the office building, during construction and at the completion of construction to determine whether it was adequate and/or was capable of withstanding the elements, including rain and wind.

21. Defendant Gray had a duty to Plaintiff Jennifer Piggott to enforce safety policies and/or to require compliance with all state and federal standards and regulations regarding construction, including the roof and drainage systems of the Hwashin facility.

22. Defendant Gray had a duty to Plaintiff Jennifer Piggott to hire qualified contractors who were properly trained to perform the work, to hire qualified engineers and/or qualified architects, and to properly supervise all contractors which Defendant Gray hired to perform work, and/or to provide materials, and/or to provide any other component or service for the roof construction, including the support structure and drainage systems.

## COUNT ONE

23. Plaintiffs reallege paragraphs 1 through 22 of the Complaint as if set out here in full.

24. At the aforesaid time and place, Defendant Gray had a duty to Plaintiff Jennifer Piggott to use due care to properly design and/or to properly build the Hwashin facility, including the roof, with an adequate support structure and adequate drainage systems and to use materials which could withstand the elements of weather.

25. At the aforesaid time and place, Defendant Gray had a duty to Plaintiff Jennifer Piggott to use due care to ensure that the roof on the Hwashin facility was designed and constructed in such a manner to prevent it from collapsing on persons who worked at Hwashin, including Jennifer Piggott, during heavy rain.

26. Defendant Gray breached the standard of care by negligently failing to properly design and/or by negligently failing to properly construct the roof in such a manner to require an adequate support structure and/or adequate drainage systems for the roof, including the office, so that it would withstand the elements of rain such as heavy rain and/or wind.

27. As a proximate consequence of Defendant Gray's negligence, the building collapsed on Plaintiff Jennifer Piggott, causing her to be injured and damaged as follows: she was at risk of being electrocuted as electrical wiring fell into water after the roof and wall collapsed on her; she sustained serious and permanent bodily injuries, including a significant burst fracture of the L5 vertebral body with significant bone in the spinal canal, causing severe spinal stenosis; she suffered pain and numbness in her right leg; she suffered weakness in her feet; she was required to have an emergency surgery, a decompressive lumbar laminectomy of L5 with a fusion at L4-5 and L5-S1; she was required to have pins and screws placed in her back; she was required to be hospitalized; she sustained injuries to her knees; she suffered a fractured tenth rib; she

suffered multiple contusions and lacerations to her body and pieces of glass were embedded in her back; she was required to wear a back brace; she is required to undergo pain management; she is required to have injections in her back; she will probably be required to have additional back surgeries in the future; she has permanent nerve damage; she has soft tissue scarring in her back; she will probably suffer from arthritis in her back; she became more dependent upon pain medication; she suffered anxiety; she incurred medical expenses and will continue to incur medical expenses in the future; she continues to suffer back pain and leg pain and will continue to suffer back and leg pain in the future; she suffered mental anguish and will continue to suffer mental anguish in the future; she will be required to miss work and lose income as a result of her injuries; she will continue to lose income in the future; she will continue to have physical problems in the future as a result of the burst fracture of the L5 vertebral body in her back; and she has otherwise been injured and damaged.

WHEREFORE, Plaintiffs demand judgment against Defendant Gray in such an amount of compensatory damages as a jury may deem reasonable, and the costs of this action.

## COUNT TWO

28. Plaintiffs reallege paragraphs 1 through 22 of the Complaint as if set out here in full.

29. At the aforesaid time and place, Defendant Gray had a duty to Plaintiff Jennifer Piggott to properly design, properly install, and/or properly construct the building, including the roof, with an adequate support structure and adequate drainage systems and to use materials which could withstand the elements of weather.

30. At the aforesaid time and place, Defendant Gray had a duty to Plaintiff Jennifer Piggott to ensure that the roof on the Hwashin facility was designed, installed and constructed in such a manner to prevent it from collapsing on persons who worked at Hwashin, including Jennifer Piggott, during heavy rain.

31. Defendant Gray knew, or should have known, that failure to properly design and construct the building with an adequate support structure and drainage systems would likely result in injury to workers at the Hwashin facility.

32. Defendant Gray wantonly failed to properly design and/or wantonly failed to properly construct the roof in such a manner to require an adequate support structure and/or adequate drainage systems for the roof, including the office, so that it would withstand the elements of rain such as heavy rain and/or wind.

33. As a proximate consequence of Defendant Gray's wantonness, Plaintiff Jennifer Piggott was injured and damaged as alleged in paragraph 27 above.

WHEREFORE, Plaintiffs demand judgment against Defendant Gray in such an amount of compensatory damages as a jury may deem reasonable; a separate amount in punitive damages; and the costs of this action.

## COUNT THREE

34. Plaintiffs reallege paragraphs 1 through 22 of the Complaint as if set out here in full.

35. At said time and place, Defendant Gray had a duty to Plaintiff Jennifer Piggott to properly inspect the roof, the support structure and the drainage systems of the Hwashin facility, including the office, during construction and at the completion of

construction to determine whether it was adequate and/or was capable of withstanding the elements, including rain and wind.

36. Defendant Gray had a duty to Plaintiff Jennifer Piggott to enforce safety policies and/or to require compliance with all state and federal standards and regulations regarding construction, including the roof and drainage systems, of the Hwashin facility.

37. Defendant Gray breached the standard of care by negligently failing to properly inspect the roof, the support structure and the drainage systems of the Hwashin facility, including the office building, during construction and at completion of the construction to determine whether it was adequate and/or was capable of withstanding the elements, including rain and wind.

38. Defendant Gray breached the standard of care by negligently failing to enforce safety policies and/or negligently failing to require compliance with all state and federal standards and regulations regarding construction, including the roof and drainage systems of the office building at the Hwashin facility.

39. As a proximate consequence of Defendant Gray's negligence, Plaintiff Jennifer Piggott was injured and damaged as alleged in paragraph number 27 above.

WHEREFORE, Plaintiffs demand judgment against Defendant Gray in such an amount of compensatory damages as a jury may deem reasonable and costs of this action.

## COUNT FOUR

40. Plaintiffs reallege paragraphs 1 through 22 of the Complaint as if set out here in full.

41.     At said time and place, Defendant Gray had a duty to Plaintiff Jennifer Piggott to properly inspect the roof, the support structure and the drainage systems of the Hwashin facility, including the office, during construction and at the completion of construction to determine whether it was adequate and/or was capable of withstanding the elements, including rain and wind.

42.     Defendant Gray had a duty to Plaintiff Jennifer Piggott to enforce safety policies and/or to require compliance with all state and federal standards and regulations regarding construction, including the roof and drainage systems of the Hwashin facility.

43.     Defendant Gray knew, or should have known, that failure to inspect the roof construction or to require compliance with applicable standards would likely cause injury to workers at the Hwashin facility.

44.     Defendant Gray wantonly failed to properly inspect the roof, the support structure and the drainage systems of the Hwashin facility, including the office building, during construction and at completion of the construction to determine whether it was adequate and/or was capable of withstanding the elements, including rain and wind.

45.     Defendant Gray wantonly failed to enforce safety policies and/or wantonly failed to require compliance with all state and federal standards and regulations regarding construction, including the roof and drainage systems of the office building at the Hwashin facility.

46.     As a proximate consequence of Defendant Gray's wantonness, Plaintiff Jennifer Piggott was injured and damaged as alleged in paragraph number 27 above.

WHEREFORE, Plaintiffs demand judgment against Defendant Gray in such an amount of compensatory damages as a jury may deem reasonable; a separate amount in punitive damages; and costs of this action.

## COUNT FIVE

47. Plaintiffs reallege paragraphs 1 through 22 of the Complaint as if set out here in full.

48. Defendant Gray had a duty to Plaintiff Jennifer Piggott to hire qualified contractors who were properly trained to perform the work, to hire qualified engineers and/or qualified architects, and/or to properly supervise all contractors which Defendant Gray hired to design and/or to perform work, or to provide services, and/or to provide any other material, component or service for the roof construction, including the support structure and drainage systems.

49. Defendant Gray breached the standard of care by negligently failing to properly hire qualified contractors who were properly trained to perform the work, by failing to hire qualified engineers and architects, and/or by failing to properly supervise all contractors which Defendant Gray hired to design and/or to perform work, or to provide services, and/or to provide any other material, component or service for the roof construction, including the support structure and drainage systems.

50. As a proximate consequence of Defendant Gray's negligence, Plaintiff Jennifer Piggott was injured and damaged as alleged in paragraph number 27 above.

WHEREFORE, Plaintiffs demand judgment against Defendant Gray in such an amount of compensatory damages as a jury may deem reasonable and the costs of this action.

## COUNT SIX

51.  Plaintiffs reallege paragraphs 1 through 22 of the Complaint as if set out here in full.

52.  Defendant Gray had a duty to Plaintiff Jennifer Piggott to hire qualified contractors who were properly trained to perform the work, qualified engineers and qualified architects to train all contractors hired, and/or to properly supervise all contractors which Defendant Gray hired to design and/or to perform work, or to provide services, and/or to provide any other component, materials or service for the roof construction, including the support structure and drainage systems.

53.  Defendant Gray knew, or should have known, that failure to hire qualified contractors who were trained to perform the work, and/or failure to supervise the work or services provided by the contractors would likely result in injury to workers at the Hwashin facility.

54.  Defendant Gray acted wantonly by failing to properly hire qualified contractors, engineers and architects, by failing to properly supervise all contractors which Defendant Gray hired to design and/or to provide material, to perform work, or to provide services, and/or to provide any other component or service for the roof construction, including the support structure and drainage systems.

55.  As a proximate consequence of Defendant Gray's wantonness, Plaintiff Jennifer Piggott was injured and damaged as alleged in paragraph number 27 above.

WHEREFORE, Plaintiffs demand judgment against Defendant Gray in such an amount of compensatory damages as a jury may deem reasonable; a separate amount in punitive damages; and the costs of this action.

## COUNT SEVEN

56. Plaintiff Jennifer Piggott realleges paragraphs 1 through 22 of the Complaint as if set out here in full.

57. Defendants GNF and Defendants Freeland-Harris owed a duty to Plaintiff Jennifer Piggott to use due care in providing architectural services in relation to the construction of the Hwashin facility, including design and/or installation of the support structure and drainage systems of the roof. In addition, Defendant GNF had the responsibility to coordinate various design components for the Hwashin facility.

58. Defendants GNF and Defendants Freeland-Harris breached the standard of care by negligently failing to properly design the roof, including the support structure and drainage systems.

59. Defendants GNF and Defendants Freeland-Harris breached the standard of care by negligently failing to require proper installation of the support structure or drainage systems on the roof.

60. As a proximate consequence of Defendant GNF and Defendants Freeman-Harris' negligence, Plaintiff Jennifer Piggott was injured and damaged as alleged in paragraph 27 of the Complaint.

WHEREFORE, Plaintiffs demand judgment against Defendant Gray in such an amount of compensatory damages as a jury may deem reasonable; and the costs of this action.

## COUNT EIGHT

61. Plaintiff Jennifer Piggott realleges paragraphs 1 through 22 of the Complaint as if set out here in full.

62. Defendant GNF and Defendants Freeland-Harris owed a duty to Plaintiff Jennifer Piggott to use due care in providing architectural services in relation to the construction of the Hwashin facility, including design and/or installation of the support structure and drainage systems of the roof.

63. Defendant GNF and Defendants Freeland-Harris knew, or should have known, that failure to properly design and/or to properly install the roof would result in injury to workers at the Hwashin facility.

64. Defendant GNF and Defendants Freeland-Harris breached the standard of care by wantonly failing to properly design the roof, including the support structure and drainage systems.

65. Defendant GNF and Defendants Freeland-Harris wantonly failed to require proper installation of the support structure or drainage systems on the roof.

66. As a proximate consequence of Defendant GNF and Defendants Freeland-Harris's wantonness, Plaintiff Jennifer Piggott was injured and damaged as alleged in paragraph 27 of the Complaint.

WHEREFORE, Plaintiffs demand judgment against Defendant Gray in such an amount of compensatory damages as a jury may deem reasonable; and the costs of this action.

## COUNT NINE

67. Plaintiff Jennifer Piggott realleges paragraphs 1 through 22 of the Complaint as if set out here in full.

68. The negligence or wantonness or other wrongful conduct of all Defendants combined and concurred to cause the aforesaid incident involving Plaintiff Jennifer Piggott.

69. As a proximate consequence of the combining and concurring negligence or wantonness or other wrongful conduct of all Defendants, Plaintiff Jennifer Piggott was injured and damaged as alleged in paragraph 27 of the Complaint.

WHEREFORE, Plaintiffs demand judgment against Defendant Gray in such an amount of compensatory damages as a jury may deem reasonable; and the costs of this action.

## COUNT TEN

70. Plaintiff Slade Piggott realleges paragraphs 1 through 22 of the Complaint as if set out here in full.

71. Plaintiff Slade Piggott is the husband and marital partner of Plaintiff Jennifer Piggott.

71. Plaintiff Jennifer Piggott was injured and damaged as alleged in paragraph 27 of the Complaint as a result of Defendant Gray's negligence or wantonness.

72. As a proximate consequence of Defendant Gray's negligence, Plaintiff Slade Piggott has lost and will continue to lose the love, affection, and services of his wife, he also has lost income and has lost the ability to obtain jobs because of the necessity of taking care of his wife after she was injured when the roof fell on her; and he has otherwise been injured and damaged.

WHEREFORE, Plaintiff Slade Piggott demands judgment against Defendant Gray in such an amount of compensatory damages as a jury may award, and his costs of this action.

*/s/ Julia A. Beasley*
JULIA A. BEASLEY
Attorney for Plaintiffs

OF COUNSEL:
BEASLEY, ALLEN, CROW,
METHVIN, PORTIS & MILES, P.C.
P. O. Box 4160
Montgomery, Alabama 36103-4160
(334) 269-2343

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing document upon all counsel of record <u>as listed below</u> by placing a copy of same in the United States Mail, first class, postage prepaid on this the 21st day of September 2007.

/s/ Julia A Beasley
OF COUNSEL

Mr. W. Christopher Waller
BALL, BALL, MATHEWS & NOVAK
P.O. Box 2148
Montgomery, AL 36102-2148
Attorneys for Alabama Self-Insured
Worker's Compensation Fund & Hwashin

Mr. E. Britton Monroe
Mr. Mickey B. Wright
Mr. Brian M. McClendon
LLOYD, GRAY & WHITEHEAD
2501 20th Place
Suite 300
Birmingham, AL 35223
Attorneys for Gray Construction

Ms. Arden Pathak
Mr. J. Lister Hubbard
Mr. Richard H. Allen
Ms. Linda H. Ambrose
Capell & Howard
P.O. Box 2069
Montgomery, AL 36102-2069
Attorneys for Hwashin

Mr. Thomas Gallion
Ms. Felicia Long
Ms. Constance Walker
HASKELL SLAUGHTER YOUNG GALLION, LLC
PO Box 4660
Montgomery, Alabama 36103-4660
Attorneys for Latta Plumbing

Mr. Joe Peddy
Mr. Robert B. Stewart

16

SMITH, SPIRES & PEDDY, P.C.
Suite 200
2015 Second Avenue North
Birmingham, Alabama 35203
Attorneys for Cooper Steel Fabricators, Inc.

Mr. Charles K. Hamilton
Mr. John W. Clark IV
BAINBRIDGE, MIMS, ROGERS & SMITH, LLP
P.O. Box 530886
Birmingham, AL 35253
Attorney for Freeland-Kentucky

Ms. Linda H. Ambrose
ROGERS & ASSOCIATES
3000 Riverchase Galleria
Suite 650
Birmingham, AL 35244
Attorney for Plaintiff/Intervener and
Alleged Third-Party Defendant Hwashin

Mr. John S. Somerset
SUDDERTH & SOMERSET
5385 First Avenue North
Birmingham, Alabama 35212
Attorney for All-South Subcontractors

Mr. John C. Deshazo
Mr. John M. Laney, Jr.
Porterfield Harper Mills & Motlow
P.O. Box 530790
Birmingham, Alabama 35253-0790

Ms. Hope T. Cannon
Mr. Brittin T. Coleman
Mr. Kenneth M. Perry
Bradley Arrant Rose & White
1819 5th Avenue North
Birmingham, Alabama 35203
Attorneys for Firestone Building Products

Mr. J. Michael Cooper
PORTERFIELD, HARPER, MILLS & MOTLOW
P.O. Box 530790
Birmingham, AL 35253-0790
Attorney for The Hardy Corporation