IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT ALABAMA

| | | |
|---|---|---|
| **JENNIFER & SLADE PIGGOTT,** | * | |
| | * | |
| Plaintiffs, | * | |
| | * | |
| vs. | * | CASE NUMBER: 2:06CV-1158 |
| | * | |
| **GRAY CONSTRUCTION, INC.; GNF ARCHITECTS AND ENGINEERS, P.S.C; FREELAND-HARRIS CONSULTING ENGINEERS OF GEORGIA, INC.; and FREELAND-HARRIS CONSULTING ENGINEERS OF KENTUCKY, INC.,** | * * * * * * * | |
| Defendants. | * | |

## PLAINTIFFS' MOTION TO SEVER HWASHIN'S AMENDED COMPLAINT IN INTERVENTION

Pursuant to Rules 14(a), 20(b) and 42(b) of the Federal Rules of Civil Procedure, Plaintiffs Jennifer Piggott and Slade Piggott move this Court to sever Plaintiffs' claims from the claims which Hwashin America Corporation, (hereinafter "Hwashin") has alleged in its Amended Complaint in Intervention for discovery and/or trial purposes. As grounds for their motion, Plaintiffs state the following:

1. Plaintiffs' Second Amendment to Complaint involves claims of serious personal injuries sustained by Plaintiff Jennifer Piggott when the roof collapsed on her while working at the Hwashin facility in Greenville, Alabama, on October 17, 2006. Mrs. Piggott sustained a significant burst fracture of the L5 vertebral body which required emergency surgery. Mrs. Piggott continues to

receive treatment for injuries sustained when the roof collapsed on her. Plaintiffs claim damages for physical pain and suffering, medical expenses, emotional distress, permanent injury, loss of income, future pain and suffering, as well as other future damages. In addition, Plaintiff Slade Piggott has a loss of consortium claim.

2. The claims of Plaintiffs Jennifer Piggott and Slade Piggott involve allegations of negligence or wantonness against the following defendants: Gray Construction, Inc.; GNF Architects and Engineers, P.S.C., (hereinafter "GNF"); Freeland-Harris Consulting Engineers of Georgia, Inc., (hereinafter "Freeland-Harris Georgia"); and Freeland-Harris Consulting Engineers of Kentucky, Inc., (hereinafter "Freeland-Harris Kentucky"). Defendant Gray was the general contractor and responsible for the overall design and construction of the Hwashin facility. Defendant Gray hired Defendants GNF and Freeland-Harris as engineers on the Hwashin facility project.

3. The initial Motion to Intervene was filed by Hwashin on December 28, 2006. The Motion to Intervene was granted on May 16, 2007. The Complaint on Intervention was filed on May 22, 2007. The Complaint on Intervention was filed by Hwashin on behalf of its worker's compensation carrier, Alabama Self-Insured Worker's Compensation Fund (hereinafter "carrier") to protect its interest for benefits paid by the carrier to Plaintiff Jennifer Piggott. Since that date, Plaintiff Jennifer Piggott has settled her worker's compensation claim and a hearing was held before Judge H. Edward McFerrin in Butler County

who approved the worker's compensation settlement on June 26, 2007. Subsequently, W. Christopher Waller, Jr., the attorney handling the worker's compensation claim, has requested that Julia A. Beasley, as attorney for Plaintiffs, protect the carrier's interest regarding the subrogation claim and an agreement was made to do so.

    4.    On June 29, 2007, Hwashin filed a Motion for Leave to File its Amended Complaint in Intervention. In its Amended Complaint in Intervention, Hwashin added several Defendants which Plaintiffs did not name as Defendants. Those Defendants include: Cooper's Steel Fabricators, Inc.; The Hardy Corporation; All-South Subcontractors, Inc.; Mid-South Subcontractors, Inc.; Latta Plumbing & Construction Company, Inc.; and Firestone Building Products Company, LLC. Hwashin alleged claims of negligence and wantonness; however, it also alleged theories involving breach of contract, breach of the implied warranty of suitability of design, breach of the implied warranty of workmanship, and breach of warranty. Count Nine of Hwashin's Amended Complaint in Intervention involves the identical carrier's subrogation claim that Plaintiffs have agreed to protect if a recovery is made in this case. The majority of the claims asserted by Hwashin will require extensive discovery and involve issues which will require much expert testimony such as engineering and economic experts. Hwashin's damages will consist of property damage, economic damages, and other damages which are different than and unrelated to the claims and damages alleged by Plaintiffs Jennifer Piggott and Slade Piggott.

5. Motions to Sever are governed by several rules of civil procedure. Rule 14(a) of the Federal Rules of Civil Procedure provides that "[a]ny party may move to strike the third-party claim, or for its severance or separate trial." (emphasis added). FED. R. CIV. P. 14(a).

Rule 20(b) of the Federal Rules of Civil Procedure states:

> The court may make such orders as will prevent a party from being embarrassed, delayed, or put to expense by the inclusion of a party against whom the party asserts no claim and who asserts no claim against the party, and may order separate trials or make other orders to prevent delay or prejudice.

FED. R. CIV. P. 20(b).

Rule 42(b) of the Federal Rules of Civil Procedure states:

> The court, in furtherance of convenience or to avoid prejudice, or when separate trials will be conducive to expedition and economy, may order a separate trial of any claim, cross-claim, counterclaim, or third-party claim, or of any separate issue or any number of claims, cross-claims, counterclaims, third-party claims, or issues, always preserving inviolate the right of trial by jury as declared by the Seventh Amendment to the Constitution or as given by a statute of the United States.

FED. R. CIV. P. 42(b).

6. The granting or denial of a motion for severance is within the sound discretion of the trial court. See Alexander v. Fulton County, Georgia, 207 F.3d 1303, 1322 (11th Cir. 2000) (holding that a denial of severance was reviewed under an abuse of discretion standard); see also Itel Capital Corp. v. Cups Coal Co., Inc., 707 F.2d 1253, 1260 (11th Cir. 1983); Nor-Tex Agencies, Inc. v. Jones, 482 F.2d 1093, 1100 (5th Cir. 1973).

Rule 20(b) of the Federal Rules of Civil Procedure is particularly applicable

4

to the facts of this case. Plaintiff Jennifer Piggott filed a worker's compensation claim against Hwashin in Butler County, Alabama, which has been settled. Plaintiffs have not filed a claim in this case against Hwashin, the party Intervenor. Yet, the presence of Hwashin and the claims it raises against the other defendants so complicate and prejudice the Plaintiffs' claims against the defendants at both the discovery phase and trial phase that the Court should sever Hwashin's Complaint for Intervention as quickly as possible so that no harm, prejudice or delay will come to the Plaintiffs.

7. The issues in the Plaintiffs' Second Amendment to Complaint are relatively simple and the trial of their case should not be overly complex or lengthy. In contrast, the claims of Hwashin are much more complex, will involve a lengthy discovery process, and will require a much longer trial due to the nature of the contract claims, breach of warranty claims and property damage claims asserted by Hwashin and the type of expert witness testimony required to prove its claims and damages.

8. It would be unfair for the claims of Plaintiffs Jennifer Piggott and Slade Piggott to be consolidated with Hwashin's claims for purposes of either discovery or trial. To allow consolidation for discovery and trial would be highly prejudicial to Plaintiffs Jennifer and Slade Piggott and would delay the trial of the case.

9. It is apparent from discussions and/or email communications among the numerous attorneys in attempting to coordinate dates and agree

upon a trial date for a proposed Scheduling Order that Plaintiffs' claims can be ready for trial September 2008; however, there was much concern by many attorneys that Hwashin's claims would take much longer to prepare, complete discovery and try its case.

10.  If the court allows Hwashin's claims to remain in the same action with Plaintiffs' claims, it will affect all deadlines and the trial date, to the detriment and prejudice of Plaintiffs Jennifer and Slade Piggott.

WHEREFORE, Plaintiffs Jennifer and Slade Piggott request the Court to grant Plaintiffs' Motion to Sever their claims from those asserted by Hwashin in its Amended Complaint in Intervention.

_____
JULIA A. BEASLEY (BEA039)

_____
JERE L. BEASLEY (BEA020)
Attorneys for Plaintiffs

OF COUNSEL:
BEASLEY, ALLEN, CROW,
METHVIN, PORTIS & MILES, P.C.
P. O. Box 4160
Montgomery, Alabama  36103-4160
(334) 269-2343

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing document upon all counsel of record <u>as listed below</u> by placing a copy of same in the United States Mail, first class, postage prepaid on this the 2nd day of October 2007.

/s/ Julia A Beasley
OF COUNSEL

Mr. W. Christopher Waller, Jr.
Mr. James A. Rives
BALL, BALL, MATHEWS & NOVAK
P.O. Box 2148
Montgomery, AL  36102-2148
Attorneys for Alabama Self-Insured
Worker's Compensation Fund & Hwashin

Mr. E. Britton Monroe
Mr. Mickey B. Wright
Mr. Brian M. McClendon
LLOYD, GRAY & WHITEHEAD
2501 20th Place
Suite 300
Birmingham, AL  35223
Attorneys for Gray Construction

Ms. Arden Pathak
Mr. J. Lister Hubbard
Mr. Richard H. Allen
Ms. Linda H. Ambrose
CAPELL & HOWARD
P.O. Box 2069
Montgomery, AL  36102-2069
Attorneys for Hwashin

Mr. Thomas Gallion
Ms. Felicia Long
Ms. Constance Walker
HASKELL SLAUGHTER YOUNG GALLION, LLC
PO Box 4660
Montgomery, Alabama  36103-4660
Attorneys for Latta Plumbing

7

Mr. Joe Peddy
Mr. Robert B. Stewart
SMITH, SPIRES & PEDDY, P.C.
Suite 200
2015 Second Avenue North
Birmingham, Alabama  35203
Attorneys for Cooper Steel Fabricators, Inc.

Mr. Charles K. Hamilton
Mr. John W. Clark IV
BAINBRIDGE, MIMS, ROGERS & SMITH, LLP
P.O. Box 530886
Birmingham, AL  35253
Attorney for Freeland-Kentucky

Ms. Linda H. Ambrose
ROGERS & ASSOCIATES
3000 Riverchase Galleria
Suite 650
Birmingham, AL  35244
Attorney for Plaintiff/Intervenor and
Alleged Third-Party Defendant Hwashin

Mr. John S. Somerset
SUDDERTH & SOMERSET
5385 First Avenue North
Birmingham, Alabama  35212
Attorney for All-South Subcontractors

Mr. John C. Deshazo
Mr. John M. Laney, Jr.
PORTERFIELD, HARPER, MILLS & MOTLOW
P.O. Box 530790
Birmingham, AL  35253-0790
Attorneys for Freeland-Georgia

Ms. Hope T. Cannon
Mr. Brittin T. Coleman
Mr. Kenneth M. Perry
BRADLEY ARRANT ROSE & WHITE
1819 5th Avenue North
Birmingham, Alabama  35203
Attorneys for Firestone Building Products

Mr. J. Michael Cooper
Mr. Larry William Harper
PORTERFIELD, HARPER, MILLS & MOTLOW
P.O. Box 530790
Birmingham, AL  35253-0790
Attorneys for The Hardy Corporation