IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA

| | |
|---|---|
| **JENNIFER PIGGOTT and** ) | |
| **SLADE PIGGOTT,** ) | |
| ) | **CASE NUMBER: CV06-1158** |
| **PLAINTIFFS,** ) | |
| ) | |
| vs. ) | |
| ) | |
| **GRAY CONSTRUCTION, INC.,** ) | |
| ) | |
| **DEFENDANT/THIRD-PARTY** ) | |
| **PLAINTIFF** ) | |
| vs. ) | |
| ) | |
| **COOPER'S STEEL FABRICATORS,** ) | |
| **INC., et al,** ) | |
| ) | |
| **THIRD-PARTY DEFENDANTS.** ) | |

**ALL-SOUTH SUBCONTRACTORS, INC'S ANSWER TO GRAY
CONSTRUCTION INC.'S FIRST AMENDED THIRD PARTY COMPLAINT**

Comes now All-South Subcontractors, Inc. (All-South), Third Party Defendant in the above cause and Answers the First Amended Third Party Complaint (the Complaint) filed by Gray Construction, Inc. (Gray) as follows:

1-3, and 5-11. No response required by this third-party Defendant. To the extent that allegations are made against this third-party Defendant, they are denied.

4. Admitted; All-South was the roofing subcontractor hired by Gray to install the roof at the Hwashin facility;

**JURISDICTION AND VENUE**

12. This third-party Defendant denies that it owes indemnity to Gray Construction,

Inc., for the claims against Gray brought by Mr. and Mrs. Piggott and therefore denies that the claims against All-South Subcontractors, Inc., are so related to claims in the action by Piggott to provide supplemental jurisdiction to this Court.

13. Subject to the averments in Paragraph 12 above, admitted.

14. Subject to the averments in Paragraph 12 above, admitted.

## STATEMENT OF FACTS

15. Based on present information and belief, admitted.

16. Based on present information and belief, admitted, although the contract documents will speak for themselves and the contract is to be taken as a whole.

17. Based on present information and belief, admitted.

18. This third-party Defendant is without sufficient information or belief to admit or deny the allegations of this Paragraph as phrased. To the extent that allegations of wrongdoing are made against this third-party Defendant, the allegations are denied.

19. This third-party Defendant is without sufficient information or belief to admit or deny the allegations of this Paragraph as phrased. To the extent that allegations of wrongdoing are made against this third-party Defendant, the allegations are denied.

20. This third-party Defendant is without sufficient information or belief to admit or deny the allegations of this Paragraph as phrased. To the extent that allegations of wrongdoing are made against this third-party Defendant, the allegations are denied.

21. This third-party Defendant is without sufficient information or belief to admit or deny the allegations of this Paragraph as phrased. To the extent that allegations of

wrongdoing are made against this third-party Defendant, the allegations are denied.

22. This third-party Defendant is without sufficient information or belief to admit or deny the allegations of this Paragraph as phrased. To the extent that allegations of wrongdoing are made against this third-party Defendant, the allegations are denied.

23. Denied as alleged. The contract between Gray and All-South Subcontractors, Inc., which should be taken as a whole, sets out the terms of the contract and the responsibilities of the parties.

24. Admitted that the quoted language is in the contract, but avers that the contract is to be taken as a whole.

25. Admitted that the quoted language is in the contract but avers that only part of the provision was quoted.

26. This third-party Defendant is without sufficient information or belief to admit or deny the allegations of the Paragraph.

27. Based on present information and belief, admitted.

28. Based on present information and belief, admitted.

29. Based on present information and belief, admitted.

30. Admitted that the complaint by Mr. and Mrs. Piggott avers in substance the allegations of the Paragraph. This third-party Defendant denies that it is responsible in any way whatsoever for the alleged injuries and damages.

31. Admitted that the complaint by Mr. and Mrs, Piggott avers in substance the allegations of the Paragraph. This third-party Defendant denies that it is responsible in

any way whatsoever for the alleged injuries and damages.

## COUNT ONE

32. Each response previously made is adopted as the response to this Paragraph.

33-36. No response required by this third-party Defendant. To the extent that allegations are made against this third-party Defendant, the allegations are denied.

## COUNT TWO

37. Each response previously made is adopted as the response to this Paragraph.

38-41. No response required by this third-party Defendant. To the extent that allegations are made against this third-party Defendant, the allegations are denied.

## COUNT THREE

42. Each response previously made is adopted as the response to this Paragraph.

43-46. No response required by this third-party Defendant. To the extent that allegations are made against this third-party Defendant, the allegations are denied.

## COUNT FOUR

47. Each response previously made is adopted as the response to this Paragraph.

48-51. No response required by this third-party Defendant. To the extent that allegations are made against this third-party Defendant, the allegations are denied.

## COUNT FIVE

52. Each response previously made is adopted as the response to this Paragraph.

53. Denied as phrased. The contract language will set out the duties and responsibilities of the parties.

54. Denied.

55. Denied.

56. Denied.

## COUNT SIX

57. Each response previously made is adopted as the response to this Paragraph.

58-61. No response required by this third-party Defendant. To the extent that allegations are made against this third-party Defendant, the allegations are denied.

## COUNT SEVEN

62. Each response previously made is adopted as the response to this Paragraph.

63-67. No response required by this third-party Defendant. To the extent that allegations are made against this third-party Defendant, the allegations are denied.

## COUNT EIGHT

68. Each response previously made is adopted as the response to this Paragraph.

69-73. No response required by this third-party Defendant. To the extent that allegations are made against this third-party Defendant, the allegations are denied.

## COUNT NINE

74. Each response previously made is adopted as the response to this Paragraph.

75-79. No response required by this third-party Defendant. To the extent that allegations are made against this third-party Defendant, the allegations are denied.

**COUNT TEN**

80. Each response previously made is adopted as the response to this Paragraph.

82-85. No response required by this third-party Defendant. To the extent that allegations are made against this third-party Defendant, the allegations are denied.

**COUNT ELEVEN**

86. Each response previously made is adopted as the response to this Paragraph.

87-91. No response required by this third-party Defendant. To the extent that allegations are made against this third-party Defendant, the allegations are denied.

**COUNT TWELVE**

92. Each response previously made is adopted as the response to this Paragraph.

93. All-South admits that it and Gray did enter into a contract, but the written terms and conditions of the contract will determine the duties and responsibilities of the parties, not the allegations in the Complaint.

94. All-South admits that it and Gray did enter into a contract, but the written terms and conditions of the contract will determine the duties and responsibilities of the parties, not the allegations in the Complaint.

95. Denied

96. Denied

97. Denied

**COUNT THIRTEEN**

97. Each response previously made is adopted as the response to this Paragraph.

**98**-102.  No response required by this third-party Defendant.  To the extent that allegations are made against this third-party Defendant, the allegations are denied.

### COUNT FOURTEEN

103.  Each response previously made is adopted as the response to this Paragraph.

103-106.  No response required by this third-party Defendant.  To the extent that allegations are made against this third-party Defendant, the allegations are denied.

### COUNT FIFTEEN

105.  Each response previously made is adopted as the response to this Paragraph.

106-110.  No response required by this third-party Defendant.  To the extent that allegations are made against this third-party Defendant, the allegations are denied.

### COUNT SIXTEEN

111.  Each response previously made is adopted as the response to this Paragraph.

112.  Denied as alleged.  All-South admits that warranties on the work and materials were given, but they were written warranties, provided by Firestone Building Products, Inc., the builder's warranty stated in the written contract between the parties, and by Alabama law, and those provisions will determine the terms and conditions of the said warranties and not the allegations of the complaint.

113.  Denied

114.  Denied

### COUNT SEVENTEEN

115.  Each response previously made is adopted as the response to this Paragraph.

**116-118.** No response required by this third-party Defendant. To the extent that allegations are made against this third-party Defendant, the allegations are denied. Denied as phrased.

## COUNT EIGHTEEN

**119.** Each response previously made is adopted as the response to this Paragraph.

**120-122.** No response required by this third-party Defendant. To the extent that allegations are made against this third-party Defendant, the allegations are denied.

## COUNT NINETEEN

**123.** Each response previously made is adopted as the response to this Paragraph.

**122-126.** No response required by this third-party Defendant. To the extent that allegations are made against this third-party Defendant, the allegations are denied.

## COUNTY TWENTY

**127.** Each response previously made is adopted as the response to this Paragraph.

**128.** Denied as alleged. It is specifically denied that All-South constructed the roof drains, and specifically denies that it had any responsibilities whatsoever with regard to the structural integrity of the roof or the drains. The duties owed to Gray by All-South are set forth in the written contract between the parties and by Alabama law and not by the allegations of the Complaint.

**129.** Denied

**130.** Denied

## COUNTY TWENTY-ONE

131. Each response previously made is adopted as the response to this Paragraph.

132-134. No response required by this third-party Defendant. To the extent that allegations are made against this third-party Defendant, the allegations are denied.

## COUNT TWENTY TWO

135. Each response previously made is adopted as the response to this Paragraph.

136-138. No response required by this third-party Defendant. To the extent that allegations are made against this third-party Defendant, the allegations are denied.

## DEFENSES

1. The Complaint filed against this third-party Defendant fails to state a cause of action upon which relief can be granted.

2. This Defendant pleads the general issue.

3. This Defendant pleads the defense of superseding cause.

4. This Defendant pleads the defense of intervening cause.

5. To the extent that allegations of negligence are made by third-party Plaintiff, this third-party Defendant pleads the defense of contributory negligence.

6. To the extent that allegations of negligence are made by third-party Plaintiff, this third-party Defendant pleads the defense of assumption of the risk.

7. This third-party Defendant avers that work performed by it was completed and accepted by Gray and Hwashin America Corporation and further avers that this Defendant is not liable to Gray and/or Hwashin America Corporation for any damages

or for any indemnity.

8. This third-party Defendant avers that the claims of the third-party Plaintiff are not brought in the name of the real party in interest in that any damages allegedly sustained by Gray are covered by insurance and the real party in interest is the insurance carrier for Gray.

9. This third-party Defendant denies that it breached any express or implied warranties as alleged in the third-party complaint and denies that any alleged breaches of warranty proximately caused any injuries or damages to the Plaintiffs and denies that any alleged breaches of warranty give rise to indemnity to third-party Plaintiff as alleged.

10. This third-party Defendant pleads the defense of accord and satisfaction.

11. This third-party Defendant alleges that, after the completion of the contract by this third-party Defendant and after inspection and acceptance of the said work by Hwashin and Gray, Hwashin caused modifications to be made to the roof by another roofing contractor, and that such additional work voided any warranties or duties owed by this third-party Defendant under any contract, subcontract, law, or common law doctrine.  This third-party Defendant affirmatively alleges on information and belief that the roof which collapsed was not the same roof that was installed and completed by this third-party Defendant.

12. This third-party Defendant reserves the right to add any additional defenses that may arise during the course of discovery.

This the 5th day of October, 2007

        s/       John S. Somerset SOM003, ASB-3370-074J
                Sudderth & Somerset, Attorneys
                5385 1st Avenue North
                Birmingham, AL 35212
                (205)595-4631

### CERTIFICATE OF SERVICE

I hereby certify that on October 5th, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system that will send notification of such filing to the following:

| | |
|---|---|
| Jere L. Beasley, Esquire<br>Julia Ann Beasley, Esquire<br>Beasley, Allen, Crow, Methvin, Protis & Miles, P.C.<br>P.O. Box 4160<br>Montgomery, AL 36103-4160<br>Counsel for Plaintiffs, Jennifer and Slade Piggott | Thomas T. Gallion, III, Esquire<br>Constance C. Walker, Esquire<br>Felicia A. Long, Esquire<br>Haskell, Slaughter, Young & Gallion, LLC<br>P. O. Box 4660<br>Montgomery, AL 36103-4660<br>Counsel for Latta Plumbing & Const. Co Inc |
| Charles Keith Hamilton, Esquire<br>Bainbridge, Mims, Rogers & Smith<br>P.O.Box 530886<br>Birmingham, AL 35253-0886<br>Counsel for Freeland-Harris Consulting Engineers of Kentucky, Inc. | A. Joe Peddy, Esquire<br>Robert B. Stewart, Esquire<br>Smith, Spires & Peddy<br>2015 2nd Avenue North, Suite 200<br>Birmingham, AL 35203<br>Counsel for Cooper's Steel Fabricators,Inc |
| Linda H. Ambrose, Esquire<br>Rogers & Associates<br>3000 Riverchase Galleria, Suite 650<br>Birmingham, AL 35244<br>Counsel for Hwashin America Corp. | James A. Rives, Esquire<br>William Christopher Waller, Jr., Esquire<br>Ball, Ball, Matthews & Novak. P.A.<br>P. O. Box 2148<br>Montgomery, AL 36102-2148<br>Counsel for Hwashin America Corp. |
| J. Lister Hubbard, Esquire<br>Richard H. Allen, Esquire<br>Arden Reed Pathak, Esquire<br>Capell & Howard, P.C.<br>P.O. Box 2069<br>Montgomery, AL 36102-2069<br>Attorney for Hwashin America Corp. | John M Laney, Jr., Esquire<br>John C. DeShazo, Esquire<br>Laney & Foster, P.C.<br>P. O. Box 43798<br>Birmingham, AL 35243-0798<br>Counsel for Freeland-Harris Consulting Engineers of Georgia, Inc. |

| | |
|---|---|
| **Hope T. Cannon, Esquire** | |
| **Brittin T. Coleman, Esquire** | |
| **Kenneth M. Perry, Esquire** | **Larry W. Harper, Esquire** |
| **Bradley, Arant, Rose & White, LLP** | **Porterfield, Harper, Mills & Motlow, P.C.** |
| **One Federal Place** | **22 Inverness Center Parkway, Suite 600** |
| **1819 Fifth Avenue North** | **P. O. Box 530790** |
| **Birmingham, AL 35203-2104** | **Birmingham, AL 35253-0790** |
| **Counsel for Firestone Building Products Company, LLC** | **Counsel for The Hardy Corporation** |
| | **Brian M. McClendon, Esquire** |
| | **Elliot Britton Monroe, Esquire** |
| | **Mickey B. Wright, Esquire** |
| | **Lloyd, Gray & Whitehead, PC.** |
| | **2501 Twentieth Place South** |
| | **Suite 300, Birmingham, AL 35223** |

<u>s/</u>     **John S. Somerset (SOM003, ASB 3370 074J)**
       **Attorney for All South Subcontractors, Inc**