**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF ALABAMA**

| | | |
|---|---|---|
| JENNIFER PIGGOTT and SLADE PIGGOTT, | ) ) ) | |
| Plaintiffs, | ) ) | **Case No.: CV-06-1158** |
| v. | ) ) | |
| GRAY CONSTRUCTION, INC., | ) ) | |
| Defendant/Third-Party Plaintiff, | ) ) | |
| v. | ) ) | |
| COOPER'S STEEL FABRICATORS, INC., et al., | ) ) ) | |
| Third-Party Defendants. | ) | |

---

**GRAY CONSTRUCTION, INC.'S ANSWER AND AFFIRMATIVE DEFENSES**
**TO PLAINTIFFS' SECOND AMENDMENT TO COMPLAINT**

---

Defendant Gray Construction, Inc. ("Gray"), pursuant to Alabama Rules of Civil Procedure, Rule 7 and 12, hereby file this Answer and Affirmative Defenses to Plaintiffs' Second Amendment to Complaint.

1.      Gray is without sufficient information to admit or deny the allegations of Paragraph No. 1 of the Second Amended Complaint and therefore denies the allegations of Paragraph No. 1 of the Second Amended Complaint.

2.      Gray is without sufficient information to admit or deny the allegations of Paragraph No. 2 of the Second Amended Complaint and therefore denies the allegations of Paragraph No. 2 of the Second Amended Complaint.

3.       Gray admits the allegations contained in Paragraph No. 3.

4.       Gray admits the allegations contained in Paragraph No. 4.

5.       Gray admits the allegations contained in Paragraph No. 5.

6.       Gray admits the allegations contained in Paragraph No. 6.

7.       Gray admits the allegations contained in Paragraph No. 7.

## Statement of Jurisdiction

8.       Gray admits the allegations contained in Paragraph No. 8.

## Statement of the Facts

9.       Gray admits the allegations contained in Paragraph No. 9.

10.      Gray admits that GNF was the architect of record for the Hwashin facility in Greenville, Alabama. Except as expressly admitted, Gray denies the allegations of Paragraph No. 10.

11.      Gray admit that GNF entered into a contract with Freeland-Harris Consulting Engineers of Kentucky, Inc. ("Freeland-Harris Kentucky") to provide structural engineering services for the construction of the Hwashin facility. Except as expressly admitted, Gray denies the allegations of Paragraph No. 11.

12.      Gray is without sufficient information to admit or deny the allegations of Paragraph No. 12 of the Second Amended Complaint and therefore denies the allegations of Paragraph No. 12 of the Second Amended Complaint.

13.      Gray is without sufficient information to admit or deny the allegations of Paragraph No. 13 of the Second Amended Complaint and therefore denies the allegations of Paragraph No. 13 of the Second Amended Complaint.

14.     Gray admits that on October 17, 2006 the roof of the office of the

Hwashin facility collapsed.  Except as expressly admitted, Gray denies the remaining

allegations of Paragraph No. 14.

15.     Gray is without sufficient information to admit or deny the allegations of

Paragraph No. 15 of the Second Amended Complaint and therefore denies the allegations

of Paragraph No. 15 of the Second Amended Complaint.

16.     Gray denies the allegations of Paragraph No. 16.

17.     Gray denies the allegations of Paragraph No. 17.

18.     Gray denies the allegations of Paragraph No.  18.

19.     Gray denies the allegations of Paragraph No.  19.

20.     Gray denies the allegations of Paragraph No.  20.

21.     Gray denies the allegations of Paragraph No.  21.

22.     Gray denies the allegations of Paragraph No.  22.

## COUNT ONE

23.     Gray hereby adopts and realleges as though fully set forth its answers to

Paragraph Nos. 1-22.

24.     Gray denies the allegations contained in Paragraph No.  24.

25.     Gray denies the allegations contained in Paragraph No.  25.

26.     Gray denies the allegations contained in Paragraph No.  26.

27.     Gray denies the allegations contained in Paragraph No.  27.

## COUNT TWO

28.     Gray hereby adopts and realleges as though fully set forth its answers to

Paragraph Nos. 1-27.

29.     Gray denies the allegations contained in Paragraph No. 29.

30.     Gray denies the allegations contained in Paragraph No. 30.

31.     Gray denies the allegations contained in Paragraph No. 31.

32.     Gray denies the allegations contained in Paragraph No. 32.

33.     Gray denies the allegations contained in Paragraph No. 33.

## COUNT THREE

34.     Gray hereby adopts and realleges as though fully set forth its answers to Paragraph Nos. 1-33.

35.     Gray denies the allegations contained in Paragraph No. 35.

36.     Gray denies the allegations contained in Paragraph No. 36.

37.     Gray denies the allegations contained in Paragraph No. 37.

38.     Gray denies the allegations contained in Paragraph No. 38.

39.     Gray denies the allegations contained in Paragraph No. 39.

## COUNT FOUR

40.     Gray hereby adopts and realleges as though fully set forth its answers to Paragraph Nos. 1-39.

41.     Gray denies the allegations contained in Paragraph No. 41.

42.     Gray denies the allegations contained in Paragraph No. 42.

43.     Gray denies the allegations contained in Paragraph No. 43.

44.     Gray denies the allegations contained in Paragraph No. 44.

45.     Gray denies the allegations contained in Paragraph No. 45.

46.     Gray denies the allegations contained in Paragraph No. 46.

## COUNT FIVE

47.     Gray hereby adopts and realleges as though fully set forth its answers to Paragraph Nos. 1-46.

48.     Gray denies the allegations contained in Paragraph No.  48.

49.     Gray denies the allegations contained in Paragraph No.  49.

50.     Gray denies the allegations contained in Paragraph No.  50.

## COUNT SIX

51.     Gray hereby adopts and realleges as though fully set forth its answers to Paragraph Nos. 1-50.

52.     Gray denies the allegations contained in Paragraph No.  52.

53.     Gray denies the allegations contained in Paragraph No.  53.

54.     Gray denies the allegations contained in Paragraph No.  54.

55.     Gray denies the allegations contained in Paragraph No.  55.

## COUNT SEVEN

56.     Gray hereby adopts and realleges as though fully set forth its answers to Paragraph Nos. 1-55.

57.     Gray denies the allegations contained in Paragraph No.  57.

58.     Gray denies the allegations contained in Paragraph No.  58.

59.     Gray denies the allegations contained in Paragraph No.  59.

60.     Gray denies the allegations contained in Paragraph No.  60.

**COUNT EIGHT**

61.    Gray hereby adopts and realleges as though fully set forth its answers to

Paragraph Nos. 1-60.

62.    Gray denies the allegations contained in Paragraph No.  62.

63.    Gray denies the allegations contained in Paragraph No.  63.

64.    Gray denies the allegations contained in Paragraph No.  64.

65.    Gray denies the allegations contained in Paragraph No.  65.

66.    Gray denies the allegations contained in Paragraph No.  66.

**COUNT NINE**

67.    Gray hereby adopts and realleges as though fully set forth its answers to

Paragraph Nos. 1-66.

68.    Gray denies the allegations contained in Paragraph No.  68.

69.    Gray denies the allegations contained in Paragraph No.  69.

**COUNT TEN**

70.    Gray hereby adopts and realleges as though fully set forth its answers to

Paragraph Nos. 1-69.

71.    Gray is without sufficient information to admit or deny the allegations of

Paragraph No. 71 of the Second Amended Complaint and therefore denies the allegations

of Paragraph No. 71 of the Second Amended Complaint.

72.    (mislabeled as Paragraph No. 71.).  Gray denies the allegations contained

in Paragraph No. 72.

73.    (mislabeled as Paragraph No. 72.).  Gray denies the allegations contained

in Paragraph No.  73.

## AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE

Gray denies all allegations of Plaintiffs' Second Amendment to Complaint not

expressly admitted in this Answer and demand strict proof of those allegations.

## SECOND AFFIRMATIVE DEFENSE

Plaintiffs' Second Amendment to Complaint fails to state a claim upon which

relief can be granted.

## THIRD AFFIRMATIVE DEFENSE

Gray fully performed its contract with Hwashin America Corporation.

## FOURTH AFFIRMATIVE DEFENSE

Hwashin America Corporation was in control of the premises at the time of the

incident giving rise to this lawsuit.

## FIFTH AFFIRMATIVE DEFENSE

Gray owed no legal duty to the Plaintiffs.

## SIXTH AFFIRMATIVE DEFENSE

Gray is not in privity of contract with the Plaintiffs.

### SEVENTH AFFIRMATIVE DEFENSE

Gray had no duty to enforce safety policies.

### EIGHTH AFFIRMATIVE DEFENSE

Gray breached no alleged duty owed to Plaintiffs.

### NINTH AFFIRMATIVE DEFENSE

Gray did not negligently design, construct or inspect the roof or office building of

the Hwashin facility.

### TENTH AFFIRMATIVE DEFENSE

Gray acted in conformity with all applicable standards of care.

### ELEVENTH AFFIRMATIVE DEFENSE

Gray' design met or exceeded all applicable building codes or regulations.

### TWELFTH AFFIRMATIVE DEFENSE

There is no causal connection between any act or omission of Gray and the

Plaintiffs' injuries or damages.

### THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' alleged injuries and damages were caused by an intervening and

suppressing cause or causes.

### FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' damages were proximately caused by an act of God.

### FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' damages were caused by the acts and omissions of others.

## SIXTEENTH AFFIRMATIVE DEFENSE

The procedures by which damages for mental anguish are awarded by juries in the State of Alabama violate constitutional rights secured to the defendant under the United States Constitution and the Constitution of the State of Alabama by depriving the defendant of its property without due process of law because no reasonable standard or guideline is given to the jury to insure that the award is reasonable and further there is no meaningful standard for judicial review or judicial review of the award post verdict to insure that the award does not exceed constitutional limitations.

## SEVENTEENTH AFFIRMATIVE DEFENSE

The procedures by which damages for mental anguish are awarded by juries in Alabama violate constitutional rights secured to the defendant by the United States Constitution and the Constitution of the State of Alabama by depriving the defendant of its property without due process of law in that no reasonable criteria, guideline, or standard is provided to the jury in order that the jury may determine from the evidence what quality or quantity of evidence is necessary to justify an award of damages for mental anguish.

## EIGHTEENTH AFFIRMATIVE DEFENSE

The procedure by which damages for mental anguish are awarded by Alabama juries deprives Defendant of constitutional rights secured to it by the Constitution of the United States of America and the Constitution of the State of Alabama in that the same deprives Defendant of its property without due process of law by not providing an objective standard by which the jury may measure an award or an objective standard by

which the judge may review the jury's award to determine if it is reasonable, just and proper.

## NINETEENTH AFFIRMATIVE DEFENSE

The procedure by which damages for mental anguish are awarded by Alabama juries deprives Defendant of constitutional rights secured to it by the Constitution of the United States of America and the Constitution of the State of Alabama.

## TWENTIETH AFFIRMATIVE DEFENSE

Gray did not act or fail to act with reckless indifference.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

Gray is entitled to the benefits of and protection of Sections 6-11-20 through 6-11-30, Code of Alabama 1975 as amended.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

1.      Plaintiff's claim of punitive damages violates the Fourth, Fifth, Sixth, and Fourteenth Amendments of the Constitution of the United States, and Article I Section 6 of the Constitution of Alabama, on the following grounds:

(a)      It is violation of the Due Process and Equal Protection Clauses of the Fourteenth Amendment of the United States Constitution to impose punitive damages, which are penal in nature, against a civil defendant upon the plaintiff's satisfying a burden of proof which is less than the "beyond a reasonable doubt" burden of proof required in criminal cases;

(b)      The procedures pursuant to which punitive damages are awarded may result in the award of joint and several judgments against multiple Gray for different

alleged acts of wrongdoing, which infringes the Due Process and Equal Protection Clauses of the Fourteenth Amendment of the United States Constitution;

(c)    The procedures pursuant to which punitive damages are awarded fail to provide a reasonable limit on the amount of the award against Gray, which thereby violates the Due Process and Equal Protection Clauses of the Fourteenth Amendment of the United States Constitution;

(d)    The procedures pursuant to which punitive damages are awarded fail to provide specific standards, or provide vague or insufficient standards, for the amount of the award of punitive damages which thereby violates the Due Process Clause of the Fourteenth Amendment of the United States Constitution;

(e)    The procedures pursuant to which punitive damages are awarded result in the imposition of different penalties for the same or similar acts and, thus, violate the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution;

(f)    The procedures pursuant to which punitive damages are awarded permit the imposition of punitive damages in excess of the maximum criminal fine for the same or similar conduct, which thereby infringes the Due Process Clause of the Fifth and Fourteenth Amendments and the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution;

(g)    The procedures pursuant to which punitive damages are awarded fail to require that an award of punitive damages be proportion, or bear a reasonable relationship, to the actual harm incurred.

(h)    The procedures pursuant to which punitive damages are awarded fail to provide mitigating factors for the jury's consideration in awarding punitive damages.

2.      Plaintiff's claim of punitive damages violates the due process clause of Article I, Section 6 of the Constitution of Alabama on the following grounds:

(a)      It is a violation of the due process clause to impose punitive damages, which are penal in nature, upon a civil defendant upon the plaintiff's satisfying a burden of proof less than the "beyond a reasonable doubt" burden of proof required in criminal cases;

(b)      The procedures pursuant to which punitive damages are awarded fail to provide a limit on the amount of the award against this defendant;

(c)      The procedures pursuant to which punitive damages are awarded are unconstitutionally vague;

(d)      The procedures pursuant to which punitive damages are awarded fail to provide specific standards for the amount of the award of punitive damages; and

(e)      The award of the punitive damages in this case constitutes a deprivation of property without due process of law.

3.      Plaintiff's attempt to impose punitive or extracontractual damages on this defendant, on the basis of vicarious liability for the conduct by others, violates the Fifth, Eighth, and Fourteenth Amendments of the United States Constitution and Article I, Section 6 of the Alabama Constitution.

4.      The award of punitive damages to the plaintiff in this action would constitute a deprivation of property without due process of law required under the Fifth and Fourteenth Amendments of the United States Constitution and Article I, Section 6 of the Alabama Constitution.

5.      The award of punitive damages against this defendant in this action would violate the prohibition against laws that impair the obligations of contracts in violation of Article I, Section 22 of the Constitution of Alabama.

6.      The procedures pursuant to which punitive damages are awarded permit the imposition of punitive damages in excess of the amount established by the legislature under Ala. Code section 27-1-17 (1975), in violation of the Due Process Clause of the Fifth and Fourteenth Amendments of the U.S. Constitution and Article I, Section 6, of the Alabama Constitution.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

Plaintiff's attempt to impose punitive or extra contractual damages on Gray on the basis of vicarious liability for the conduct by others violates the Fifth, Eighth and Fourteenth Amendments of the United States Constitution.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

An award of punitive damages which is in excess of the maximum amount specified in Ala. Code sections 6-11-20 to 6-11-30 (1975) is barred.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

Defendant reserves the right to assert any additional and further defenses which may constitute grounds for an avoidance of liability or affirmative defense as may be revealed during discovery or upon receipt of additional information.

Done this 5th day of October, 2007.

By: *s/E. Britton Monroe*
E. Britton Monroe (MON032)
Mickey B. Wright (WRI048)
Brian M. McClendon (MCC133)
Attorneys for Gray Construction, Inc.

**OF COUNSEL:**
LLOYD, GRAY & WHITEHEAD, P.C.
2501 20th Place South, Suite 300
Birmingham, Alabama 35223
Telephone:  (205) 967-8822
Facsimile:  (205) 967-2380

## CERTIFICATE OF SERVICE

I hereby certify that on the 5th day of October, a true and correct copy of the foregoing has been furnished by electronic filing, upon the following parties:

Jere L. Beasley, Esq.
Julia Ann Beasley, Esq.
Beasley, Allen, Crow, Methvin,
   Portis & Miles, P.C.
P.O. Box 4160
Montgomery, AL 36103-4160
*Counsel for Plaintiffs, Jennifer and Slade Piggott*

Thomas T. Gallion, III, Esq.
Constance C. Walker, Esq.
Felicia A. Long, Esq.
Haskell, Slaughter, Young & Gallion, LLC
P.O. Box 4660
Montgomery, AL 36103-4660
*Counsel for Latta Plumbing & Construction Co., Inc.*

Charles Keith Hamilton, Esq.
Bainbridge, Mims, Rogers & Smith
P.O. Box 530886
Birmingham, AL 35253-0886
*Counsel for Freeland-Harris Consulting Engineers of Kentucky, Inc.*

John S. Somerset, Esq.
Sudderth & Somerset
5385 First Avenue North
Birmingham, AL 35212
*Counsel for All-South Subcontractors, Inc.*

Linda H. Ambrose, Esq.
Rogers & Associates
3000 Riverchase Galleria, Ste. 650
Birmingham, AL 35244
*Counsel for Hwashin America Corp.*

A. Joe Peddy, Esq.
Robert B. Stewart, Esq.
Smith, Spires & Peddy
2015 2nd Avenue North, Ste. 200
Birmingham, AL 35203
*Counsel for Cooper's Steel Fabricators, Inc.*

J. Lister Hubbard, Esq.
Richard H. Allen, Esq.
Arden Reed Pathak, Esq.
Capell & Howard, P.C.
P.O. Box 2069
Montgomery, AL 36102-2069
*Counsel for Hwashin America Corp.*

James A. Rives, Esq.
William Christopher Waller, Jr., Esq.
Ball, Ball, Matthews & Novak, P.A.
P.O. Box 2148
Montgomery, AL 36102-2148
*Counsel for Hwashin America Corp.*

Hope T. Cannon, Esq.
Brittin T. Coleman, Esq.
Kenneth M. Perry, Esq.
Bradley, Arant, Rose & White, LLP
One Federal Place
1819 Fifth Avenue North
Birmingham, AL 35203-2104
*Counsel for Firestone Building Products Company, LLC*

John M. Laney, Jr., Esq.
John C. DeShazo, Esq.
Laney & Foster, P.C.
P.O. Box 43798
Birmingham, AL 35243-0798
*Counsel for Freeland-Harris Consulting Engineers of Georgia, Inc.*

Larry W. Harper, Esq.
Porterfield, Harper, Mills & Motlow, P.A.
22 Inverness Center Parkway, Ste. 600
P.O. Box 530790
Birmingham, AL   35253-0790
***Counsel for The Hardy Corporation***

                                        *s/E. Britton Monroe*
                                        OF COUNSEL


536825_5.DOC