## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA
## NORTHERN DIVISION

| | | |
|---|---|---|
| **JENNIFER PIGGOTT, et al.,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| **v.** | ) | |
| | ) | |
| **GRAY CONSTRUCTION, INC.,** | ) | **Case No. 2:06-cv-01158-MEF-TFM** |
| | ) | |
| **Defendant and** | ) | |
| **Third Party Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | |
| | ) | |
| **COOPER STEEL** | ) | |
| **FABRICATORS, INC., et al.,** | ) | |
| | ) | |
| **Third Party Defendants.** | ) | |

---

## FREELAND HARRIS CONSULTING ENGINEERS
## OF KENTUCKY, INC.'S ANSWER TO PLAINTIFFS'
## SECOND AMENDED COMPLAINT

---

COMES NOW Defendant/Third-Party Defendant Freeland Harris Consulting

Engineers of Kentucky, Inc. ("Freeland Harris-Kentucky") and, in response to the

Second Amended Complaint of Plaintiffs Jennifer and Slade Piggott ("Plaintiffs"),

states as follows:

1.    Freeland Harris-Kentucky lacks knowledge or information sufficient to formulate a response to the averments of paragraph 1.

2.    Freeland Harris-Kentucky lacks knowledge or information sufficient to formulate a response to the averments of paragraph 2.

3.    Admitted.

4.    Admitted.

5.    Admitted.

6.    Admitted.

7.    Freeland Harris-Kentucky is a separate legal entity from Freeland Harris Consulting Engineers of Georgia, Inc. ("Freeland Harris-Georgia").    As such, Freeland Harris-Kentucky denies the averments of paragraph 7.

## STATEMENT OF JURISDICTION

8.    Denied as to Freeland Harris-Kentucky.

## STATEMENT OF THE FACTS

9.    Freeland Harris-Kentucky lacks knowledge or information sufficient to formulate a response to the averments of paragraph 9.

10.    Freeland Harris-Kentucky lacks knowledge or information sufficient to formulate a response to the averments of paragraph 10.

11.    In response to paragraph 11, Freeland Harris-Kentucky admits only that it entered into a Design Consulting Agreement with GNF Architects and Engineers, B.S.C. ("GNF"), and that it subsequently entered into a Subcontractor Agreement concerning the project with Freeland Harris-Georgia.  Freeland Harris-Kentucky further states that these contracts speak for themselves, and denies the remaining averments of this paragraph.

12.    Freeland Harris-Kentucky lacks knowledge or information sufficient to formulate a response to the averments of paragraph 12.

13.    Freeland Harris-Kentucky lacks knowledge or information sufficient to formulate a response to the averments of paragraph 13.

14.    Freeland Harris-Kentucky lacks knowledge or information sufficient to formulate a response to the averments of paragraph 14.

15.    Freeland Harris-Kentucky lacks knowledge or information sufficient to formulate a response to the averments of paragraph 15.

16.    Freeland Harris-Kentucky lacks knowledge or information sufficient to formulate a response to the averments of paragraph 16.

17.    Freeland Harris-Kentucky lacks knowledge or information sufficient to formulate a response to the averments of paragraph 17.

18.    Denied as to Freeland Harris-Kentucky.

19.    Freeland Harris-Kentucky lacks knowledge or information sufficient to formulate a response to the averments of paragraph 19.

20.    Freeland Harris-Kentucky lacks knowledge or information sufficient to formulate a response to the averments of paragraph 20.

21.    Freeland Harris-Kentucky lacks knowledge or information sufficient to formulate a response to the averments of paragraph 21.

22.    Freeland Harris-Kentucky lacks knowledge or information sufficient to formulate a response to the averments of paragraph 22.

## COUNT ONE

23. - 27.    The averments of paragraphs 23-27 do not appear to be directed at Freeland Harris-Kentucky and, therefore, no response is necessary.  To the extent any averments of these paragraphs are directed at Freeland Harris-Kentucky, those averments are denied.

## COUNT TWO

28. - 33.    The averments of paragraphs 23-27 do not appear to be directed at Freeland Harris-Kentucky and, therefore, no response is necessary.  To the extent any averments of these paragraphs are directed at Freeland Harris-Kentucky, those averments are denied.

## COUNT THREE

34. - 39.    The averments of paragraphs 34-39 do not appear to be directed at Freeland Harris-Kentucky and, therefore, no response is necessary.  To the extent any averments of these paragraphs are directed at Freeland Harris-Kentucky, those averments are denied.

## COUNT FOUR

40. - 46.    The averments of paragraphs 40-46 do not appear to be directed at Freeland Harris-Kentucky and, therefore, no response is necessary.  To the extent any averments of these paragraphs are directed at Freeland Harris-Kentucky, those averments are denied.

## COUNT FIVE

47. - 50.    The averments of paragraphs 47-50 do not appear to be directed at Freeland Harris-Kentucky and, therefore, no response is necessary.  To the extent any averments of these paragraphs are directed at Freeland Harris-Kentucky, those averments are denied.

## COUNT SIX

51. - 55.    The averments of paragraphs 51-55 do not appear to be directed at Freeland Harris-Kentucky and, therefore, no response is necessary.  To the extent

any averments of these paragraphs are directed at Freeland Harris-Kentucky, those averments are denied.

## **COUNT SEVEN**

56.    Freeland Harris-Kentucky realleges its responses to the previous averments as if fully set out herein.

57.    Denied as to Freeland Harris-Kentucky.

58.    Denied as to Freeland Harris-Kentucky.

59.    Denied as to Freeland Harris-Kentucky.

60.    Denied.  Freeland Harris-Kentucky further denies that Plaintiffs are entitled to any relief sought in Count Seven.

## **COUNT EIGHT**

61.    Freeland Harris-Kentucky realleges its responses to the previous averments as if fully set out herein.

62.    Denied as to Freeland Harris-Kentucky.

63.    Denied as to Freeland Harris-Kentucky.

64.    Denied as to Freeland Harris-Kentucky.

65.    Denied as to Freeland Harris-Kentucky.

66.    Denied.  Freeland Harris-Kentucky further denies that Plaintiffs are entitled to any relief sought in Count Eight.

## COUNT NINE

67.    Freeland Harris-Kentucky realleges its responses to the previous averments as if fully set out herein.

68.    Denied.

69.    Denied.  Freeland Harris-Kentucky further denies that Plaintiffs are entitled to any relief sought in Count Nine.

## COUNT TEN

70. - 72.    The averments of paragraphs 70-72 do not appear to be directed at Freeland Harris-Kentucky and, therefore, no response is necessary.  To the extent any averments of these paragraphs are directed at Freeland Harris-Kentucky, those averments are denied.


Freeland Harris-Kentucky denies any averments of the Second Amended Complaint not expressly admitted herein, and further denies that Plaintiffs are entitled to any of the relief sought in the Second Amended Complaint.

## ADDITIONAL DEFENSES

1.     Freeland Harris-Kentucky generally denies the allegations of Plaintiffs' Second Amended Complaint and demands strict proof thereof.

2.     Freeland Harris-Kentucky is not guilty.

3.     Freeland Harris-Kentucky did not perform any activities related to the construction project made the basis of the claims and allegations of Plaintiffs.

4.     Freeland Harris-Kentucky pleads lack of personal jurisdiction.

5.     Freeland Harris-Kentucky pleads lack of subject matter jurisdiction.

6.     Plaintiffs were contributorily negligent.

7.     The negligence of other named parties or unnamed non-parties was the proximate cause of any alleged injury suffered by Plaintiffs.

8.     The claims against Freeland Harris-Kentucky are barred by the applicable statutes of limitations.

9.     Freeland Harris-Kentucky owed no duty to Plaintiffs out of which any claim against Freeland Harris-Kentucky might arise.

10.     Plaintiffs failed to mitigate their damages.

11.     Plaintiffs' Second Amended Complaint fails to state a claim upon which relief may be granted.

12.     Plaintiffs' claims are barred by the intervening or superseding negligence of Plaintiffs, a Third-Party Defendant, or one or more unnamed non-parties.

13.     Plaintiffs assumed the risk of damage and injury.

14.     Plaintiffs' claims are barred by the doctrine of laches.

15.     Plaintiffs' claims are barred by the doctrine of waiver.

16.     Plaintiffs' claims are barred by the doctrine of ratification.

17.     Plaintiffs' alleged damages were caused by an Act of God.

18.     Plaintiffs are neither parties to, nor intended beneficiaries of, any contract relating to the construction project at issue in this lawsuit to which Freeland Harris-Kentucky is a party.

19.     Plaintiffs' claims against Freeland Harris-Kentucky are barred or limited by contract.

20.     Freeland Harris-Kentucky reserves the right to amend its Answer to include additional defenses as discovery progresses.

s/Charles K. Hamilton
Charles K. Hamilton
John W. Clark IV
Bainbridge, Mims, Rogers & Smith, LLP
600 Luckie Building, Suite 415
Post Office Box 530886
Birmingham, Alabama 35253
(205) 879-1100
(205) 879-4300 (fax)
khamilton@bainbridgemims.com
jclark@bainbridgemims.com

Attorneys for Freeland Harris Consulting Engineers of Kentucky, Inc.

10

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on October 9, 2007, I electronically filed the foregoing **Freeland Harris Consulting Engineers of Kentucky, Inc.'s Answer to Plaintiffs' Second Amended Complaint** using the CM/ECF system which will send notification of such filing to the following:

Linda H. Ambrose
Rogers & Associates
3000 Riverchase Galleria
Suite 650
Birmingham, Alabama 35244

Jere L. Beasley
Julia A. Beasley
Beasley, Allen, Crow, Methvin,
      Portis & Miles, P.C.
Post Office Box 4160
Montgomery, Alabama 35106

James A. Rives
William C. Waller, Jr.
Ball, Ball, Matthews & Novak, P.A.
2000 Interstate Park Drive
Suite 204
Montgomery, Alabama 36109

Joseph Lister Hubbard
Arden Reed Pathak
Richard H. Allen
Capell Howard PC
Post Office Box 2069
Montgomery, Alabama 36102-2069

John S. Somerset
Sudderth & Somerset
5385 1st Avenue North
Birmingham, Alabama 35212

Brittin T. Coleman
Kenneth M. Perry
Hope T. Cannon
Bradley Arant Rose & White LLP
One Federal Place
1819 Fifth Avenue North
Birmingham, Alabama 35203-2104

John M. Laney, Jr.
John C. DeShazo
Laney & Foster, P.C.
Post Office Box 43798
Birmingham, Alabama 35243-0798

Larry W. Harper
James Michael Cooper
Porterfield Harper Mills & Motlow PA
Post Office Box 530790
Birmingham, Alabama 35253-0790

E. Britton Monroe
Mickey B. Wright
Brian M. McClendon
Lloyd, Gray & Whitehead, P.C.
2501 Twentieth Place South
Suite 300
Birmingham, Alabama 35223

11

Thomas T. Gallion, III                          Andrew W. Christman
Constance C. Walker                             Steven Keith Herndon
Felicia A. Long                                 Gidiere, Hinton, Herndon & Christman
Haskell Slaughter Young                         904 Regions Tower
      & Gallion, LLC                          60 Commerce Street
305 South Lawrence Street                       Montgomery, AL 36104
Montgomery, Alabama 36104

Albry Joe Peddy
Robert B. Stewart
Smith, Spires & Peddy, P.C.
2015 Second Avenue North
Suite 200
Birmingham, Alabama 35203


                                           s/ Charles K. Hamilton
                                           Of Counsel