IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA

| | |
|---|---|
| JENNIFER PIGGOTT and SLADE PIGGOTT, ) ) ) Plaintiffs, ) ) v. ) ) GRAY CONSTRUCTION, INC., ) ) Defendant/Third-Party Plaintiff, ) ) v. ) ) COOPER'S STEEL FABRICATORS, INC., ) ALL-SOUTH SUBCONTRACTORS, ) FREELAND HARRIS CONSULTING ) ENGINEERS OF KENTUCKY, INC., ) FREELAND HARRIS CONSULTING ) ENGINEERS OF GEORGIA, INC. THE ) HARDY CORPORATION, LATTA ) PLUMBING & CONSTRUCTION CO., INC., ) HWASHIN AMERICA CORPORATION and ) FIRESTONE BUILDING PRODUCTS CO., ) LLC, ) ) Third-Party Defendants. ) | Civil Action Number:<br><br>2:06-cv-01158-MEF<br><br>Honorable Chief Judge Mark E. Fuller |

**FREELAND HARRIS CONSULTING ENGINEERS OF GEORGIA, INC.'S ANSWER TO PLAINTIFF'S SECOND AMENDMENT TO COMPLAINT**

**COMES NOW,** the Defendant, Freeland Harris Consulting Engineers of Georgia, Inc. (hereinafter referred to as Freeland Harris), and as in for an Answer to Plaintiffs' Second Amendment to Complaint served in the above-styled actions says as follows:

Not guilty of negligence alleged in Counts Seven and Nine.

Not guilty of wantonness alleged in Counts Eight and Nine.

       The conduct of this Defendant was not the cause of Plaintiffs' damages.

1. Upon information and belief, the allegations of Paragraph 1 are admitted.

2. Upon information and belief, the allegations of Paragraph 2 are admitted.

3. Upon information and belief, the allegations of Paragraph 3 are admitted.

4. Upon information and belief, the allegations of Paragraph 4 are admitted.

5. Upon information and belief, the allegations of Paragraph 5 are admitted.

6. Upon information and belief, the allegations of Paragraph 6 are admitted.

7. Freeland Harris - Kentucky and Freeland Harris - Georgia are separate entities. Therefore, Defendant denies the allegations of Paragraph 7 and demand strict proof of the matters asserted therein.

## STATEMENT OF JURISDICTION

8. This Defendant denies the allegations of Paragraph 8 and demands strict proof of the matters asserted therein.

## STATEMENT OF THE FACTS

9. This Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 9 and therefore denies the same and demands strict proof of the matters asserted therein.

10. This Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 10 and therefore denies the same and demands strict proof of the matters asserted therein.

11. This Defendant denies the allegations of Paragraph 11 of the Complaint and demands strict proof of the matters asserted therein. Freeland Harris - Kentucky entered into a Design

       Consulting Agreement with GNF and a Subcontractor Agreement with Freeland Harris - Georgia. The contracts speak for themselves.

12. This Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 12 and therefore denies the same and demands strict proof of the matters asserted therein.

13. This Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 13 and therefore denies the same and demands strict proof of the matters asserted therein.

14. This Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 14 and therefore denies the same and demands strict proof of the matters asserted therein.

15. This Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 15 and therefore denies the same and demands strict proof of the matters asserted therein.

16. This Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 16 and therefore denies the same and demands strict proof of the matters asserted therein.

17. This Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 17 and therefore denies the same and demands strict proof of the matters asserted therein.

18. This Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 18 and therefore denies the same and demands strict proof of

the matters asserted therein. The engineering services provided by Freeland Harris - Georgia met the applicable Standard of Care.

19. This Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 19 and therefore denies the same and demands strict proof of the matters asserted therein.

20. This Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 20 and therefore denies the same and demands strict proof of the matters asserted therein.

21. This Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 21 and therefore denies the same and demands strict proof of the matters asserted therein.

22. This Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 22 and therefore denies the same and demands strict proof of the matters asserted therein.

## COUNT ONE

23. This Defendant adopts and incorporates by reference its previous responses as if fully stated herein.

24. Paragraph 24 does not appear to require response by this Defendant. To the extent a response is required, Defendant denies the allegations of Paragraph 24 and demands strict proof of the matters asserted therein.

25. Paragraph 25 does not appear to require response by this Defendant. To the extent a response is required, Defendant denies the allegations of Paragraph 25 and demands strict proof of the matters asserted therein.

26. Paragraph 26 does not appear to require response by this Defendant. To the extent a response is required, Defendant denies the allegations of Paragraph 26 and demands strict proof of the matters asserted therein.

27. Paragraph 27 does not appear to require response by this Defendant. To the extent a response is required, Defendant denies the allegations of Paragraph 27 and demands strict proof of the matters asserted therein.

## COUNT TWO

28. This Defendant adopts and incorporates by reference its previous responses as if fully stated herein.

29. Paragraph 29 does not appear to require response by this Defendant. To the extent a response is required, Defendant denies the allegations of Paragraph 29 and demands strict proof of the matters asserted therein.

30. Paragraph 30 does not appear to require response by this Defendant. To the extent a response is required, Defendant denies the allegations of Paragraph 30 and demands strict proof of the matters asserted therein.

31. Paragraph 31 does not appear to require response by this Defendant. To the extent a response is required, Defendant denies the allegations of Paragraph 31 and demands strict proof of the matters asserted therein.

32. Paragraph 32 does not appear to require response by this Defendant. To the extent a response is required, Defendant denies the allegations of Paragraph 32 and demands strict proof of the matters asserted therein.

33. Paragraph 33 does not appear to require response by this Defendant. To the extent a response is required, Defendant denies the allegations of Paragraph 33 and demands strict proof of the matters asserted therein.

## COUNT THREE

34. This Defendant adopts and incorporates by reference its previous responses as if fully stated herein.

35. Paragraph 35 does not appear to require response by this Defendant. To the extent a response is required, Defendant denies the allegations of Paragraph 35 and demands strict proof of the matters asserted therein.

36. Paragraph 36 does not appear to require response by this Defendant. To the extent a response is required, Defendant denies the allegations of Paragraph 36 and demands strict proof of the matters asserted therein.

37. Paragraph 37 does not appear to require response by this Defendant. To the extent a response is required, Defendant denies the allegations of Paragraph 37 and demands strict proof of the matters asserted therein.

38. Paragraph 38 does not appear to require response by this Defendant. To the extent a response is required, Defendant denies the allegations of Paragraph 38 and demands strict proof of the matters asserted therein.

39. Paragraph 39 does not appear to require response by this Defendant. To the extent a response is required, Defendant denies the allegations of Paragraph 39 and demands strict proof of the matters asserted therein.

## COUNT FOUR

40. This Defendant adopts and incorporates by reference its previous responses as if fully stated herein.

41. Paragraph 41 does not appear to require response by this Defendant. To the extent a response is required, Defendant denies the allegations of Paragraph 41 and demands strict proof of the matters asserted therein.

42. Paragraph 42 does not appear to require response by this Defendant. To the extent a response is required, Defendant denies the allegations of Paragraph 42 and demands strict proof of the matters asserted therein.

43. Paragraph 43 does not appear to require response by this Defendant. To the extent a response is required, Defendant denies the allegations of Paragraph 43 and demands strict proof of the matters asserted therein.

44. Paragraph 44 does not appear to require response by this Defendant. To the extent a response is required, Defendant denies the allegations of Paragraph 44 and demands strict proof of the matters asserted therein.

45. Paragraph 45 does not appear to require response by this Defendant. To the extent a response is required, Defendant denies the allegations of Paragraph 45 and demands strict proof of the matters asserted therein.

46. Paragraph 46 does not appear to require response by this Defendant. To the extent a response is required, Defendant denies the allegations of Paragraph 46 and demands strict proof of the matters asserted therein.

## COUNT FIVE

47. This Defendant adopts and incorporates by reference its previous responses as if fully stated herein.

48. Paragraph 48 does not appear to require response by this Defendant. To the extent a response is required, Defendant denies the allegations of Paragraph 48 and demands strict proof of the matters asserted therein.

49. Paragraph 49 does not appear to require response by this Defendant. To the extent a response is required, Defendant denies the allegations of Paragraph 49 and demands strict proof of the matters asserted therein.

50. Paragraph 50 does not appear to require response by this Defendant. To the extent a response is required, Defendant denies the allegations of Paragraph 50 and demands strict proof of the matters asserted therein.

## COUNT SIX

51. This Defendant adopts and incorporates by reference its previous responses as if fully stated herein.

52. Paragraph 52 does not appear to require response by this Defendant. To the extent a response is required, Defendant denies the allegations of Paragraph 52 and demands strict proof of the matters asserted therein.

53. Paragraph 53 does not appear to require response by this Defendant. To the extent a response is required, Defendant denies the allegations of Paragraph 53 and demands strict proof of the matters asserted therein.

54. Paragraph 54 does not appear to require response by this Defendant. To the extent a response is required, Defendant denies the allegations of Paragraph 54 and demands strict proof of the matters asserted therein.

55. Paragraph 55 does not appear to require response by this Defendant. To the extent a response is required, Defendant denies the allegations of Paragraph 55 and demands strict proof of the matters asserted therein.

### COUNT SEVEN

56. This Defendant adopts and incorporates by reference its previous responses as if fully stated herein.

57. Denied as to Freeland Harris - Georgia . The engineering services provided by Freeland Harris - Georgia met the applicable Standard of Care.

58. Denied as to Freeland Harris - Georgia . The engineering services provided by Freeland Harris - Georgia met the applicable Standard of Care.

59. Denied as to Freeland Harris - Georgia . The engineering services provided by Freeland Harris - Georgia met the applicable Standard of Care.

60. Denied as to Freeland Harris - Georgia . The engineering services provided by Freeland Harris - Georgia met the applicable Standard of Care.

### COUNT EIGHT

61. This Defendant adopts and incorporates by reference its previous responses as if fully stated herein.

62. Denied as to Freeland Harris - Georgia. The engineering services provided by Freeland Harris - Georgia met the applicable Standard of Care.

63. Denied as to Freeland Harris - Georgia. The engineering services provided by Freeland Harris - Georgia met the applicable Standard of Care.

64. Denied as to Freeland Harris - Georgia.

65. Denied as to Freeland Harris - Georgia.

66. Denied as to Freeland Harris - Georgia.

## COUNT NINE

67. This Defendant adopts and incorporates by reference its previous responses as if fully stated herein.

68. Denied as to Freeland Harris - Georgia.

69. Denied as to Freeland Harris - Georgia.

## COUNT TEN

70. This Defendant adopts and incorporates by reference its previous responses as if fully stated herein.

71. Paragraph 71 does not appear to require response by this Defendant. To the extent a response is required, Defendant denies the allegations of Paragraph 71 and demands strict proof of the matters asserted therein.

72. Paragraph 72 does not appear to require response by this Defendant. To the extent a response is required, Defendant denies the allegations of Paragraph 72 and demands strict proof of the matters asserted therein.

## AFFIRMATIVE DEFENSES

1. The Statute of Limitations is a bar to the Plaintiff's claims.

2. This Defendant says that the Complaint seeks contribution from alleged joint tortfeasors which is impermissible under Alabama Law.

3. This Defendant says there was no legal duty owed by it to the Plaintiff, the breach of which would give rise to a cause of action by Plaintiff against this Defendant.

4. Plaintiff failed to act reasonably.

5. Plaintiff failed to mitigate its damages.

6. Plaintiff caused its own damages.

7. Plaintiff was guilty of contributory negligence, which proximately caused its own damages.

8. Plaintiff was guilty of contributory negligence.

9. Plaintiff assumed the risk.

10. Plaintiffs have failed to state certain claims upon which relief can be granted.

11. Plaintiffs' claims are barred by the Statute of Repose.

12. Plaintiffs' claims are barred by the Doctrine of Laches.

13. The damages complained of arose as a result of acts or omissions of others over whom this Defendant had no control.

14. The damages complained of arose as a result of acts or omissions of others which occurred after this Defendant had fully performed under its contract.

15. This Defendant denies that the Plaintiff was injured to the nature and extent alleged in the Complaint.

16. Jurisdiction is improper.

17. Plaintiffs' alleged damages were caused by an Act of God.

18. Plaintiffs claims against this Defendant are barred or limited by contract.

19. This Defendant reserves the right to amend its affirmative defenses and Answer to the Second Amendment to Complaint as further information is developed in the course of discovery in this case.

/s/ John M. Laney, Jr.
JOHN M. LANEY, JR., ESQ. (LAN007)
JOHN C. DeSHAZO, ESQ. (DES007)
Attorneys for Third-Party Defendant
Freeland Harris Consulting Engineers of Georgia, Inc.

**OF COUNSEL:**

**LANEY & FOSTER, P.C.**
Post Office Box 43798
Birmingham, Alabama 35243-0798
Telephone: (205) 298-8440
Facsimile: (205) 298-8441

## CERTIFICATE OF SERVICE

       I hereby certify that on October 11, 2007, I electronically filed the foregoing with the Clerk of Court using the US District Court Filing System which sends information of such filing to Counsel of Record in this cause and those not registered with the US District Court Filing System for electronic notification have been served by US Mail.

**Attorney for Plaintiffs**
**Jennifer Piggott & Slade Piggott**
Jere L. Beasley, Esq.
Julia Ann Beasley, Esq.
Beasley Allen Crow Methvin Portis & Miles
Post Office Box 4160
Montgomery, Alabama 36103-4160
Telephone: (334) 269-2343
Facsimile: (334) 954-7555

**Attorney for Intervener Plaintiff**
**Hwashin America Corporation**
James A. Rives, Esq.
William Christopher Walker, Jr., Esq.
Ball Ball Mathews & Novak, PA
Post Office Box 2148
Montgomery, Alabama 36102-2148
Telephone: (334) 387-7680
Facsimile: (334) 387-3222

**Attorney for Defendant / Third-Party Plaintiff**
**Gray Construction, Inc.**
Brian Michael McClendon, Esq.
Elliott Britton Monroe, Esq.
Mickey B. Wright, Esq.
Lloyd Gray & Whitehead, P.C.
2501 Twentieth Place South, Suite 300
Birmingham, Alabama 35223
Telephone: (205) 967-8822
Facsimile: (205) 967-2380

**Attorney for Third-Party Defendant**
**Latta Plumbing and Construction Co., Inc.**
Constance C. Walker, Esq.
Felicia Abernathy Long, Esq.
Thomas T. Gallion, III, Esq.
Haskell Slaughter Young & Gallion, LLC
Post Office Box 4600
Montgomery, Alabama 36104
Telephone: (334) 265-8573
Facsimile: (334) 264-7945

**Attorney for Third-Party Defendant**
**Firestone Building Products Co., LLC**
Hope T. Cannon, Esq.
Bradley Arant Rose & White LLP
1819 Fifth Avenue North
Birmingham, Alabama 35203
Telephone: (205) 521-8722
Facsimile: (205) 488-6722

**Attorney for Third-Party Defendant Freeland Harris Consulting Engineers of Kentucky, Inc.**
Charles Keith Hamilton, Esq.
Bainbridge Mims Rogers & Smith
Post Office Box 530886
Birmingham, Alabama 35253-0886
Telephone: (205) 879-1100
Facsimile: (205) 879-4300

**Attorney for Third-Party Defendant**
**Cooper Steel Fabricators**
A. Joe Peddy, Esq.
Robert B. Stewart, Esq.
Smith Spires & Peddy, P.C.
2015 Second Avenue North, Suite 200
Birmingham, Alabama 35203
Telephone: (205) 251-5885
Facsimile: (205) 251-8642

/s/ John M. Laney, Jr.
**OF COUNSEL**