## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA
## NORTHERN DIVISION

| | |
|---|---|
| JENNIFER PIGGOTT and SLADE PIGGOTT, | * * * |
| Plaintiffs, and | * * |
| HWASHIN AMERICA CORP., Intervenor Plaintiff | * * * |
| v. | File Number CV-06-1158-F |
| GRAY CONSTRUCTION, INC., | * * |
| Defendant and Third-Party Plaintiff | * * * |
| v. | * * |
| COOPER'S STEEL FABRICTORS, INC., et. al. | * * * * |
| Third Party Defendants. | * * |

### HWASHIN'S RESPONSE TO PLAINTIFFS' MOTION TO SEVER HWASHIN'S AMENDED COMPLAINT IN INTERVENTION

COMES NOW the Intervenor Plaintiff and alleged Third-Party Defendant, Hwashin American Corporation ("Hwashin") and responds to Plaintiffs' Motion to Sever Hwashin's Amended Complaint in Intervention as follows:

This Court has the discretion to sever any part of an action pursuant to Federal Rules of Civil Procedure 20(b) and 21. F.R.C.P. 20(b) provides:

> **20(b) Protective Measures**. The court may issue orders – including an order for separate trials – to protect a party against embarrasssment, delay, expense or other prejudice that arises from including a person against whom the party asserts no claim and who asserts no claim against the party.

There are several factors the Court must consider when making the decision as to whether any part of an action should be severed from the primary case. *Fisher v. Ciba Specialty Chemicals Corp.,* ___ F.Supp.2d ___, 2007 WL 1795819 (S.D. Ala. 2007). These factors include "whether the claims arose from the same transaction or occurrence, whether they present some common question of law or fact, whether severance would facilitate settlement or judicial economy, and the relative prejudice to each side if the motion is granted or denied." *Fisher,* at p. ___, *citing, Disparte v. Corporate Executive Bd.,* 223 F.R.D. 7, 12 (D.D.C. 2004). *See also, A.M. Alexander v. Fulton County, Georgia,* 207 F.3d 1303 (11th Cir. 2000), (where the Eleventh Circuit upheld the trial court's refusal to sever the plaintiffs's cases for trial even though there were 18 plaintiffs who suffered various damages from the claimed acts of the defendants, since the plaintiffs' claims all stemmed from the same core allegation against the defendants – that of racial discrimination.)

2

In the case before this Court, there is no dispute that the claims of Hwashin and the Piggotts arose from the same occurrence – the collapse of the roof over the adminsrative offices of the Hwashin building in Greenville, Alabama.  There is also no dispute that the claims of Hwashin and the Piggots present at least "some" common question of law or fact, i.e.- how and why the roof collapsed and the identity of the party or parties who are proximately and factually responsible for causing the collapse of the roof in question.

For the foregoing reasons, Hwashin submits that severing Hwashin's claims in its Amended Complaint in Intervention case from the plaintiffs's claims in their Amended Complaint will not promote judicial economy, and will be prejudicial to Hwashin and other parties in this case:

1.      Hwashin's proposed Amended Complaint in Intervention includes claims against all defendants sued by the Piggots, as well as others not named by the Piggots.  However, all of the parties named as defendants in Hwashin's proposed Amended Complaint in Intervention are already involved in this case as parties, either as a named defendant by the plaintiff or a third party defendant by Gray Construction, Inc., except for one.[1]

2.      Even if this Court grants Plaintiffs' Motion to Sever, Hwashin, is still currently a party to this action as a third party defendant.  Depending on how this

---

[1] Mid-South Subcontractors, Inc. is the only party that would be added to this lawsuit if Hwashin's Motion to Amend its complaint in Intervention is granted.

3

Court rules on Hwashin's Motion to Dismiss Gray's Third Party Complaint against it, the same claims raised by Hwashin in its proposed Amended Complaint in Intervention may be raised by Hwashin in a counterclaim against Gray, cross claims against the other third party defendants and fourth party complaints against GNF Architects and Mid-South.  These claims include breach of contract, breach of the implied warranty of suitability of design and breach of the implied warranty of workmanship, as well as various negligence claims.

      3.     Gray's claims against all of the third party defendants involve theories of negligence and breach of contract in the design and/or construction of the roof, roof drains, and steel joists of the Hwashin facility. All of these claims by Gray will require extensive discovery and involve issues which will require the testimony of many experts.  Because of the filing of third party complaints against various subcontractors (and Hwashin)  by Gray, the very claims that concern plaintiffs will, of necessity, be litigated in their case anyway.  They will require lengthy and extensive discovery into the cause of the loss and the various contractual, tort, factual and legal responsibilities of the various parties involved in this lawsuit.  This will occur regardless of whether this Court severs Hwashin's Amended Complaint in Intervention from the Piggots' case or not.

      4.     In its answer to the Piggots' Amended Complaint, Gray raised as an Affirmative Defense that it is not responsible for the Piggots' damages because it

complied with all of the conditions and provisions of its contract with Hwashin. As such, Gray has introduced all of the contractual claims and defenses in the Piggots' case that are involved in Hwashin's contract claims against Gray. Because of this, discovery as to the legitimacy of Gray's contractual defense will have to occur in the Pigotts' case in chief even if this Court severs Hwashin's Amended Complaint in Intervention.

5.   If this Court severs Hwashin's Amended Complaint in Intervention from the Piggots' claim, then there is an increased likelihood that Gray and all of the third party defendants will be prejudiced by having to try this case twice. If Hwashin is not a named plaintiff in this case and is allowed to pursue all of its claims separately, then there will be separate discovery, separate (and possibly inconsistent) deposition testimony, increased fees for experts and attorneys and related expenses, two trials and two (possibly inconsistent) jury verdicts.

For the above reasons, Hwashin submits that its claims against the defendants in its Amended Complaint in Intervention arose from the same occurrence as the Piggots' claims and that there are similar questions of law and fact between the two claims. Because Gray has raised contractual defenses (based upon its contract with Hwashin) in its answer to the Piggotts' Amended Complaint and because the same claims and defenses of which the Piggots complain are already involved in this and the third party complaints filed by Gray, extensive

discovery regarding them will already take place and they will already be litigated in this case regardless.  As such, granting the Piggots' Motion to Sever will not bring them the relief that they seek.

For the above reasons, Hwashin requests that this Court deny the Piggots' Motion to Sever, as granting the motion will not provide the relief that the Plaintiffs seek and will also result in  substantial prejudice and unnecessary expense  to practically all the parties in this case.

This 23rd day of October, 2007

/s/W. Christopher Waller, Jr.
 Christopher Waller, Esq. (WAL187)
James A. Rives (RIV005)
Attorneys for Intervener
Hwashin America Corp.

**OF COUNSEL:**
BALL, BALL, MATTHEWS & NOVAK
PO Box 2148
Montgomery, Alabama 36102-2148
(334) 387-7680
(334) 387-3222 (fax)

/s/J. Lister Hubbard
**J. LISTER HUBBARD  (HUB007)**
**RICHARD H. ALLEN (ALL053)**
Attorneys for Intervener
Hwashin America Corp.

**OF COUNSEL:**
CAPELL & HOWARD, P.C.
Post Office Box 2069
150 South Perry Street
Montgomery, Alabama  36102-2069
334/241-8000

                    /s/ Linda H. Ambrose
                    Linda Hinson Ambrose, Esq.
                    Attorney or Plaintiff/Intervener
                    Alabama Bar No. 1753-B386

**OF COUNSEL:**
ROGERS & ASSOCIATES
3000 Riverchase Galleria
Suite 650
Birmingham, Alabama 35244
(205) 982-4620
(205) 982-4630 (fax)

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been sent to the following:

Jere Beasley, Esq.
Julia Beasley, Esq.
Beasley, Allen, Crow, Methvin, Portis & Miles, P.C.
P.O. Box 4160
Montogmery, AL 36106
Attorneys for Plaintiffs, Jennifer Piggott and Slade Piggott

Arden Pathak, Esq.
J. Lister Hubbard, Esq.
Richard H. Allen, Esq.
CAPELL & HOWARD
PO Box 2069
Montgomery, Alabama 36102-2069
Attorneys for Hwashin America Corp.

James Rives, Esq.
William Waller, Jr., Esq.
Ball, Ball, Matthews & Novak, P.A.
2000 Interstate Park Drive
Suite 204
Montogmery, AL 36109
Attorneys for Interveanor, Hwashin America Corp.

Andrew Christman, Esq.
Steven Herndon, Esq.
Gidiere, Hinton, Herndon & Christman
904 Regions Tower
60 Commerce Street
Montgomery, AL 36104
Attorneys for Defendant/Third Party Plaintiff,
Gray Construction, Inc.

Briann M. McClendon, Esq.
E. Britton Monroe, Esq.
Mickey B. Wright, Esq.
Lloyd, Gray & Whitehead, P.C.
2501 Twentieth Place South
Suite 300
Birmingham, AL 35223
Attorneys for Defendant/Third Party Plaintiff,
Gray Construction, Inc.

John S. Somerset, Esq.
SUDDERTH & SOMERSET
5385 First Avenue North
Birmingham, Alabama 35212
Attorneys for All-south Subcontractors

Hope T Cannon, Esq.
Brittin T. Coleman, Esq.
Kenneth M. Perry, Esq.
BRADLEY ARANT ROSE & WHITE
1819 5th Avenue North
Birmingham, Alabama 35203
Attorneys for Firestone Building Products

John M. Laney, Jr., Esq.
John C. Deshazo, Esq.
LANEY & FOSTER, PC
PO Box 43798
Birmingham Alabama 35243
Attorneys for Freeland-Harris Consulting Engineers of Georgia, Inc.

Charles K. Hamilton, Esq.
John W. Clark, IV, Esq.
BAINBRIDGE, MIMS, ROGERS & SMITH, LLP
PO Box 530886
Birmingham, Alabama 35253
Attorneys for Freeland-Harris Consulting Engineers of Kentucky, Inc.

Thomas Gallion, Esq.
Felicia Long, Esq.
Constance Walker, Esq.
HASKELL SLAUGHTER YOUNG & GALLION, LLC
PO Box 4660
Montgomery, Alabama 36103-54660
Attorneys for Latta Plumbing and Constrution Co., Inc.

Larry William Harper, Esq.
J. Michael Cooper, Esq.
PORTERFIELD, HARPER, MILLS & MOTLOW
PO Box 530790
Birmingham, Alabama 35253-0790
Attorneys for The Hardy Corporation

A. Joe Peddy, Esq.
Robert B. Steward, Esq.
SMITH, SPIRES & PEDDY, PC
2015 Second Avenue North
Suite 200
Birmingham, Alabama 35203
Attorneys for Cooper Steel Fabricators

by electronic filing on this the 23rd day of October, 2007.

                                                 /s/ Linda H. Ambrose
                                                 OF COUNSEL