**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF ALABAMA**

| | |
|---|---|
| **JENNIFER PIGGOTT** and ) | |
| **SLADE PIGGOTT,** ) | |
| ) | |
| Plaintiffs, ) | |
| ) | Case No.: CV-06-1158 |
| v. ) | |
| ) | |
| **GRAY CONSTRUCTION, INC.,** ) | |
| ) | |
| Defendant/Third-Party Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| **COOPER'S STEEL** ) | |
| **FABRICATORS, INC., et al.,** ) | |
| ) | |
| Third-Party Defendants. ) | |

---

**GRAY CONSTRUCTION, INC.'S OPPOSITION TO FIRESTONE BUILDING PRODUCTS COMPANY, LLC'S MOTION TO DISMISS**

---

Gray Construction, Inc. ("Gray") respectfully submits this Opposition to Firestone Building Products Company, LLC's ("Firestone") Motion to Dismiss.

**I.   PROCEDURAL HISTORY.**

On or about November 17, 2006, Plaintiffs Jennifer and Slade Piggott ("Mr. and Mrs. Piggott") filed a Complaint in the Circuit Court of Butler County, Alabama. (See Plaintiffs' Complaint.). The action was removed from the Circuit Court of Butler County, Alabama to the United States District Court for the Middle District of Alabama on December 29, 2006. (Notice of Removal, Document No. 2 in the Court Docket.).

On June 8, 2007, Gray filed a Third-Party Complaint naming Firestone as a Third-Party Defendant. (Third-Party Complaint, Document No. 26 in the Court Docket.). On July 2, 2007, Firestone filed a Motion to Dismiss Gray's Third-Party Complaint. (Motion to Dismiss, Document No. 57 in the Court Docket.). Firestone argued that Gray had failed to state a claim for indemnity against Firestone and its claim, alleged in negligence, was barred by Federal Rules of Civil Procedure, Rule 14.

On July 13, 2007, Gray filed its Opposition to Firestone's Motion to Dismiss. (Opposition to Motion to Dismiss, Document No. 76 in the Court Docket.). Gray argued that regardless of whether the claim against Firestone was titled "indemnity", the claim sought reimbursement for costs associated with the claims being made by Mr. and Mrs. Piggott against Gray as a result of Firestone's negligence and was actually one of indemnity.

On July 19, 2007, Firestone filed its Reply to Gray's Opposition to Firestone's Motion to Dismiss. (Reply to Response to Motion, Document No. 79 in the Court Docket.). In its Reply, Firestone acknowledged that Gray's claim was actually one of common law indemnity. This should have ended the dispute and Firestone's Motion to Dismiss could be denied at this point.

Instead, Firestone alleged a new argument which it claimed warranted the dismissal of Gray's Third-Party claims. Firestone argued that the common law indemnity claim should be dismissed as a matter of law, as it actually sought contribution from a joint tortfeasor.

Gray filed a Motion for Leave to File a Sur-Reply to address Firestone's new argument. (Motion for Leave to File, Document No. 85 in the Court Docket.). This Court granted Gray's Motion for Leave on July 31, 2007. (July 31, 2007 Order, Document No. 90 in the Court Docket.).

On July 31, 2007, Gray filed its Sur-Reply. (Sur-Reply, Document No. 91 in the Court Docket.). In its Sur-Reply, Gray pointed out that while Alabama law does not allow a third-party to seek indemnity from a joint tortfeasor, it will allow indemnity claims if the party seeking indemnity was only passively negligent and the active negligence of the party from whom indemnity is sought is the actual cause of the underlying injury.

On September 12, 2007, this Court held a Status Conference. On September 14, 2007, the Court entered an Order stating "the parties are given leave to file motions to amend, motions to withdraw, and other pleadings. The deadline for filing any such motions or pleadings is September 21, 2007". (September 14, 2007 Order, Document No. 120.).

Pursuant to the Court's Order of September 14, 2007, Gray filed its First Amended Third-Party Complaint. (First Amended Third-Party Complaint, Document No. 122 in the Court Docket.). In its Amended Third-Party Complaint, Gray added an additional claim of common law indemnity against Firestone. (Id. at p. 14).[1]

On October 5, 2007, Firestone filed a second Motion to Dismiss Gray's Third-Party Complaint. (Motion to Dismiss, Document No. 138 in the Court Docket.). While Firestone adopts and realleges all arguments previously put forth in its Motion to Dismiss and Reply, it adds the following statement: "Alabama law does not recognize a common law claim to indemnity, as pled in Gray Construction, Inc.'s First Amended Third-Party Complaint." (Id.). Firestone is incorrect.

---

[1] While Gray continues to assert that its previous negligence claims met the requirements of Federal Rules of Civil Procedure, Rule 14, the addition of the common law indemnity claim renders moot all arguments put forth in Firestone's Motion to Dismiss. (Id.).

542908_4                                    3

**II.    ARGUMENT.**

While contribution distributes loss equally among all tortfeasors, indemnity seeks to transfer the entire loss of one tortfeasor to another who, in equity and justice, should bear it. Sherman Concrete Pipe Machinery, Inc. v. Gadsden Concrete & Metal Pipe Co., Inc., 335 So.2d 125 (Ala. 1976). In Alabama, indemnity should be granted in any factual situation in which, as between parties themselves, it is just and fair that indemnitor should bear total responsibility, rather than to leave it on indemnitee. Amerada Hess Corp. v. Owens-Corning Fiberglass Corp., 627 So.2d 367 (Ala. 1993).

The claims for common law indemnity referenced in Sherman Concrete and Amerada Hess are the exact type claims for indemnity alleged by Gray against Firestone in its First Amended Third-Party Complaint. To suggest that common law indemnity claims are not recognized in the state of Alabama is simply not supported by case law.

The Alabama Court of Civil Appeals addressed similar cases in Walter L. Couse & Co. v. Hardy Corp. 274 So.2d 316 (Ala.Civ.App. 1972.) and Coates v. CTB, Inc. 173 F.Supp.2d 1200 (M.D. Ala. 2001.). In Couse, the general contractor, Couse, asserted claims against the subcontractor, Hardy, who actually did the work at issue. (Id. at 318-319.). Couse alleged that Hardy's negligence was the actual cause of plaintiff's injuries and that Hardy should be responsible for any damages Couse incurred as a result of plaintiff's claims. (Id.)

The Court recognized the principle that a master may be indemnified against his servant when the master is liable solely by reason of the negligence of his servant, as was alleged in Couse's Third-Party Complaint. (Id. at p. 320-322.). The Court held that because Couse's

liability resulted solely from the acts of its subcontractor and Couse was at most passively negligent, it was entitled to indemnity from the subcontractor. (Id.).

This Court more recently considered common law indemnity claims made by a builder against subcontractors and suppliers in Coates v. CTB, Inc. 173 F.Supp.2d 1200 (M.D. Ala. 2001.). In Coates, a builder was sued by a property owner for the faulty construction of chicken houses. (Id. at 1201.). The builder filed a Third-Party Complaint against the manufacturer and supplier of products used on the roof of the chicken houses. (Id.). The manufacturer filed a Motion to Dismiss, arguing that the builder was ultimately responsible for construction of the chicken houses and his claims for indemnity were therefore barred by his own negligence. (Id.).

The Court recognized indemnity could not be sought from a joint tortfeasor. (Id. at p. 1203.). The Court further recognized, however, "that a joint wrongdoer may claim indemnity where he has not been guilty of any fault, except technically or constructively, or where both parties are at fault, but the fault of the party from whom indemnity is claimed was the efficient cause of the injury. Where an injury results from a violation of a duty which one owes to another, the parties are not in pari delicto." (Id.). An exception also recognized by Firestone. (Reply to Response to Motion, Document No. 79 in the Court Docket at p. 5.).

The Court ruled that a jury could conclude the builder was passively negligent and the manufacturer was actively negligent. (Id. at p. 1203-1204.). It noted that the builder's negligence consisted solely of failing to inspect the quality of materials supplied by the manufacturer, while it was the manufacturer's product that actually caused the injury. (Id. at p. 1203.).

Just as in Couse and Coates, Gray alleges in its Amended Third-Party Complaint that Gray has been injured as a result of Firestone's active negligence. It was Firestone that inspected

the roof of the Hwashin facility, not Gray. (First Amended Third-Party Complaint, Document No. 122 in the Court Docket at ¶ 26.). Firestone warranted that the roof had been properly installed and any necessary repairs were made at the time of inspection. (Id.). Just as in Coates, it was Firestone's active negligence, i.e. its failure to note the defective roof installation in its pre-warranty inspection and to supervise All-South Subcontractors, Inc., which ultimately caused the injuries to Mr. and Mrs. Piggott. (Id. at ¶ 72.).

### III. CONCLUSION.

Gray's Third-Party Complaint states a proper claim for common law indemnity against Firestone under Alabama law and Firestone should indemnify Gray for all costs, expenses and awards associated with Mr. and Mrs. Piggott's claims.

WHEREFORE, Gray respectfully requests this Court enter an Order denying Firestone's Motion to Dismiss Gray's First Amended Third-Party Complaint.

Done this 24th day of October, 2007.

By: *E. Britton Monroe*
E. Britton Monroe (MON032)
Mickey B. Wright (WRI048)
Brian M. McClendon (MCC133)
Attorneys for Defendant/ Third Party Plaintiff Gray Construction, Inc.

**OF COUNSEL:**
LLOYD, GRAY & WHITEHEAD, P.C.
2501 20th Place South, Suite 300
Birmingham, Alabama 35223
Telephone: (205) 967-8822
Facsimile: (205) 967-2380

**CERTIFICATE OF SERVICE**

      I hereby certify that on the 24th day of October, a true and correct copy of the foregoing has been furnished by electronic filing, upon the following parties:

| | |
|---|---|
| Jere L. Beasley, Esq.<br>Julia Ann Beasley, Esq.<br>Beasley, Allen, Crow, Methvin,<br>   Portis & Miles, P.C.<br>P.O. Box 4160<br>Montgomery, AL 36103-4160<br>***Counsel for Plaintiffs, Jennifer and Slade Piggott*** | Thomas T. Gallion, III, Esq.<br>Constance C. Walker, Esq.<br>Felicia A. Long, Esq.<br>Haskell, Slaughter, Young & Gallion, LLC<br>P.O. Box 4660<br>Montgomery, AL 36103-4660<br>***Counsel for Latta Plumbing & Construction Co., Inc.*** |
| Charles Keith Hamilton, Esq.<br>Bainbridge, Mims, Rogers & Smith<br>P.O. Box 530886<br>Birmingham, AL 35253-0886<br>***Counsel for Freeland-Harris Consulting Engineers of Kentucky, Inc.*** | John S. Somerset, Esq.<br>Sudderth & Somerset<br>5385 First Avenue North<br>Birmingham, AL 35212<br>***Counsel for All-South Subcontractors, Inc.*** |
| Linda H. Ambrose, Esq.<br>Rogers & Associates<br>3000 Riverchase Galleria, Ste. 650<br>Birmingham, AL 35244<br>***Counsel for Hwashin America Corp.*** | A. Joe Peddy, Esq.<br>Robert B. Stewart, Esq.<br>Smith, Spires & Peddy<br>2015 2nd Avenue North, Ste. 200<br>Birmingham, AL 35203<br>***Counsel for Cooper's Steel Fabricators, Inc.*** |
| J. Lister Hubbard, Esq.<br>Richard H. Allen, Esq.<br>Arden Reed Pathak, Esq.<br>Capell & Howard, P.C.<br>P.O. Box 2069<br>Montgomery, AL 36102-2069<br>***Counsel for Hwashin America Corp.*** | James A. Rives, Esq.<br>William Christopher Waller, Jr., Esq.<br>Ball, Ball, Matthews & Novak, P.A.<br>P.O. Box 2148<br>Montgomery, AL 36102-2148<br>***Counsel for Hwashin America Corp.*** |
| Hope T. Cannon, Esq.<br>Brittin T. Coleman, Esq.<br>Kenneth M. Perry, Esq.<br>Bradley, Arant, Rose & White, LLP<br>One Federal Place<br>1819 Fifth Avenue North<br>Birmingham, AL 35203-2104<br>***Counsel for Firestone Building Products Company, LLC*** | John M. Laney, Jr., Esq.<br>John C. DeShazo, Esq.<br>Laney & Foster, P.C.<br>P.O. Box 43798<br>Birmingham, AL 35243-0798<br>***Counsel for Freeland-Harris Consulting Engineers of Georgia, Inc.*** |

Larry W. Harper, Esq.
Porterfield, Harper, Mills & Motlow, P.A.
22 Inverness Center Parkway, Ste. 600
P.O. Box 530790
Birmingham, AL  35253-0790
***Counsel for The Hardy Corporation***

                                        *E. Britton Monroe*
                                        OF COUNSEL