## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA

| | | |
|---|---|---|
| JENNIFER PIGGOTT and | ) | |
| SLADE PIGGOTT, | ) | |
| | ) | **CASE NUMBER: CV 06-1158** |
| PLAINTIFFS, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| GRAY CONSTRUCTION, INC., | ) | |
| | ) | |
| DEFENDANT/THIRD-PARTY | ) | |
| PLAINTIFF | ) | |
| vs. | ) | |
| | ) | |
| COOPER'S STEEL FABRICATORS, | ) | |
| INC.,  et al, | ) | |
| | ) | |
| THIRD-PARTY DEFENDANTS. | ) | |

### BRIEF IN OPPOSITION TO PLAINTIFF' S MOTION TO SEVER

Comes now All-South Subcontractors, Inc, (All-South), and Firestone Building Products, LLC, (Firestone) ,Third Party Defendants in the above matter, and makes response to Plaintiffs Jennifer and Slade Piggott's Motion to Sever (Doc. 132), as follows:

The relevant motions which are pending in this case which bear on the Piggott Motion to Sever Hwashin's prospective property damage claim are: Hwashin's Motion to file their Amended Complaint in Intervention to add the property damage claims and the referenced Motion to Sever those prospective claims.  Since the Court has not yet ruled on Hwashin's Motion for Leave to file the property damage

1

claims (Doc. 55-1; the Amended Complaint in Intervention is Doc 55-2), Piggott's Motion to Sever is premature, but certainly worthy of consideration because of the possible status of the case after such a ruling.

At the moment, Hwashin is already a Plaintiff in the case by virtue of its First Complaint in Intervention which was allowed by the Court so that Hwashin's subrogation interests as a self-insured employer could be protected. However, that intervention does not run afoul of 28 U.S.C. § 1367(b) because the claim is only filed against Gray Construction, Inc., and so diversity and therefore Supplemental Jurisdiction is preserved. That Hwashin has an arguable property damage and consequential damage claim is undisputed, nor is there any doubt as to their right to assert such claims in some manner.

If the Court were to allow the Amended Complaint in Intervention, the Court would plainly lose diversity jurisdiction under 28 U.S.C. § 1367 (b), and would have no choice but to remand the whole case back to State Court. In that scenario, Hwashin would become a direct Plaintiff against entities which are Alabama Corporations (All-South, Hardy, Latta), and there would be no Supplemental Jurisdiction as allowed by 28 U.S.C. § 1367(a). This is the eventuality that Plaintiff Piggott is attempting to avoid by their Motion to Sever, to be ruled on in advance of the allowance of the Amended Complaint in Intervention. Hwashin could conceivably file the same claim as a cross claim in the third party action filed by Gray and preserve Federal jurisdiction, but to do so, it would necessarily have to agree to be and remain a third party defendant, something Hwashin hotly contests. Thus, it might be reasoned that if it filed such a cross-claim, Hwashin might indeed be prejudiced in its right to appeal this Court's decision on its Motion to Dismiss the

Third Party Complaint should that decision come down against it. However, such prejudice would not attach if the claim is compulsory, which it would seem to be under Rule 13(a) if (and only if) the Court denies Hwashin's Motion to Dismiss the Third Party Complaint.

Alternately, Hwashin could file its property and consequential damage claims as a counterclaim in the lawsuit that Gray has filed regarding the repair costs, which is a separate lawsuit. Gray could then file another third party complaint in that case against the subcontractors, and the matter could still remain in Federal Court. Hwashin's said claims, however, are plainly not compulsory counterclaims in that other Gray lawsuit, and for whatever reasons, Hwashin has elected not to file its claims in that manner.

That brings us to the probable scenario of what will occur IF Plaintiff Piggott's Motion to Sever is granted AND Hwashin's Motion to file the Amended Complaint in Intervention is granted. This Court arguably has the authority to sever the two claims, remand the Hwashin claim back to State Court for lack of jurisdiction and thus retain jurisdiction of the Piggott claim. As the Court will undoubtably remember, it has done just that in Bryant v. Wausau, CV-06 1002 MEF, a case still pending in this Court. (See slip opinion of April 18, 2007). *(See Footnote on page 4 hereof)*

Ms. Piggott has correctly stated the grounds for severance under Federal Rule of Civil Procedure 42(b). The 11th Circuit Court of Appeals has said, in <u>Alexander v. Fulton County</u>, 207 F. 3d 1303 (11th Cir. 1993):

The Federal Rules, however, also recognize countervailing considerations to judicial economy. Rule

42(b), for example, provides for separate trials where the efficiency of a consolidated trial is outweighed by its potential prejudice to the litigants. See Fed.R.Civ.P. 42(b); Grayson, 79 F.3d at 1097. The Supreme Court has instructed the lower courts to employ a liberal approach to permissive joinder of claims and parties in the interest of judicial economy: "Under the Rules, the impulse is towards entertaining the broadest possible scope of action consistent with fairness to the parties; joinder of claims, parties and remedies is strongly encouraged." United Mine Workers v. Gibbs, 383 U.S. 715, 724, 86 S.Ct. 1130, 1137, 16 L.Ed.2d 218 (1966).@l

Later, in the same case, commenting on the lower court's denial of a Motion to Sever, the Court said,

As Rule 42(b) requires the district court to balance considerations of convenience, economy, expedition, and prejudice, the decision to order separate trials naturally depends on the peculiar facts and circumstances of each case. Again, we disturb a district court's decision not to order separate trials only upon a showing of abuse of discretion. See Bailey v. Board of County Comm'rs, 956 F.2d 1112, 1127-28 (11th Cir.1992). We can discern no abuse of discretion here.@

See also, Itel v. Cups Coal, 707 F2d 1253 (11th Cir. 1983); Nor-Tex v. Jones, 482 F2d 1093 (5th Cir. 1978).

Another version of the same reasoning is found in an opinion by the Northern District of Illinois, in Bailey v. Northern Trust, 196 FRD 513, (N.D. Ill. 2000). Although that case was heard on a Motion to Sever the various plaintiffs' cases in an employment discrimination case, the court's discussion of the core issue of joinder or severance under Rules 20 and 21 is instructive:

Rule 20(a) provides for permissive joinder of plaintiffs if they assert claims Aarising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all those persons will arise in the action. Id. Further, Rule 21 authorizes the court to dismiss any misjoined party or claim at any stage of a lawsuit. Parties of a lawsuit are misjoined when they fail to satisfy either of the preconditions for permissive joinder set forth in Rule 20(a).

---

1.    See Vann v. Citicorp Savings, 891 F2d 1507 (11th Cir. 1990).  The Fifth Circuit has noted that the term sever is often used without indicating whether a Rule 42(b) separation of trials or a Rule 21 separation of the cases is intended. United States v. O'Neil, 709 F.2d 361, 366 (5th Cir.1983). Different consequences flow from the two rules. Since a Rule 21 severance creates a separate action, Rule 54(b) is not applicable; however, a Rule 42(b) separate trial does not separate the actions. Id. at 368. In a Rule 42(b) case, "the counterclaim continues as part of this 'action[,]' and thus Rule 54(b) leaves us without jurisdiction." Belmont Place Associates v. Blyth, Eastmant, Dillon & Co., 565 F.2d 1322, 1323 (5th Cir.1978). After examining the record, we conclude that the court intended to try the actions separately under Rule 42(b).

See Gorence v. Eagle Food Centers, Inc., No. 93 C 4862, 1996 WL 734955, at *3 (N.D.Ill. Dec. 19, 1996) (citing Blesedell v. Mobil Oil Co., 708 F.Supp. 1408, 53 FEP (BNA) Cas. 391, 401 (S.D.N.Y.1989); Mosley v. General Motors Corp., 497 F.2d 1330, 1332 (8th Cir.1974)). Rule 42(b) provides that the court may, "in furtherance of convenience or to avoid prejudice, or when separate trials will be conducive to expedition and economy,@ order separate trials of any claims or issues. Granting or denying severance lies within the trial court's sound discretion and is subject to appellate review only for clear abuse. Coughlin v. Rogers, 130 F.3d 1348, 1350 (9th Cir.1997); Dixon v. CSX Transp., Inc., 990 F.2d 1440, 1443 (4th Cir.1993); Saval v. BL Ltd., 710 F.2d 1027, 1031 (4th Cir.1983); Mosley, 497 F.2d at 1332.

It seems, then, that the decision to Sever or not to Sever is totally within the sound discretion of the Court. The only caveat seems to be that the law favors keeping cases together. (See Alexander v. Fulton County, above). Plaintiff Piggot argues that if the claims are not severed,  she will be inconvenienced by having to sit through additional days of trial, listen to testimony which does not concern her claims, and participate in discovery which otherwise would not be required of her. The only actual prejudice that she can allege is a possible delay in the trial date due to the additional discovery and preparation time which might be required to adjudicate Hwashin's new claims.

As to that issue, we are reminded that the Court held a status conference on September 12, 2007, at which much of the above was discussed.  The Defendants agreed about four weeks ago to an amended scheduling order which would result in a trial in September, 2008.  Same cannot been submitted to the Court because it is contingent to some degree on the rulings on the pending motions.  Nonetheless, another six weeks has gone by with little movement toward meaningful discovery (although some additional responses to interrogatories have been made and still others are promised soon).  It is beginning to be doubtful that a September, 2008 trial date can be met even on the Piggott claim alone.

The third-party defendants, however will suffer substantial prejudice if the Hwashin claims are remanded and the Piggott claims are retained by the Court. The issues of liability, although arising under contract rather than tort, are still based on the same principles as the Piggott claims. The Piggott claims against the proposed direct Defendants and the Third Party claims of Gray are all based on breach of contract and common law indemnity issues. Although the particulars may be slightly different, the theories are the same. However, the State Court discovery rules are different than in Federal Court (some more liberal, some more restrictive), but of course, discovery would have to be produced according to both Court's orders regardless of whether it is required or protected in one Court or the other. The scheduling orders will likely be different. All parties, except Mrs. Piggott, will be required to try the same case twice in different Courts and be exposed to the possibility of inconsistent verdicts and inconsistent rulings on dispositive motions. ( and possible collateral estoppel issues, as well)

This Court's ruling in the Bryant v. Wausau case, mentioned above, was fair, since the sole Plaintiff there invited the severance by adding an additional, removable, claim to his complaint. In this case, the problems are caused by the complexities of the situation, and are really no one's fault. Therefore, the Court should weigh the relative problems and prejudices which could be caused by the possible scenarios.

It seems that the Piggott Plaintiffs can only point to inconveniences, not real prejudice. The contractor and subcontractors, however, will suffer actual prejudice, and the inconvenience factor is multiplied by ten because of the number of prospective Defendants involved in the Hwashin proposed

claims. Moreover, it should be remembered that all the same parties will still be in the case and joined with the Piggot claim, regardless of whether or not the case stays in Federal Court, is remanded, or is split up. Gray's Third Party Complaint, as amended, carries everyone along together no matter what or how they are aligned.

Both judicial economy and a balancing of the equities would seem to be best served by either retaining the entire case in Federal Court (by denying Hwashin's Motion for Leave to File the Amended Complaint in Intervention) or remanding all claims (by the granting of said Hwashin Motion and denial of the Piggot Plaintiff's Motion to Sever.) The actual rulings by the Court and the timing thereof will determine the eventual outcome.

Respectfully submitted this 24th day of October, 2007.

s/      John S. Somerset SOM003, ASB-3370-074J
         Sudderth & Somerset, Attorneys
         5385 1st Avenue North
         Birmingham, AL 35212
         (205)595-4631

s/      Hope T. Cannon, ASB-5898-T55H
         Bradley Arant Rose & White, LLP
         1819 5th Avenue North
         Birmingham, AL  35203
         (205) 521-8000

CERTIFICATE OF SERVICE

I hereby certify that on October 24th, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system that will send notification of such filing to the following:

Jere L. Beasley, Esquire
Julia Ann Beasley, Esquire
Beasley, Allen, Crow, Methvin, Protis & Miles, P.C.
P.O. Box 4160
Montgomery, AL 36103-4160
Counsel for Plaintiffs, Jennifer and Slade Piggott

Thomas T. Gallion, III, Esquire
Constance C. Walker, Esquire
Felicia A. Long, Esquire
Haskell, Slaughter, Young & Gallion, LLC
P. O. Box 4660
Montgomery, AL 36103-4660
Counsel for Latta Plumbing & Const. Co Inc

Charles Keith Hamilton, Esquire
Bainbridge, Mims, Rogers & Smith
P.O.Box 530886
Birmingham, AL 35253-0886
Counsel for Freeland-Harris Consulting
Engineers of Kentucky, Inc.

A. Joe Peddy, Esquire
Robert B. Stewart, Esquire
Smith, Spires & Peddy
2015 2nd Avenue North, Suite 200
Birmingham, AL 35203
Counsel for Cooper's Steel Fabricators,Inc

Linda H. Ambrose, Esquire
Rogers & Associates
3000 Riverchase Galleria, Suite 650
Birmingham, AL 35244
Counsel for Hwashin America Corp.

James A. Rives, Esquire
William Christopher Waller, Jr., Esquire
Ball, Ball, Matthews & Novak. P.A.
P. O. Box 2148
Montgomery, AL 36102-2148
Counsel for Hwashin America Corp.

J. Lister Hubbard, Esquire
Richard H. Allen, Esquire
Arden Reed Pathak, Esquire
Capell & Howard, P.C.
P.O. Box 2069
Montgomery, AL 36102-2069
Attorney for Hwashin America Corp.

John M Laney, Jr., Esquire
John C. DeShazo, Esquire
Laney & Foster, P.C.
P. O. Box 43798
Birmingham, AL 35243-0798
Counsel for Freeland-Harris Consulting
Engineers of Georgia, Inc.

Larry W. Harper, Esquire
Porterfield, Harper, Mills & Motlow, P.C.
22 Inverness Center Parkway, Suite 600
P. O. Box 530790
Birmingham, AL 35253-0790
Counsel for The Hardy Corporation

Brian M. McClendon, Esquire
Elliot Britton Monroe, Esquire
Mickey B. Wright, Esquire

8

Lloyd, Gray & Whitehead, PC.
2501 Twentieth Place South
Suite 300, Birmingham, AL 35223

s/      John S. Somerset (SOM003, ASB 3370 074J)
        Attorney for All South Subcontractors, Inc