**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION**

| | |
|---|---|
| **JENNIFER PIGGOTT and SLADE PIGGOTT,** ) | ) |
| Plaintiffs, ) | ) |
| v. ) | ) **Case No.: CV-06-1158-F** |
| **GRAY CONSTRUCTION, INC.,** ) | ) |
| Defendant/Third-Party Plaintiff, ) | ) |
| v. ) | ) |
| **COOPER'S STEEL FABRICATORS, INC., ALL-SOUTH SUBCONTRACTORS, FREELAND-HARRIS CONSULTING ENGINEERS OF KENTUCKY, INC., FREELAND HARRIS CONSULTING ENGINEERS OF GEORGIA, INC., THE HARDY CORPORATION, LATTA PLUMBING & CONSTRUCTION CO., INC., HWASHIN AMERICAN CORPORATION and FIRESTONE BUILDING PRODUCTS COMPANY, LLC,** ) | ) |
| **Third-Party Defendants.** ) | ) |

**BRIEF IN OPPOSITION TO PLAINTIFFS' MOTION TO SEVER**

COMES NOW Defendant Latta Plumbing & Construction Co., Inc. ("Latta Plumbing"), a Third-Party Defendant in the above-captioned matter, and hereby respectfully submits this Opposition to Plaintiffs Jennifer and Slade Piggott's Motion to Sever (Doc. No. 132). For the reasons stated below, Latta Plumbing requests that Plaintiffs' Motion be DENIED.

I.   STATEMENT OF THE PERTINENT PROCEDURAL HISTORY

On November 17, 2006, Jennifer and Slade Piggott filed a Complaint against Gray Construction, Inc. ("Gray") in the Circuit Court of Butler County, Alabama as a result of injuries Mrs. Piggott sustained when a roof at the Hwashin America Corporation facility ("Hwashin facility") collapsed on top of her. (*See* Plaintiffs' Complaint) Said action was removed to the United States District Court for the Middle District of Alabama on December 29, 2006, at the request of Gray. (Notice of Removal, Doc. No. 2)

On this same day, the Alabama Self-Insured Worker's Compensation Fund ("the Fund"), as subrogee of Hwashin American Corporation ("Hwashin"), filed a Motion to Intervene in the Circuit Court of Butler County, Alabama, seeking reimbursement for the worker's compensation benefits it had paid to Plaintiff Jennifer Piggot as a result of the roof collapse. Upon removal, this Court granted said motion and the Fund filed its Complaint in Intervention on May 22, 2007 for the sole purpose of protecting its worker's compensation subrogation interest. (Complaint in Intervention, Doc. No. 20)

On June 8, 2007, Gray filed a Third Party Complaint for indemnification against Hwashin, subcontractors, and suppliers for their conduct which allegedly caused the collapse of the roof. (Third Party Complaint, Doc. No. 26)

Thereafter, on June 29, 2007, Hwashin, for itself and not through the Fund, filed a Motion for Leave to Amend the Fund's Complaint in Intervention to add property damage claims against Gray, subcontractors, and suppliers. (Motion for Leave, Doc. No. 55) The ruling has not been issued on Hwashin's said motion.

On September 21, 2001, Gray filed its First Amended Third-Party Complaint, in which Gray asserted only one additional claim of common law indemnity against Third Party Defendant

2

Firestone Building Products Company ("Firestone"). (Doc. No. 122)  Gray's First Amended Third-Party Complaint made no substantive changes to its Third Party Complaint, other than the addition of the claim against Firestone.

On or about September 24, 2007, Plaintiffs filed their Second Amendment to Complaint to assert claims directly against Defendant Gray and the following third party defendants from which Defendant Gray also seeks indemnification via its Third Party Complaint: GNF Architects and Engineers, P.S.C.; Freeland Harris Consulting Engineers of Georgia, Inc; and Freeland-Harris Consulting Engineers of Kentucky, Inc. ("certain Third Party Defendants"). (Second Amendment to Complaint, Doc. No. 129-2)

On October 2, 2007, Plaintiffs filed a Motion to Sever their personal injury case from the property damage claims asserted by Hwashin in its Amended Complaint in Intervention. (Motion to Sever, Doc. No. 132)

## II.    ARGUMENT

### A.    Alignment of the Parties

It is important to first align the parties in this action before one can fully evaluate the claims asserted herein and whether those claims should remain consolidated in one action or should be severed.  Upon review of the pleadings in consequential order, it is apparent that the parties to the action are already aligned and Hwashin's pending Motion for Leave to Amend the Complaint in Intervention is moot.

As set forth in the relevant procedural history above, the original parties to this litigation were Plaintiffs Jennifer and Slade Piggott and Defendant Gray.  Then, the Fund, as subrogee of Hwashin,  temporarily intervened in said action for the sole purpose of protecting its worker's compensation subrogation interest.  Shortly thereafter, said intervener settled its worker's

3

compensation claim with Plaintiff Jennifer Piggott and the Circuit Court of Butler County, Alabama approved said settlement on June 26, 2007. (Motion to Sever, ¶3, Doc. No. 132)[1]

On June 8, 2007, when Gray filed its Third Party Complaint, Hwashin and others became third party defendants to the underlying litigation. It was not until then that Hwashin itself became a party to the litigation. **After** Hwashin had been joined as a third party defendant to the litigation, it attempted to intervene via filing a Motion for Leave to Amend the Complaint in Intervention that had been filed by the Fund. However, intervention may only be utilized by non-parties. See *Ex parte Howell*, 447 So. 2d 661, 664 (Ala. 1984) ("Intervention is a method by which 'an outsider with an interest in a lawsuit may come in as a party' on his own application. Wright & Miller, Federal Practice and Procedure, § 1901 (1st ed. 1972) at 464.") Because Hwashin became a third party defendant to the litigation on June 8,[2] Hwashin was precluded from attempting to intervene as a non-party several weeks later.[3] Given that Hwashin is a third party defendant, its claims asserted in the proposed Amended Complaint in Intervention may only be raised in the form of counterclaims and/or cross claims as contemplated by Rules 13 and 14, Fed. R. Civ. Proc.

Hwashin's Motion to Amend the Complaint in Intervention is moot and therefore is due to be denied as a matter of law.

### B.   Plaintiffs' Motion to Sever

Given that Hwashin's Motion to Amend the Complaint in Intervention is moot, Plaintiffs' Motion to Sever the claims asserted by Hwashin in its Amended Complaint in Intervention is also

---

[1] The Fund, as subrogee of Hwashin, filed the Complaint in Intervention; Hwashin itself did not.
[2] Hwashin admits that it is a third party defendant in the litigation in its Response to Plaintiffs' Motion to Sever Hwashin's Amended Complaint in Intervention. (¶2, Doc. No. 147)
[3] Hwashin lacks standing to attempt to "amend" a Complaint to which it was not the original filing party. It was the Fund, as subrogee of Hwashin, who intervened in order to protect the Fund's subrogation interest. The Fund's Complaint in Intervention was settled several days before Hwashin

moot. However, in light of the fact that Hwashin may still assert its property damage claims as counterclaims and/or cross claims in the near future, Plaintiffs' general position in favor of severance of the personal injury claims from the property damages claims is addressed herein.

It appears that the Plaintiffs advocate both for severance of the case pursuant to Rule 21, Fed. R. Civ. P., and/or severance of the trial pursuant to Rule 42(b), Fed. R. Civ. P. Different consequences flow from the two rules in that Rule 21 creates a separate action while Rule 42(b) preserves the original case, but allows for separate trials of the issues. See *Vann v. Citicorp Savings of Illinois*, 891 E. 2d 1507, 1511 (11th Cir. 1990). However, in the present litigation, neither the case nor the trial should be severed.

   **1.   Severance of the Case (Rule 21)**

Plaintiffs Jennifer and Slade Piggott allege in their amended complaint against Defendant Gray and certain Third Party Defendants that Plaintiffs injuries from the roof collapse at the Hwashin facility were the result of Defendant Gray's and certain Third Party Defendants' failure to adequately design, construct, and inspect the roof at said facility. Thus, in order for Plaintiffs to recover in their personal injury action, they must prove that the roof collapse was the fault of Gray and/or the certain Third Party Defendants directly or indirectly. Plaintiffs' burden of proof remains unchanged when Defendant Gray asserts its third party claims for indemnification against these same certain Third Party Defendants; other contractors, subcontractors, and suppliers; and Hwashin. The First Amended Third-Party Complaint merely allows Defendant Gray to possibly pass some of its liability to the Plaintiffs on to another party(s) who is or may be responsible for the collapse of the roof. Said First Amended Third-Party Complaint actually helps the Plaintiffs in that an additional party, the Defendant, is attempting to prove liability simultaneously with the Plaintiffs. In

---

filed its Motion for Leave to Amend the Complaint in Intervention.

the event that Hwashin asserts claims in this action, a third party defendant will then share much of the same burden of proof as the Plaintiffs and Defendant.

Defendant Gray's claims and Third Party Defendant Hwashin's claims are a subcategory or underlying issue that must be resolved in the Plaintiffs' case in chief. The Plaintiffs, Defendant Gray, and Third Party Defendant Hwashin all seek to prove the same issue. **The central liability issue to both the personal injury and property damage claims is: who or whom is responsible for the collapse of the roof over the administrative office of the Hwashin facility.** The answer to this one question dictates whom, if anyone, is entitled to or responsible for damages in both the personal injury and property damage actions.

Given that the elements Plaintiffs seek to prove as to liability are much the same as those Defendant Gray & Hwashin will also have to prove for their claims, discovery as to all claims will overlap and be very similar. The witnesses and documents necessary to prove liability in the personal injury and property damage actions will mirror each other to a great degree. Plaintiffs have the option of declining to participate in some of the discovery in the event that they feel it is unnecessary to meet their burden of proof. It is the defendants who would be severely prejudiced if they had to endure the expense of discovery in two separate actions.

It goes without saying that many questions of law and fact are common to all parties to the litigation. The Supreme Court has stated that "[u]nder the Rules, the impulse is towards entertaining the broadest possible scope of action consistent with fairness to the parties; joinder of claims, parties and remedies is strongly encouraged." *United Mine Workers v. Gibbs*, 383 U.S. 715, 724, 86 S.Ct. 1130, 1137, 16 L.Ed.2d 218 (1966). Accordingly, the case should not be severed pursuant to Rule 21.

    2.    **Severance of the Trial (Rule 42)**

Rule 42(b), Fed. R. Civ. P., provides that a court may sever a trial "in the furtherance of convenience or to avoid prejudice, or when separate trials may be conducive to expedition and economy." However, none of these objectives would be furthered by a severance of the trial in the pending litigation.

It is obvious that to try the personal injury and property damage portions of the case together would promote judicial economy and avoid multiplicity of suits by resolving two related issues in a single lawsuit. As stated above, many questions of law and fact are common to all parties to the litigation. The same underlying questions run through both the personal injury and property damages claims. Most importantly, one trial would avoid the possibility of inconsistent verdicts regarding the same underlying questions. Defendants would be severely prejudiced in the event of such an inequitable outcome.

The aforementioned prejudice to the defendants far outweighs any inconvenience to the Plaintiffs.

WHEREFORE, the above premises considered, Latta Plumbing respectfully requests that this Honorable Court DENY Plaintiffs Jennifer and Slade Piggott's Motion to Sever.

Respectfully submitted,

/s/ Felicia A. Long
Thomas T. Gallion, III (ASB-5295-L74T)
Constance C. Walker (ASB-5510-L66C)
Felicia A. Long (ASB-5532-F61L))
Attorneys for Third-Party Defendant Latta
Plumbing & Construction Co., Inc.

**OF COUNSEL:**

**HASKELL SLAUGHTER YOUNG & GALLION, LLC**
305 South Lawrence Street
P.O. Box 4660
Montgomery, Alabama 36103-4660
Telephone:   (334) 265-8573
Facsimile:    (334) 264-7945

## CERTIFICATE OF SERVICE

I hereby certify that on the 24th day of October 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system that will send notification of such filing to the following parties or counsel:

**Attorneys for Plaintiffs Jennifer and Slade Piggott**
Jere L. Beasley
Julia Ann Beasley
BEASLEY, ALLEN, CROW, METHVIN, PORTIS & MILES, P.C.
Post Office Box 4160
Montgomery, Alabama  36103-4160
(334) 269-2343
(334) 954-7555

**Attorneys for Gray Construction, Inc.**
E. Britton Monroe
Mickey B. Wright
Brian M. McClendon
LLOYD, GRAY & WHITEHEAD, P.C.
2501 20th Place South, Suite 300
Birmingham, Alabama  35223
(205) 967-8822
(205) 967-2380 Fax

**Attorneys for Hwashin America Corp.**
W. Christopher Waller, Jr.
James A. Rives
BALL, BALL, MATTHEWS & NOVAK
Post Office Box 2148
Montgomery, Alabama  36102-2148
(334) 387-7680
(334) 387-3222

**Attorney for Hwasin America Corp.**
Linda H. Ambrose
ROGERS & ASSOCIATES
3000 Riverchase Galleria
Suite 650
Birmingham, Alabama  35244
205-982-4620
205-982-4630 Fax

**Attorneys for Hwashin America Corp.**
Joseph Lister Hubbard
Richard H. Allen
Arden Reed Pathak
CAPELL HOWARD, P.C.
Post Office Box 2069
Montgomery, Alabama  36102-2069
(334) 241-8000
(334) 323-8888

**Attorney for Freeland-Harris Consulting Engineers of Kentucky, Inc.**
Charles Keith Hamilton
BAINBRIDGE MIMS ROGERS & SMITH
Post Office Box 530886
Birmingham, Alabama 35253-0886
205-879-1100
205-879-4300 Fax

**Attorneys for Cooper's Steel Fabricators, Inc.**
Albry Joe Peddy
Robert B. Stewart
SMITH SPIRES & PEDDY, P.C.
2015 Second Avenue North
Suite 200
Birmingham, Alabama 35203
205-251-5885
205-251-8642 Fax

**Attorney for The Hardy Corporation**
Larry W. Harper
PORTERFIELD, HARPER, MILLS & MOTLOW, P.A.
Post Office Box 530790
Birmingham, Alabama  35253-0790
(205) 980-5000
(205) 980-5001 Fax

**Attorney for All-South Subcontractors, Inc.**
John S. Somerset
SUDDERTH & SOMERSET
5385 First Avenue North
Birmingham, Alabama  35212
(205) 595-4631
(205) 595-4632 Fax

**Attorneys for Freeland Harris Consulting Engineers of Georgia, Inc.**
John M. Laney, Jr.
John C. DeShazo
LANEY & FOSTER, P.C.
Post Office Box 43798
Two Perimeter Park South
Suite 426E
Birmingham, Alabama  35243-0798
(205) 298-8440
(205) 298-8441 Fax

**Attorneys for Firestone Building Products Company, LLC**
Brittin T. Coleman
Kenneth M. Perry
Hope T. Cannon
BRADLEY ARANT ROSE & WHITE LLP
One Federal Place
1819 Fifth Avenue North
Birmingham, Alabama 35203-2014
(205) 521-8000
(205) 521-8800 Fax


/s/ Felicia A. Long
OF COUNSEL


28701
02391-828