# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF ALABAMA
# NORTHERN DIVISION

| | |
|---|---|
| JENNIFER PIGGOTT and SLADE PIGGOTT, | * * * |
| Plaintiffs, and | * * |
| HWASHIN AMERICA CORP., Intervenor Plaintiff | * * * |
| v. | File Number CV-06-1158-F |
| GRAY CONSTRUCTION, INC., | * * * |
| Defendant and Third-Party Plaintiff | * * * |
| v. | * * |
| COOPER'S STEEL FABRICTORS, INC., et. al. | * * * * |
| Third Party Defendants. | * * |

## HWASHIN'S REPLY AND MOTION TO STRIKE A PORTION OF LATTA PLUMBING & CONSTRUCTION CO., INC.'S BRIEF IN OPPOSITION TO PLAINTIFFS' MOTION TO SEVER

COMES NOW the Intervenor Plaintiff and alleged Third-Party Defendant, Hwashin American Corporation ("Hwashin") and files its Reply and Motion to Strike a Portion of Third Party Defendant's, Latta Plumbing & Construction Co.,

Inc.'s, ("Latta's") Brief in Oppostion to Plaintiffs' Motion to Sever and states as follows:

A. **Motion to Strike Section IIA of Latta's Response to Plaintiff's Motion to Sever.**

On June 29, 2007, Hwashin timely filed a Motion to Amend its Complaint in Intervention in this matter (Document No. 55). On July 3, 2007, this Court issued an Order to Show Cause, ruling that all parties in the case had until July 13, 2007, to file a response as to why Hwashin's Motion to Amend its Complaint in Intervention should not be granted. (Document No. 68). On July 13, 2007, Gray Construction, Inc. ("Gray") filed its Response in Opposition to Hwashin's Motion to Amend its Complaint in Intervention. (Document No. 77)

Latta filed no response in opposition to Hwashin's Motion to Amend its Complaint in Intervention during the time period set by this Court. Rather, Latta waited until three months after the deadline passed to oppose Hwashin's motion in its opposition to Plaintiff's Motion to Sever (Document 153). All of the arguments propounded by Latta in Section IIA of its Brief in Opposition to Plaintiff's Motion to sever are untimely and should be stricken. Latta had ample opportunity to oppose Hwashin's Motion to Amend its Complaint in Intervention, failed to do so, and should not now be allowed to file such opposition couched in a response to another parties' motion. To allow Latta to make its argument at this late date

would render null and void any dealdine issued by this Court, not to mention result in predudice to Hwashin in relying on those deadlines.

B.     **Reply to Section IIA of Latta's Response to Plaintiffs' Motion to Sever.**

Latta begins Section IIA of its brief by purporting to discuss alignment of the parties. Then, with no factual discussion and no citation to any legal authority, Latta states that Hwashin is aligned with the third party defendants, apparently because Gray chose to name Hwashin as a third party defendant.

In reality, alignment of the parties is much more complicated. The court bears the responsibility of inquiring into every suit filed in federal court and resolving jurisdictional issues, and the manner in which a party is characterized by others is not dispositive. *United StatesFidelity and Guaranty Company, etc. v. Algernon-Blair, Inc., et.al.,* 705 F.Supp. 1507 (M.D.Ala. 1988). Rather, the court must look to see if there is actual or substantial controversy between parties in order to determine whether they are properly aligned as opposing parties in a lawsuit. Even if the parties are on different sides of a lawsuit, if their primary interests are the same, the court should realign them. *Federal Insurance Company v. Bill Harbert Construction Company, et.al.,* 82 F.Supp.2d 1331 (S.D.Ala. 1999).

The Court should look beyond the pleadings and align the parties according to their interests in the case, even if that party is a third party defendant. *See, e.g., Aetna Casualty and Surety Co., v. Dow Chemical Co.,* 440 F.Supp.2d 870 (E.D.

Mich. 1999), and *Butcher v. Hildreth,* 992 F. Supp. 1420 (D.Utah 1998) (where the court held that a third party defendant was an indispensable party that had to be aligned with the plaintiff due to the fact that his real interests in the case were the same as the original plaintiff's.)

In the case before this Court, Hwashin's interests in determining the cause of the roof collapse, the entity or entities responsible for the collapse and recovering the damages it suffered as a result are totally in line with the plaintiffs, as detailed by Hwashin in its Response to Gray's Opposition to its Motion to Amend its Complaint in Intervention (Document No. 79, pages 4-6). In fact, no party has contested the the fact that Hwashin's and the plaintiffs' interest are alike in this regard. Thus, this court should realign Hwashin with the plaintiffs, regardless of how it rules on the plaintiffs' motion to sever. As such, the plaintiffs still will not be granted the remedy that they seek, even if this Court grants their motion to sever.

This 31st day of October, 2007

/s/W. Christopher Waller, Jr.
W. Christopher Waller, Esq.(WAL187)
James A. Rives (RIV005)
Attorneys for Intervener
Hwashin America Corp.

**OF COUNSEL:**
BALL, BALL, MATTHEWS & NOVAK
PO Box 2148
Montgomery, Alabama 36102-2148

4

(334) 387-7680
(334) 387-3222 (fax)

                /s/J. Lister Hubbard
                **J. LISTER HUBBARD (HUB007)**
                **RICHARD H. ALLEN (ALL053)**
                Attorneys for Intervener
                Hwashin America Corp**.**

**OF COUNSEL:**
CAPELL & HOWARD, P.C.
Post Office Box 2069
150 South Perry Street
Montgomery, Alabama  36102-2069
334/241-8000

                /s/ Linda H. Ambrose
                Linda Hinson Ambrose, Esq.
                Attorney or Plaintiff/Intervener
                Alabama Bar No. 1753-B386

**OF COUNSEL:**
ROGERS & ASSOCIATES
3000 Riverchase Galleria
Suite 650
Birmingham, Alabama 35244
(205) 982-4620
(205) 982-4630 (fax)

## CERTIFICATE OF SERVICE

    I hereby certify that a copy of the foregoing has been sent to the following:

Mr. Jere Beasley, Esq.
Ms. Julia Beasley, Esq.
Beasley, Allen, Crow, Methvin, Portis & Miles, P.C.
P.O. Box 4160
Montogmery, AL 36106
Attorneys for Plaintiffs, Jennifer Piggott and Slade Piggott

Ms. Arden Pathak
Mr. J. Lister Hubbard
Mr. Richard H. Allen
CAPELL & HOWARD
PO Box 2069
Montgomery, Alabama 36102-2069
Attorneys for Hwashin America Corp.

Mr. James Rives, Esq.
Mr. Willaim Waller, Jr., Esq.
Ball, Ball, Matthews & Novak, P.A.
2000 Interstate Park Drive
Suite 204
Montogmery, AL 36109
Attorneys for Interveanor, Hwashin America Corp.

Mr. Andrew Christman, Esq.
Mr. Steven Herndon, Esq.
Gidiere, Hinton, Herndon & Christman
904 Regions Tower
60 Commerce Street
Montgomery, AL 36104
Attorneys for Defendant/Third Party Plaintiff, Gray Construction, Inc.

Mr. Briann M. McClendon, Esq.
Mr. E. Britton Monroe, Esq.
Mr. Mickey B. Wright, Esq.
Lloyd, Gray & Whitehead, P.C.
2501 Twentieth Place South
Suite 300
Birmingham, AL 35223
Attorneys for Defendant/Third Party Plaintiff, Gray Construction, Inc.

Mr. John S. Somerset
SUDDERTH & SOMERSET
5385 First Avenue North
Birmingham, Alabama 35212
Attorneys for All-south Subcontractors

Ms. Hope T Cannon
Mr. Brittin T. Coleman
Mr. Kenneth M. Perry
BRADLEY ARANT ROSE & WHITE
1819 5th Avenue North
Birmingham, Alabama 35203
Attorneys for Firestone Building Products

Mr. John M. Laney, Jr.
Mr. John C. Deshazo
LANEY & FOSTER, PC
PO Box 43798
Birmingham Alabama 35243
Attorneys for Freeland-Harris Consulting Engineers of Georgia, Inc.

Mr. Charles K. Hamilton
Mr. John W. Clark, IV
BAINBRIDGE, MIMS, ROGERS & SMITH, LLP
PO Box 530886
Birmingham, Alabama 35253
Attorneys for Freeland-Harris Consulting Engineers of Kentucky, Inc.

Mr. Thomas Gallion
Ms. Felicia Long
Ms. Constance Walker
HASKELL SLAUGHTER YOUNG & GALLION, LLC
PO Box 4660
Montgomery, Alabama 36103-54660
Attorneys for Latta Plumbing and Constrution Co., Inc.

Mr. Larry William Harper
Mr. J. Michael Cooper
PORTERFIELD, HARPER, MILLS & MOTLOW
PO Box 530790
Birmingham, Alabama 35253-0790
Attorneys for The Hardy Corporation

Mr. A. Joe Peddy
Mr. Robert B. Steward
SMITH, SPIRES & PEDDY, PC
2015 Second Avenue North
Suite 200
Birmingham, Alabama 35203
Attorneys for Cooper Steel Fabricators

by electronic filing on this the 31st day of October, 2007.

                                                   /s/ Linda H. Ambrose