**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION**

| | |
|---|---|
| **JENNIFER PIGGOTT AND SLADE PIGGOTT,** )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>**GRAY CONSTRUCTION, INC.,** )<br>)<br>Defendant/ Third-party plaintiff, )<br>)<br>v. )<br>)<br>**COOPER'S STEEL FABRICATORS, INC., ALL-SOUTH SUBCONTRACTORS, FREELAND-HARRIS CONSULTING ENGINEERS OF KENTUCKY, INC., FREELAND HARRIS CONSULTING ENGINEERS OF GEORGIA, INC., THE HARDY CORPORATION, LATTA PLUBING & CONSTRUCTION CO, INC., HWASHIN AMERICA CORPORATION and FIRESTONE BUILDING PRODUCTS COMPANY, LLC,** )<br>)<br>Third-party defendants. ) | **CIVIL ACTION NUMBER:<br>2:06-cv-01158-MEF** |

**REPLY TO GRAY CONSTRUCTION INC'S OPPOSITION TO MOTION TO DISMISS
GRAY'S FIRST AMENDED THIRD-PARTY COMPLAINT**

Comes now, Third-Party Defendant, Firestone Building Products Company, LLC ("FBP") and submits this reply to Gray Construction, Inc. ("Gray")'s Opposition to FBP's Motion to Dismiss Gray's First Amended Third-Party Complaint (Doc. #150).

**Introduction**

1.	Plaintiffs, Jennifer Piggott and Slade Piggott have alleged claims against Gray for negligence and wantonness.  Plaintiffs contend that Gray was negligent and/or wanton in carrying out its duties as the general contractor on the Hwashin facility project.

2.	Gray has filed a third-party claim against FBP for, as Gray puts it, "reimbursement for costs associated with the claims being made by Mr. and Mrs. Piggott."  See Doc. #150, p. 2.  Gray states that this is a claim against FBP for common law indemnity.  See Doc. #150, p. 2.

3.	FBP does not and has never disputed that Gray's claims against FBP is anything other than one for common law indemnity.  In fact in FBP's motion to dismiss Gray's initial third party complaint (Doc. #56), FBP specifically states that "it is well settled in Alabama that there is no substantive right to contribution or indemnity between joint tortfeasors."[1]  (Doc. #56, ¶7).  It is this statement of the law that precludes Gray's claim against Firestone.

**Argument**

4.	Gray does not dispute that in Alabama, there is no substantive right to contribution or indemnity between joint tortfeasors.  (Doc. #150, p. 5).  Instead, Gray argues that this Court should allow it to recover against FBP for common law indemnity because it was only "passively negligent" in causing Plaintiffs' injuries.  That argument is not supported by the allegations, which have been alleged against Gray or by the cases cited by Gray.

5.	First, the design and build contract (the "Contract") attached to Gray's initial Opposition (Doc. #76) and referenced in Gray's initial third-party complaint (Doc. #26)

---

[1] Gray is simply wrong when it states that "FBP argued that Gray had failed to state a claim for indemnity against FBP and its claim, alleged in negligence, was barred by Federal Rules of Civil Procedure, Rule 14."  See Doc. # 150, p. 2.

2

contains the following language, which precludes Gray from arguing that it was merely passively negligent in the construction and alleged failure of the roof:

> 3.1.3   The Design/Builder shall be responsible to the Owner for the quality of the design services and for the quality of the construction performed by Design/Builder's employees, subcontractors and their agents and employees.
>
> 3.2.67   The Design/ Builder shall be responsible for all construction means, methods, techniques, sequences and procedures and for coordinating all portions of the work under this Part 2 Agreement.
>
> 3.2.910   The Design/Builder warrants to the Owner that materials and equipment furnished under the contract will be of good quality and new unless otherwise required or permitted by the Contract Documents, that the construction will be free from faults and effects, and that the construction will conform with the requirements of the Contract documents.

6.     Second, it is undisputed that Gray was the prime contractor on the construction project at issue. Gray's first amended third-party complaint (like it its initial third-party complaint) specifically says that Gray was hired to "design and construct the Hwashin facility", which necessarily includes the roof on the facility. See Doc. #122, ¶ 15. A prime contractor is the contractor responsible for the construction project, and Gray of course was to be paid for its services according to the Contract. Thus, the facts as alleged in the complaint and third-party complaint in this case simply do not support Gray's argument that it was only passively negligent in causing Plaintiffs' injuries.

7.     Since it cannot be said that Gray was only passively negligent, Coates v. CTB, Inc., 173 F.Supp.2d 1200 (M.D. Ala. 2001), does not apply. In Coates, the court stated that the "general rule under Alabama law is there is no right of indemnity or contribution among joint tortfeasors." See Coates, 173 F.Supp.2d at 1203. The court went on to state that there is an

exception to that rule in the case where "a joint wrongdoer may claim indemnity where he has not been guilty of any fault, except technically or constructively, or where both parties are at fault, but the fault of the party from whom indemnity is claimed was the efficient cause of the injury." See id. That simply does not fit Gray's alleged role or alleged conduct in the Hwashin facility project.

8. Likewise, the other cases relied upon by Gray do not support Gray's argument. In both Sherman Concrete Pipe Machinery, Inc. v. Gadsden Concrete & Metal Pipe Co., Inc., 335 So. 2d 125 (Ala. 1976) and Amereda Hess Corp. v. Owens-Corning Fiberglass Corp., 627 So. 2d 327 (Ala. 1993), the Supreme Court affirmed the lower court's judgment that no indemnity or contribution was available. In fact, the court in Sherman agreed with the third-party defendant's argument that the third-party plaintiff had no right to indemnity because, among other things, "a party sued for in effect negligent manufacture is necessarily actively negligent or not at all and is, therefore, prohibited from impleading a joint tortfeasor on the basis of a duty to indemnify." See Sherman, 335 So. 2d at 126.

9. The case of Walter L. Couse & Company v. The Hardy Corporation also does not support Gray's Opposition. There were essentially two issues addressed by the court in Couse. The first issue was whether the language in an express contract for indemnity between the subcontractor and general contractor was broad enough to include indemnity for the general contractor's own negligence. See Couse, 274 So. 2d at 319. Since there is no allegation that any contract existed between FBP and Gray, much less a written indemnity contract, that issue has no application here.

The second issue addressed by the Couse court was whether a general contractor could seek indemnity from a subcontractor absent a written indemnity agreement despite the settled

4

principle that there is no contribution or indemnity among joint tortfeasors. <u>See</u> <u>id</u>. at 320. In responding to that question, the court stated two general rules. The first is that indemnity is not allowed among joint tortfeasors. <u>See</u> <u>id</u>. The second is that there is no right to indemnity or contribution by a general contractor against a subcontractor because a general contractor is generally not vicariously liable for a subcontractor's negligence. <u>See</u> <u>id</u>. at 321. The court then noted an exception to those general rules in the instance where a contractor has a non-delegable duty to the public because in that limited situation the general contractor could be vicariously liable for the negligence of one of its subcontractors. <u>See</u> <u>id</u>. The underlying claim in <u>Couse</u> involved a plaintiff who was injured by falling on an allegedly unsafe "Public sidewalk" (emphasis on Public in original). Id, at 318-319, 321.

The <u>Couse</u> court held that "where a duty to the public exists in the manner of executing the work undertaken by the contractor", for example, "when the execution of the work tends to create a nuisance; when it is dangerous within itself, as in blasting operations; when the work requires the creation of a dangerous conditions, such as ditches and the like in a Public highway [emphasis in original]; or generally, when the maintenance of safe conditions in connection with the work is essential to the protection of the public," the general contractor may be vicariously liable for the negligent conduct of its subcontractor and may seek indemnity from its subcontractor. <u>See</u> <u>id</u> at 321. That exception is premised on the "protection of the public" exception to the general rule against indemnity or contribution among joint tortfeasors. <u>See</u> <u>id</u>. That exception, however, does not apply here because there is no allegation that the Hwashin construction project at issue, which was the construction of a private facility, created any duties owed by the general contractor to the "public" as explained in <u>Couse</u>.

5

10. Simply, plaintiffs Mr. and Mrs. Piggott have alleged claims of negligence and wantonness against Gray for the collapse of the roof, and Gray has in turn alleged a negligence claim against FBP. Plaintiffs' claims against Gray arise out of Gray's own alleged negligent performance of those duties. If Gray was not negligent as Gray argues, then it has a complete defense to plaintiffs' claims (unlike the contractor in <u>Couse</u>). As Gray admits in its Opposition, its negligence claim against FBP is a claim for indemnity. Since indemnity between joint tortfeasors is not allowed in Alabama, and since Gray has not alleged any facts which create any exception to that rule, Gray's third-party complaint is due to be dismissed.

WHEREFORE, above premises considered, FBP respectfully moves the Court to dismiss Gray's Third-Party Complaint against it.

Respectfully submitted,

s/ Hope T. Cannon
Hope T. Cannon (STE147)
ASB-5898-T55H
One of the Attorneys for FBP Building Products, LLC

<u>OF COUNSEL</u>

Brittin T. Coleman
Kenneth M. Perry
Bradley Arant Rose & White LLP
One Federal Place
1819 Fifth Avenue North
Birmingham, AL 35203-2104
Telephone: (205) 521-8000
Facsimile: (205) 521-8800

CERTIFICATE OF SERVICE

    I hereby certify that on October 31, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

<u>Attorneys for Plaintiffs</u>
Jere L. Beasley
Julia Ann Beasley
Beasley Allen Crow Methvin Portis & Miles, P.C.
P.O. Box 6160
Montgomery, AL 36103-4160
Jere.beasley@beasleyallen.com
Julia.beasley@beasleyallen.com

<u>Attorneys for Hwashin America Corporation</u>
Joseph L. Hubbard
Arden R. Pathak
Richard H. Allen
Capell Howard P.C.
P.O. Box 2069
Montgomery, AL 36102-2069
jlh@chlaw.com
arp@chlaw.com
rha@chlaw.com

<u>Attorneys for James N. Gray Company</u>
Brian Michael McClendon
Elliott Britton Monroe
Mickey B. Wright
Lloyd, Gray & Whitehead, P.C.
2501 Twentieth Place, South, Suite 300
Birmingham, AL 35223
bmcclendon@lgwpc.com
bmonroe@lgwpc.com
mwright@lgwpc.com

<u>Attorneys for All-South Subcontractors</u>
John S. Somerset
Sudderth & Somerset
5385 First Avenue North
Birmingham, AL 35212
sandsattys@bham.rr.com

<u>Attorneys for Hwashin America Corporation</u>
James A. Rives
William C. Waller, Jr.
Ball, Ball, Matthews & Novak, P.A.
2000 Interstate Park Drive, Suite 204
Montgomery, AL 36109
jrives@ball-ball.com
cwaller@ball-ball.com

<u>Attorneys for Freeland-Harris Consulting Engineers of Kentucky, Inc.</u>
Charles K. Hamilton
John William Clark, IV
Bainbridge Mims Rogers & Smith
P.O. Box 530886
Birmingham, AL 35253-0886
khamilton@bainbridgemims.com
jclark@bainbridgemims.com

<u>Attorneys for Cooper Steel Fabricators</u>
A. Joe Peddy
Robert B. Stewart
Smith, Spires & Peddy, P.C.
2015 Second Avenue North
Suite 200
Birmingham, AL 35203
Attorneys@ssp-law.com
rob@ssp-law.com

<u>Attorneys for Hwashin America Corporation</u>
Linda C. Ambrose
Rogers & Associates
3000 Riverchase Galleria, Suite 650
Birmingham, AL 35244
lambrose@spt.com

| | |
|---|---|
| Attorneys for Freeland-Harris <br> <u>Consulting Engineers of Georgia, Inc.</u> <br> John S. DeShazo <br> John M. Laney, Jr. <br> Laney & Foster <br> P.O. Box 43798 <br> Birmingham, AL 35243-0798 <br> jdeshazo@laneyfoster.com <br> jmlaney@laneyfoster.com | Attorneys for The Hardy Corporation <br> Larry W. Harper <br> James Michael Cooper <br> Porterfield, Harper, Mills & Motlow <br> P.O. Box 530790 <br> Birmingham, AL 35253-0790 <br> lwh@phm-law.com <br> jmc@phm-law.com |

Attorneys for Latta Plumbing and
<u>Construction Company, Inc.</u>
Constance C. Walker
Felicia Abernathy Long
Thomas T. Gallion, III
Haskell Slaughter Young & Gallion, LLC
305 South Lawrence Street
Montgomery, AL 36104
ccw@hsy.com
fal@hsy.com
mp@hsy.com

and I hereby certify that I have mailed by United States Postal Service the document to the following non-CM/ECF participants:

    None

    Respectfully submitted,

    s/ Hope T. Cannon
    Hope T. Cannon
    Bradley Arant Rose & White LLP
    One Federal Place
    1819 Fifth Avenue North
    Birmingham, AL 35203-2104
    Telephone: (205) 521-8000
    Facsimile: (205) 521-8800
    E-mail: hcannon@bradleyarant.com