IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| JENNIFER and SLADE PIGGOTT, )<br>    Plaintiffs, )<br>)<br>v. )<br>)<br>GRAY CONSTRUCTION, INC. *et al.*, )<br>    Defendants. )<br>)<br>GRAY CONSTRUCTION, INC., )<br>    Defendant and Third Party Plaintiff, )<br>)<br>v. )<br>)<br>COOPER STEEL )<br>FABRICATORS, INC. *et al.*, )<br>    Third Party Defendants. )<br>)<br>HWASHIN AMERICA CORPORATION )<br>    Intervenor Plaintiff, )<br>)<br>v. )<br>)<br>GRAY CONSTRUCTION, INC., )<br>    Intervenor Defendant. ) | CASE NO. 2:06-cv-1158-MEF |

## MEMORANDUM OPINION AND ORDER

### I. INTRODUCTION

This cause is before the Court on Intervenor Plaintiff Hwashin America Corporation's ("Hwashin's") Motion for Leave to File Its Amended Complaint in Intervention (Doc. # 55).

### II. FACTS AND PROCEDURAL HISTORY

The case involves the collapse of the roof of a building at Hwashin's

manufacturing facility in Greenville, Alabama. In 2003, Defendant and Third-Party Plaintiff Gray Construction, Inc. ("Gray") entered into a contract with Hwashin to design and build Hwashin's facility. Gray hired several subcontractors, including

- Defendant GNF Architects and Engineers, P.S.C. ("GNF"), a Kentucky corporation;

- Third Party Defendants Cooper's Steel Fabricators, Inc. ("Cooper's Steel"), a Tennessee corporation; All-South Subcontractors, Inc. ("All-South"), an Alabama corporation; The Hardy Corporation ("Hardy"), an Alabama corporation; Latta Plumbing & Construction Co., Inc. ("Latta"), an Alabama corporation; and Firestone Building Products Company, LLC ("Firestone"), an Indiana corporation; and

- Defendants and Third-Party Defendants Freeland Harris Consulting Engineers of Kentucky, Inc. ("Freeland Harris Kentucky"), a Kentucky corporation; and Freeland Harris Consulting Engineers of Georgia, Inc. ("Freeland Harris Georgia"), a Georgia corporation.

On October 17, 2006, the roof of the administrative building collapsed. Plaintiff Jennifer Piggott, an employee of Hwashin, was injured in the collapse. On November 17, 2006, Mrs. Piggott and her Co-Plaintiff and husband, Slade, commenced a suit in Butler County Circuit Court. (Doc. # 2-2, at 8). On December 29, 2006, Gray removed the case to this Court. (Doc. # 2). On May 22, 2007, Hwashin, by and through the Alabama Self-Insured Worker's Compensation Fund ("the Fund"), intervened pursuant to Ala. Code § 25-5-

11(a), seeking recovery of its worker's compensation subrogation interest arising from payments the Fund made to Mrs. Piggott. (Doc. # 20). On June 8, 2007, Gray filed a Third-Party Complaint against Hwashin and Gray's subcontractors and claims that one or more of these parties caused the roof collapse. (Doc. # 26). On June 25, 2007, Gray brought a separate action against Hwashin to recover payment for the post-collapse repairs, and that lawsuit (07-cv-584-MEF) was consolidated by this Court with the present action.

The current alignment and citizenships of the parties are as follows:

| Plaintiffs | Defendants |
|---|---|
| Piggotts (Ala.) | Gray (Ky.) |
|  | GNF (Ky.) |
|  | Freeland Harris Georgia (Ga.) |
|  | Freeland Harris Kentucky (Ky.) |

| Third Party Plaintiff | Third-Party Defendants |
|---|---|
| Gray (Ky.) | Hwashin (Del. and Ala.) |
|  | Hardy (Ala.); Latta (Ala.) |
|  | All-South (Ala.) |
|  |   * Filed cross claim against Hwashin |
|  | Freeland Harris Georgia (Ga.) |
|  | Freeland Harris Kentucky (Ky.) |
|  |   * Filed cross claim against Freeland Harris Georgia |
|  | Cooper's Steel (Tenn.); Firestone (Ind.) |

| Intervenor Plaintiff | Intervenor Defendant |
|---|---|
| Hwashin, by and through the Fund (Ala.) | Gray (Ky.) |

### III. DISCUSSION

On June 29, 2007, Hwashin moved for leave to file an Amended Complaint in

3

Intervention. (Doc. # 55-1). Hwashin seeks to add claims against Gray and its subcontractors for damage to Hwashin's facility due to their allegedly negligent construction. (Doc. # 55-2). Gray opposes Hwashin's proposed Amended Complaint and argues that Hwashin cannot add property damage claims because the Fund, and not Hwashin, is the real party in interest. (Doc. # 77).

"Alabama courts have consistently upheld the subrogation rights of workmen's compensation insurance carriers in actions against third parties under § 25-5-11." *Millers Mut. Ins. Ass'n v. Young*, 601 So. 2d 962, 963 (Ala. 1992). Under § 25-5-11(a), an "employer or insurance carrier is entitled to be reimbursed, out of any judgment recovered by the employee or his representative in a suit against a third party wrongdoer." *Id.* (quoting *Liberty Mutual Ins. Co. v. Manasco*, 123 So. 2d 527, 529 (Ala. 1960)).

Under Rule 17(a) of the Federal Rules of Civil Procedure, "[a]n action must be prosecuted in the name of the real party in interest." Fed. R. Civ. P. 17(a)(1). The real party in interest is "the party who, by the substantive law, has the right sought to be enforced." *Lubbock Feed Lots, Inc. v. Iowa Beef Processors, Inc.*, 630 F.2d 250, 257 (5th Cir. 1980).

In this case, the Complaint in Intervention was filed by Hwashin, "by and through its workers' compensation carrier, the Alabama Self-Insured Worker's Compensation Fund, the real party in interest." (Doc. # 20). The Fund paid Mrs. Piggott worker's compensation benefits. (Doc. # 20, ¶ 5). Therefore, the party entitled to reimbursement

is the Fund.

Hwashin now seeks to amend the Complaint in Intervention with claims against Gray and the subcontractors for property damage. Because Hwashin was not the real party in interest in the original complaint, it cannot amend the complaint with Hwashin's property damage claims.[1]

### IV. CONCLUSION

Accordingly, it is hereby ORDERED as follows:

(1) Hwashin's Motion for Leave to File Its Amended Complaint in Intervention (Doc. # 55-1) is DENIED.

(2) On or before **March 5, 2008,** Hwashin and Gray may show cause as to why the Court should not vacate the Order (Doc. # 17) granting the Motion to Intervene of Hwashin, by and through the Fund, because Hwashin is not a real party in interest.

(3) On or before **March 5, 2008,** Hwashin shall file a Notice with respect to whether it intends to (1) assert its property damage claims as counter claims and cross claims or (2) intervene as a plaintiff and assert its property damage claims.

Done on this the 25th day of February, 2008.

／s／ Mark E. Fuller
CHIEF UNITED STATES DISTRICT JUDGE

---

[1] Hwashin may move to intervene as a Plaintiff to assert its property damage claims against Gray and the subcontractors.

A copy of this checklist is available at the website for the USCA, 11th Circuit at www.ca11.uscourts.gov
Effective on April 9, 2006, the new fee to file an appeal will increase from $255.00 to $455.00.

## CIVIL APPEALS JURISDICTION CHECKLIST

**1.** **Appealable Orders:** Courts of Appeals have jurisdiction conferred and strictly limited by statute:

(a) **Appeals from final orders pursuant to 28 U.S.C. § 1291:** Only final orders and judgments of district courts, or final orders of bankruptcy courts which have been appealed to and fully resolved by a district court under 28 U.S.C.§ 158, generally are appealable. A final decision is one that "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." Pitney Bowes, Inc. v. Mestre, 701 F.2d 1 365, 1 368 ( 11th Ci r. 1 983). A magistrate judge's report and recommendation is not final and appealable until judgment thereon is entered by a district court judge. 28 U.S.C. § 636(c).

(b) **In cases involving multiple parties or multiple claims,** a judgment as to fewer than all parties or all claims is not a final, appealable decision unless the district court has certified the judgment for immediate review under Fed.R.Civ.P. 54(b). Williams v. Bishop, 732 F.2d 885, 885- 86 (11th Cir. 1984). A judg ment which resolves all issues except matters, such as attorneys' fees and costs, that are collateral to the merits, is immediately appealable. Budinich v. Becton Dickinson & Co., 486 U.S.196, 201, 108 S.Ct. 1717, 1721-22, 100 L .Ed.2d 178 (1988); LaChance v. Duffy's Draft House, Inc., 146 F.3d 832, 837 (11th Cir. 1998).

(c) **Appeals pursuant to 28 U.S.C. § 1292(a):** Appeals are permitted from orders "granting, continuing, modifying, refusing or dissolving injunctions or refusing to dissolve or modify injunctions . . ." and from "[i]nterlocutory decrees . . . determining the rights and liabilities of parties to admiralty cases in which appeals from final decrees are allowed." Interlocutory appeals from orders denying temporary restraining orders are not permitted.

(d) **Appeals pursuant to 28 U.S.C. § 1292(b) and Fed.R.App.P. 5**: The certification specified in 28 U.S.C. § 1292(b) must be obtained before a petition for permission to appeal is filed in the Court of Appeals. The district court's denial of a motion for certification is not itself appealable.

(e) **Appeals pursuant to judicially created exceptions to the finality rule:** Limited exceptions are discussed in cases including, but not limited to: Cohen v. Beneficial Indus. Loan Corp., 337 U.S. 541, 546, 69S.Ct. 1221, 1225-26, 93 L.Ed. 1528 (1949); Atlantic Fed. Sav. & Loan Ass'n v. Blythe Eastman Paine Webber, Inc., 890 F.2d 371, 376 (11th Cir. 1989); Gillespie v. United States Steel Corp., 379 U.S. 148, 157, 85 S.Ct. 308, 312, 13 L.Ed.2d 199 (1964).

Rev.: 4/04

2. **Time for Filing**: The timely filing of a notice of appeal is mandatory and jurisdictional. Rinaldo v. Corbett, 256 F.3d 1276, 1278 (11th Cir. 2001). In civil cases, Fed.R.App.P. 4(a) and (c) set the following time limits:

   (a)  **Fed.R.App.P. 4(a)(1):** A notice of appeal in compliance with the requirements set forth in Fed.R.App.P. 3 must be filed in the district court within 30 days after the entry of the order or judgment appealed from. However, if the United States or an officer or agency thereof is a party, the notice of appeal must be filed in the district court within 60 days after such entry. **THE NOTICE MUST BE RECEIVED AND FILED IN THE DISTRICT COURT NO LATER THAN THE LAST DAY OF THE APPEAL PERIOD – no additional days are provided for mailing.** Special filing provisions for inmates are discussed below.

   (b)  **Fed.R.App.P. 4(a)(3):** "If one party timely files a notice of appeal, any other party may file a notice of appeal within 14 days after the date when the first notice was filed, or within the time otherwise prescribed by this Rule 4(a), whichever period ends later."

   (c)  **Fed.R.App.P. 4(a)(4):** If any party makes a timely motion in the district court under the Federal Rules of Civil Procedure of a type specified in this rule, the time for appeal for all parties runs from the date of entry of the order disposing of the last such timely filed motion.

   (d)  **Fed.R.App.P. 4(a)(5) and 4(a)(6):** Under certain limited circumstances, the district court may extend the time to file a notice of appeal. Under Rule 4(a)(5), the time may be extended if a motion for an extension is filed within 30 days after expiration of the time otherwise provided to file a notice of appeal, upon a showing of excusable neglect or good cause. Under Rule 4(a)(6), the time may be extended if the district court finds upon motion that a party did not timely receive notice of the entry of the judgment or order, and that no party would be prejudiced by an extension.

   (e)  **Fed.R.App.P. 4(c):** If an inmate confined to an institution files a notice of appeal in either a civil case or a criminal case, the notice of appeal is timely if it is deposited in the institution's internal mail system on or before the last day for filing. Timely filing may be shown by a declaration in compliance with 28 U.S.C. § 1746 or a notarized statement, either of which must set forth the date of deposit and state that first-class postage has been prepaid.

3. **Format of the notice of appeal:** Form 1, Appendix of Forms to the Federal Rules of Appellate Procedure, is a suitable format. See also Fed.R.App.P. 3(c). A pro se notice of appeal must be signed by the appellant.

4. **Effect of a notice of appeal:** A district court loses jurisdiction (authority) to act after the filing of a timely notice of appeal, except for actions in aid of appellate jurisdiction or to rule on a timely motion of the type specified in Fed.R.App.P. 4(a)(4).