IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

JENNIFER and SLADE PIGGOTT,    *
      Plaintiffs,    *
          *
v.    *
          *
GRAY CONSTRUCTION, INC.,    *
et al.,    *
      Defendants,    *
          *
GRAY CONSTRUCTION, INC.,    *
      Defendant and    *
      Third Party Plaintiff,    *
          *
v.    *
          *
COOPER'S STEEL FABRICTORS,    *
INC.,  et. al.    *
      Third Party Defendants.    *
          *
HWASHIN AMERCIA    *
CORPORATION,    *
      Intervener Plaintiff,    *
          *
v.    *    CASE NO. 2:06-cv-1158-MEF
          *
GRAY CONSTRUCTION, INC.,    *
      Intervener Defendant,    *
-------------------------------------------------*
GRAY CONSTRUCTION, INC.,    *
      Plaintiff,    *
          *
v.    *    CASE NO. 2:07-cv-584-MEF
          *
HWASHIN AMERICA CORP.,    *
      Defendant.    *

<u>MOTION TO INTERVENE</u>

COMES NOW Hwashin America Corporation ("Hwashin") and Travelers Property Casualty Company of America, Inc. ("Travelers"), applicants for intervention, and pursuant to Fed.R.Civ.Pro. 24(b) (2) moves the Court for an order permitting intervention in the above referenced action.

Attached is a Brief in Support of this Motion to Intervene, a proposed Complaint setting forth the claims for which intervention is sought, and a proposed order.

This 11th day of March 2008.

<u>/s/ Linda Hinson Ambrose</u>
Linda Hinson Ambrose, Esq.
ASB 1753-B386
Attorney for Movants

OF COUNSEL:
ROGERS AND ASSOCIATES
3000 Riverchase Galleria, Suite 650
Birmingham, Alabama 35242
(205) 982-4620
(205) 982-4630 (fax)

<u>/s/J. Lister Hubbard</u>
**LISTER HUBBARD**
**ASB 8142-U76J**
**RICHARD H. ALLEN**
**ASB 3320-L72R**
**ARDEN PATHAK**
**ASB 0538-E29P**
Attorneys for Movants

**OF COUNSEL:**
CAPELL & HOWARD, P.C.
Post Office Box 2069
150 South Perry Street
Montgomery, Alabama  36102-2069
334/241-8000

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been sent to the following:

Jere Beasley, Esq.
Julia Beasley, Esq.
Beasley, Allen, Crow, Methvin, Portis & Miles, P.C.
P.O. Box 4160
Montgomery, AL 36106
Attorneys for Plaintiffs, Jennifer Piggott and Slade Piggott

James Rives, Esq.
W. Chris Waller, Jr., Esq.
Ball, Ball, Matthews & Novak, P.A.
2000 Interstate Park Drive
Suite 204
Montgomery, AL 36109
Attorneys for Intervener, Hwashin America Corp.

Andrew Christman, Esq.
Steven Herndon, Esq.
Gidiere, Hinton, Herndon & Christman
904 Regions Tower
60 Commerce Street
Montgomery, AL 36104
Attorneys for Defendant/Third Party Plaintiff,
Gray Construction, Inc.

Brian McGlendon, Esq.
Elliott Monroe, Esq.
Mickey Wright, Esq.
Lloyd, Gray & Whitehead, P.C.
2501 Twentieth Place South
Suite 300
Birmingham, AL 35223
Attorneys for Defendant/Third Party Plaintiff,
Gray Construction, Inc.

J. Lister Hubbard
Richard H. Allen
Arden Reed Pathak
Capell Howard, PC
PO Box 2069
Montgomery, Alabama 36102-2069
Attorneys for Intervenor, Hwashin America Corp.

Charles Keith Hamilton
John W. Clark, IV
Bainbridge, Mims, Rogers & Smith
PO Box 530886
Birmingham, AL 35253-0886
Attorneys for Freeland-Harris Consulting Engineers of Kentucky, Inc.

Abry Joe Peddy
Robert Stewart
Smith, Spires and Peddy, PC
2015 Second Avenue North, Suite 200
Birmingham, AL 35203
Attorneys for Cooper's Steel Fabricators, Inc.

Larry W. Harper
Porterfield, Harper, Mills & Motlow, PA
PO Box 530790
Birmingham, AL 352530790
Attorneys for The Hardy Corporation

John S. Somerset
Sudderth & Somerset
5385 First Avenue North
Birmingham, AL 35212
Attorneys for All-South Subcontractors, Inc.

John M. Laney, Jr.
John C. DeShazo
Laney & Foster, PC
PO Box 43798
Birmingham, AL 35243-0798
Attorneys for Freeland Harris Consulting Engineers of Georgia, Inc.

Brittin T. Coleman
Kenneth M. Perry
Hope T. Cannon
Bradley Arant Rose & White, LLP
One Federal Place
1819 Fifth Avenue North
Birmingham, AL 35203-2014
Attorneys for Firestone Building Products Company, LLC

Thomas T. Gallion, III
Constance C. Walker
Felicia A. Long
Haskell Slaughter Young & Gallion, LLC
PO Box 4660
Montgomery, Alabama 36103-4660
Attorneys for Latta Plumbing & Construction Co., Inc.

by electronic filing on this the 11th day of March 2008.

/s/ Linda H. Ambrose

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| JENNIFER and SLADE PIGGOTT, | * | |
|     Plaintiffs, | * | |
| v. | * | |
| | * | |
| GRAY CONSTRUCTION, INC., | * | |
| et al., | * | |
|     Defendants, | * | |
| | * | |
| GRAY CONSTRUCTION, INC., | * | |
|     Defendant and | * | |
|     Third Party Plaintiff, | * | |
| v. | * | |
| | * | |
| COOPER'S STEEL FABRICTORS, | * | |
| INC.,  et. al. | * | |
|     Third Party Defendants. | * | |
| | * | |
| HWASHIN AMERCIA | * | |
| CORPORATION, | * | |
|     Intervener Plaintiff,    * | | |
| | * | |
| v. | * | CASE NO. 2:06-cv-1158-MEF |
| | * | |
| GRAY CONSTRUCTION, INC., | * | |
|     Intervener Defendant, | * | |
| ----------------------------------------------* | | |
| GRAY CONSTRUCTION, INC., | * | |
|     Plaintiff, | * | |
| | * | |
| v. | * | CASE NO. 2:07-cv-584-MEF |
| | * | |
| HWASHIN AMERICA CORP., | * | |
|     Defendant. | * | |

<u>BRIEF IN SUPPORT OF MOTION TO INTERVENE</u>

COMES NOW Hwashin America Corporation ("Hwashin") and Travelers Property Casualty Company of America, Inc. ("Travelers") and files their Brief in Support of their Motion to Intervene, and show this Court as follows:

<u>STATEMENT OF FACTS</u>

Plaintiffs filed the above-styled case against the Defendants in the Circuit Court of Butler County seeking recovery for personal injuries and loss of care, comfort, society and services resulting when the roof of the administrative building of a complex owned by Hwashin collapsed on October 17, 2006. Defendant Gray Construction, Inc. subsequently removed the suit to this Court

On May 22, 2007, Hwashin, by and through the Alabama Self-insured Worker's Compensation Fund ("the Fund"), intervened pursuant to Ala. Code Sec. 25-5-11(a) seeking recovery of its worker's compensation subrogation interest arising from payments the fund made to Mrs. Piggott.  (Doc. No. 20).  On  June 8, 2007, Gray filed a third party complaint against Gray's subcontractors/subconsultants and Hwashin, with whom Gray entered into a contract to design and build the very building that collapsed.  (Document No. 26)  On June 25, 2007, Gray brought a totally separate action against Hwashin to recover payment for emergency repairs to the

the collapsed building after the incident that is the very subject of this lawsuit, Civil Action No. 07-584-MEF, and that case has been consolidated with this cause.

On June 29, 2007, Hwashin moved for leave to file an Amended Complaint in Intervention (Document No. 55-1), seeking to add claims against Gray, subcontractors/subconsultants named by Gray in its third party action and additional subcontractors and sister corporations that were not named as defendants in Gray's third party action. (Document No. 55-2) Gray opposed this motion contending that Hwashin was not properly in the case as an intervener because it was not the real party in interest with respect to the worker's compensation lien claim (even though Gray consented to the original motion to allow Hwashin to intervene as a plaintiff.) Document No. 77.

Plaintiffs filed a Motion to Amend their Complaint filed to add claims against Gray Construction, Inc., GNF Architects & Engineers, PS, Freeland-Harris Consulting Engineers of Georgia & Freeland-Harris Consulting Engineers of Kentucky. This Court granted plaintiff's motion.

On February 25, 2008, this Court denied Hwashin's Motion for Leave to Amend its Complaint in Intervention, by finding that Hwashin should never have been allowed to intervene in the first place, as it was not the real party in interest regarding the worker's compensation lien claim. However, this Court stated in its

3

order that Hwashin could move to intervene as a Plaintiff to assert its property damage claims against Gray and its subcontractors/subconsultants. (Document No. 167). That is exactly what Hwashin is doing at this point. Additionally, its property insurer, Travelers, is joining in Hwashin's motion, as it has paid Hwashin for some of its property damages and "stands in the shoes" of Hwashin with respect to the recovery of any of those damages from responsible third parties.

<u>ARGUMENT AND CITATION OF AUTHORITY</u>

Federal Rule of Civil Procedure 24(b)(2) allows parties to intervene when the applicants' claims or defenses and the main action have a question of law or fact in common. This Court has the discretion of allowing Hwashin and Travelers to intervene in this action. In exercising that discretion, the Court shall consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties.

This lawsuit was initially filed on or about November 17, 2006 in Butler County Superior Court, but was removed to this Court by defendant Gray on December 29, 2006. On June 8, 2007, Gray filed its third party complaint adding Hwashin and certain subcontractors/subconsultants as defendants. (Document No. 26) On June 25, 2007, Gray brought a separate action against Hwashin to recover payment for the post-collapse "emergency repairs," which was subsequently

consolidated by this Court with this present action.  While the various motions were pending before this Court, the parties continued to serve and respond to paper discovery, so as not to delay progress in this case.

Because discovery has been ongoing and because Hwashin's and Travelers' claims for damages arise out of the same transaction and occurrence as the claims already pending before this Court, allowing Hwashin and Travelers to intervene in this action will not delay the adjudication of this lawsuit.  Allowing them to intervene in this case will serve the interest of justice and avoid Travelers filing a separate action involving the same incident as that of the case already before this Court. Although not a party to the action at this time, allowing Travelers to intervene will not delay this action nor prejudice the parties as Travelers' "stands in the shoes" of Hwashin and the same claims and defenses against Hwashin's claims will apply to the claims of Travelers.

## CONCLUSION

For the foregoing reasons, Hwashin America Corporation and Travelers Property Casualty Company of America, Inc., requests that this Court issue an ORDER GRANTING their Motion to Intervene as plaintiffs in this lawsuit pursuant to Fed. R.Civ.Pro. 24(b)(2).

This 11th day of March 2008.

<u>/s/ Linda Hinson Ambrose</u>
Linda Hinson Ambrose, Esq.
Alabama Bar. No. 1753-B386
Attorney for Movants

OF COUNSEL:
ROGERS AND ASSOCIATES
3000 Riverchase Galleria, Suite 650
Birmingham, Alabama 35242
(205) 982-4620

<u>/s/J. Lister Hubbard</u>
**LISTER HUBBARD**
**ASB 8142-U76J**
**RICHARD H. ALLEN**
**ASB 3320-L72R**
**ARDEN PATHAK**
**ASB 0538-E29P**
Attorneys for Movants

OF COUNSEL:
Cappell & Howard, PC
Post Office Box 2069
150 South Perry Street
Montgomery, Alabama  36102-2069
(334) 241-8000

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| JENNIFER and SLADE PIGGOTT, | * | |
|     Plaintiffs, | * | |
| | * | |
| v. | * | |
| | * | |
| GRAY CONSTRUCTION, INC., | * | |
| et al., | * | |
|     Defendants, | * | |
| | * | |
| GRAY CONSTRUCTION, INC., | * | |
|     Defendant and | * | |
|     Third Party Plaintiff, | * | |
| | * | |
| v. | * | |
| | * | |
| COOPER'S STEEL FABRICTORS, | * | |
| INC.,  et. al. | * | |
|     Third Party Defendants. | * | |
| | * | |
| HWASHIN AMERCIA | * | |
| CORPORATION, | * | |
|     Intervener Plaintiff, | * | |
| | * | |
| v. | * | CASE NO. 2:06-cv-1158-MEF |
| | * | |
| GRAY CONSTRUCTION, INC., | * | |
|     Intervener Defendant, | * | |
| ------------------------------------------------- | * | |
| | * | |
| GRAY CONSTRUCTION, INC., | * | |
|     Plaintiff, | * | |
| | * | |
| v. | * | CASE NO. 2:07-cv-584-MEF |
| | * | |
| HWASHIN AMERICA CORP., | * | |
|     Defendant. | * | |

## COMPLAINT IN INTERVENTION

COMES NOW, HWASHIN AMERICA CORPORATION ("Hwashin"), and Travelers Property Casualty Company of America ("Travelers"), and file their Complaint in Intervention as follows:

## THE PARTIES

1.

Hwashin is a corporation incorporated under the laws of the State of Delaware with its principal place of business in Greenville, Alabama.

2.

Travelers is a corporation organized and existing under the laws of a state other than Alabama with its principal place of business located in a state other than Alabama.

3.

At all times relevant hereto, Travelers insured Hwashin for certain property damage that it might incur to property located at its manufacturing plant and offices in Greenville, Alabama.

4.

Defendant, James N. Gray Company, a/k/a Gray Construction, Inc., ("Gray") is a corporation incorporated in the State of Kentucky with its principal place of business located in the State of Kentucky and, at all times relevant hereto,

did business in the State of Alabama, (previously under the name of James N. Gray Company), and is subject to the jurisdiction of this Court (hereinafter referred to as "Gray"). It is believed that "James N. Gray Company, Inc." is presently a fictitious name for Gray.

5.

Gray may be served with process by serving its registered agent, The Corporation Company, 2000 Interstate Park Drive, Suite 204, Montgomery, Alabama 36109.

6.

Defendant, GNF Architects and Engineers, PSC ("GNF") is a corporation incorporated under the laws of the State of Kentucky with its principal place of business located in the State of Kentucky and, at all times relevant hereto, did business in the State of Alabama, and is subject to the jurisdiction of this Court.

7.

GNF can be served by serving its registered agent, The Corporation Company, 2000 Interstate Park Drive, Suit 204, Montgomery, Alabama 36109.

8.

Defendant, The Hardy Corporation, ("Hardy") is a corporation incorporated under the laws of the State of Alabama with its principal place of business located at Birmingham, Alabama, and is subject to the jurisdiction of this Court.

9.

Hardy may be served with process by serving its registered agent, Craig E. Westendorf, located at 430 12th Street, Birmingham, Alabama 35233.

10.

Defendant, Freeland Harris Consulting Engineers, of Georgia, Inc., ("Freeland-Harris-Georgia") is a corporation incorporated under the laws of the State of Georgia with its principal place of business located at Tucker, Georgia, and, at all times relevant hereto, did business in the State of Alabama, and is subject to the jurisdiction of this Court.

11.

Freeland Harris-Georgia may be served with process by serving its registered agent, The Corporation Company, located at 2000 Interstate Park Drive, Suite 204, Montgomery, Alabama 36109.

12.

Defendant, Freeland-Harris Consulting Engineers of Kentucky, Inc. ("Freeland-Harris-Kentucky") is a corporation incorporated under the laws of the State of Kentucky with its principal place of business in Lexington, Kentucky and, at all times relevant hereto, did business in the State of Alabama, and is subject to the jurisdiction of this Court.

13.

Freeland Harris-Kentucky may be served with process by serving its registered agent, The Corporation Company, located at 2000 Interstate Park Drive, Suite 204, Montgomery, Alabama.

14.

Defendant, All-South Subcontractors, Inc., ("All-South"), is a corporation incorporated under the laws of the State of Alabama with its principal place of business located in Birmingham, Alabama, and is subject to the jurisdiction of this Court.

15.

All-South may be served with process by serving its registered agent, CSC Lawyers, Incorporating SVC, Inc., 150 South Perry Street, Montgomery, Alabama 36104.

16.

Defendant, Mid-South Subcontractors, Inc., d/b/a Mid-South Roof Systems, ("Mid-South") is a corporation incorporated under the laws of the State of Georgia with its principal place of business located in Georgia, and, at all times relevant hereto, did business in the State of Alabama and is subject to the jurisdiction of this Court.

17.

Mid-South may be served with process by serving its registered agent, National Registered Agents, Inc., located at 150 S. Perry Street, Montgomery, Alabama 36104.

18.

Defendant, Latta Plumbing & Construction Co., Inc. ("Latta"), is an Alabama corporation with its principal place of business located in Gardendale, Alabama, and is subject to the jurisdiction of this Court.

19.

Latta may be served with process by serving its registered agent, Rex Latta, located at 2605 Decatur Highway, Gardendale, Alabama 35071.

20.

Defendant, Cooper's Steel Fabricators, Inc. ("Cooper's Steel") is a Tennessee corporation with its principal place of business located in Shelbyville, Tennessee and, at all times relevant hereto, was authorized to do business and was doing business in the State of Alabama and is subject to the jurisdiction of this Court.

21.

Cooper's Steel may be served with process by serving its registered agent, CSC Lawyers, located at 150 S. Perry Street, Montgomery, Alabama 36104.

22.

Defendant, Firestone Building Products Company, LLC ("Firestone"), is an Indiana corporation with its principal place of business located in Indianapolis, Indiana and, at all times relevant hereto, was authorized to do business and was doing business in the State of Alabama, and is subject to the jurisdiction of this Court.

23.

Firestone may be served with process by serving its registered agent, National Registered Agents, located at 150 S. Perry Street, Montgomery, Alabama 36104.

## STATEMENT OF FACTS

24.

Hwashin restates Paragraphs 1 through 23 of this complaint as though set forth in full.

25.

On or about September 24, 2003, Hwashin entered into a contract with defendant Gray, wherein Gray agreed to design and build an approximately 273,000 square foot manufacturing facility, including an office building, in Greenville, Butler County, Alabama ("Contract").  Subsequently, but prior to the

incident that is the subject of this lawsuit, Gray was also involved in certain repair work to the roofs for the manufacturing facility.

26.

Based on information and belief, at all times relevant hereto, Defendant GNF was contracted by Gray to provide, and did so provide, architectural services relating to the performance of the Contract, including, but not limited, to the roofs and drainage system for the roofs for the manufacturing facility ("Roofs"). As the "Architect of Record", GNF also had responsibility for coordinating the various design components for the facility.

27.

Based on information and belief, Defendant Hardy was retained by Gray to design and/or install certain mechanical systems for the Hwashin facility, including but not limited to the drainage system for the Roofs of the manufacturing facility referred to in the Contract.

28.

Based on information and belief, Defendant Freeland-Harris Kentucky contracted with Defendant GNF to provide structural engineering services for construction of the Hwashin facility pursuant to the Contract, including, but not limited to, design of the structure supporting the Roofs. Freeland-Harris Kentucky then subcontracted with Freeland-Harris Georgia to provide certain structural

engineering services for the construction of the Hwashin facility, including but not limited to design of the structure supporting the Roofs.  (These Freeland Harris defendants are referred to in this Complaint collectively as "Freeland-Harris").

29.

Based on information and belief, Defendant All-South was retained by Gray to perform certain engineering, materials, labor, equipment and services with respect to the installation of the Roofs for the manufacturing facility described in the Contract.

30.

Based on information and belief, Defendant Mid-South was retained by Gray to install the gutters for the drainage system for the Roofs of the manufacturing facility described in the Contract and to perform certain repairs to the roof drainage system prior to the loss which is the subject of this lawsuit.

31.

Based on information and belief, Defendant Cooper's Steel was responsible for supplying and installing, including related design services, the structural steel, girders, joists, bridging, roof decking, roof frames and other steel products for the buildings designed and constructed for Hwashin pursuant to the Contract.

32.

Based on information and belief, Defendant Latta was hired by defendant Hardy to install all plumbing at the Hwashin facility constructed pursuant to the Contract, including pipes incorporated into the roof drainage system.

33.

Firestone manufactured the Roofs over the office building owned by Hwashin that was constructed pursuant to the Contract, inspected and approved the Roofs after it was installed and issued a warranty regarding the Roofs.

34.

Based on information and belief, the office building described in the Contract was substantially completed on or about June 30, 2004.

35.

Based on information and belief, after the Roofs, structural system and drainage system for the Roofs were installed, they were, or should have been, inspected by employees, representatives and/or agents of the Defendants.

36.

Based on information and belief, employees, agents and/or representatives of defendants approved the installation of the Roofs, the structural system for the Roofs and/or the drainage system for the Roofs.

37.

On or about October 17, 2006, during a rainstorm, the roof over the office building of the manufacturing facility described above suddenly collapsed.

38.

Based on information and belief, the roof over the office building of the manufacturing facility collapsed due to inadequate drainage for the Roofs for the manufacturing facility and/or inadequate structural support for the Roofs.

39.

Based on information and belief, the roof over the office building collapsed because the design and/or installation of the drainage system, the roofing system and/or the structural system for the Roofs were inadequate and/or were otherwise insufficient to handle the rainwater accumulating on the Roofs, causing rain water to pool on top of that roof until the building could no longer hold the weight of the water, resulting in the collapse of the roof and walls of the office building.

40.

As a result of the incident described above, Hwashin suffered damages to its manufacturing facility, business property and other contents, an interruption of its business and other related damages.

41.

Hwashin submitted a claim to Travelers for damages that it suffered as a result of the incident described above.

42.

Pursuant to its contract of insurance, Travelers paid Hwashin for a portion of the damages that Hwashin suffered, and is subrogated to Hwashin's right to recover these damages to the extent of the payments made.

43.

Hwashin suffered additional losses as a result of the above described incident that were uninsured, not covered by the policy issued by Travelers or exceeded the coverage limits.

**COUNT ONE**
**(NEGLIGENCE – ALL DEFENDANTS)**

44.

Plaintiffs incorporate paragraphs 1 through 43 of this Complaint as though set forth in full.

45.

Defendants had a duty to use reasonable care in their design, inspection, coordination, installation and/or construction of Hwashin's manufacturing facility, including its office building.

46.

Defendants breached their applicable standard of care and were negligent in their rendering of services for the Hwashin manufacturing facility.

47.

As a factual and proximate consequence of the Defendants' negligence, the office building collapsed and Plaintiffs suffered damages in excess of $100,000.00, for which they now seek relief.

**WHEREFORE,** Plaintiffs request that judgment be entered in their favor and against Defendants, in excess of $100,000.00, plus interest, costs, and such other relief, as this Court deems appropriate.

## COUNT TWO
## (BREACH OF CONTRACT – GRAY)

48.

Plaintiffs incorporate Paragraphs 1 though 47 of this Complaint at though set forth in full.

49.

On or about September 24, 2003, Hwashin entered into a contract with Gray whereby Gray contracted to design and build Hwashin's manufacturing facility in Greenville, Alabama, where the incident that is the subject of the lawsuit occurred ("Contract").

50.

Under the Contract, among other obligations, Gray agreed:

a. to provide design services with the care and skill ordinarily used by members of the design profession practicing under similar conditions at the same time and locality of the Project;

b. to be responsible to Hwashin for the quality of the design services and for the quality of the construction performed;

c. to provide design services, labor, materials, equipment, tools, construction equipment …and other facilities and services necessary for proper execution and completion of the work;

d. to be responsible for all construction means, methods, techniques, sequences and procedures, and for coordinating all portions of the work;

e. to be responsible for the work complying with the requirements of the Contract Documents;

f. to be responsible for latent defects in the work;

g. to maintain its general liability and professional liability insurance for three (3) years after final payment to cover damages resulting from latent defects.

51.

Based on information and belief, Gray breached its contractual obligations to Hwashin, resulting in the collapse of the office building

52.

Gray's breach of its contractual obligations as described above proximately and factually caused the damages for which Plaintiffs seek relief.

**WHEREFORE,** Plaintiffs request that judgment be entered in their favor and against Gray, in excess of $100,000.00, plus interest, costs, and such other relief, as this Court deems appropriate.

## COUNT THREE
## (NEGLIGENT HIRING, RETENTION AND TRAINING – GRAY)

53.

Plaintiffs re-allege paragraphs 1 through 52 of this Complaint as though set forth in full.

54.

Gray had a duty to Hwashin to use due care to hire and retain qualified contractors and consultants to design and/or install the Roofs, and the structural and drainage systems therefore, for Hwashin's manufacturing facility.

55.

Gray had a duty to Hwashin to use due care to ensure that the companies or individuals it so hired were properly trained or otherwise qualified for the services rendered.

56.

Based on information and belief, Gray breached the standard of care when it failed to hire companies or individuals properly trained or otherwise qualified to perform their services for the design and/or construction of Hwashin's manufacturing facility.

57.

Based on information and belief, Gray's negligence as described above proximately and factually resulted in the damages for which Plaintiffs seek relief.

**WHEREFORE,** Plaintiffs request that judgment be entered in their favor and against Gray, in excess of $100,000.00, plus interest, costs, and such other relief, as this Court deems appropriate.

## COUNT FOUR
## (BREACH OF THE IMPLIED WARRANTY
## OF SUITABILITY OF DESIGN)

58.

Plaintiffs re-allege paragraphs 1 though 57 of this Complaint as though set forth in full.

59.

Under Alabama law, Defendants Gray, GNF, Hardy, All-South, Cooper's Steel and Freeland Harris impliedly warranted that their design would be suitable for the use intended.

60.

Based on information and belief, said defendants breached their implied warranty of suitability in that the Roofs, related drainage system and/or related structural system failed under intended rain conditions.

61.

Said Defendants breach of the implied warranty of suitability factually and proximately caused the damages for which Plaintiffs seek relief.

**WHEREFORE,** Plaintiffs request that judgment be entered in their favor and against said Defendants, in excess of $100,000.00, plus interest, costs, and such other relief, as this Court deems appropriate.

## COUNT FIVE
## (BREACH OF THE IMPLIED WARRANTY OF WORKMANSHIP)

62.

Plaintiffs re-allege paragraphs 1 through 61 of this complaint as though set forth in full.

63.

Defendants Gray, Hardy, Mid-South, Cooper's Steel, Latta and All-South impliedly warranted that the work that they performed with respect to the Roofs, structural system and/or drainage system for the Hwashin facility was done in a workmanlike manner.

64.

Based on information and belief, said Defendants breached their implied warranty of workmanship in that the Roofs and related structural and drainage systems were not constructed in a workmanlike manner and failed under foreseeable rain conditions.

65.

Said Defendants breach of the implied warranty of workmanship factually and proximately caused the damages for which Plaintiffs seek relief.

**WHEREFORE,** Plaintiffs request that judgment be entered in their favor and against Defendants, in excess of $100,000.00, plus interest, costs, and such other relief, as this Court deems appropriate.

## COUNT SEVEN
## (RECKLESS OR WANTON CONDUCT – ALL DEFENDANTS – HWASHIN ONLY)

66.

Plaintiffs re-allege paragraphs 1 though 65 of this complaint as though set forth in full.

67.

The Defendants actions described above were done either wantonly or recklessly, proximately resulting in the sudden and catastrophic collapse of Hwashin's administrative building.

68.

Hwashin contends that it is entitled to punitive damages based on the actions of said Defendants, which actions factually and proximately caused the damages for which Hwashin seeks relief.

**WHEREFORE,** Hwashin requests that judgment be entered in its favor with respect to its claim for punitive damages against said Defendants, in excess of $100,000.00, plus interest, costs, and such other relief, as this Court deems appropriate.

## COUNT EIGHT
## (BREACH OF WARRANTY – FIRESTONE)

69.

Plaintiffs re-allege paragraphs 1 through 68 of this complaint as though set forth in full.

70.

Hwashin purchased from Firestone the roof over the office building that collapsed.

71.

Firestone issued a warranty to Hwashin covering the roof over the office building.

72.

Firestone inspected the roof over Hwashin's office building after its completion, and warranted that it was properly manufactured and installed.

73.

In fact, the roof over Hwashin's office building was not properly completed or installed, contributing to the collapse of the office building.

74.

Firestone's breach of warranty proximately and factually caused the damages for which Plaintiffs seek relief.

**WHEREFORE,** Plaintiffs request that judgment be entered in their favor and against Defendant Firestone, in excess of $100,000.00, plus interest, costs, and such other relief, as this Court deems appropriate.

/s/Linda C. Ambrose

Linda C. Ambrose
ASB-1753-B38L
Attorneys for Interveners

**OF COUNSEL:**
ROGERS & ASSOCIATES
3000 Riverchase Galleria, Suite 650
Birmingham, Alabama 35244
(205) 982-4620
(205) 982-4630 (fax)

/s/J. Lister Hubbard
**LISTER HUBBARD**
**ASB 8142-U76J**
**RICHARD H. ALLEN**
**ASB 3320-L72R**
**ARDEN PATHAK**
**ASB 0538-E29P**
Attorney for Intervenors

**OF COUNSEL:**
CAPELL & HOWARD, P.C.
Post Office Box 2069
150 South Perry Street
Montgomery, Alabama  36102-2069
334/241-8000

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

JENNIFER and SLADE PIGGOTT,    *
*
*
      Plaintiffs,    *
*
v.    *
*
GRAY CONSTRUCTION, INC.,    *
et al.,    *
      Defendants,    *
*
GRAY CONSTRUCTION, INC.,    *
      Defendant and    *
      Third Party Plaintiff,    *
*
v.    *
*
COOPER'S STEEL FABRICTORS,    *
INC.,  et. al.    *
      Third Party Defendants.    *
*
HWASHIN AMERCIA    *
CORPORATION,    *
      Intervener Plaintiff,    *
*
v.    *    CASE NO. 2:06-cv-1158-MEF
*
GRAY CONSTRUCTION, INC.,    *
      Intervener Defendant,    *
------------------------------------------------*
*
GRAY CONSTRUCTION, INC.,    *
      Plaintiff,    *

1

```
                              *
v.                            *        CASE NO. 2:07-cv-584-MEF
                              *
HWASHIN AMERICA CORP.,        *
       Defendant.            *
```

## ORDER

Hwashin America Corporation ("Hwashin") and Travelers Property Casualty Company of America, Inc. ("Travelers"), having moved for an order permitting intervention in the above-styled case pursuant to Fed.R.Civ.Pro. 24(b)(2), and it appearing that allowing them to intervene will not prejudice the rights of the other parties to this case or delay the adjudication of this matter, and for other good cause shown, it is hereby ORDERED that the Motion to Intervene of Hwashin and Travelers is hereby GRANTED.  The proposed Complaint of the Interveners shall be deemed filed and served as of this date.

This _____ day of _____ 2008.


_____
Judge

2