## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA

| | |
|---|---|
| JENNIFER PIGGOTT and SLADE PIGGOTT, )<br><br>    Plaintiffs, )<br><br>v. )<br><br>GRAY CONSTRUCTION, INC., )<br><br>    Defendant/Third-Party Plaintiff, )<br><br>v. )<br><br>COOPER'S STEEL FABRICATORS, INC., )<br>ALL-SOUTH SUBCONTRACTORS, )<br>FREELAND HARRIS CONSULTING )<br>ENGINEERS OF KENTUCKY, INC., )<br>FREELAND HARRIS CONSULTING )<br>ENGINEERS OF GEORGIA, INC. THE )<br>HARDY CORPORATION, LATTA )<br>PLUMBING & CONSTRUCTION CO., INC., )<br>HWASHIN AMERICA CORPORATION and )<br>FIRESTONE BUILDING PRODUCTS CO., )<br>LLC, )<br><br>    Third-Party Defendants. ) | **Civil Action Number:**<br><br>**2:06-cv-01158-MEF**<br><br>**Honorable Chief Judge Mark E. Fuller** |

## DEFENDANT FREELAND HARRIS CONSULTING ENGINEERS OF GEORGIA, INC.'S RESPONSE TO PLAINTIFFS' INTERROGATORIES

**COMES NOW,** the Defendant / Third-Party Defendants, Freeland Harris Consulting Engineers of Georgia, Inc., pursuant to Federal Rules of Civil Procedure Rules 26 and 33 and for answers to Interrogatories propounded by the Plaintiffs, states as follows:

1.  Is this Defendant named correctly in the Complaint? If not, state this Defendant's correct legal name, the principal place of business and all other names which this Defendant has conducted business.

    **RESPONSE: Yes.**

2.    Please state the amount of insurance coverage under each and every liability insurance policy, including excess and umbrella coverage, which insures Freeland-Harris Consulting Engineers of Georgia, Inc., for this incident.  For each carrier, please state the following:

    a.    The policy limits of each such policy, including excess and umbrella coverage; and

    b.    The name of the insured of each such policy.

    **RESPONSE:  A copy of this Defendant's insurance policy(ies) has been requested and will be supplemented at a later time.**

3.    State in detail this Defendant's involvement in the construction, including the roof, at the Hwashin facility?

    **RESPONSE:  This Defendant objects to this Interrogatory as unduly burdensome, overly broad, vague, irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.  Without waiving said objection, this Defendant provided structural engineering services on the Hwashin project.**

4.    Identify every person with knowledge of the facts made the basis of this litigation and state in detail each person's knowledge.

    **RESPONSE:  This Defendant objects to this Interrogatory as unduly burdensome, overly broad, vague, irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.  Without waiving said objection, employees of this Defendant who may have knowledge about the project are as follows: Ted Harris; Freeland Harris; and Stanley Pennington.**

5.    Identify every person employed by this Defendant or hired this Defendant who produced any drawings, designs, plans or specifications for the Hwashin facility.

    **RESPONSE:  This Defendant objects to this Interrogatory as unduly burdensome, overly broad, vague, irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.  Without waiving said objection, employees of this Defendant who may have produced drawings, designs, plans or specifications are as follows: Ted Harris; Freeland Harris; and Stanley Pennington.**

6.    Identify every person employed by this Defendant or hired this Defendant who provided labor, services or materials for the Hwashin facility, including a description of the labor, services and materials provided.

    **RESPONSE:  This Defendant objects to this Interrogatory as unduly burdensome, overly broad, vague, irrelevant and not reasonably calculated to lead to**

the discovery of admissible evidence. Without waiving said objection, this Defendant responds as follows: Ted Harris; Freeland Harris; and Stanley Pennington.

7.    Identify the person responsible for designing the Hwashin facility's roof drainage system.

**RESPONSE: This Defendant objects to this Interrogatory as unduly burdensome, overly broad, vague, irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Without waiving said objection, this Defendant is without sufficient information to determine who designed the roof drainage system.**

8.    Identify the person responsible for installing the Hwashin facility's roof and/or the roof drainage system.

**RESPONSE: This Defendant objects to this Interrogatory as unduly burdensome, overly broad, vague, irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Without waiving said objection, this Defendant is without sufficient information to determine who installed the roof and/or the roof drainage system.**

9.    Identify every communication between this Defendant and Gray Construction, Inc., and/or GNF Architects and Engineers, P.S.C., relating to the Hwashin facility and/or the accident.

**RESPONSE: This Defendant objects to this Interrogatory as unduly burdensome, overly broad, vague, irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Without waiving said objection, this Defendant's project file will contain the requested communication, to the extent it exists. This Defendant's project file is being produced in response to Plaintiffs' Request for Production of Documents.**

10.    Identify every communication between this Defendant and Gray Construction, GNF Architects and Engineers, P.S.C., and/or Freeland-Harris Consulting Engineers of Kentucky, Inc.

**RESPONSE: This Defendant objects to this Interrogatory as unduly burdensome, overly broad, vague, irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Without waiving said objection, this Defendant's project file will contain the requested communication, to the extent it exists. This Defendant's project file is being produced in response to Plaintiffs' Request for Production of Documents.**

11.    Identify every communication between this Defendant and Hwashin America Corporation relating to the Hwashin facility and/or the accident.

**RESPONSE: This Defendant objects to this Interrogatory as unduly burdensome, overly broad, vague, irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Without waiving said objection, this Defendant's project file will contain the requested communication, to the extent it exists. This Defendant's project file is being produced in response to Plaintiffs' Request for Production of Documents.**

12.  Describe in detail your scope of work at the Hwashin facility.

**RESPONSE: This Defendant objects to this Interrogatory as unduly burdensome, overly broad, vague, irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Without waiving said objection, this Defendant provided structural engineering services on the Hwashin project.**

13.  Describe in detail each recommendation made by this Defendant relating to the Hwashin facility and, if implemented, how those recommendations were implemented.

**RESPONSE: This Defendant objects to this Interrogatory as unduly burdensome, overly broad, vague, irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Without waiving said objection, this Defendant's project file will obtain the requested information known to the extent it exists. This Defendant's project file is being produced in response to Plaintiffs' Request for Production of Documents.**

14.  Identify any manual, codes or set of regulations used by this Defendant for any services, labor or material provided by this Defendant for the Hwashin facility project.

**RESPONSE: This Defendant objects to this Interrogatory as unduly burdensome, overly broad, vague, irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Without waiving said objection, this Defendant used Hwashin's request for proposal of documents, 1994 Standard Building Code and FMG Property Loss Prevention Data Sheets 1 -28 and 1 - 54.**

15.  Identify every person employed by this Defendant or hired by this Defendant who performed any inspection of any work performed by this Defendant at the Hwashin facility.

**RESPONSE: This Defendant objects to this Interrogatory as unduly burdensome, overly broad, vague, irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Without waiving said objection, Freeland Harris.**

16.  State each and every standard and/or regulation in effect during construction which sets forth requirements for construction of the roof at the Hwashin facility.

**RESPONSE: This Defendant objects to this Interrogatory as unduly burdensome, overly broad, vague, irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Without waiving said objection, "construction of the roof" was not within this Defendant's scope of work.**

17. Did this Defendant, or anyone acting on this Defendant's behalf, take photographs after the roof collapsed at the Hwashin facility? If so, state the name of the person who took the photographs and the current location of the photographs.

    **RESPONSE: This Defendant objects to this Interrogatory on the basis it seeks information protected by the work product doctrine and the attorney/client privilege. Without waiving said objection, Ted Harris took photographs at the Hwashin facility after the roof collapsed. The photos are being gathered and will be produced at a later time.**

18. State in detail why the roof on the Hwashin facility collapsed on October 17, 2006.

    **RESPONSE: This Defendant objects to this Interrogatory as unduly burdensome, overly broad, vague, irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. This Defendant further objects to this Interrogatory on the basis it is premature, seeks information protected by attorney/client privilege and calls for a legal conclusion.**

19. List any other project this Defendant has been involved in where a similar incident has occurred in which a roof and/or wall collapsed.

    **RESPONSE: This Defendant objects to this Interrogatory as unduly burdensome, overly broad, vague, irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Without waiving said objection, none.**

20. Did Gray Construction, GNF Architects and Engineers, P.S.C., and/or Freeland-Harris of Kentucky or any company affiliated with them or any of their parent companies or corporations, participate in the decision making process for the type of roof, type of material used on the roof and other construction relating to the roof and/or support for the roof. If so, list which company and/or corporation and what involvement they had.

    **RESPONSE: This Defendant objects to this Interrogatory as unduly burdensome, overly broad, vague, irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Without waiving said objection, this Defendant did not participate in the decision making process for the type of roof and/or materials to be used on the roof on the Hwashin project.**

21.    State the name and address of the project manager and/or foreman for this Defendant during the construction of the Hwashin facility.

       **RESPONSE: Freeland Harris was the project manager for this Defendant during this project.**

22.    State the names and addresses of each person with knowledge of the incident and include the specific facts known by each.

       **RESPONSE: This Defendant objects to this Interrogatory as unduly burdensome, overly broad, vague, irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Without waiving said objection, employees of this Defendant who may have knowledge of the incident are Freeland Harris and Ted Harris.**

23.    Does this Defendant contend that any other person, company, corporation or entity caused or contributed to cause the roof to collapse on October 17, 2006? If so, state the legal name and address of each and explain your contention in detail.

       **RESPONSE: This Defendant objects to this Interrogatory as unduly burdensome, overly broad, vague, irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. This Defendant also objects to this Interrogatory on the basis that it seeks information protected by the work product doctrine and the attorney/client privilege. Further, this Defendant objects to this Interrogatory on the basis it calls for a legal conclusion.**

       **This Defendant reserves the right to supplement its responses as discovery progresses.**

**EDWARD F. HARRIS**

**STATE OF GEORGIA**    )
                        )
_DEKALB_    **COUNTY** )

## NOTARY

I, _BRENDA TAYLOR_ in and for said County and State, hereby certify that Edward F. Harris, whose name is signed to the foregoing and who is known to me, acknowledged before me this day, that being informed of the content thereof, voluntarily executed the same on the day of its date.

Given under my hand and seal this _21st_ day of _MARCH_, 2008.

**NOTARY PUBLIC**
My Commission Expires

As to objections:

/s/ John C. DeShazo
_____
JOHN C. DeSHAZO, ESQ. (DES007)

/s/ John M. Laney, Jr.
_____
JOHN M. LANEY, JR., ESQ. (LAN007)

**OF COUNSEL:**

**LANEY & FOSTER, P.C.**
Post Office Box 43798
Birmingham, Alabama 35243-0798
Telephone: (205) 298-8440
Facsimile: (205) 298-8441
JMLaney@laneyfoster.com
JDeShazo@laneyfoster.com

Attorneys for Defendants / Third-Party Defendants
*Freeland Harris Consulting Engineers of Kentucky, Inc.*
*and Freeland Harris Consulting Engineers of Georgia,*
*Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on March 21, 2008, I electronically filed the foregoing with the Clerk of Court using the US District Court Filing System which sends information of such filing to Counsel of Record in this cause via electronic mail.

/s/ John C. DeShazo
_____
**OF COUNSEL**