IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA

| | |
|---|---|
| JENNIFER PIGGOTT and SLADE PIGGOTT, ) ) ) Plaintiffs, ) ) v. ) ) GRAY CONSTRUCTION, INC., ) ) Defendant/Third-Party Plaintiff, ) ) v. ) ) COOPER'S STEEL FABRICATORS, INC., ) ALL-SOUTH SUBCONTRACTORS, ) FREELAND HARRIS CONSULTING ) ENGINEERS OF KENTUCKY, INC., ) FREELAND HARRIS CONSULTING ) ENGINEERS OF GEORGIA, INC. THE ) HARDY CORPORATION, LATTA ) PLUMBING & CONSTRUCTION CO., INC., ) HWASHIN AMERICA CORPORATION and ) FIRESTONE BUILDING PRODUCTS CO., ) LLC, ) ) Third-Party Defendants. ) | Civil Action Number: 2:06-cv-01158-MEF Honorable Chief Judge Mark E. Fuller |

**DEFENDANT FREELAND HARRIS CONSULTING ENGINEERS OF GEORGIA, INC.'S RESPONSE TO PLAINTIFFS' REQUEST FOR PRODUCTION**

**COMES NOW,** the Defendant / Third-Party Defendant, Freeland Harris Consulting Engineers of Georgia, Inc., pursuant to Federal Rules of Civil Procedure Rules 26 and 34 and hereby Responds as follows:

1. A copy of any and all photographs (showing inside, outside of building and/or aerial view) of the Hwashin facility after the roof collapsed on October 17, 2006.

      **RESPONSE: Defendant objects to this request as overlybroad, unduly burdensome and not reasonably calculated to lead to admissible evidence. Further, this Defendant objects to the extent the requested documents are protected by the "work product" or attorney/client privilege. Without waiving said objection, to the extent it exists, the requested information is part of this Defendant's project file. This Defendant will make its project file available for inspection at its attorney's office at a mutually convenient time.**

2. A copy of any and all photographs (showing inside, outside of building and/or aerial view) of the Hwashin facility after the wall collapsed on October 17, 2006.

   **RESPONSE: Defendant objects to this request as overlybroad, unduly burdensome and not reasonably calculated to lead to admissible evidence. Further, this Defendant objects to the extent the requested documents are protected by the "work product" or attorney/client privilege. Without waiving said objection, to the extent it exists, the requested information is part of this Defendant's project file. This Defendant will make its project file available for inspection at its attorney's office at a mutually convenient time.**

3. A copy of all liability insurance policies, including primary and excess coverage, in effect insuring this Defendant at the time of this accident.

   **RESPONSE: A copy of this Defendant's insurance policy(ies) has been requested and will be supplemented at a later time.**

4. A copy of all contracts between this Defendant and any person, company, corporation and/or other entity who performed construction work at the Hwashin facility.

   **RESPONSE: The requested information is part of this Defendant's project file. This Defendant will make its project file available for inspection at its attorney's office at a mutually convenient time.**

5. A copy of your project file or files for the Hwashin project.

   **RESPONSE: Defendant objects to this request as overlybroad, unduly burdensome and not reasonably calculated to lead to admissible evidence. Further, this Defendant objects to the extent the requested documents are protected by the "work product" or attorney/client privilege. Without waiving said objection, to the extent it exists, the requested information is part of this Defendant's project file. This Defendant will make its**

                **project file available for inspection at its attorney's office at a mutually convenient time.**

6. A copy of your contract or subcontracts, including any exhibits, addendums and subpart for this Defendant's work at the Hwashin facility.

    **RESPONSE:** **The requested information is part of this Defendant's project file. This Defendant will make its project file available for inspection at its attorney's office at a mutually convenient time.**

7. Any and all drawings, blueprints, plans or other documents related to the design, construction or repair of the Hwashin facility's roof, drainage system, girders or joints.

    **RESPONSE:** **Defendant objects to this request as overlybroad, unduly burdensome and not reasonably calculated to lead to admissible evidence. Further, this Defendant objects to the extent the requested documents are protected by the "work product" or attorney/client privilege. Without waiving said objection, to the extent it exists, the requested information is part of this Defendant's project file. This Defendant will make its project file available for inspection at its attorney's office at a mutually convenient time.**

8. Any and all drawings, designs, details, calculations or other documents relied upon by you in providing any service, labor or materials for the Hwashin facility.

    **RESPONSE:** **Defendant objects to this request as overlybroad, unduly burdensome and not reasonably calculated to lead to admissible evidence. Further, this Defendant objects to the extent the requested documents are protected by the "work product" or attorney/client privilege. Without waiving said objection, to the extent it exists, the requested information is part of this Defendant's project file. This Defendant will make its project file available for inspection at its attorney's office at a mutually convenient time.**

9. A copy of all inspection reports on the roof at the Hwashin facility.

    **RESPONSE:** **Defendant objects to this request as overly broad, unduly burdensome and not reasonably calculated to lead to admissible evidence. Without waiving said objection, this Defendant does not have any documents which are responsive to this request.**

10. A copy of any and all engineering reports regarding the Hwashin facility, including the roof.

> **RESPONSE: Defendant objects to this request as overlybroad, unduly burdensome and not reasonably calculated to lead to admissible evidence. Further, this Defendant objects to the extent the requested documents are protected by the "work product" or attorney/client privilege. Without waiving said objection, to the extent it exists, the requested information is part of this Defendant's project file. This Defendant will make its project file available for inspection at its attorney's office at a mutually convenient time.**

11. Any and all documents related to the Hwashin facility's roof drainage system.

    > **RESPONSE: Defendant objects to this request as overly broad, unduly burdensome and not reasonably calculated to lead to admissible evidence. Without waiving said objection, this Defendant does not have any documents which are responsive to this request.**

12. All documents showing the work performed, any inspections, any daily reports, progress reports, supervisor's checklist, all safety checklists and any and all other documents relating to the construction work performed in the area and around the area where the roof collapsed.

    > **RESPONSE: Defendant objects to this request as overlybroad, unduly burdensome and not reasonably calculated to lead to admissible evidence. Further, this Defendant objects to the extent the requested documents are protected by the "work product" or attorney/client privilege. Without waiving said objection, to the extent it exists, the requested information is part of this Defendant's project file. This Defendant will make its project file available for inspection at its attorney's office at a mutually convenient time.**

13. A copy of any indemnity agreements which apply to this incident and/or any allegations in the Plaintiffs' Complaint.

    > **RESPONSE: Defendant objects to this request as overlybroad, unduly burdensome and not reasonably calculated to lead to admissible evidence. Further, this Defendant objects to the extent the requested documents are protected by the "work product" or attorney/client privilege. Without waiving said objection, to the extent it exists, the requested information is part of this Defendant's project file. This Defendant will make its project file available for inspection at its attorney's office at a mutually convenient time.**

14. Any and all minutes or notes from any meetings relating to the Hwashin facility.

        **RESPONSE: Defendant objects to this request as overlybroad, unduly burdensome and not reasonably calculated to lead to admissible evidence. Further, this Defendant objects to the extent the requested documents are protected by the "work product" or attorney/client privilege. Without waiving said objection, to the extent it exists, the requested information is part of this Defendant's project file. This Defendant will make its project file available for inspection at its attorney's office at a mutually convenient time.**

15. Any and all reports, findings or similar documents related to any inspection of the Hwashin facility.

        **RESPONSE: Defendant objects to this request as overlybroad, unduly burdensome and not reasonably calculated to lead to admissible evidence. Further, this Defendant objects to the extent the requested documents are protected by the "work product" or attorney/client privilege. Without waiving said objection, to the extent it exists, the requested information is part of this Defendant's project file. This Defendant will make its project file available for inspection at its attorney's office at a mutually convenient time.**

16. A copy of any correspondence, transmittals or other documents sent by this Defendant to Gray Construction and/or GNF Architects and Engineers related to the Hwashin facility.

        **RESPONSE: Defendant objects to this request as overlybroad, unduly burdensome and not reasonably calculated to lead to admissible evidence. Further, this Defendant objects to the extent the requested documents are protected by the "work product" or attorney/client privilege. Without waiving said objection, to the extent it exists, the requested information is part of this Defendant's project file. This Defendant will make its project file available for inspection at its attorney's office at a mutually convenient time.**

17. A copy of any correspondence, transmittals or other documents received by this Defendant from Gray Construction and/or GNF Architects and Engineers related to the Hwashin facility.

        **RESPONSE: Defendant objects to this request as overlybroad, unduly burdensome and not reasonably calculated to lead to admissible evidence. Further, this Defendant objects to the extent the requested documents are protected by the "work product" or attorney/client privilege. Without waiving said objection, to the extent it exists, the requested information is part of this Defendant's project file. This Defendant will make its**

>   **project file available for inspection at its attorney's office at a mutually convenient time.**

18. Any and all correspondence, e-mails, voicemails or other documents related to any communication between this Defendant and any other party named in this lawsuit or named by Gray Construction as a third party.

    > **RESPONSE: Defendant objects to this request as overlybroad, unduly burdensome and not reasonably calculated to lead to admissible evidence. Further, this Defendant objects to the extent the requested documents are protected by the "work product" or attorney/client privilege. Without waiving said objection, to the extent it exists, the requested information is part of this Defendant's project file. This Defendant will make its project file available for inspection at its attorney's office at a mutually convenient time.**

19. Any and all codes, manuals or regulations you relied upon in offering advice or recommendations and/or in providing services, labor or materials for the Hwashin facility.

    > **RESPONSE: Defendant objects to this request as overly broad, unduly burdensome and not reasonably calculated to lead to admissible evidence. Without waiving said objection, this Defendant provided Plaintiff with the names of codes, manuals and regulations used on this project in its Interrogatory responses. The requested materials are as easily accessible to Plaintiff as they are to this Defendant.**

20. A copy of inspections or other documents which pertain to supervision by this Defendant of all work performed on the roof by any contractors.

    > **RESPONSE: Defendant objects to this request as overly broad, unduly burdensome and not reasonably calculated to lead to admissible evidence. Without waiving said objection, this Defendant provided structural engineering services on the Hwashin project and was not hired to supervise "work performed on the roof" by any contractors. Therefore, this Defendant does not have any documents which are responsive to this request.**

21. All memos, reports, letters, and/or documents which reference the structural integrity of the roof.

    > **RESPONSE: Defendant objects to this request as overlybroad, unduly burdensome and not reasonably calculated to lead to admissible evidence. Further, this Defendant objects to the extent the requested documents are protected by the "work product" or attorney/client privilege. Without**

> waiving said objection, to the extent it exists, the requested information is part of this Defendant's project file. This Defendant will make its project file available for inspection at its attorney's office at a mutually convenient time.

This Defendant reserves the right to supplement its responses as discovery progresses.

/s/ John C. DeShazo
JOHN C. DeSHAZO, ESQ. (DES007)

/s/ John M. Laney, Jr.
JOHN M. LANEY, JR., ESQ. (LAN007)

**OF COUNSEL:**

**LANEY & FOSTER, P.C.**
Post Office Box 43798
Birmingham, Alabama 35243-0798
Telephone: (205) 298-8440
Facsimile: (205) 298-8441
JMLaney@laneyfoster.com
JDeShazo@laneyfoster.com

Attorney's for Defendants / Third-Party Defendants
*Freeland Harris Consulting Engineers of Kentucky, Inc. and Freeland Harris Consulting Engineers of Georgia, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on March 21, 2008, I electronically filed the foregoing with the Clerk of Court using the US District Court Filing System which sends information of such filing to Counsel of Record in this cause via electronic mail.

/s/ John C. DeShazo
**OF COUNSEL**