**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA**

| | |
|---|---|
| **JENNIFER PIGGOTT and SLADE PIGGOTT,** )<br>)<br>) | |
| Plaintiffs, )<br>) | **Case No.: CV-06-1158** |
| v. )<br>) | |
| **GRAY CONSTRUCTION, INC.,** )<br>) | |
| Defendant/Third-Party Plaintiff, )<br>) | |
| v. )<br>) | |
| **COOPER'S STEEL FABRICATORS, INC., et al.,** )<br>)<br>) | |
| Third-Party Defendants. ) | |

**GNF ARCHITECTS AND ENGINEERS, PSC'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' SECOND AMENDMENT TO COMPLAINT**

Defendant GNF Architects and Engineers, PSC ("GNF"), pursuant to Federal Rules of Civil Procedure, Rule 7 and 12, hereby files this Answer and Affirmative Defenses to Plaintiffs' Second Amendment to Complaint.

1.     GNF is without sufficient information to admit or deny the allegations of Paragraph No. 1 of the Second Amended Complaint and therefore denies the allegations of Paragraph No. 1 of the Second Amended Complaint.

2.     GNF is without sufficient information to admit or deny the allegations of Paragraph No. 2 of the Second Amended Complaint and therefore denies the allegations of Paragraph No. 2 of the Second Amended Complaint.

3.     GNF admits the allegations contained in Paragraph No. 3.

4. GNF admits the allegations contained in Paragraph No. 4.

5. GNF admits the allegations contained in Paragraph No. 5.

6. GNF admits the allegations contained in Paragraph No. 6.

7. GNF admits the allegations contained in Paragraph No. 7.

## Statement of Jurisdiction

8. GNF admits the allegations contained in Paragraph No. 8.

## Statement of the Facts

9. GNF admits the allegations contained in Paragraph No. 9.

10. GNF admits that GNF was the architect of record for the Hwashin facility in Greenville, Alabama. Except as expressly admitted, GNF denies the allegations of Paragraph No. 10.

11. GNF admit that GNF entered into a contract with Freeland-Harris Consulting Engineers of Kentucky, Inc. ("Freeland-Harris Kentucky") for Freeland-Harris Kentucky to provide structural engineering services for the construction of the Hwashin facility. Except as expressly admitted, GNF denies the allegations of Paragraph No. 11.

12. GNF is without sufficient information to admit or deny the allegations of Paragraph No. 12 of the Second Amended Complaint and therefore denies the allegations of Paragraph No. 12 of the Second Amended Complaint.

13. GNF is without sufficient information to admit or deny the allegations of Paragraph No. 13 of the Second Amended Complaint and therefore denies the allegations of Paragraph No. 13 of the Second Amended Complaint.

14. GNF admits that on October 17, 2006 the roof of the office of the Hwashin facility collapsed. Except as expressly admitted, GNF denies the remaining allegations of Paragraph No. 14.

15. GNF is without sufficient information to admit or deny the allegations of Paragraph No. 15 of the Second Amended Complaint and therefore denies the allegations of Paragraph No. 15 of the Second Amended Complaint.

16. GNF denies the allegations of Paragraph No. 16.

17. GNF denies the allegations of Paragraph No. 17.

18. GNF denies the allegations of Paragraph No. 18.

19. GNF denies the allegations of Paragraph No. 19.

20. GNF denies the allegations of Paragraph No. 20.

21. GNF denies the allegations of Paragraph No. 21.

22. GNF denies the allegations of Paragraph No. 22.

## COUNT ONE

23. GNF hereby adopts and realleges as though fully set forth its answers to Paragraph Nos. 1-22.

24. GNF denies the allegations contained in Paragraph No. 24.

25. GNF denies the allegations contained in Paragraph No. 25.

26. GNF denies the allegations contained in Paragraph No. 26.

27. GNF denies the allegations contained in Paragraph No. 27.

## COUNT TWO

28. GNF hereby adopts and realleges as though fully set forth its answers to Paragraph Nos. 1-27.

29. GNF denies the allegations contained in Paragraph No. 29.

30. GNF denies the allegations contained in Paragraph No. 30.

31. GNF denies the allegations contained in Paragraph No. 31.

32. GNF denies the allegations contained in Paragraph No. 32.

33. GNF denies the allegations contained in Paragraph No. 33.

## COUNT THREE

34. GNF hereby adopts and realleges as though fully set forth its answers to Paragraph Nos. 1-33.

35. GNF denies the allegations contained in Paragraph No. 35.

36. GNF denies the allegations contained in Paragraph No. 36.

37. GNF denies the allegations contained in Paragraph No. 37.

38. GNF denies the allegations contained in Paragraph No. 38.

39. GNF denies the allegations contained in Paragraph No. 39.

## COUNT FOUR

40. GNF hereby adopts and realleges as though fully set forth its answers to Paragraph Nos. 1-39.

41. GNF denies the allegations contained in Paragraph No. 41.

42. GNF denies the allegations contained in Paragraph No. 42.

43. GNF denies the allegations contained in Paragraph No. 43.

44. GNF denies the allegations contained in Paragraph No. 44.

45. GNF denies the allegations contained in Paragraph No. 45.

46. GNF denies the allegations contained in Paragraph No. 46.

## COUNT FIVE

47. GNF hereby adopts and realleges as though fully set forth its answers to Paragraph Nos. 1-46.

48. GNF denies the allegations contained in Paragraph No. 48.

49. GNF denies the allegations contained in Paragraph No. 49.

50. GNF denies the allegations contained in Paragraph No. 50.

## COUNT SIX

51. GNF hereby adopts and realleges as though fully set forth its answers to Paragraph Nos. 1-50.

52. GNF denies the allegations contained in Paragraph No. 52.

53. GNF denies the allegations contained in Paragraph No. 53.

54. GNF denies the allegations contained in Paragraph No. 54.

55. GNF denies the allegations contained in Paragraph No. 55.

## COUNT SEVEN

56. GNF hereby adopts and realleges as though fully set forth its answers to Paragraph Nos. 1-55.

57. GNF denies the allegations contained in Paragraph No. 57.

58. GNF denies the allegations contained in Paragraph No. 58.

59. GNF denies the allegations contained in Paragraph No. 59.

60. GNF denies the allegations contained in Paragraph No. 60.

## COUNT EIGHT

61. GNF hereby adopts and realleges as though fully set forth its answers to Paragraph Nos. 1-60.

62. GNF denies the allegations contained in Paragraph No. 62.

63. GNF denies the allegations contained in Paragraph No. 63.

64. GNF denies the allegations contained in Paragraph No. 64.

65. GNF denies the allegations contained in Paragraph No. 65.

66. GNF denies the allegations contained in Paragraph No. 66.

## COUNT NINE

67. GNF hereby adopts and realleges as though fully set forth its answers to Paragraph Nos. 1-66.

68. GNF denies the allegations contained in Paragraph No. 68.

69. GNF denies the allegations contained in Paragraph No. 69.

## COUNT TEN

70. GNF hereby adopts and realleges as though fully set forth its answers to Paragraph Nos. 1-69.

71. GNF is without sufficient information to admit or deny the allegations of Paragraph No. 71 of the Second Amended Complaint and therefore denies the allegations of Paragraph No. 71 of the Second Amended Complaint.

72. (mislabeled as Paragraph No. 71.). GNF denies the allegations contained in Paragraph No. 72.

73. (mislabeled as Paragraph No. 72.). GNF denies the allegations contained in Paragraph No. 73.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

GNF denies all allegations of Plaintiffs' Second Amendment to Complaint not expressly admitted in this Answer and demand strict proof of those allegations.

### SECOND AFFIRMATIVE DEFENSE

Plaintiffs' Second Amendment to Complaint fails to state a claim upon which relief can be granted.

### THIRD AFFIRMATIVE DEFENSE

Hwashin America Corporation was in control of the premises at the time of the incident giving rise to this lawsuit.

### FOURTH AFFIRMATIVE DEFENSE

GNF owed no legal duty to the Plaintiffs.

### FIFTH AFFIRMATIVE DEFENSE

GNF is not in privity of contract with the Plaintiffs.

### SIXTH AFFIRMATIVE DEFENSE

GNF had no duty to enforce safety policies.

### SEVENTH AFFIRMATIVE DEFENSE

GNF breached no alleged duty owed to Plaintiffs.

**EIGHTH AFFIRMATIVE DEFENSE**

GNF did not negligently design, construct or inspect the roof or office building of the Hwashin facility.

**NINTH AFFIRMATIVE DEFENSE**

GNF acted in conformity with all applicable standards of care.

**TENTH AFFIRMATIVE DEFENSE**

GNF' design met or exceeded all applicable building codes or regulations.

**ELEVENTH AFFIRMATIVE DEFENSE**

There is no causal connection between any act or omission of GNF and the Plaintiffs' injuries or damages.

**TWELFTH AFFIRMATIVE DEFENSE**

Plaintiffs' alleged injuries and damages were caused by an intervening and suppressing cause or causes.

**THIRTEENTH AFFIRMATIVE DEFENSE**

Plaintiffs' damages were proximately caused by an act of God.

**FOURTEENTH AFFIRMATIVE DEFENSE**

Plaintiffs' damages were caused by the acts and omissions of others.

**FIFTEENTH AFFIRMATIVE DEFENSE**

The procedures by which damages for mental anguish are awarded by juries in the State of Alabama violate constitutional rights secured to the defendant under the United States Constitution and the Constitution of the State of Alabama by depriving the defendant of its property without due process of law because no reasonable standard or guideline is given to the jury to insure that the award is reasonable and further there is no meaningful standard for judicial

review or judicial review of the award post verdict to insure that the award does not exceed constitutional limitations.

### SIXTEENTH AFFIRMATIVE DEFENSE

The procedures by which damages for mental anguish are awarded by juries in Alabama violate constitutional rights secured to the defendant by the United States Constitution and the Constitution of the State of Alabama by depriving the defendant of its property without due process of law in that no reasonable criteria, guideline, or standard is provided to the jury in order that the jury may determine from the evidence what quality or quantity of evidence is necessary to justify an award of damages for mental anguish.

### SEVENTEENTH AFFIRMATIVE DEFENSE

The procedure by which damages for mental anguish are awarded by Alabama juries deprives Defendant of constitutional rights secured to it by the Constitution of the United States of America and the Constitution of the State of Alabama in that the same deprives Defendant of its property without due process of law by not providing an objective standard by which the jury may measure an award or an objective standard by which the judge may review the jury's award to determine if it is reasonable, just and proper.

### EIGHTEENTH AFFIRMATIVE DEFENSE

The procedure by which damages for mental anguish are awarded by Alabama juries deprives Defendant of constitutional rights secured to it by the Constitution of the United States of America and the Constitution of the State of Alabama.

## NINETEENTH AFFIRMATIVE DEFENSE

GNF did not act or fail to act with reckless indifference.

## TWENTIETH AFFIRMATIVE DEFENSE

GNF is entitled to the benefits of and protection of Sections 6-11-20 through 6-11-30, Code of Alabama 1975 as amended.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

1.  Plaintiff's claim of punitive damages violates the Fourth, Fifth, Sixth, and Fourteenth Amendments of the Constitution of the United States, and Article I Section 6 of the Constitution of Alabama, on the following grounds:

(a)  It is violation of the Due Process and Equal Protection Clauses of the Fourteenth Amendment of the United States Constitution to impose punitive damages, which are penal in nature, against a civil defendant upon the plaintiff's satisfying a burden of proof which is less than the "beyond a reasonable doubt" burden of proof required in criminal cases;

(b)  The procedures pursuant to which punitive damages are awarded may result in the award of joint and several judgments against multiple GNF for different alleged acts of wrongdoing, which infringes the Due Process and Equal Protection Clauses of the Fourteenth Amendment of the United States Constitution;

(c)  The procedures pursuant to which punitive damages are awarded fail to provide a reasonable limit on the amount of the award against GNF, which thereby violates the Due Process and Equal Protection Clauses of the Fourteenth Amendment of the United States Constitution;

(d)  The procedures pursuant to which punitive damages are awarded fail to provide specific standards, or provide vague or insufficient standards, for the amount of the award of

punitive damages which thereby violates the Due Process Clause of the Fourteenth Amendment of the United States Constitution;

(e) The procedures pursuant to which punitive damages are awarded result in the imposition of different penalties for the same or similar acts and, thus, violate the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution;

(f) The procedures pursuant to which punitive damages are awarded permit the imposition of punitive damages in excess of the maximum criminal fine for the same or similar conduct, which thereby infringes the Due Process Clause of the Fifth and Fourteenth Amendments and the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution;

(g) The procedures pursuant to which punitive damages are awarded fail to require that an award of punitive damages be proportion, or bear a reasonable relationship, to the actual harm incurred.

(h) The procedures pursuant to which punitive damages are awarded fail to provide mitigating factors for the jury's consideration in awarding punitive damages.

2. Plaintiff's claim of punitive damages violates the due process clause of Article I, Section 6 of the Constitution of Alabama on the following grounds:

(a) It is a violation of the due process clause to impose punitive damages, which are penal in nature, upon a civil defendant upon the plaintiff's satisfying a burden of proof less than the "beyond a reasonable doubt" burden of proof required in criminal cases;

(b) The procedures pursuant to which punitive damages are awarded fail to provide a limit on the amount of the award against this defendant;

(c) The procedures pursuant to which punitive damages are awarded are unconstitutionally vague;

(d) The procedures pursuant to which punitive damages are awarded fail to provide specific standards for the amount of the award of punitive damages; and

(e) The award of the punitive damages in this case constitutes a deprivation of property without due process of law.

3. Plaintiff's attempt to impose punitive or extracontractual damages on this defendant, on the basis of vicarious liability for the conduct by others, violates the Fifth, Eighth, and Fourteenth Amendments of the United States Constitution and Article I, Section 6 of the Alabama Constitution.

4. The award of punitive damages to the plaintiff in this action would constitute a deprivation of property without due process of law required under the Fifth and Fourteenth Amendments of the United States Constitution and Article I, Section 6 of the Alabama Constitution.

5. The award of punitive damages against this defendant in this action would violate the prohibition against laws that impair the obligations of contracts in violation of Article I, Section 22 of the Constitution of Alabama.

6. The procedures pursuant to which punitive damages are awarded permit the imposition of punitive damages in excess of the amount established by the legislature under Ala. Code section 27-1-17 (1975), in violation of the Due Process Clause of the Fifth and Fourteenth Amendments of the U.S. Constitution and Article I, Section 6, of the Alabama Constitution.

**TWENTY-SECOND AFFIRMATIVE DEFENSE**

Plaintiff's attempt to impose punitive or extra contractual damages on GNF on the basis of vicarious liability for the conduct by others violates the Fifth, Eighth and Fourteenth Amendments of the United States Constitution.

**TWENTY-THIRD AFFIRMATIVE DEFENSE**

An award of punitive damages which is in excess of the maximum amount specified in Ala. Code sections 6-11-20 to 6-11-30 (1975) is barred.

**TWENTY-FOURTH AFFIRMATIVE DEFENSE**

Defendant reserves the right to assert any additional and further defenses which may constitute grounds for an avoidance of liability or affirmative defense as may be revealed during discovery or upon receipt of additional information.

Done this 21st day of March, 2008.

By: *s/Brian M. McClendon*_____
E. Britton Monroe (MON032)
Mickey B. Wright (WRI048)
Brian M. McClendon (MCC133)
Attorneys for Defendant GNF Architects
and Engineers, PSC

**OF COUNSEL:**
LLOYD, GRAY & WHITEHEAD, P.C.
2501 20th Place South, Suite 300
Birmingham, Alabama 35223
Telephone: (205) 967-8822
Facsimile: (205) 967-2380

**CERTIFICATE OF SERVICE**

       I hereby certify that on the 21st day of March, 2008, a true and correct copy of the foregoing has been furnished by electronic filing, upon the following parties:

Jere L. Beasley, Esq.
Julia Ann Beasley, Esq.
Beasley, Allen, Crow, Methvin,
   Portis & Miles, P.C.
P.O. Box 4160
Montgomery, AL 36103-4160
**Counsel for Plaintiffs, Jennifer and Slade Piggott**

Thomas T. Gallion, III, Esq.
Constance C. Walker, Esq.
Felicia A. Long, Esq.
Haskell, Slaughter, Young & Gallion, LLC
P.O. Box 4660
Montgomery, AL 36103-4660
**Counsel for Latta Plumbing & Construction Co., Inc.**

Charles Keith Hamilton, Esq.
Bainbridge, Mims, Rogers & Smith
P.O. Box 530886
Birmingham, AL 35253-0886
**Counsel for Freeland-Harris Consulting Engineers of Kentucky, Inc.**

John S. Somerset, Esq.
Sudderth & Somerset
5385 First Avenue North
Birmingham, AL 35212
**Counsel for All-South Subcontractors, Inc.**

Linda H. Ambrose, Esq.
Rogers & Associates
3000 Riverchase Galleria, Ste. 650
Birmingham, AL 35244
**Counsel for Hwashin America Corp.**

A. Joe Peddy, Esq.
Robert B. Stewart, Esq.
Smith, Spires & Peddy
2015 2nd Avenue North, Ste. 200
Birmingham, AL 35203
**Counsel for Cooper's Steel Fabricators, Inc.**

J. Lister Hubbard, Esq.
Richard H. Allen, Esq.
Arden Reed Pathak, Esq.
Capell & Howard, P.C.
P.O. Box 2069
Montgomery, AL 36102-2069
**Counsel for Hwashin America Corp.**

James A. Rives, Esq.
William Christopher Waller, Jr., Esq.
Ball, Ball, Matthews & Novak, P.A.
P.O. Box 2148
Montgomery, AL 36102-2148
**Counsel for Hwashin America Corp.**

Hope T. Cannon, Esq.
Brittin T. Coleman, Esq.
Kenneth M. Perry, Esq.
Bradley, Arant, Rose & White, LLP
One Federal Place
1819 Fifth Avenue North
Birmingham, AL 35203-2104
**Counsel for Firestone Building Products Company, LLC**

John M. Laney, Jr., Esq.
John C. DeShazo, Esq.
Laney & Foster, P.C.
P.O. Box 43798
Birmingham, AL 35243-0798
**Counsel for Freeland-Harris Consulting Engineers of Georgia, Inc.**

Larry W. Harper, Esq.
Porterfield, Harper, Mills & Motlow, P.A.
22 Inverness Center Parkway, Ste. 600
P.O. Box 530790
Birmingham, AL   35253-0790
***Counsel for The Hardy Corporation***

                         *s/Brian M. McClendon*_____
                         OF COUNSEL