IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT ALABAMA

| | | |
|---|---|---|
| **JENNIFER & SLADE PIGGOTT,** | * | |
| | * | |
| Plaintiffs, | * | |
| | * | |
| vs. | * | CASE NUMBER: 2:06CV-1158 |
| | * | |
| **GRAY CONSTRUCTION, INC.; GNF ARCHITECTS AND ENGINEERS, P.S.C; FREELAND-HARRIS CONSULTING ENGINEERS OF GEORGIA, INC.; and FREELAND-HARRIS CONSULTING ENGINEERS OF KENTUCKY, INC.,** | * | |
| | * | |
| Defendants. | * | |

## PLAINTIFFS' OPPOSITION TO HWASHIN AMERICA CORPORATION AND TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA, INC.'S MOTION TO INTERVENE

Plaintiffs Jennifer Piggott and Slade Piggott oppose Hwashin America Corporation ("Hwashin") and Travelers Property Casualty Company of America, Inc.'s ("Travelers") Motion to Intervene. As grounds for their opposition, Plaintiffs state the following:

### STATEMENT OF THE FACTS

On October 17, 2006, Plaintiff Jennifer Piggott was an employee of Hwashin America Corporation in Greenville, Alabama. Jennifer Piggott was performing her duties at her desk in the office at the Hwashin location. On October 17, 2006, Plaintiff Jennifer Piggott sustained serious injuries when the roof collapsed on her while working at the Hwashin facility. Mrs. Piggott suffered a significant burst fracture of the L5 vertebral body which required emergency

surgery. Mrs. Piggott continues to receive treatment for injuries sustained when the roof collapsed on her. Plaintiffs claim damages for physical pain and suffering, medical expenses, emotional distress, permanent injury, loss of income, future pain and suffering, as well as other future damages. In addition, Plaintiff Slade Piggott has a loss of consortium claim.

The claims of Plaintiffs Jennifer Piggott and Slade Piggott involve allegations of negligence or wantonness against the following defendants: Gray Construction, Inc.; GNF Architects and Engineers, P.S.C., (hereinafter "GNF"); Freeland-Harris Consulting Engineers of Georgia, Inc., (hereinafter "Freeland-Harris Georgia"); and Freeland-Harris Consulting Engineers of Kentucky, Inc., (hereinafter "Freeland-Harris Kentucky"). Defendant Gray was the general contractor and responsible for the overall design and construction of the Hwashin facility. Defendant Gray hired Defendants GNF and Freeland-Harris as engineers on the Hwashin facility project.

On December 28, 2006, Hwashin filed a Motion to Intervene. On May 16, 2007, the Motion to Intervene was granted. On May 22, 2007, the Complaint on Intervention was filed. The Complaint on Intervention was filed by Hwashin on behalf of its worker's compensation carrier, Alabama Self-Insured Worker's Compensation Fund (hereinafter "carrier") to protect its interest for benefits paid by the carrier to Plaintiff Jennifer Piggott. Since that filing, Plaintiff Jennifer Piggott has settled her worker's compensation claim. On June 26, 2007, Judge H. Edward McFerrin in Butler County held a hearing and approved the worker's

compensation settlement. Subsequently, W. Christopher Waller, Jr., the attorney handling the worker's compensation claim, requested that Julia A. Beasley, attorney for Plaintiffs, protect the carrier's interest regarding the subrogation claim and such an agreement was made.

On June 29, 2007, Hwashin filed a Motion for Leave to File its Amended Complaint in Intervention. In its Amended Complaint in Intervention, Hwashin added several Defendants which Plaintiffs did not name as Defendants. Those Defendants include: Cooper's Steel Fabricators, Inc.; The Hardy Corporation; All-South Subcontractors, Inc.; Mid-South Subcontractors, Inc.; Latta Plumbing & Construction Company, Inc.; and Firestone Building Products Company, LLC. Hwashin alleged claims of negligence and wantonness; however, it also alleged theories involving breach of contract, breach of the implied warranty of suitability of design, breach of the implied warranty of workmanship, and breach of warranty. On February 25, 2008, the Court denied Hwashin's Motion for Leave to Amend its Complaint in Intervention. On March 11, 2008, Hwashin and Travelers filed a Motion to Intervene which includes the same Defendants as named in Hwashin's previous Motion for Leave to Amend.

## ARGUMENT

Plaintiffs object to the Motion to Intervene filed by Hwashin and Travelers. The majority of the claims asserted by Hwashin will require extensive discovery and involve issues which will require additional expert testimony such as engineering and economic experts. Hwashin and Travelers seek to recover

damages for property damage, lost business property, economic damages, and other damages which are different than and unrelated to the claims and damages alleged by Plaintiffs Jennifer Piggott and Slade Piggott.  Hwashin and Travelers allege claims against other defendants which will complicate and prejudice Plaintiffs' claims at both the discovery phase and trial phase of their case.  If the Court allows Hwashin and Travelers to intervene, it will destroy diversity in this case.

Pursuant to Rule 24(b)(3), the Court, in exercising its discretion, must consider whether the intervention of Hwashin and Travelers will unduly delay or prejudice the adjudication of Plaintiffs Jennifer and Slade Piggott's rights.  FED. R. CIV. P. 24(b)(3).  They filed the original claim in this case.  Plaintiffs contend that allowing such intervention would unduly delay and prejudice their case by delaying the trial date, complicating the issues and the damages, and confusing the jury.  FED. R. CIV. P.24(b)(3); Dillard v. City of Foley, 926 F.Supp. 1053 (M.D. Ala.1995).

Plaintiffs' claims and the claims of Hwashin and Travelers arise out of the same facts; however the issues, types of damages and proving those damages are much different than those of Plaintiffs.  If intervention is denied, Plainitffs will be able to move their case to trial and put on evidence to prove their simple negligence claims against Defendant Gray and the engineers involved in this project.

Defense counsel for Gray, Britt Monroe, suggested several months ago that Plaintiffs' case be mediated; however, not all parties have agreed to participate. If Hwashin and Travelers are allowed to join as Plaintiffs, this could cause more parties to be reluctant to participate in the mediation process because there will be additional Plaintiffs and additional claims to contend with in the case. It will take much more time and be more costly to prepare Hwashin and Travelers claims for trial.

The issues in the Plaintiffs' Second Amendment to Complaint are relatively simple and the trial of their case should not be lengthy. However, the claims which Hwashin and Travelers attempt to assert in its Motion to Intervene are much more complex, will involve a lengthy discovery process, and will take longer to try because of the claims of breach of contract, breach of warranty claims and property damage claims asserted by Hwashin and Travelers and the types of proof and expert witness testimony which will be required to prove its claims and damages.

It would be unfairly prejudicial to Plaintiffs if the Motion to Intervene is granted because it will require Plaintiffs to try their claims in this same case along with Hwashin and Travelers' claims. It will also destroy diversity. To allow intervention by Travelers and Hwashin would be highly prejudicial to Plaintiffs Jennifer and Slade Piggott and would delay the trial of the case.

WHEREFORE, Plaintiffs Jennifer and Slade Piggott request the Court to DENY Hwashin and Travelers' Motion to Intervene.

        s/ Julia A. Beasley
        JULIA A. BEASLEY (BEA039)

        s/ Jere L. Beasley
        JERE L. BEASLEY (BEA020)
        Attorneys for Plaintiffs

OF COUNSEL:
BEASLEY, ALLEN, CROW,
METHVIN, PORTIS & MILES, P.C.
P. O. Box 4160
Montgomery, Alabama  36103-4160
(334) 269-2343

## **CERTIFICATE OF SERVICE**

      I hereby certify that I have served a copy of the foregoing document upon all counsel of record <u>as listed below</u> by placing a copy of same in the United States Mail, first class, postage prepaid on this the 24th day of March, 2008.

                                        s/ Julia A. Beasley
                                        OF COUNSEL

Mr. W. Christopher Waller, Jr.
Mr. James A. Rives
BALL, BALL, MATHEWS & NOVAK
P.O. Box 2148
Montgomery, AL  36102-2148
Attorneys for Alabama Self-Insured
Worker's Compensation Fund & Hwashin

Mr. E. Britton Monroe
Mr. Mickey B. Wright
Mr. Brian M. McClendon
LLOYD, GRAY & WHITEHEAD
2501 20th Place
Suite 300
Birmingham, AL  35223
Attorneys for Gray Construction

Ms. Arden Pathak
Mr. J. Lister Hubbard
Mr. Richard H. Allen
Ms. Linda H. Ambrose
CAPELL & HOWARD
P.O. Box 2069
Montgomery, AL  36102-2069
Attorneys for Hwashin

Mr. Thomas Gallion
Ms. Felicia Long
Ms. Constance Walker
HASKELL SLAUGHTER YOUNG GALLION, LLC
PO Box 4660
Montgomery, Alabama  36103-4660
Attorneys for Latta Plumbing

Mr. Joe Peddy
Mr. Robert B. Stewart
SMITH, SPIRES & PEDDY, P.C.
Suite 200
2015 Second Avenue North
Birmingham, Alabama  35203
Attorneys for Cooper Steel Fabricators, Inc.

Mr. Charles K. Hamilton
Mr. John W. Clark IV
BAINBRIDGE, MIMS, ROGERS & SMITH, LLP
P.O. Box 530886
Birmingham, AL  35253
Attorney for Freeland-Kentucky

Ms. Linda H. Ambrose
ROGERS & ASSOCIATES
3000 Riverchase Galleria
Suite 650
Birmingham, AL  35244
Attorney for Plaintiff/Intervenor and
Alleged Third-Party Defendant Hwashin

Mr. John S. Somerset
SUDDERTH & SOMERSET
5385 First Avenue North
Birmingham, Alabama  35212
Attorney for All-South Subcontractors

Mr. John C. Deshazo
Mr. John M. Laney, Jr.
PORTERFIELD, HARPER, MILLS & MOTLOW
P.O. Box 530790
Birmingham, AL  35253-0790
Attorneys for Freeland-Georgia

Ms. Hope T. Cannon
Mr. Brittin T. Coleman
Mr. Kenneth M. Perry
BRADLEY ARRANT ROSE & WHITE
1819 5th Avenue North
Birmingham, Alabama  35203
Attorneys for Firestone Building Products

Mr. J. Michael Cooper
Mr. Larry William Harper
PORTERFIELD, HARPER, MILLS & MOTLOW
P.O. Box 530790
Birmingham, AL  35253-0790
Attorneys for The Hardy Corporation

9