IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| JENNIFER and SLADE PIGGOTT, | ) | |
|     Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| GRAY CONSTRUCTION, INC. *et al.*, | ) | |
|     Defendants. | ) | |
| | ) | |
| GRAY CONSTRUCTION, INC., | ) | |
|     Defendant and Third Party Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:06-cv-1158-MEF |
| | ) | |
| COOPER STEEL | ) | |
| FABRICATORS, INC. *et al.*, | ) | |
|     Third Party Defendants. | ) | |
| | ) | |
| HWASHIN AMERICA CORPORATION | ) | |
|     Intervenor Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| GRAY CONSTRUCTION, INC., | ) | |
|     Intervenor Defendant. | ) | |
| ---------------------------------------------------------- | ) | |
| | ) | |
| GRAY CONSTRUCTION, INC., | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:07-cv-584-MEF |
| | ) | |
| HWASHIN AMERICA CORP., | ) | |
|     Defendant. | ) | |

**<u>MEMORANDUM OPINION AND ORDER</u>**

This cause is before the Court on the Motion to Intervene filed by Hwashin

America Corporation ("Hwashin") and Travelers Property Casualty Company of America, Inc. ("Travelers") (Doc. # 173).

Hwashin is named as a Third Party Defendant in Gray Construction, Inc's Third Party Complaint (Doc. # 26). Therefore, Hwashin already is a party in this case. Restatement (Second) of Judgments § 34(1), p. 345 (1980) ("A person who is named as a party to an action and subjected to the jurisdiction of the court is a party to the action."); *id.*, § 34, Comment a, Reporter's Note, at 347 ("The designation of persons as parties is usually made in the caption of the summons or complaint but additional parties may be named in such pleadings as a counterclaim, a complaint against a third party filed by a defendant, or a complaint in intervention.").

Because it is a party, Hwashin cannot intervene pursuant to Rule 24. *See Premier Foods of Bruton, Inc. v. City of Orlando*, 192 F.R.D. 310, 311 (M.D. Fla. 2000) (citing 7C Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure, § 1901 (2d ed. 1986)). Rather, Hwashin should assert its property damage claims as counterclaims pursuant to Rule 13(a), and Travelers should be joined in this counterclaim pursuant to Rule 13(h).

Although diversity of citizenship would exist if Hwashin was aligned as a Third Party Defendant, "[d]iversity jurisdiction cannot be conferred upon the federal courts by the parties' own determination of who are plaintiffs and who defendants." *City of Indianapolis v. Chase Nat'l Bank of City of N.Y.*, 314 U.S. 63, 69 (1941). The Court must "look beyond the pleadings, and arrange the parties according to their sides in the

dispute." *Id.* (quoting *Dawson v. Columbia Ave. Sav. Fund, Safe Deposit, Title & Trust Co.*, 197 U.S. 178, 180 (1905)). "Whether the necessary collision of interest exists . . . must be ascertained from the principal purpose of the suit and the primary and controlling matter in dispute." *Id.* (internal quotation marks and citations omitted).

In this case, the primary and controlling matter in dispute is the cause of the roof collapse at Hwashin's facility, which injured Mrs. Piggott and damaged Hwashin's property. Gray filed third party claims against its subcontractors (for work that was negligent or not pursuant to the design agreement or both) and Hwashin (for not maintaining the roof drains at its facility). Hwashin plans to make several claims against Gray and its subcontractors.

Gray and its subcontractors are on one side of the primary matter in dispute because they designed and constructed the facility. Hwashin and the Piggotts are on the other side because they were harmed by the roof collapse. Hwashin and Travelers have their interests in alignment because Travelers paid Hwashin for some of its property damage. Therefore, Hwashin and Travelers should be Plaintiffs, and Gray and its subcontractors should be Defendants or Third Party Defendants.

Accordingly, it is hereby ORDERED as follows:

(1) Hwashin and Travelers's Motion to Intervene (Doc. # 173) is DENIED.

(2) To the extent that Hwashin wishes to pursue claims in this action against Gray and its subcontractors, Hwashin shall assert its claims as counterclaims and crossclaims on or before March 31, 2008. If Hwashin elects to assert these counterclaims and

crossclaims, the Court will realign Hwashin and Travelers as Plaintiffs and remand this case to the Circuit Court of Butler County, Alabama.

Done this 27th day of March, 2008.

                                                 /s/ Mark E. Fuller
                                     CHIEF UNITED STATES DISTRICT JUDGE

A copy of this checklist is available at the website for the USCA, 11th Circuit at www.ca11.uscourts.gov
Effective on April 9, 2006, the new fee to file an appeal will increase from $255.00 to $455.00.

## CIVIL APPEALS JURISDICTION CHECKLIST

**1.** **Appealable Orders:** Courts of Appeals have jurisdiction conferred and strictly limited by statute:

(a) **Appeals from final orders pursuant to 28 U.S.C. § 1291:** Only final orders and judgments of district courts, or final orders of bankruptcy courts which have been appealed to and fully resolved by a district court under 28 U.S.C.§ 158, generally are appealable. A final decision is one that "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." Pitney Bowes, Inc. v. Mestre, 701 F.2d 1 365, 1 368 ( 11th Ci r. 1 983). A magistrate judge's report and recommendation is not final and appealable until judgment thereon is entered by a district court judge. 28 U.S.C. § 636(c).

(b) **In cases involving multiple parties or multiple claims,** a judgment as to fewer than all parties or all claims is not a final, appealable decision unless the district court has certified the judgment for immediate review under Fed.R.Civ.P. 54(b). Williams v. Bishop, 732 F.2d 885, 885- 86 (11th Cir. 1984). A judg ment which resolves all issues except matters, such as attorneys' fees and costs, that are collateral to the merits, is immediately appealable. Budinich v. Becton Dickinson & Co., 486 U.S.196, 201, 108 S.Ct. 1717, 1721-22, 100 L .Ed.2d 178 (1988); LaChance v. Duffy's Draft House, Inc., 146 F.3d 832, 837 (11th Cir. 1998).

(c) **Appeals pursuant to 28 U.S.C. § 1292(a):** Appeals are permitted from orders "granting, continuing, modifying, refusing or dissolving injunctions or refusing to dissolve or modify injunctions . . ." and from "[i]nterlocutory decrees . . . determining the rights and liabilities of parties to admiralty cases in which appeals from final decrees are allowed." Interlocutory appeals from orders denying temporary restraining orders are not permitted.

(d) **Appeals pursuant to 28 U.S.C. § 1292(b) and Fed.R.App.P. 5**: The certification specified in 28 U.S.C. § 1292(b) must be obtained before a petition for permission to appeal is filed in the Court of Appeals. The district court's denial of a motion for certification is not itself appealable.

(e) **Appeals pursuant to judicially created exceptions to the finality rule:** Limited exceptions are discussed in cases including, but not limited to: Cohen v. Beneficial Indus. Loan Corp., 337 U.S. 541, 546, 69S.Ct. 1221, 1225-26, 93 L.Ed. 1528 (1949); Atlantic Fed. Sav. & Loan Ass'n v. Blythe Eastman Paine Webber, Inc., 890 F.2d 371, 376 (11th Cir. 1989); Gillespie v. United States Steel Corp., 379 U.S. 148, 157, 85 S.Ct. 308, 312, 13 L.Ed.2d 199 (1964).

Rev.: 4/04

2. **Time for Filing**: The timely filing of a notice of appeal is mandatory and jurisdictional. Rinaldo v. Corbett, 256 F.3d 1276, 1278 (11th Cir. 2001). In civil cases, Fed.R.App.P. 4(a) and (c) set the following time limits:

   (a) **Fed.R.App.P. 4(a)(1):** A notice of appeal in compliance with the requirements set forth in Fed.R.App.P. 3 must be filed in the district court within 30 days after the entry of the order or judgment appealed from. However, if the United States or an officer or agency thereof is a party, the notice of appeal must be filed in the district court within 60 days after such entry. **THE NOTICE MUST BE RECEIVED AND FILED IN THE DISTRICT COURT NO LATER THAN THE LAST DAY OF THE APPEAL PERIOD – no additional days are provided for mailing.** Special filing provisions for inmates are discussed below.

   (b) **Fed.R.App.P. 4(a)(3):** "If one party timely files a notice of appeal, any other party may file a notice of appeal within 14 days after the date when the first notice was filed, or within the time otherwise prescribed by this Rule 4(a), whichever period ends later."

   (c) **Fed.R.App.P. 4(a)(4):** If any party makes a timely motion in the district court under the Federal Rules of Civil Procedure of a type specified in this rule, the time for appeal for all parties runs from the date of entry of the order disposing of the last such timely filed motion.

   (d) **Fed.R.App.P. 4(a)(5) and 4(a)(6):** Under certain limited circumstances, the district court may extend the time to file a notice of appeal. Under Rule 4(a)(5), the time may be extended if a motion for an extension is filed within 30 days after expiration of the time otherwise provided to file a notice of appeal, upon a showing of excusable neglect or good cause. Under Rule 4(a)(6), the time may be extended if the district court finds upon motion that a party did not timely receive notice of the entry of the judgment or order, and that no party would be prejudiced by an extension.

   (e) **Fed.R.App.P. 4(c):** If an inmate confined to an institution files a notice of appeal in either a civil case or a criminal case, the notice of appeal is timely if it is deposited in the institution's internal mail system on or before the last day for filing. Timely filing may be shown by a declaration in compliance with 28 U.S.C. § 1746 or a notarized statement, either of which must set forth the date of deposit and state that first-class postage has been prepaid.

3. **Format of the notice of appeal:** Form 1, Appendix of Forms to the Federal Rules of Appellate Procedure, is a suitable format. See also Fed.R.App.P. 3(c). A pro se notice of appeal must be signed by the appellant.

4. **Effect of a notice of appeal:** A district court loses jurisdiction (authority) to act after the filing of a timely notice of appeal, except for actions in aid of appellate jurisdiction or to rule on a timely motion of the type specified in Fed.R.App.P. 4(a)(4).