IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| JENNIFER and SLADE PIGGOTT,    * | |
|     Plaintiffs,                 * | |
|                                    * | |
| v.                                 * | |
|                                  * | |
| GRAY CONSTRUCTION, INC.,    * | |
| et al.,                         * | |
|     Defendants,            * | |

IN THE UNITED STATES DISTRICT COURT

JENNIFER and SLADE PIGGOTT,     *
    Plaintiffs,              *
                           *

v.                        *
                           *

GRAY CONSTRUCTION, INC.,   *
et al.,                      *
    Defendants,        *
                           *

GRAY CONSTRUCTION, INC.,   *
    Defendant and        *
    Third Party Plaintiff,    *
                           *

v.                        *
                           *

COOPER'S STEEL FABRICTORS,  *
INC., et. al.               *
    Third Party Defendants.   *
                           *

                           *   CASE NO. 2:06-cv-1158-MEF
                           *
                           *

-----------------------------------------------*

GRAY CONSTRUCTION, INC.,   *
                           *
    Plaintiff,             *
                           *

v.                        *   CASE NO. 2:07-cv-584-MEF
                       *

HWASHIN AMERICA CORP.,   *
    Defendant.           *

# ANSWER to THIRD PARTY COMPLAINT, COUNTERCLAIM, and CROSS CLAIMS

COMES NOW, HWASHIN AMERICA CORPORATION ("Hwashin"), through counsel, and pursuant to this Court's order dated March 27, 2008 (Document No. 183), as well as Rule 13(h), FRCP, files its Answer to Gray Construction, Inc.'s ("Gray") Third Party Complaint, its Counterclaim against Gray, and its Cross Claims against existing co-parties and additional party defendant Mid-South Subcontractors, Inc. (Mid-South), for which service shall issue. In addition, pursuant to this Court's same order, as well as Rule 13(h), FRCP, Travelers Property Casualty Company of America, as subrogee of Hwashin ("Travelers"), joins in Hwashin's Counterclaim and Cross Claims.

## ANSWER

As its Answer to Gray's Third Party Complaint, Hwashin pleads the following defenses:

### First Defense

Gray's Third Party Complaint fails to state a claim upon which relief can be granted under Alabama law. Hwashin incorporates by reference its Motion to Dismiss Gray's Third Party Complaint, and supporting briefs, as though set forth in full (Document Nos. 83 and 115).

### Second Defense

This Court lacks subject matter jurisdiction over this action, as presently pled and properly realigned.

1116965

### Third Defense

There has been a failure to join an indispensable party, i.e., Mid-South.

### Fourth Defense

Gray's claims are barred by its own contributory negligence.

### Fifth Defense

Gray's claims are barred by its assumption of the risk.

### Sixth Defense

Gray's claims are barred by its unclean hands

### Seventh Defense

Grays' claims are barred by a failure of consideration.

### Eighth Defense

Gray's claims are barred by the defenses of superseding or intervening cause.

### Ninth Defense

Gray's claims are due to be set off by the damages owed by Gray to Hwashin.

### Tenth Defense

Gray's claims are barred by the Alabama doctrine prohibiting contribution from alleged joint tortfeasors.

1116965

## Eleventh Defense

Gray's claims are not brought in the name of the real party in interest, i.e., Gray's insurance carriers.

## Twelfth Defense

Hwashin reserves such other affirmative defenses as may be later discovered.

## Thirteenth Defense

For answer to the specific allegations of Gray's Third Party Complaint, according to the numbered paragraphs therein, Hwashin says as follow:

1.　　Admit.

2.　　Admit that Hwashin is a Delaware corporation with its principal place of business in Greenville, Alabama and that it owns a manufacturing facility there, but otherwise deny.

3.　　Admit.

4.　　Admit.

5.　　Admit.

6.　　Admit.

7.　　Admit.

8.　　Admit.

9.　　Admit.

1116965

10.    Admit.

11.    No response is required to this allegation, but Hwashin denies any liability as a Third-Party Defendant and asserts that Gray's Third-Party Complaint against Hwashin is due to be dismissed with costs and fees taxed against Gray.

12.    Deny.

13.    Deny.

14.    Admit.

15.    Admit.

16.    Deny, as being an incomplete and distorted representation of the indemnity provisions of the Contract.

17.    Hwashin lacks knowledge and information sufficient to formulate a response to the allegation that Gray subcontracted parts of the project out to "licensed professionals", but otherwise admits the allegations of this paragraph.

18.    Hwashin lacks knowledge and information sufficient to formulate a response to the allegations of paragraph 18.

19.    Hwashin lacks knowledge and information sufficient to formulate a response to the allegations of paragraph 19.

20.    Hwashin lacks knowledge and information sufficient to formulate a response to the allegations of paragraph 20.

21.    Hwashin lacks knowledge and information sufficient to formulate a response to the allegations of paragraph 21.

22.    Hwashin lacks knowledge and information sufficient to formulate a response to the allegations of paragraph 22.

23.    Hwashin lacks knowledge and information sufficient to formulate a response to the allegations of paragraph 23.

24.    Hwashin lacks knowledge and information sufficient to formulate a response to the allegations of paragraph 24.

25.    Hwashin lacks knowledge and information sufficient to formulate a response to the allegations of paragraph 25.

26.    Admit.

27.    Admit that construction of the Hwashin facility Assembly Area was substantially complete on May 6, 2004 with the execution of a certificate of substantial completion, but otherwise deny.

28.    Admit that the construction of the Hwashin facility Office Area was substantially complete on June 30, 2004 with the issuance of a certificate of substantial completion, but otherwise deny.

29.    Admit.

30.    Admit that the Piggotts' Complaint avers in substance the allegations set forth in paragraph 30, that Mrs. Piggott was an employee of Hwashin at the time of the roof collapse, but otherwise deny the allegations of paragraph 30.

31.    Admit that the Piggotts' Complaint avers in substance the allegations of paragraph 31, but otherwise deny.

32.    Hwashin adopts and incorporates by reference its previous responses to paragraphs 1-29.

33.    Deny.

34.    Admit that the Piggotts' Complaint avers in substance the allegations of paragraph 34, but otherwise deny.

35.    Deny.

36.    Deny.

37.    Hwashin adopts and incorporates by reference its previous responses to paragraphs 1-34.

38.-56.    No response is required by Third-Party Defendant Hwashin to the allegations of these paragraphs, as they assert claims against other Third-Party Defendants.    To the extent the allegations are made against Hwashin, the allegations are denied.

57.    Hwashin adopts and incorporates by reference its previous responses to paragraphs 1-54.

58.    Admit that Hwashin is the owner of the Hwashin facility, but otherwise deny.

59.    Deny.

60.    Deny.

61.    Deny, and further deny that Gray has any legal basis for recovery of interest and attorney's fees as demanded.

62.-132.    No response is required by Third Party Defendant Hwashin, as the allegations of these paragraphs are claims against other Third-Party Defendants.    To the extent the allegations are made against Hwashin, the allegations are denied.

## COUNTERCLAIM AGAINST GRAY

## STATEMENT OF FACTS

1.

Hwashin is a corporation incorporated under the laws of the State of Delaware with its principal place of business in Greenville, Alabama.

2.

Travelers is a corporation organized and existing under the laws of a state other than Alabama with its principal place of business located in a state other than Alabama.

1116965

3.

At all times relevant hereto, Travelers insured Hwashin for certain property damage that it might incur to property located at its manufacturing plant and offices in Greenville, Alabama.

4.

Defendant/Third Party Plaintiff, James N. Gray Company, a/k/a Gray Construction, Inc., ("Gray") is a corporation incorporated in the State of Kentucky with its principal place of business located in the State of Kentucky and, at all times relevant hereto, did business in the State of Alabama, (previously under the name of James N. Gray Company), and is subject to the jurisdiction of this Court (hereinafter referred to as "Gray"). It is believed that "James N. Gray Company, Inc." is presently a fictitious name for Gray.

5.

On or about September 24, 2003, Hwashin entered into a contract with defendant Gray, wherein Gray agreed to design and build an approximately 273,000 square foot manufacturing facility, including an office building, in Greenville, Butler County, Alabama ("Contract"). Subsequently, but prior to the incident that is the subject of this lawsuit, Gray was also involved in certain repair work to the roofs for the manufacturing facility and office building ("Roofs").

6.

Based on information and belief, employees, agents and representatives of Gray designed, constructed and/or approved the installation of the Roofs of the Hwashin Facility, the structural system for the Roofs and/or the drainage system for the Roofs.

7.

Based on information and belief, the office building described in the Contract was substantially completed on or about June 30, 2004.

8.

Based on information and belief, after the Roofs, structural system and drainage system for the Roofs were installed, they were, or should have been, inspected by employees, representatives and agents of Gray.

9.

On or about October 17, 2006, during a rainstorm, the roof over the office building of the manufacturing facility suddenly collapsed.

10.

Based on information and belief, the roof over the office building of the manufacturing facility collapsed due to inadequate drainage for the Roofs of the manufacturing facility and office building and/or inadequate structural support for these Roofs.

11.

Based on information and belief, the Roof over the office building collapsed because the design and/or installation of the drainage system, the roofing system and/or the structural system for the Roofs were inadequate and/or were otherwise insufficient to handle the rainwater accumulating on the Roofs, causing rain water to pool on top of that roof until the building could no longer hold the weight of the water, resulting in the collapse of the roof and walls of the office building.

12.

As a result of the incident described above, Hwashin and Travelers suffered damages to the manufacturing facility, business property and other contents, damages as a result of the interruption of Hwashin's business and other related damages.

13.

Hwashin submitted a claim to Travelers for damages it suffered as a result of the incident described in the above paragraphs.

14.

Pursuant to its contract of insurance, Travelers paid Hwashin for a portion of the damages that Hwashin suffered, and is subrogated to Hwashin's right to recover these damages to the extent of the payments made.

15.

Hwashin suffered additional losses as a result of the above described incident that were uninsured, not covered by the policy issued by Travelers or exceeded the coverage limits.

## COUNT ONE

16.

Hwashin and Travelers incorporate paragraphs 1 through 15 of this pleading as though set forth in full.

17.

Gray had a duty to Hwashin to use reasonable care in the design, inspection, coordination, installation, construction and/or repairs of Hwashin's manufacturing facility, including the Roofs and associated drainage and structural systems, of the manufacturing and office building.

18.

Gray breached the standard of care and was negligent in rendering services for the Hwashin manufacturing facility.

19.

As a factual and proximate consequence of Gray's negligence, the office building and Roof for the office building collapsed, and Hwashin and Travelers suffered damages in excess of $100,000.00 for which they now seek relief.

1116965

## COUNT TWO
## (BREACH OF CONTRACT – GRAY)

20.

Hwashin and Travelers Paragraphs 1 though 19 of this pleading as though set forth in full.

21.

On or about September 24, 2003, Hwashin entered into a contract with Gray whereby Gray contracted to design and build Hwashin's manufacturing facility in Greenville, Alabama, where the incident that is the subject of the lawsuit occurred ("Contract").

22.

Under the Contract, among other obligations, Gray agreed:

a. to provide design services with the care and skill ordinarily used by members of the design profession practicing under similar conditions at the same time and locality of the Project;

b. to be responsible to Hwashin for the quality of the design services and for the quality of the construction performed;

c. to provide design services, labor, materials, equipment, tools, construction equipment …and other facilities and services necessary for proper execution and completion of the work;

d. to be responsible for all construction means, methods, techniques, sequences and procedures, and for coordinating all portions of the work;

e. to be responsible for the work complying with the requirements of the Contract Documents;

f. to be responsible for latent defects in the work;

g. to maintain its general liability and professional liability insurance for three (3) years after final payment to cover damages resulting from latent defects.

23.

Based on information and belief, Gray breached its contractual obligations to Hwashin, resulting in the collapse of the office building

23.

Gray's breach of its contractual obligations as described above proximately and factually caused the damages for which Hwashin and Travelers seek relief.

## COUNT THREE
## (NEGLIGENT HIRING, RETENTION AND TRAINING – GRAY)

24.

Hwashin and Travelers re-allege paragraphs 1 through 23 of this pleading as though set forth in full.

25.

Gray had a duty to Hwashin to use due care to hire and retain qualified contractors and consultants to design, install and/or repair the Roofs, and the structural and drainage systems therefore, for Hwashin's manufacturing facility.

26.

Gray had a duty to Hwashin to use due care to ensure that the companies or individuals it so hired were properly trained or otherwise qualified for the services rendered.

27.

Based on information and belief, Gray breached the standard of care when it failed to hire companies or individuals properly trained or otherwise qualified to perform their services for the design and/or construction of Hwashin's manufacturing facility.

28.

Based on information and belief, Gray's negligence as described above proximately and factually resulted in the damages for which Hwashin and Travelers seek relief.

## COUNT FOUR

## (BREACH OF THE IMPLIED WARRANTY OF SUITABILITY OF DESIGN)

29.

Hwashin and Travelers re-allege paragraphs 1 through 28 of this pleading as though set forth in full.

30.

Under Alabama law, Gray impliedly warranted that its design would be suitable for the use intended.

31.

Based on information and belief, said Gray breached its implied warranty of suitability in that the Roofs, related drainage system and/or related structural system failed under intended and expected rain conditions.

32.

Gray's breach of the implied warranty of suitability factually and proximately caused the damages for which Hwashin and Travelers seek relief.

## COUNT FIVE
## (BREACH OF THE IMPLIED WARRANTY OF WORKMANSHIP)

33.

Hwashin and Travelers re-allege paragraphs 1 through 32 of this pleading as though set forth in full.

1116965

34.

Gray impliedly warranted that the work it performed with respect to the Roofs, structural system and/or drainage system for the Hwashin facility was done in a workman like manner.

35.

Based on information and belief, Gray breached its implied warranty of workmanship in that the Roofs and related structural and drainage systems were not constructed in a workmanlike manner and failed under foreseeable rain conditions.

36.

Gray's breach of the implied workmanship factually and proximately caused the damages for which Hwashin and Travelers seek relief.

## COUNT SIX
## (RECKLESS OR WANTON CONDUCT – HWASHIN ONLY)

37.

Hwashin and Travelers re-allege paragraphs 1 through 36 of this pleading as though set forth in full.

38.

Gray's actions described above were either done wantonly or recklessly, and proximately and factually resulted in the sudden and catastrophic collapse of Hwashin's administrative building.

39.

Hwashin contends that it is entitled to punitive damages based on the actions of Gray, which actions factually and proximately caused the damages for which Hwashin seeks relief.

WHEREFORE, Hwashin requests that the Third Party Complaint filed against it by Gray be dismissed with costs and fees taxed against Gray; furthermore, Hwashin and Travelers request that judgment be entered in their favor against Gray for all damages suffered in an amount in excess of $100,000.00, plus interest, costs and such other relief as this Court deems appropriate.

## **CROSS CLAIMS**

40.

Hwashin and Travelers re-allege paragraphs 1 through 39 of this pleading as though set forth in full.

41.

The Hardy Corporation, ("Hardy") is a corporation incorporated under the laws of the State of Alabama with its principal place of business located at

Birmingham, Alabama, and is subject to the jurisdiction of this Court. Hardy is already a party to this action, having been added as a third party defendant by Gray.

42.

Freeland Harris Consulting Engineers, of Georgia, Inc., ("Freeland-Harris-Georgia") is a corporation incorporated under the laws of the State of Georgia with its principal place of business located at Tucker, Georgia, and, at all times relevant hereto, did business in the State of Alabama, and is subject to the jurisdiction of this Court. Freeland-Harris-Georgia is already a party to this action, having been added as a third party defendant by Gray.

43.

Defendant, Freeland-Harris Consulting Engineers of Kentucky, Inc. ("Freeland-Harris-Kentucky") is a corporation incorporated under the laws of the State of Kentucky with its principal place of business in Lexington, Kentucky and, at all times relevant hereto, did business in the State of Alabama, and is subject to the jurisdiction of this Court. Freeland-Harris-Kentucky is already a party to this action, having been added as a third party defendant by Gray.

44.

Defendant, All-South Subcontractors, Inc., ("All-South"), is a corporation incorporated under the laws of the State of Alabama with its principal place of

business located in Birmingham, Alabama, and is subject to the jurisdiction of this Court. All-South is already a party to this action, having been added as a third party defendant by Gray.

45.

Latta Plumbing & Construction Co., Inc. ("Latta"), is an Alabama corporation with its principal place of business located in Gardendale, Alabama, and is subject to the jurisdiction of this Court. Latta is already a party to this action, having been added as a third party defendant by Gray.

46.

Cooper's Steel Fabricators, Inc. ("Cooper's Steel") is a Tennessee corporation with its principal place of business located in Shelbyville, Tennessee and, at all times relevant hereto, was authorized to do business and was doing business in the State of Alabama and is subject to the jurisdiction of this Court. Cooper's Steel is already a party to this action, having been added as a third party defendant by Gray.

47.

Firestone Building Products Company, LLC ("Firestone"), is an Indiana corporation with its principal place of business located in Indianapolis, Indiana and, at all times relevant hereto, was authorized to do business and was doing business in the State of Alabama, and is subject to the jurisdiction of this Court.

Firestone is already a party to this action, having been added as a third party defendant by Gray.

48.

GNF Architects and Engineers, PSC ("GNF") is a corporation incorporated under the laws of the State of Kentucky with its principal place of business located in the State of Kentucky and, at all times relevant hereto, did business in the State of Alabama and is subject to the jurisdiction of this Court. GNF is already a party to this action, having been added as a defendant by the Plaintiffs, Jennifer and Slade Piggott.

49.

Mid-South Subcontractors, Inc., d/b/a Mid-South Roof Systems, ("Mid-South") is a corporation incorporated under the laws of the State of Georgia with its principal place of business located in Georgia, and, at all times relevant hereto, did business in the State of Alabama and is subject to the jurisdiction of this Court. Mid-South is properly joined as an additional cross-claim defendant pursuant to Rule 13(h), FRCP, and may be served with process by serving its registered agent, National Registered Agents, Inc., located at 150 S. Perry Street, Montgomery, Alabama 36104.

50.

Based on information and belief, at all times relevant hereto, GNF was contracted by Gray to provide, and did so provide, architectural services relating to the performance of the Contract, including, but not limited to, the roofs and associated drainage and structural system for the roofs for the manufacturing facility ("Roofs"). As the "Architect of Record", GNF also had responsibility for coordinating the various design components for the facility.

51.

Based on information and belief, Hardy was retained by Gray to design and/or install certain mechanical systems for the Hwashin facility, including but not limited to the drainage system for the Roofs of the manufacturing facility referred to in the Contract.

52.

Based on information and belief, Freeland-Harris Kentucky contracted with GNF to provide structural engineering services for construction of the Hwashin facility pursuant to the Contract, including, but not limited to, design of the structure supporting the Roofs.  Freeland-Harris Kentucky then subcontracted with Freeland-Harris Georgia to provide certain structural engineering services for the construction of the Hwashin facility, including but not limited to design of the

structure supporting the Roofs.  (These Freeland Harris defendants are referred to in this Cross Claim collectively as "Freeland-Harris").

53.

Based on information and belief, All-South was retained by Gray to perform certain engineering, materials, labor, equipment and services with respect to the installation of the Roofs for the manufacturing facility described in the Contract.

54.

Based on information and belief, Cooper's Steel was responsible for supplying and installing, including related design services, the structural steel, girders, joists, bridging, roof decking, roof frames and other steel products for the buildings designed and constructed for Hwashin pursuant to the Contract.

55.

Based on information and belief, Latta was hired by Hardy to install all plumbing at the Hwashin facility constructed pursuant to the Contract, including pipes incorporated into the drainage system for the Roofs.

56.

Firestone manufactured the Roofs over the office building owned by Hwashin that was constructed pursuant to the Contract, inspected and approved the Roofs after it was installed and issued a warranty regarding the Roofs.

57.

Based on information and belief, Mid-South was retained by Gray to install the gutters and/or scuppers for the drainage system for the Roofs of the manufacturing facility described in the Contract and to perform certain repairs to the roof drainage system prior to the loss, which is the subject of this lawsuit.

58.

Based on information and belief, after the Roofs, structural system and drainage system for the Roofs were installed, they were, or should have been, inspected by employees, representatives and/or agents of the Cross Claim Defendants.

59.

Based on information and belief, employees, agents and/or representatives of the Cross-Claim Defendants approved the installation of the Roofs, the structural system for the Roofs and/or the drainage system for the Roofs.

## **COUNT ONE**
## **(NEGLIGENCE – ALL CROSS CLAIM DEFENDANTS)**

60.

Hwashin and Travelers incorporate paragraphs 1 through 59 of this pleading as though set forth in full.

61.

The Cross Claim Defendants had a duty to use reasonable care in their design, inspection, coordination, installation, construction and/or repairs of Hwashin's manufacturing facility, including its office building.

62.

The Cross Claim Defendants breached their applicable standard of care and were negligent in their rendering of services for the Hwashin manufacturing facility.

63.

As a factual and proximate consequence of the Cross Claim Defendants' negligence, the office building collapsed and Hwashin and Travelers suffered damages in excess of $100,000.00, for which they now seek relief.


**COUNT TWO**
**(BREACH OF THE IMPLIED WARRANTY**
**OF SUITABILITY OF DESIGN)**

64.

Hwashin and Travelers re-allege paragraphs 1 though 63 of this pleading as though set forth in full.

1116965

65.

Under Alabama law, Cross Claim Defendants GNF, Hardy, All-South, Cooper's Steel and Freeland Harris impliedly warranted that their design would be suitable for the use intended.

66.

Based on information and belief, said cross claim defendants breached their implied warranty of suitability in that the Roofs, related drainage system and/or related structural system failed under intended and expected rain conditions.

67.

Said Cross Claim Defendants breach of the implied warranty of suitability factually and proximately caused the damages for which Hwashin and Travelers seek relief.

## COUNT THREE
## (BREACH OF THE IMPLIED WARRANTY OF WORKMANSHIP)

68.

Hwashin and Travelers re-allege paragraphs 1 through 67 of this pleading as though set forth in full.

69.

Cross Claim Defendants Hardy, Mid-South, Cooper's Steel, Latta and All-South impliedly warranted that the work that they performed with respect to the

Roofs, structural system and/or drainage system for the Hwashin facility was done in a workmanlike manner.

70.

Based on information and belief, said Cross Claim Defendants breached their implied warranty of workmanship in that the Roofs and related structural and drainage systems were not designed or constructed in a workmanlike manner and failed under foreseeable rain conditions.

71.

Said Cross Claim Defendants breach of the implied warranty of workmanship, which factually and proximately caused the damages for which Hwashin and Travelers seek relief.

## COUNT FOUR
## (BREACH OF WARRANTY – FIRESTONE)

72.

Hwashin and Travelers re-allege paragraphs 1 through 71 of this pleading complaint as though set forth in full.

73.

Hwashin purchased from Firestone the roof over the office building that collapsed.

1116965

74.

Firestone issued a warranty to Hwashin covering the roof over the office building.

75.

Firestone inspected the roof over Hwashin's office building

76.

In fact, the roof over Hwashin's office building was not properly completed or installed, contributing to the collapse of the office building.

77.

Firestone's breach of warranty proximately and factually caused the damages for which Plaintiffs seek relief.

**COUNT FIVE**
**(RECKLESS OR WANTON CONDUCT –**
**(HWASHIN ONLY)**

78.

Hwashin and Travelers re-allege paragraphs 1 though 77 of this pleading as though set forth in full.

79.

The Cross Claim Defendants actions described above were done either wantonly or recklessly, proximately resulting in the sudden and catastrophic collapse of Hwashin's administrative building.

80.

Hwashin contends that it is entitled to punitive damages based on the actions of said Cross-Claim Defendants, which actions factually and proximately caused the damages for which Hwashin seeks relief.

**WHEREFORE,** Hwashin requests that judgment be entered in its favor with respect to its claim for punitive damages against said Cross-Claim Defendants; furthermore, Hwashin and Travelers request that judgment be entered in their favor against the Cross Claim Defendants for all damages suffered, exceeding $100,000.00, plus interest, costs, and such other relief as this Court deems appropriate.

## JURY DEMAND

Hwashin and Travelers demand trial by struck jury of their Counterclaim and Cross-claims.

This 31st day of March, 2008.

/s/Linda C. Ambrose

Linda C. Ambrose
ASB-1753-B38L
Attorneys for Interveners

**OF COUNSEL:**
ROGERS & ASSOCIATES
3000 Riverchase Galleria, Suite 650
Birmingham, Alabama 35244
(205) 982-4620
(205) 982-4630 (fax)

1116965

/s/J. Lister Hubbard
**LISTER HUBBARD**
**ASB 8142-U76J**
**RICHARD H. ALLEN**
**ASB 3320-L72R**
**ARDEN PATHAK**
**ASB 0538-E29P**
Attorney for Intervenors

**OF COUNSEL:**
CAPELL & HOWARD, P.C.
Post Office Box 2069
150 South Perry Street
Montgomery, Alabama  36102-2069
334/241-8000

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been sent to the following:

Jere Beasley, Esq.
Julia Beasley, Esq.
Beasley, Allen, Crow, Methvin, Portis & Miles, P.C.
P.O. Box 4160
Montgomery, AL 36106
Attorneys for Plaintiffs, Jennifer Piggott and Slade Piggott

James Rives, Esq.
W. Chris Waller, Jr., Esq.
Ball, Ball, Matthews & Novak, P.A.
2000 Interstate Park Drive
Suite 204
Montgomery, AL 36109
Attorneys for Interveanor, Hwashin America Corp.

Andrew Christman, Esq.
Steven Herndon, Esq.
Gidiere, Hinton, Herndon & Christman

1116965

904 Regions Tower
60 Commerce Street
Montgomery, AL 36104
Attorneys for Defendant/Third Party Plaintiff,
Gray Construction, Inc.

Brian McGlendon, Esq.
Elliott Monroe, Esq.
Mickey Wright, Esq.
Lloyd, Gray & Whitehead, P.C.
2501 Twentieth Place South
Suite 300
Birmingham, AL 35223
Attorneys for Defendant/Third Party Plaintiff,
Gray Construction, Inc.


Charles Keith Hamilton, Esq.
John W. Clark IV, Esq.
Bainbridge, Mims, Rogers & Smith
P.O. Box 530886
Birmingham, AL 35253-0886
Attorneys for Freeland-Harris Consulting Engineers of Kentucky, Inc.

Abry Joe Peddy, Esq.
Robert Stewart, Esq.
Smith, Spires and Peddy, PC
2015 Second Avenue North, Suite 200
Birmingham, AL 35203
Attorneys for Cooper's Steel Fabricators, Inc.

Larry W. Harper, Esq.
Porterfield, Harper, Mills & Motlow, PA
P.O. Box 530790
Birmingham, AL 352530790
Attorneys for The Hardy Corporation

John S. Somerset, Esq.
Sudderth & Somerset

1116965

5385 First Avenue North
Birmingham, AL 35212
Attorneys for All-South Subcontractors, Inc.

John M. Laney, Jr., Esq.
John C. DeShazo, Esq.
Laney & Foster, PC
P.O. Box 43798
Birmingham, AL 35243-0798
Attorneys for Freeland Harris Consulting Engineers of Georgia, Inc.

Brittin T. Coleman, Esq.
Kenneth M. Perry, Esq.
Hope T. Cannon, Esq.
Bradley Arant Rose & White, LLP
One Federal Place
1819 Fifth Avenue North
Birmingham, AL 35203-2014
Attorneys for Firestone Building Products Company, LLC

Thomas T. Gallion III, Esq.
Constance C. Walker, Esq.
Felicia A. Long, Esq.
Haskell Slaughter Young & Gallion, LLC
P.O. Box 4660
Montgomery, Alabama 36103-4660
Attorneys for Latta Plumbing Y Construction Co., Inc.


by electronic filing on this the 31st day of March, 2008.

/s/ Linda H. Ambrose
OF COUNSEL