IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| JENNIFER and SLADE PIGGOTT,  )<br>    Plaintiffs,  )<br>  )<br>v.  )<br>  )<br>GRAY CONSTRUCTION, INC. *et al.*,  )<br>    Defendants.  )<br>  )<br>GRAY CONSTRUCTION, INC.,  )<br>    Defendant and Third Party Plaintiff,  )<br>  )<br>v.  )<br>  )<br>COOPER STEEL  )<br>FABRICATORS, INC. *et al.*,  )<br>    Third Party Defendants.  )<br>  )<br>HWASHIN AMERICA CORPORATION  )<br>    Intervenor Plaintiff,  )<br>  )<br>v.  )<br>  )<br>GRAY CONSTRUCTION, INC.,  )<br>    Intervenor Defendant.  )<br>------------------------------------------------------)<br>  )<br>GRAY CONSTRUCTION, INC.,  )<br>    Plaintiff,  )<br>  )<br>v.  )<br>  )<br>HWASHIN AMERICA CORP.,  )<br>    Defendant.  ) | <br><br><br><br><br><br><br><br><br><br><br>CASE NO. 2:06-cv-1158-MEF<br><br>(WO - Do Not Publish)<br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br>CASE NO. 2:07-cv-584-MEF |

**<u>ORDER</u>**

On March 31, 2008, Hwashin America Corporation ("Hwashin") filed an Answer to

Gray Construction, Inc.'s ("Gray's") Third Party Complaint. (Doc. # 184). Hwashin added cross claims against other Third Party Defendants and a new defendant, all of which were Gray's subcontractors in the construction of Hwashin's facility, the collapse of which gave rise to this case. Pursuant to Rule 13(h) of the Federal Rules of Civil Procedure, Travelers Property Casualty Company of America ("Travelers") joined Hwashin's counterclaim and crossclaims.

"Diversity jurisdiction cannot be conferred upon the federal courts by the parties' own determination of who are plaintiffs and who defendants." *City of Indianapolis v. Chase Nat'l Bank of City of N.Y.*, 314 U.S. 63, 69 (1941). The Court must "look beyond the pleadings, and arrange the parties according to their sides in the dispute." *Id.* (quoting *Dawson v. Columbia Ave. Sav. Fund, Safe Deposit, Title & Trust Co.*, 197 U.S. 178, 180 (1905)). "Whether the necessary collision of interest exists . . . must be ascertained from the principal purpose of the suit and the primary and controlling matter in dispute." *Id.* (internal quotation marks and citations omitted).

In this case, the primary and controlling matter in dispute is the cause of the roof collapse at Hwashin's facility, which injured Mrs. Piggott and damaged Hwashin's property. Gray filed third party claims against its subcontractors (for work that was negligent or not pursuant to the design agreement or both) and Hwashin (for not maintaining the roof drains at its facility). Hwashin asserts several claims against Gray and its subcontractors.

Gray and its subcontractors are on one side of the primary matter in dispute because

they designed and constructed the facility. Hwashin and the Piggotts are on the other side because they were harmed by the roof collapse. Hwashin and Travelers have their interests in alignment because Travelers paid Hwashin for some of its property damage. Therefore, Hwashin and Travelers shall be realigned as Plaintiffs, and Gray and its subcontractors shall be Defendants or Third Party Defendants.

With Hwashin aligned as Plaintiff, complete diversity of jurisdiction does not exist between the Plaintiffs and the Defendants. Therefore, the Court does not have subject matter jurisdiction in this case.

Accordingly, it is hereby ORDERED as follows:

(1) This case is REMANDED to the Circuit Court of Butler County, Alabama.

(2) The Clerk of the Court is DIRECTED to take the necessary steps to effectuate the remand of this case to the Circuit Court of Butler County, Alabama and to close this file.

(3) Any pending motions are left for resolution by the Circuit Court of Butler County, Alabama.

Done this 11th day of April, 2008.

                                          Mark E. Fuller
                                  CHIEF UNITED STATES DISTRICT JUDGE

A copy of this checklist is available at the website for the USCA, 11th Circuit at www.ca11.uscourts.gov
Effective on April 9, 2006, the new fee to file an appeal will increase from $255.00 to $455.00.

# CIVIL APPEALS JURISDICTION CHECKLIST

**1.** **Appealable Orders:** Courts of Appeals have jurisdiction conferred and strictly limited by statute:

(a) **Appeals from final orders pursuant to 28 U.S.C. § 1291:** Only final orders and judgments of district courts, or final orders of bankruptcy courts which have been appealed to and fully resolved by a district court under 28 U.S.C.§ 158, generally are appealable. A final decision is one that "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." Pitney Bowes, Inc. v. Mestre, 701 F.2d 1 365, 1 368 ( 11th Ci r. 1 983). A magistrate judge's report and recommendation is not final and appealable until judgment thereon is entered by a district court judge. 28 U.S.C. § 636(c).

(b) **In cases involving multiple parties or multiple claims,** a judgment as to fewer than all parties or all claims is not a final, appealable decision unless the district court has certified the judgment for immediate review under Fed.R.Civ.P. 54(b). Williams v. Bishop, 732 F.2d 885, 885- 86 (11th Cir. 1984). A judg ment which resolves all issues except matters, such as attorneys' fees and costs, that are collateral to the merits, is immediately appealable. Budinich v. Becton Dickinson & Co., 486 U.S.196, 201, 108 S.Ct. 1717, 1721-22, 100 L .Ed.2d 178 (1988); LaChance v. Duffy's Draft House, Inc., 146 F.3d 832, 837 (11th Cir. 1998).

(c) **Appeals pursuant to 28 U.S.C. § 1292(a):** Appeals are permitted from orders "granting, continuing, modifying, refusing or dissolving injunctions or refusing to dissolve or modify injunctions . . ." and from "[i]nterlocutory decrees . . . determining the rights and liabilities of parties to admiralty cases in which appeals from final decrees are allowed." Interlocutory appeals from orders denying temporary restraining orders are not permitted.

(d) **Appeals pursuant to 28 U.S.C. § 1292(b) and Fed.R.App.P. 5**: The certification specified in 28 U.S.C. § 1292(b) must be obtained before a petition for permission to appeal is filed in the Court of Appeals. The district court's denial of a motion for certification is not itself appealable.

(e) **Appeals pursuant to judicially created exceptions to the finality rule:** Limited exceptions are discussed in cases including, but not limited to: Cohen v. Beneficial Indus. Loan Corp., 337 U.S. 541, 546, 69S.Ct. 1221, 1225-26, 93 L.Ed. 1528 (1949); Atlantic Fed. Sav. & Loan Ass'n v. Blythe Eastman Paine Webber, Inc., 890 F.2d 371, 376 (11th Cir. 1989); Gillespie v. United States Steel Corp., 379 U.S. 148, 157, 85 S.Ct. 308, 312, 13 L.Ed.2d 199 (1964).

Rev.: 4/04

2. **Time for Filing**: The timely filing of a notice of appeal is mandatory and jurisdictional. Rinaldo v. Corbett, 256 F.3d 1276, 1278 (11th Cir. 2001). In civil cases, Fed.R.App.P. 4(a) and (c) set the following time limits:

   (a) **Fed.R.App.P. 4(a)(1):** A notice of appeal in compliance with the requirements set forth in Fed.R.App.P. 3 must be filed in the district court within 30 days after the entry of the order or judgment appealed from. However, if the United States or an officer or agency thereof is a party, the notice of appeal must be filed in the district court within 60 days after such entry. **THE NOTICE MUST BE RECEIVED AND FILED IN THE DISTRICT COURT NO LATER THAN THE LAST DAY OF THE APPEAL PERIOD – no additional days are provided for mailing.** Special filing provisions for inmates are discussed below.

   (b) **Fed.R.App.P. 4(a)(3):** "If one party timely files a notice of appeal, any other party may file a notice of appeal within 14 days after the date when the first notice was filed, or within the time otherwise prescribed by this Rule 4(a), whichever period ends later."

   (c) **Fed.R.App.P. 4(a)(4):** If any party makes a timely motion in the district court under the Federal Rules of Civil Procedure of a type specified in this rule, the time for appeal for all parties runs from the date of entry of the order disposing of the last such timely filed motion.

   (d) **Fed.R.App.P. 4(a)(5) and 4(a)(6):** Under certain limited circumstances, the district court may extend the time to file a notice of appeal. Under Rule 4(a)(5), the time may be extended if a motion for an extension is filed within 30 days after expiration of the time otherwise provided to file a notice of appeal, upon a showing of excusable neglect or good cause. Under Rule 4(a)(6), the time may be extended if the district court finds upon motion that a party did not timely receive notice of the entry of the judgment or order, and that no party would be prejudiced by an extension.

   (e) **Fed.R.App.P. 4(c):** If an inmate confined to an institution files a notice of appeal in either a civil case or a criminal case, the notice of appeal is timely if it is deposited in the institution's internal mail system on or before the last day for filing. Timely filing may be shown by a declaration in compliance with 28 U.S.C. § 1746 or a notarized statement, either of which must set forth the date of deposit and state that first-class postage has been prepaid.

3. **Format of the notice of appeal:** Form 1, Appendix of Forms to the Federal Rules of Appellate Procedure, is a suitable format. See also Fed.R.App.P. 3(c). A pro se notice of appeal must be signed by the appellant.

4. **Effect of a notice of appeal:** A district court loses jurisdiction (authority) to act after the filing of a timely notice of appeal, except for actions in aid of appellate jurisdiction or to rule on a timely motion of the type specified in Fed.R.App.P. 4(a)(4).